UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-02133-SSS-DTBx | Date | October 31, 2024 |
|---|---|---|---|
| Title | *Christopher Urquijo, et al. v. State of California, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DKT. 72]**

On May 31, 2024, Defendant Daniel Howard ("Defendant") filed a Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion"). [Dkt. 72]. The Motion is fully briefed and ripe for review. [Dkt. 76 (Opp'n); Dkt. 77 (Reply)]. For the reasons stated below, Defendant's Motion is **DENIED.**

**I.   FACTUAL BACKGROUND**

This matter arises out of an officer involved shooting that led to injuries sustained by one of the Plaintiffs, Christopher Urquijo ("Urquijo"), and the death of his brother Raymond Loftin. [Dkt. 76 at 1]. Plaintiffs allege that California Highway Patrol Officer Sergeant Howard ("Howard") shot at Urquijo and Raymond Loftin, and officers Mercado and Vasquez failed to intervene. [*Id*.].

Plaintiffs filed their original Complaint ("Complaint") on November 30, 2022 [Dkt. 1] and filed a First Amended Complaint ("FAC") on April 4, 2023 naming California Highway Patrol ("CHP") and Does 1–10 as Defendants. [Dkt. 25]. Plaintiffs filed a Second Amended Complaint ("SAC") naming Doe 1 as Sergeant Daniel Howard and Officer Mercado as Doe 2 and Officer Vasquez as

Doe 3 on January 9, 2024. [Dkt. 43]. Howard was served on February 29, 2024, and Plaintiffs filed a Third Amended Complaint ("TAC") on May 18, 2024. [Dkt. 67]. Officer Mercado and Officer Vasquez filed a Joinder to Howard's Motion on June 5, 2024. [Dkt. 75].

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor. *Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005). A court need not accept, however, "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). If a complaint fails to state a plausible claim, a court should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

Failure to bring a claim before the applicable statute of limitations has run is a proper basis for dismissal under Rule 12(b)(6). *See Bacon v. City of Los Angeles,* 843 F.2d 372, 374-75 (9th Cir. 1988).

## III.   DISCUSSION

Defendants argue that Plaintiff's claims against Howard are time-barred because Plaintiffs failed to name him as a Defendant prior to the moment when the applicable two-year statute of limitations had run. [Dkt. 72-1 at 9]. Defendants highlight that the incident that gave rise to this lawsuit occurred in 2021 and

Howard was first named in the SAC on January 9, 2024.  [*Id.*].  Further, Defendants insist that Plaintiff's claims against Howard do not relate back to the Complaint or the FAC under federal or California law because the allegations against Doe Defendants were insufficiently pled.  [*Id.* at 10].

Plaintiffs respond by stating that their claims against Howard are not time-barred because California law allows a party to name a Doe defendant if they discover their identity within three years of commencing the action and serving the complaint, which is what they did here.  [Dkt. 76 at 6].  Moreover, Plaintiffs argue that their claims against Howard, Vasquez, and Mercado relate back to the filing of the Complaint and the FAC under the more lenient standard of California law pursuant to Federal Rule of Civil Procedure 15(c)(1)(A).  [*Id.* at 8].

The Court finds Defendants' arguments that Plaintiffs claims are time-barred unpersuasive.  First, the Court finds that allegations against Howard were pled within the two-year statute of limitations given that he was named as a Doe Defendant in the Complaint on November 30, 2022, one year after the incident that gave rise to this lawsuit occurred.  *See Munoz v. Purdy*, 91 Cal. App. 3d. 942, 946 (Ct. App. 1979) ("When the complaint is amended to substitute the true name of the defendant for the fictional name, the defendant is regarded as a party from the commencement of the suit, provided the complaint has not been amended to seek relief on a different theory based on a general set of facts other than those set out in the original complaint.").

Second, the Court is satisfied that Plaintiffs claims against Howard sufficiently relate back to the timely filing of the Complaint and the FAC.  Rule 15 allows an amendment to a pleading to relate back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back.  Fed. R. Civ. P. 15(c)(1)(a).  In addition, Fed. R. Civ. P. 15(c)(1) "incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of Cal*., 766 F.3d 1191, 1200 (9th Cir. 2014).  Here, California's relation back doctrine applies.

Under California relation back doctrine, Plaintiffs' claims relate back to the filing of the Complaint and FAC because Plaintiffs indicate that Howard's identity was unknown to them at the time, and they adequately describe his role in the incident.  Cal. Civ. P. Code § 474 ("When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or

proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly…"); *see also Woo v. Superior Court*, 75 Cal.App.4th 169, 176 (1999) (Where section 474 applies, "the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed."). Plaintiffs' SAC was filed after the two-year statute of limitations had run, but their SAC relates back to the filing of their Complaint and FAC which was filed within the two-year statute of limitations. As a result, the Court finds that Plaintiffs' claims against Howard are not time-barred.

### IV.  CONCLUSION

In accordance with the above, the Motion is **DENIED**.  [Dkt. 72].

**IT IS SO ORDERED.**