Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:     lroistacher@deangazzo.com
            ksullivan@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased.<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, and DOES 4-10, Inclusive.<br><br>Defendants. | Case No.: 5:22-cv-02133-SSS-KK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CERTIFY ORDER FOR APPEAL AND STAY REQUEST [28 U.S.C. 1292(b)] BY DEFENDANT SERGEANT DANIEL HOWARD**<br><br>Date:    December 13, 2024<br>Time:    2:00 p.m.<br>Courtroom: 2<br>Judge:   Sunshine Suzanne Sykes<br>Magistrate: David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 05/05/2025 |

///

///

# TABLE OF CONTENTS

INTRODUCTION………………………………………………………………..4

AUTHORITY…………………………………………………………………….5

ARGUMENT……………………………………………………………………..6

    A. All Three Certification Factors Are Met……………………………….6

        1. There is a controlling question of law………………………………6

        2. An immediate appeal could materially advance the proceedings…..6

        3. Substantial grounds for a difference of opinion exist………………7

    B. Stay……………………………………………………………………..8

CONCLUSION……………………………………………………………………..8

# TABLE OF AUTHORITIES

**Cases**

*Beaver v. Tarsadia Hotels*
    29 F. Supp. 3d 1323 (S.D. Cal. 2014)……………………………………..…8

*Est. of Serna v. Cty. of San Diego*
    2023 U.S. Dist. LEXIS 26140
    2023 WL 2025057 (S.D. Cal. Feb. 15, 2023)…………………………..5, 7

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*
    22 F.4th 1125 (9th Cir. 2022)……………………………………….…..6, 7

*In re Cement Antitrust Litig.*
    673 F.2d 1020 (9th Cir. 1982)……………………………………………..6

*Reese v. BP Expl. (Alaska) Inc.*
    643 F.3d 681 (9th Cir. 2011)………………………………………………7

*Shurance v. Planning Control Int'l, Inc.*
    839 F.2d 1347 (9th Cir. 1988)……………………………………………..6

**Statutes**

28 U.S.C § 1291……………………………………………………………….5

28 U.S.C. § 1292(b)………………………………………………………4, 5, 8

Cal. Civ. P. Code § 474……………………………………………………..4, 5

Fed. R. Civ. P. 15……………………………………………………..………4, 7

## INTRODUCTION

On May 31, 2024, defendant Daniel Howard moved to dismiss plaintiffs' third amended complaint on statute of limitation grounds, a motion joined by defendants Nicholas Mercado and Sergio Vasquez on June 5, 2024. *See* Dkt. 72, 75.

The Court denied the motion to dismiss on October 31, 2024. Dkt. 100.

Defendants now move this Court under 28 U.S.C. § 1292(b) to certify for appeal the Court's interlocutory order denying the motion to dismiss because the order involves a controlling question of law not previously addressed by the Ninth Circuit upon which reasonable jurists could disagree, and immediate resolution may materially advance the ultimate termination of the litigation as to the individual defendants.

Howard seeks certification of the Court's order denying his motion to dismiss where the Court found, applying California law, that plaintiffs' claims against Howard (and Mercado and Vasquez) are not time-barred because they relate back to the timely filed complaints naming Doe defendants and the Doe defendant allegations satisfied California pleading standards (Cal. Civ. P. Code § 474) for Doe defendants, and, specifically the following issue presented by the Court's order:

* When applying the "relation back doctrine" under Federal Rule of Civil Procedure 15, and applying California's more lenient rule, when a defendant is named in place of a Doe defendant after expiration of the statute of limitation and the claims against the newly named defendant are timely only if they "relate back" to a timely filed complaint naming Doe defendants, must the Doe defendant allegations in the timely filed complaint meet the federal pleading standard applicable to

Doe defendants to take advantage of the "relation back doctrine" as the district court in *Est. of Serna v. Cty. of San Diego*, 2023 U.S. Dist. LEXIS 26140 at *9-13, 2023 WL 2025057 (S.D. Cal. Feb. 15, 2023) concluded, or is meeting the far less onerous California pleading standard for Doe defendants under California Code of Civil Procedure § 474 sufficient for purposes of applying the "relation back doctrine" in a federal court case as this Court concluded, *see* Dkt. 100, pp. 3-4?

Because the requirements for certification under 28 U.S.C. § 1292(b) are met, this Court should grant the certification motion and stay the case pending a decision by the Ninth Circuit on whether it will accept the appeal.

## AUTHORITY

The final-judgment rule codified in 28 U.S.C § 1291 provides appellate courts have jurisdiction over "appeals from all final decisions of the district courts of the United States." But one exception to this rule is for interlocutory orders the district court certifies for appeal. 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

///

*See ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) ("[T]he district court may certify the order for interlocutory appeal in the text of that order or in a separate order, known as the certification order.").

## ARGUMENT

### A.     All Three Certification Factors Are Met

*1.     There is a controlling question of law*

A controlling question of law is one where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1347 (9th Cir. 1988); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

Whether the rigorous federal or more lenient California pleading standards apply to Doe allegations for purposes of the relation back doctrine is a legal issue because it involves no factual findings. *ICTSI Or., Inc.*, 22 F.4th at 1130; *see e.g., Miller v. Sawant*, 18 F.4th 328, 336-37 (9th Cir. 2021) (holding as a matter of law that federal pleading standards apply in federal court over state standards).

"[W]hether state or federal law should be applied" to Doe defendant allegations for purposes of relation back presents a "controlling question," *In re Cement*, 673 F.2d at 1027, and resolution of the issue certainly may impact the litigation because resolution of the issue might result in a dismissal of defendants from the litigation, *id.* at 1026 ("all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court").

*2.     An immediate appeal could materially advance the proceedings*

"[T]he 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the district court proceedings." *ICTSI Or., Inc.*, 22 F.4th at 1131 (quoting *In re Cement*, 673 F.2d at 1027).

If Howard is correct and federal pleading standards control Doe defendant allegations for purposes of the relation back doctrine, then all plaintiffs' claims against Howard are time-barred because the Doe allegations in the timely filed complaint are insufficient.

Resolution of this question could limit the parties and claims in the lawsuit and this potential satisfies the "material advance" prong. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011) ("The district court correctly concluded that our reversal 'may' take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal was permissible.").

3. *Substantial grounds for a difference of opinion exist*

"[S]ubstantial grounds" exist if "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese*, 643 F.3d 681, 688 (9th Cir. 2011). Actual conflicting decisions are not required to find a substantial ground for difference of opinion. *Id.*; *ICTSI Or., Inc.*, 22 F.4th at 1130-31.  When the issue is one "over which reasonable judges might differ" that "uncertainty provides a credible basis for a difference of opinion" on the issue. *Reese*, 643 F.3d at 688.

The Ninth Circuit has not addressed whether federal or California Doe defendant pleading standards apply to Doe defendant allegations for purposes of relation back under Federal Rule of Civil Procedure 15.

Without that Ninth Circuit precedent, reasonable judges could differ in the answer.  Indeed, two already have.  This Court's resolution of the issue differs from *Est. of Serna*, 2023 U.S. Dist. LEXIS 26140 at *9-13.[1]

---

[1] Pending in *Marroquin De Portillo v. County of San Diego, et al.*, Southern District of California, Case No. 3:23-cv-0978-WQH-VET (Dkt. 72-1) is a motion

7

**B.     Stay**

Assuming this Court grants the certification motion, the Court should stay the action pending the Ninth Circuit's decision on whether to hear the appeal. *See* 28 U.S.C. §1292(b); *Beaver v. Tarsadia Hotels*, 29 F. Supp. 3d 1323, 1338 (S.D. Cal. 2014) ("28 U.S.C. §1292(b) provides for a stay pending appeal if it will promote economy of time and effort. Staying the action is appropriate because resolution of the issue will likely alter the direction of the current proceedings and a stay would promote efficiency and economy of time for the Court and for the parties. Accordingly, if the Court of Appeals grants the permission to appeal, the Court STAYS the action pending resolution of the proceeding in the Ninth Circuit."). This Court should do so here.

## CONCLUSION

Absent certification now, Howard must wait for an appeal from an adverse judgment to have the Ninth Circuit address the "certification worthy" issue of whether federal or California pleading standards for Doe defendant allegations apply in a relation back analysis. If Howard is correct, he will have been unnecessarily subject to years of litigation. Perhaps even worse, if Howard prevails in this case, the issue – which needs a clear answer to benefit litigants and the courts – would escape appellate review because Howard would have no standing to appeal this Court's order on their motion to dismiss.

///

///

///

///

///

///

---

to dismiss based on the same grounds as Howard's motion to dismiss in this case.

This Court should grant the certification motion and stay the proceedings until proceedings in the Ninth Circuit are concluded, be that a denial of permission to appeal or a decision on the merits.

Dated: November 14, 2024          Dean Gazzo Roistacher LLP

By: */s/ Lee H. Roistacher*
Lee H. Roistacher
Kimberly A. Sullivan
Attorneys for Defendant
Sergeant Daniel Howard

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendant Sergeant Daniel Howard, certify that this Motion to Certify Order for Appeal [28 U.S.C. 1292(B)] words, which:

  X   complies with the word limit of L.R. 11-6.1.

 ____  complies with the word limit set by court order dated [date].

Dated: November 14, 2024          */s/ Lee H. Roistacher*
Lee H. Roistacher , declarant