ROB BONTA
Attorney General of California
ELIZABETH ANGRES
Supervising Deputy Attorney General
HAIYANG ALLEN LI
Deputy Attorney General
State Bar No. 288063
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013
  Telephone:  (213) 269-6404
  Fax:        (916) 731-2120
  E-mail:  Allen.Li@doj.ca.gov
*Attorneys for Defendants State of
California (by and through the California
Highway Patrol), and CHP Officer Nicholas
Mercado; and CHP Officer Sergio Vasquez*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, INDIVIDUALLY, LORI MEEKS, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RAYMOND LOFTIN, DECEASED, Y.L. BY AND THROUGH HIS GUARDIAN AD LITEM SEBRINA LUCKY, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RAYMOND LOFTIN, DECEASED, E.L. BY AND THROUGH HER GUARDIAN AD LITEM SEBRINA LUCKY, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RAYMOND LOFTIN, DECEASED, AND B.L. BY AND THROUGH HIS GUARDIAN AD LITEM SEBRINA LUCKY, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RAYMOND LOFTIN, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, AND DOES 1-10, <br><br> Defendants. | Case No.: 5:22-cv-02133-SSS(KKx) <br><br> **ANSWER BY DEFENDANTS CALIFORNIA HIGHWAY PATROL, OFFICER NICOLAS MERCADO AND OFFICER SERGIO VASQUEZ TO THIRD AMENDED COMPLAINT** <br><br> **And** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Judge:        Honorable Sunshine S. Sykes |

**COME NOW** Defendants California Highway Patrol Officer Nicolas Mercado and Officer Sergio Vasquez [Defendants] and by this Answer to the Third Amended Complaint (ECF No. 67) [TAC], admit, deny, and allege as follows:

1.    Answering the allegations on page 2,[1] paragraph 1, of the TAC, Defendants admit that, based on the nature of the claims and allegations in the TAC, the Court has jurisdiction over the claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.  Defendants deny the remaining allegations in the paragraph.

2.    Answering the allegations on page 3, paragraph 2, of the TAC, Defendants admit that, based on the nature of the claims and allegations in the TAC, venue is proper within this District Court pursuant to 28 U.S.C. § 1391(b)(2). Defendants admit that the events and transactions related to this action occurred primarily in San Bernardino County, but Defendants lack sufficient information or belief to admit or deny that all relevant events and transactions occurred exclusively in San Bernardino County, and, on that basis, deny such allegation.  Defendants deny that the events or transactions give plaintiffs any right to relief against Defendants or its agents or employees.

3.    Answering the allegations on page 3, paragraph 3, of the TAC, Defendants deny that they are liable for any of the injuries and damages claimed. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

4.    Answering the allegations on pages 3 through 5, paragraphs 4 through 10, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraphs and, on that basis, deny the same.

5.    Answering the allegations on page 5, paragraph 11, of the TAC, Defendants admit that, during the June 22 and 23, 2021 law enforcement interactions with Christopher Urquijo and decedent Raymond Loftin, CHP Sergeant

---

[1] All page citations to the Third Amended Complaint are to the page numbers assigned by the Court's ECF system.

Daniel Howard was a sworn law enforcement officer, was operating under color of authority, and was employed by Defendant California Highway Patrol [CHP]. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, deny the same.

6.    Answering the allegations on page 5, paragraph 12, of the TAC, Defendants admit that, during the June 22 and 23, 2021 law enforcement interactions with Christopher Urquijo and decedent Raymond Loftin, CHP Officer Nicholas Mercado was a sworn law enforcement officer, was operating under color of authority, and was employed by Defendant CHP. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, deny the same.

7.    Answering the allegations on page 6, paragraph 13, of the TAC, Defendants admit that, during the June 22 and 23, 2021 law enforcement interactions with Christopher Urquijo and decedent Raymond Loftin, CHP Officer Sergio Vasquez was a sworn law enforcement officer, was operating under color of authority, and was employed by Defendant CHP. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, deny the same.

8.    Answering the allegations on page 6, paragraph 14, of the TAC, Defendants admit that the State of California is a duly organized public entity existing under the laws of the State of California. Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

9.    Answering the allegations on page 6, paragraph 15, of the TAC, Defendants admit that the CHP is and, during the events at issue in this case, was an agency of and operating under the authority of the State of California, duly organized and existing under the laws of the State of California.

/ / /

10.   Answering the allegations on pages 6 through 7, paragraphs 16 through 19, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the same.

11.   Answering the allegations on page 7, paragraph 20, of the TAC, Defendants deny that they were negligent, or otherwise responsible for the events and happenings described in the TAC.  Defendants deny that it proximately caused injury or damages to Plaintiffs.  Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph and, on that basis, deny the same.

12.   Answering the allegations on page 7, paragraphs 21 and 22, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraphs and, on that basis, deny the same.

13.   Answering the allegations on page 8, paragraphs 23 through 25, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraphs and, on that basis, deny the same.

14.   Answering the allegations on pages 8, paragraph 26, of the TAC, Defendants adopt and incorporate their responses above to paragraphs 1 through 25 of the TAC.

15.   Answering the allegations on page 9, paragraph 27, of the TAC, Defendants admit that, during the June 23, 2021, law enforcement interactions with Christopher Urquijo and decedent Raymond Loftin, CHP Sergeant Daniel Howard and CHP Officers Nicholas Mercado and Sergio Vasquez were acting under the color of various laws, statutes, ordinances, and/or regulations and that they were employees of Defendant CHP.  Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, deny the same.

/ /

/ / /

16.    Answering the allegations on page 9, paragraph 28, of the TAC, Defendants admit that Raymond Loftin and Christopher Urquijo stole a 2008 Peterbilt truck, Model 340 on June 22, 2021 (believed to be a Tuesday). Defendants deny that the theft occurred at 2300 hours; rather, Defendants are informed and believe that the theft occurred closer to 2237 hours.  Defendants admit that the vehicle was reported stolen from 5425 W. Industrial Pkwy in San Bernardino, California.  Defendants lack sufficient information to admit or deny any remaining allegations in the paragraph, and, on that basis, deny the same.

17.    Answer the allegations on page 9, paragraph 29, of the TAC, Defendants admit that at some point the night of June 22, 2021, Colton Police Department Officers activated their Code 3 lights and sirens in an attempt to stop the stolen vehicle driven by Mr. Loftin.  Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, deny the same.

18.    Answering the allegations on page 9, paragraphs 30 through 32, of the TAC, Defendants admit that CHP patrol vehicles were ultimately deployed to a location on the I-10 to try to create a roadblock to stop the stolen truck from further flight and its repeated endangerment of public safety.  Defendants deny that the stolen truck came to a complete stop.  Defendants deny that Mr. Loftin and Mr. Urquijo surrendered.  Defendants lack sufficient information or belief to admit or deny the remaining allegations in paragraphs 30 through 32, and, on that basis, deny the same.

19.    Answering the allegations on page 9, paragraph 33, of the TAC, Defendants deny the allegations.

20.    Answering the allegations on pages 9 through 10, paragraph 34, of the TAC, Defendants admit that Sergeant Howard fired rounds from his AR-15 toward the front of the stolen truck and that one or more of those rounds struck Mr. Loftin. Defendants admit that Mr. Loftin died from his gunshot wounds.  Defendants deny

that there was an unnecessary use of deadly force.  Defendants lack sufficient information or belief to admit or deny the remaining allegations in the paragraph, and, on that basis, deny the same.

21.    Answering the allegations on page 10, paragraph 35, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

22.    Answering the allegations on pages 9 through 10, paragraph 36, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations, and, on that basis, deny the same.

23.    Answering the allegations on page 10, paragraph 37, of the TAC, Defendants deny the allegations.

24.    The allegations on pages 10 through 18, paragraphs 38 through 73, of the TAC do not apply to these answering Defendants.

25.    Answering the allegations on page 18, paragraph 74, of the TAC, Defendants adopt and incorporate their responses above to paragraphs 1 through 73 of the TAC.

26.    Answering the allegations on pages 18 through 20, paragraphs 75 through 83, of the TAC, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief sought.

27.    Answering the allegations on page 20, paragraph 84, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.

28.    The allegations on pages 20 through 22, paragraphs 85 through 101, of the TAC do not apply to these answering Defendants.

/ / /

/ / /

/ / /

29.   Answering the allegations on page 24, paragraph 102, of the TAC, Defendants adopt and incorporate their responses above to paragraphs 1 through 101 of the TAC.

30.   Answering the allegations on page 24, paragraph 103 of the TAC, Plaintiffs make broad statements of law without specific factual foundation on which to evaluate the contention; therefore, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.

31.   Answering the allegations on pages 25 through 26, paragraphs 104 through 105, of the TAC, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief sought.

32.   Answering the allegations on page 25, paragraphs 106 through 107, of the TAC, Plaintiffs make broad statements of law without specific factual foundation on which to evaluate the contention; therefore, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.

33.   Answering the allegations on page 25, paragraph 108, of the TAC, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief sought.

34.   Answering the allegations on page 25, paragraph 109, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.

35.   Answering the allegations on pages 25 through 26, paragraphs 110 through 112 of the TAC, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief sought.

36.   Answering the allegations on page 26, paragraph 113, of the TAC, Defendants adopt and incorporate their responses above to paragraphs 1 through 112 of the TAC.

37.    Answering the allegations on pages 26 through 27, paragraph 114, of the TAC, Plaintiffs make broad statements of duty and law without specific factual foundation on which to evaluate the contentions; therefore, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.

38.    Answering the allegations on pages 27 through 29, paragraphs 115 through 122, of the TAC, Defendants deny the allegations.

39.    Answering the allegations on pages 28 through 29, paragraph 123, of the TAC, Plaintiffs make broad statements of duty and law without specific factual foundation on which to evaluate the contentions; therefore, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.63.    Answering the allegations on page 29, paragraph 124 of the TAC, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief sought.

40.    Answering the allegations on page 29, paragraph 125, of the TAC, Defendants adopt and incorporate their responses above to paragraphs 1 through 124 of the TAC.

41.    Answering the allegations on pages 29 through 30, paragraphs 126 through 135, of the TAC, Defendants deny the allegations.

42.    Answering the allegations on page 31, paragraphs 136 through 137, of the TAC, Defendants lack sufficient information or belief to admit or deny the allegations in the paragraph and, on that basis, deny the same.

43.    Answering the allegations on page 31, paragraph 138, of the TAC, Defendants deny the allegations and deny that Plaintiffs are entitled to any of the relief sought.

44.    The allegations on pages 31 through 32, paragraphs 139 through 147, of the TAC do not apply to these answering Defendants.

/ / /

8

45.   Answering the allegations on page 33, paragraph 148, of the TAC,
Defendants adopt and incorporate their responses above to paragraphs 1 through
147 of the TAC.

46.   Answering the allegations on page 33, paragraphs 149 through 152, of
the TAC, Defendants deny the allegations.

47.  Answering the allegations on page 33, paragraph 153, of the TAC,
Plaintiffs make broad statements of law without specific factual foundation on
which to evaluate the contentions; therefore, Defendants lack sufficient information
or belief to admit or deny the allegations, and, on that basis, deny the same.

48.   Answering the allegations on page 34, paragraph 154, of the TAC,
Defendants adopt and incorporate their responses above to paragraphs 1 through
153 of the TAC.

49.   Answering the allegations on pages 34 through 35, paragraphs 155
through 158 (including all subsections), of the TAC, Defendants deny the
allegations and deny that Plaintiffs are entitled to any of the relief sought.

**Allegations in Prayer**

Answering the allegations in the Prayer on pages 35 through 36 of the TAC,
Defendants deny that Plaintiffs are entitled to any of the requested damages or
remedies.

**Remaining Allegations**

Any and all allegations in the TAC that are not addressed above are hereby
denied.

## AFFIRMATIVE DEFENSES

**AS SEPARATE AND AFFIRMATIVE DEFENSES** to all causes of action
in the TAC, answering Defendants allege as follows:

/ / /

/ / /

/ / /

**AFFIRMATIVE DEFENSE NO. 1:**

The TAC and each cause of action are barred by the statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4, 945.6, 950.2, and 950.6.

**AFFIRMATIVE DEFENSE NO. 2:**

The TAC and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

**AFFIRMATIVE DEFENSE NO. 3:**

There is no liability in that the acts alleged in the TAC, if done at all, were done in the execution and enforcement of the law while exercising due care.  Cal. Gov't Code, §§ 815.2, 820.4.

**AFFIRMATIVE DEFENSE NO. 4:**

There is no imputed liability between public officers in actions under the Federal Civil Rights Act.  There is no vicarious liability under the Federal Civil Rights Act.

**AFFIRMATIVE DEFENSE NO. 5:**

Any and all alleged happenings and events, damages, and injuries, if any there were, were proximately caused and/or contributed to by the negligence or other wrongful conduct of Plaintiffs' decedent Raymond Loftin, Plaintiff Christopher Urquijo, and/or the remaining Plaintiffs, who failed to exercise ordinary and reasonable care for their own safety and welfare and for the safety and welfare of others at the times and places alleged in the TAC.  Such negligence or other wrongful conduct bars and/or reduces Plaintiffs' recovery (under both survivor and wrongful death theories) in proportion to the negligence and fault of Plaintiffs' decedent Raymond Loftin, Plaintiff Christopher Urquijo, and/or the remaining Plaintiffs.

/ / /

/ / /

10

**AFFIRMATIVE DEFENSE NO. 6:**

Any damages or injuries sustained by Plaintiffs' decedent Raymond Loftin, Plaintiff Christopher Urquijo, and/or the remaining Plaintiffs were proximately caused and/or contributed to by the negligence or other wrongful conduct of persons and entities other than these Defendants or its employees, in violation of the duty of such persons and entities to exercise ordinary and reasonable care for the safety of others.  Defendants therefore allege that any and all damages awarded herein should be apportioned between all responsible persons, entities, and parties pursuant to the doctrines of comparative negligence/fault, total indemnity, and partial indemnity.

**AFFIRMATIVE DEFENSE NO. 7:**

Plaintiffs' decedent Raymond Loftin and Plaintiff Christopher Urquijo willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities alleged in the TAC.  Plaintiffs' action is therefore barred.

**AFFIRMATIVE DEFENSE NO. 8:**

The TAC and each cause of action are subject to the statutory limitation of California Civil Code sections 1431 through 1432, relating to joint and several liability for economic and noneconomic damages.

**AFFIRMATIVE DEFENSE NO. 9:**

The damages alleged in the TAC herein are subject to a set-off either partially or in full.

**AFFIRMATIVE DEFENSE NO. 10:**

At all relevant times, Plaintiffs failed to mitigate injury and damages.

**AFFIRMATIVE DEFENSE NO. 11:**

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

/ / /

1    **AFFIRMATIVE DEFENSE NO. 12:**

2    Any state law causes of action in the TAC are barred by the failure to precede

3    the action with a claim as required by California Government Code sections 945.4,

4    911.2, 905.2, and 950.2.

5    **AFFIRMATIVE DEFENSE NO. 13:**

6    If and to the extent that the allegations of any state law claims in the TAC

7    attempt to enlarge upon the facts and contentions set forth in the Government

8    Claim(s), if any there was/were, said allegations fail to state a cause of action and

9    are barred by California Government Code sections 905.2, 911.2, 945.4, and 950.2.

10    **AFFIRMATIVE DEFENSE NO. 14:**

11    To the extent that the TAC attempts to predicate liability upon any public

12    entity defendant or any agent or employee thereof for purported negligence in

13    retention, hiring, employment, training, or supervision of any public employee,

14    liability is barred by California Government Code sections 815.2 and 820.2 and

15    *Herndon* v. *County of Marin*, 25 Cal. App. 3d 933, 935-936 (1972), reversed on

16    other grounds by *Sullivan* v. *County of Los Angeles*, 12 Cal. 3d 710 (1974); by the

17    lack of any duty running to any of the Plaintiffs or their decedent Raymond Loftin;

18    by the fact that any such purported act or omission is governed exclusively by

19    statute and is outside the purview of any public employees' authority; and by the

20    failure of any such acts or omissions to be the proximate cause of any injury alleged

21    in the TAC.

22    **AFFIRMATIVE DEFENSE NO. 15:**

23    The detention or arrest, if any there was, alleged in the TAC was regular and

24    lawful and made in good faith by a peace officer or peace officers acting within the

25    course and scope of authority and with reasonable cause to believe at the time that

26    such action was lawful.

27    / / /

28    / / /

**AFFIRMATIVE DEFENSE NO. 16:**

Only reasonable force and restraint were used in the incident alleged in the TAC.  There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2.

**AFFIRMATIVE DEFENSE NO. 17:**

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the TAC, it was privileged and lawful as necessary to effect arrest or detention, to prevent escape, to overcome resistance, and to protect officers and civilians from serious bodily injuries or death.

**AFFIRMATIVE DEFENSE NO. 18:**

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

**AFFIRMATIVE DEFENSE NO. 19:**

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.  Cal. Gov't Code §§ 965-965.9.

**AFFIRMATIVE DEFENSE NO. 20:**

Plaintiffs are not entitled to any prejudgment interest pursuant to California Civil Code Section 3291, since California Civil Code Section 3291 does not apply to a public entity or to a public employee acting within the scope of employment.

**AFFIRMATIVE DEFENSE NO. 21:**

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Cal. Gov't Code, §§ 815.2, 820.2.

**AFFIRMATIVE DEFENSE NO. 22:**

Any individual CHP Officers who may be subsequently joined in this action by service of summons and complaint, including but not limited to Sergeant Daniel

Howard and Officers Nicholas Mercado and Sergio Vasquez, are entitled to qualified immunity.  Such defendants acted, at all times herein relevant, in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States.  There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The doctrine of qualified immunity shields a government official from liability for monetary damages unless the plaintiff establishes "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).

## **AFFIRMATIVE DEFENSE NO. 23:**

Should Defendants be found liable to Plaintiffs, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiffs' and/or Plaintiffs' decedent Raymond Loftin's medical providers as full payment for the medical services rendered.

## **AFFIRMATIVE DEFENSE NO. 24:**

These answering Defendants will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 U.S.C. § 1988 and/or California Code of Civil Procedure section 1038.

## **AFFIRMATIVE DEFENSE NO. 25:**

Defendants are not liable for injuries caused by acts or omissions of employees of the Defendants who are immune from liability.  Cal. Gov. Code, § 815.2(b).

/ / /

/ / /

### **AFFIRMATIVE DEFENSE NO. 26:**

Defendants are immune from liability by reason of the provisions of California Government Code section 820.8, in that any injuries or damages were proximately caused by an act or omission of another person.  The California Government Claims Act bars vicarious liability for any act or omission of any other person, by way of respondeat superior or otherwise.  (Cal. Gov. Code, § 820.8.)

**WHEREFORE**, Defendants pray that:

1.   Judgment be rendered in favor of Defendants and against Plaintiffs;

2.   Plaintiffs take nothing by the Third Amended Complaint;

3.   Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.   Defendants be awarded such other and further relief as the Court may deem necessary and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.1,

3  Defendants hereby make a demand for a jury trial on any issue triable of right by a

4  jury.

5

6  Dated:  November 15, 2024                    Respectfully submitted,

7                                               ROB BONTA
                                               Attorney General of California
8                                               ELIZABETH ANGRES
                                               Supervising Deputy Attorney General

9

10                                              */s/ Haiyang Allen Li*
                                               HAIYANG ALLEN LI
11                                              Deputy Attorney General
                                               *Attorneys for Defendants State of*
12                                              *California (by and through the*
                                               *Highway Patrol), CHP Officer*
13                                              *Nicholas Mercado; and CHP Officer*
                                               *Sergio Vasquez*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:   **Christopher Urquijo, et al. v.**          No.   **5:22-cv-02133-SSS-DTBx**
                     **State of California, et al.**

I hereby certify that on <u>November 15, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER BY DEFENDANTS CALIFORNIA HIGHWAY PATROL, OFFICER NICOLAS MERCADO AND OFFICER SERGIO VASQUEZ TO THIRD AMENDED COMPLAINT And DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 15, 2024</u>, at Los Angeles, California.

_____          _____
         Adriana Zagal                         Signature
          Declarant

LA2023600905
6725037.docx