Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA91367
Tel:    (818) 347-3333
Fax:    (818) 347-4118

*Attorneys for Plaintiffs*, Christopher Urquijo, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, et al, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 5:22-cv-02133-SSS-DTB <br><br> *Assigned to*: <br> Hon. District Judge Sunshine S. Sykes <br> Hon. Mag. Judge David T. Bristow <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT HOWARD'S MOTION TO CERTIFY ORDER FOR APPEAL AND STAY REQUEST** <br><br> Date:      December 13, 2024 <br> Time:      2:00 p.m. <br> Crtrm:    2 |

# **<u>TABLE OF CONTENTS</u>**

I.      INTRODUCTION ............................................................................................... 1

II.     ARGUMENT ...................................................................................................... 5

    A.   Defendants Appear to Seek Appellate Review of a Holding Not Made in this Court's Order. ................................................................ 5

    B.   No Substantial Grounds for a Difference of Opinion Exist as to Whether Federal or California Pleading Standards Govern. ...................... 6

    C.   No Substantial Grounds for a Difference of Opinion Exist as to Whether California Code of Civil Procedure § 474 Applies. ............................... 11

    D.   An Immediate Appeal Would Not Materially Advance the Proceedings ................................... 13

    E.   This is Not a Purely Legal Issue or "Controlling" Question of Law ........................................ 15

    F.   Plaintiffs Oppose Defendants' Request for a Stay .................................................................................. 16

III.    CONCLUSION ................................................................................................. 16

# TABLE OF AUTHORITIES

Cases

*Aparicio v. Swan Lake*,
    643 F.2d 1109 (5th Cir. 1981)..........................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................8, 10

*Audrey G. v. City of Lafayette*,
    No. 21-CV-03545-WHO, 2022 WL 16528143 (N.D. Cal. Oct. 28, 2022).....13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................1, 5, 8

*Board of Regents of University of State of N.Y. v. Tomanio*,
    446 U.S. 478 (1980) ..................................................................................14

*Butler v. Nat'l Cmty. Renaissance of California*,
    766 F.3d 1191 (9th Cir. 2014)...........................................................9, 11, 12

*Cabrales v. Cnty. of Los Angeles*,
    864 F.2d 1454 (9th Cir. 1988)....................................................................13

*Canatella v. Van De Kamp*,
    486 F.3d 1128 (9th Cir. 2007)....................................................................11

*Cavanaugh v. County of San Diego*,
    Case No. 3:18-cv-02557-BEN-LL, 2020 WL 9703592 (S.D. Cal. Nov. 12, 2020)............................................................................................................7

*Century Pacific, Inc. v. Hilton Hotels Corp.*,
    F. Supp. 2d 369 (S.D.N.Y. 2008)...............................................................15

*Conley v. Gibson*,
    355 U.S. 41 (1957) .....................................................................................7

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ...................................................................................3

*Doe v. Cty. of Los Angeles*,
    No. 20-CV-02748, 2021 WL 5396093 (C.D. Cal. Nov. 18, 2021)................13

*Douglas v. Noelle*,
    567 F.3d 1103 (9th Cir. 2009)....................................................................11

*Erickson v. Pardus*,
    551 U.S. 89 (2007) .....................................................................................7

*Estate of Osuna v. County of Stanislaus*,
    392 F. Supp. 3d 1162 (E.D. Cal. 2019).......................................................8, 9

*Estate of Serna v. Cnty. Of San Diego*,
    2023 WL 2025057 (S.D. Cal. Feb. 15, 2023) ............................................9

*Estate of Serna v. Cty. of San Diego*,
    No. 20-cv-2096-LAB, 2022 WL 827123 (S.D. Cal. Mar. 18, 2022)..........7, 10

*Fink v. Shedler*,
    192 F.3d 911 (9th Cir. 1999)...............................................................11

*Gonzalez v. City of Anaheim*,
    747 F.3d 789 (9th Cir. 2014)................................................................9

*Hogan v. Fischer*,
    738 F.3d 509 (2nd Cir. 2013)..............................................................12

*In re Cement Antitrust Litigation*,
    673 F.2d 1020 (9th Cir. 1981)................................................2, 3, 4, 15

*In re Ford Motor Co.*,
    344 F.3d 648 (7th Cir. 2002)................................................................5

*Jones v. Blanas*,
    393 F.3d 918 (9th Cir. 2004)..............................................................11

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974)................................................................4

*Klamut v. Cal. Highway Patrol*,
    No. 15-CV-02132-MEJ, 2015 WL 9024479 (N.D. Cal. Dec. 16, 2015)........13

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)..................................................................3

*Leatherman v. Tarrant Cnty.*,
    507 U.S. 163 (1993) ...........................................................................7

*Leer v. Murphy*,
    844 F.2d 628 (9th Cir. 1988)................................................................9

*Lindley v. General Elec. Co.*,
    780 F.2d 797 (9th Cir. 1986)..............................................................11

*Lomeli v. Cty. Of San Diego*,
    637 F. Supp. 3d 1046 (S.D. Cal. 2022) .................................................6

*Lopez v. Gen. Motors Corp.*,
    697 F.2d 1328 (9th Cir. 1983).............................................................10

*Merritt v. Cnty. of Los Angeles*,
    875 F.2d 765 (9th Cir. 1989)..............................................................13

*Milbert v. Bison Laboratories*,
    260 F.2d 431 (3d Cir. 1958)..................................................15

*Miller v. Sawant*,
    18 F.4th 328 (9th Cir. 2021)..............................................6, 9

*Monroe v. Pape*,
    365 U.S. 167 (1961) ...........................................................14

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
    71 F. Supp. 2d 139 (E.D.N.Y. 1999)......................................4

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ...............................................5

*Sandoval v. Budget Rent A Car*,
    No. LACV-20-07069, 2020 WL 6588738 (C.D. Cal. Sept. 3, 2020)............13

*Silvas v. E\*Trade Mortg. Corp.*,
    514 F.3d 1001 (9th Cir. 2008) ...............................................7

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ..........................................................5, 7

*United States Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966)...........................................3, 15

*Woo v. Superior Court*,
    75 Cal. App. 4th 169 (1999)...............................................12

Statutes

28 U.S.C. § 1292..................................................................3, 13

Rules

California Code of Civil Procedure § 474 ...............................6

Federal Rule of Civil Procedure 15 ...................................2, 14

Federal Rule of Civil Procedure 8 .........................................5

PLAINTIFFS' OPPOSITION TO DEFENDANT HOWARD'S MOTION TO CERTIFY ORDER FOR APPEAL AND STAY REQUEST

## I.    INTRODUCTION

This Court should deny Defendant Daniel Howard's motion (and Defendants Nicolas Mercado's and Sergio Vasquez's joinder in the motion)[1] to certify this Court's Order denying Defendant Howard's motion to dismiss Plaintiffs' Third Amended Complaint ("TAC") for appeal and request for a stay under 28 U.S.C. 1292(b) ("Motion" or "Motion to Certify") for the reasons set forth below. (Dkt. Nos. 67, 72-1, 100, 106, 108).

As an initial matter, Defendants appear to misinterpret this Court's Order. (Dkt. No. 100, "Order"). Defendants appear to base their Motion on their misassumption that this Court applied California pleading standards when holding that Plaintiffs' Doe defendant allegations were sufficiently pled. However, this Court's Order does not indicate that this Court applied state pleading standards as opposed to federal pleading standards. (Dkt. No. 100). In their motion to dismiss Plaintiffs' TAC, Defendants assert that federal pleading requirements govern all of Plaintiffs' allegations in their federal lawsuit, including Plaintiffs' Doe defendant allegations. (Dkt. No. 72-1 at 12:13-16). In their opposition to Defendants' motion to dismiss Plaintiffs' TAC, Plaintiffs agreed that federal pleading standards govern. (Dkt. No. 76 at 2:25-5:13). In its Order, this Court discusses federal pleading standards, not state pleading standards. (Dkt. No. 100 at p. 2) (discussing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, Defendants' Motion appears to request appellate review of a conclusion that is not contained in this Court's Order. Defendants also do not point to any authority disputing that federal pleading standards govern, calling one of the three certification requirements articulated in 28

---

[1] Plaintiffs named Daniel Howard, Nicolas Mercado and Sergio Vasquez as individual defendants in their Second Amended Complaint ("SAC") on January 9, 2024. (Dkt. No. 43).  Defendants Mercado and Vasquez filed an Answer to Plaintiffs' Second Amended Complaint on July 15, 2024 (Dkt. No. 54).

1  U.S.C. § 1292(b)—whether substantial grounds for a difference of opinion exist—

2  into question.

3      The central issue addressed by this Court in its Order is whether Plaintiffs'

4  amendments in the Second Amended Complaint ("SAC") (naming Defendants

5  Howard, Mercado, and Vasquez in place of Doe defendants) relate back to the

6  timely filing of the Complaint and the First Amended Complaint ("FAC"). This

7  Court correctly concluded that they do. It is well settled that California law allows a

8  party to name a Doe defendant if they discover their identity within three years of

9  commencing the action and serving the Complaint, which is what Plaintiffs did here.

10  (Dkt No. 100 at p. 3). The law is clear that under Federal Rule of Civil Procedure

11  15(c)(1)(A), an "amendment to a pleading relates back to the date of the original

12  pleading when the law that provides the applicable statute of limitations allows

13  relation back." This Court did not hold that Rule 15(c)(1)(A) relieves Plaintiffs of

14  the requirement to sufficiently plead Doe defendant allegations, which they did.

15  Plaintiffs' Complaint and FAC clearly identified Doe defendants 1-5 as police

16  officers working for the California Highway Patrol ("CHP") who fired the shots that

17  injured Plaintiff Urquijo and killed Raymond Loftin on June 22, 2021, at

18  approximately 1:10 a.m. at the Interstate 10 in the City of Fontana. (FAC at Dkt. No.

19  25, ¶¶ 30, 36).

20      This Court correctly held that Plaintiffs' allegations regarding the Doe

21  defendants' role in this incident were sufficiently and adequately pled under federal

22  pleading standards and that Plaintiffs' amendments relate back to the Complaint and

23  FAC under California's more permissive relation back standard. (Dkt. No. 100 at

24  pp. 2-3). Thus, this Court should exercise its discretion to deny Defendants' Motion

25  to Certify its Order for immediate appeal.

26      Interlocutory appeals are generally disfavored, and the Ninth Circuit takes a

27  narrow approach to interlocutory appeals. *In re Cement Antitrust Litigation*, 673

28  F.2d 1020, 1026 (9th Cir. 1981). The legislative history explains that Congress

expected that review under 28 U.S.C. § 1292(b) would occur only in "exceptional situations" that warrant such an extraordinary procedure. *In re Cement Antitrust Litigation*, 673 F.2d at 1026; *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); 10 Charles Alan Wright *et al.*, *Federal Practice & Procedure* §3929. The United States Supreme Court indicated its approval of the "exceptional circumstances" standard of 28 U.S.C. § 1292(b) when it stated that the appellant "still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postposing appellate review until after the entry of a final judgment." 673 F.2d at 1026 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978). This Court cannot certify its Order for interlocutory appeal unless all three of the following requirements are met: (1) That the Order involves a "controlling question of law," which is clearly satisfied when reversal of the order would end the litigation (*see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 22 (2d Cir. 1990); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981)); (2) That the question of law is one about "which there is substantial ground for difference of opinion," which may be satisfied by showing that the issue is one of first impression; and (3) That "an immediate appeal may materially advance the litigation," as opposed to delaying the litigation.

As discussed above and in further detail below, Defendants cannot meet the "substantial ground for difference of opinion" requirement, and this Court should deny Defendants' Motion for that reason alone. There is no substantial ground for difference of opinion as to whether federal pleading standards govern Doe defendant allegations in federal cases and no substantial ground for difference of opinion as to whether Federal Rule of Civil Procedure 15(c)(1)(A) allows a plaintiff to identify a Doe defendant within three years of the filing of the initial complaint where the amendment relates back to the timely filing. The Ninth Circuit has already ruled on these issues.

1    Defendants cannot meet the "controlling question of law" requirement
2    because reversal of this Court's Order would not end the litigation, nor is this
3    Court's Order necessarily "serious to the conduct of the litigation." *Katz v. Carte*
4    *Blanche Corp*., 496 F.2d 747, 755 (3d Cir. 1974); *In re Cement Antitrust Litigation*,
5    673 F.2d at 1026. Plaintiffs maintain claims arising from the shooting of Christopher
6    Urquijo and Raymond Loftin under both federal and state law. Regardless of
7    whether the individual officers are named defendants, Defendant State of California
8    is vicariously liable for the actions of its CHP officers on Plaintiffs' state law
9    claims, and Defendants Howard, Mercado, and Vasquez would still give depositions
10    and testify at trial with respect to their involvement in and observations of the
11    shooting incident. Additionally, courts have interpreted "controlling question of
12    law" as a "purely legal" issue. Here, this Court made a factual finding that Plaintiffs'
13    Doe defendant allegations were sufficient.

14    Defendants also cannot meet the "materially advance" requirement because
15    an interlocutory appeal of this Court's Order would only delay the litigation. The
16    trial in this case is set for February 23, 2026, and the fact discovery cutoff is July 18,
17    2025. (Dkt. No. 89). It is unlikely that the Ninth Circuit would rule on Defendants'
18    petition for permission to appeal, set a briefing schedule, review the briefs, hold oral
19    argument, and rule on Defendants' proposed appeal within enough time for this
20    Court to maintain its current scheduling order. The schedule in this case has already
21    been continued once (at Defendants' request), and any further delay, including
22    Defendants' request for a stay, would protract this litigation and prejudice Plaintiffs
23    by delaying their day in court.

24    Finally, even if this Court finds that all of the statutory requirements for
25    certification are satisfied (Plaintiffs disagree), certification is still soundly within
26    this Court's discretion. *See Nat'l Asbestos Workers Med. Fund v. Philip Morris,*
27    *Inc.*, 71 F. Supp. 2d 139, 162–645 (E.D.N.Y. 1999). This Court should exercise its
28    discretion to deny Defendants' Motion to Certify because the Court's Order denying

the motion to dismiss reached the appropriate conclusion. This Court's refusal to certify its Order under §1292(b) would not be subject to appellate review, and "[m]ost courts have held that mandamus is not appropriate to compel a district court to certify under §1292(b)." *In re Ford Motor Co.*, 344 F.3d 648, 654 (7th Cir. 2002) (citing cases). For each of these reasons and the reasons set forth below, this Court should deny Defendants' Motion to Certify.

## II.   ARGUMENT

### A. Defendants Appear to Seek Appellate Review of a Holding Not Made in this Court's Order.

This Court's Order correctly held that "[u]nder California's relation back doctrine, Plaintiffs' claims relate back to the filing of the Complaint and FAC because Plaintiffs indicate that Howard's identity was unknown to them at the time, and they adequately describe his role in the incident." (Dkt. No. 100 at p. 3). Contrary to what Defendant Howard appears to argue in his Motion (Dkt. No. 106-1), this Court's Order did not hold that California pleading standards apply to the Doe defendant allegations in the Complaint and FAC. To the contrary, this Court articulated federal pleading standards in its Order, explaining that Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims in a complaint, and citing to *Twombly*, 550 U.S. at 570 and *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). (Dkt. No. 100 at p. 2). In their opposition to Defendants' motion to dismiss Plaintiffs' TAC, Plaintiffs agreed that civil rights actions are governed by the pleading requirements of Federal Rule of Civil Procedure 8, citing to *Swierkiewiez v. Sorema N.A.*, 534 U.S. 506 (2002). (Dkt. No. 76 at 4:19-5:13). Defendants appear to assume that the only way this Court could have found Plaintiffs' Doe defendant allegations to be sufficient was to apply state pleading standards. Such is not the case. The implication is that this Court found Plaintiffs' Doe defendant allegations sufficient and adequate under federal pleading standards.

In articulating California's relation back doctrine, this Court quoted language from California Code of Civil Procedure § 474 explaining that "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly…" (Dkt. No. 100 at pp. 3-4). Defendants appear to confuse this Court's recitation of the requirements set forth in § 474 as superseding the federal pleading standards that require Plaintiffs to make more than conclusory or threadbare identifications of and allegations against the Doe defendants. This Court's finding that Plaintiffs' claims against Defendant Howard relate back to the filing of the Complaint and the FAC under "the more lenient standard of California law pursuant to Federal Rule of Civil Procedure 15(c)(1)(A)" appears to refer to § 474's more lenient standard compared to Federal Rule of Civil Procedure 15(c)(1)(C) (which requires that notice be given to the proposed defendant within the period for serving the summons and complaint), as opposed to referring to "lenient" California pleading standards. Thus, Defendants' Motion appears to request certification for appeal of a conclusion that this Court did not reach in its order, and the Motion should be denied on that ground.

## B. No Substantial Grounds for a Difference of Opinion Exist as to Whether Federal or California Pleading Standards Govern.

As Defendants assert in their Motion (Dkt. 106-1 at 6:15), it is well settled that "pleading in federal court is governed by Federal Rules of Civil Procedure, not state pleading requirements." *Miller v. Sawant*, 18 F.4th 328, 336-37 (9th Cir. 2021); *see also Lomeli v. Cty. Of San Diego*, 637 F. Supp. 3d 1046, 1058 (S.D. Cal. 2022) ("when a plaintiff has claims against an unknown defendant, the plaintiff must still meet federal pleading standards when alleging facts against such defendants" in federal court). Defendants point toward no case that applies state

pleading requirements to allegations against Doe defendants in federal court, and their argument that a substantial grounds for difference of opinion on this issue exist is unpersuasive.

Although it appears that this Court appropriately applied federal pleading standards in conjunction with California Code of Civil Procedure § 474, the Urquijo Plaintiffs' Doe defendant amendments relate back to their Complaint and FAC regardless of whether federal or California pleading standards govern. Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim showing the pleader is entitled to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). There is no heightened pleading requirement for civil rights cases, and the United States Supreme Court has repeatedly rejected attempts by the Courts of Appeals to impose heightened pleading requirements in civil rights cases. *Swierkiewiez*, 534 U.S. 506; *Leatherman v. Tarrant Cnty.*, 507 U.S. 163 (1993). Under federal notice pleading, courts are liberal in construing complaints in favor of plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008). Dismissal of claims against a Doe defendant in a § 1983 action is appropriate only when the complaint does not "even minimally explain how any of the unidentified parties . . . personally caused a violation of [the claimant's] constitutional rights." *Estate of Serna v. Cty. of San Diego*, No. 20-cv-2096-LAB, 2022 WL 827123, at *3 (S.D. Cal. Mar. 18, 2022); *Cavanaugh v. County of San Diego*, Case No. 3:18-cv-02557-BEN-LL, 2020 WL 9703592 at *25, n.20 (S.D. Cal. Nov. 12, 2020).

As this Court correctly held, here, Defendant Howard could properly be substituted in place of a Doe defendant because Plaintiffs named Doe defendants in their original complaint and in their FAC, Plaintiffs' claims against Defendant Howard "sufficiently" relate back to the timely filing of the Complaint and the FAC, and Plaintiffs "adequately describe his role in the incident". (Dkt. No. 100 at p. 3). Applying the federal pleading standard to the FAC, it is evident that the claims

against the Doe defendants are sufficiently pled and are not "conclusory" or "threadbare." In their FAC, Plaintiffs alleged that Doe defendants 1-10 were police officers working for the California Highway Patrol and that Doe defendants 1-10 caused Decedent's and Plaintiffs' injuries by killing the Decedent. (FAC at Dkt. No. 25, ¶ 13). Plaintiffs also explained that the names of Doe defendants 1-10 were unknown to Plaintiffs, that Plaintiffs therefore sued these defendants by such fictitious names, and that Plaintiffs would amend their complaint to allege the true names and capacities of Doe defendants 1-10 when ascertained. (*Id*. at ¶ 15). At that time, Plaintiffs were unclear as to how many CHP officers fired their weapons during this incident. Plaintiffs further alleged that Doe defendants 1-5 are the "CHP officers fired their service weapons into the front cab window. This unnecessary use of deadly force struck Decedent Loftin, which eventually caused his death." (*Id*. at ¶ 30). Plaintiffs also alleged that on "June 22, 2021, at approximately 1:10 a.m. on that date at or near the Interstate 10 in the City of Fontana in the County of San Bernardino officers Does 1-5 shot and injured Plaintiff Urquijo and shot and killed Raymond Loftin without there being an immediate threat of death [or] serious bodily injury to anyone, thereby using excessive force against Christopher Urquijo and Decedent." (*Id*. at ¶ 36).  These allegations are more than "conclusory" or "threadbare" and comply with the federal pleading standards articulated in *Twombly*, 550 U.S. at 555 and *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

A court sitting in the Eastern District of California considered this issue in *Estate of Osuna v. County of Stanislaus*, 392 F. Supp. 3d 1162 (E.D. Cal. 2019). In that case, the defendants argued that the naming of Doe defendants by the plaintiffs violated Federal Rule of Civil Procedure 8(a)(2) because the "plaintiffs [did] not identify each doe defendant and his or her alleged act or omission" and "vague and generalized allegations . . . are insufficient to put prospective defendants on notice of their alleged actions or omissions."  *Est. of Osuna*, 392 F. Supp. 3d at 1169. The *Est. of Osuna* court considered that "the complaint alleges that Doe defendants 1–25

are or were deputies of the Stanislaus County Sheriff's Department who encountered the decedent on the day that he was killed" and held that "the [d]efendants' contention that plaintiffs 'should be required to identify the unnamed defendants as best as possible, and allege specific acts that these doe defendants did' is unavailing because plaintiffs *have* alleged as best as possible at this time facts regarding the Doe defendants, and "[they] do not have access to any further information concerning these parties, including their identities." 392 F. Supp. 3d at 1169-70 (emphasis in original) (quoting *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014)). Accordingly, the *Estate of Osuna* court found that the plaintiffs did not violate the governing standard, Rule 8(a)(2). The same is true for the instant police shooting case, where the Urquijo Plaintiffs were unable to ascertain the name(s) of the shooting officer(s) until after their initial Complaint was filed. This is typical in police shooting cases, where the police department often keeps the name of their involved officer(s) confidential as the agency begins to investigate the shooting. The Urquijo Plaintiffs' Doe defendant allegations in their Complaint and FAC are significantly stronger and more detailed than the Doe defendant allegations in *Estate of Osuna*.

   *Estate of Serna v. Cnty. Of San Diego*, 2023 WL 2025057 (S.D. Cal. Feb. 15, 2023), which is one of only two cases Defendants cite to argue that reasonable judges could differ on this issue, is unhelpful to Defendants' argument. The court in *Estate of Serna* applied federal pleading standards, consistent with Ninth Circuit precedent such as *Miller v. Sawant*, *supra*, and *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In *Estate of Serna*, the Southern District of California acknowledged, relying on *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014), that California Code of Civil Procedure § 474 "permits a plaintiff to use a fictitious name to identify an unknown defendant and to amend the complaint once the defendant's identity is ascertained. [citations]. Any such amendment relates back to the date of the original pleading." 2023 WL 2025057 *4.

The *Estate of Serna* court clearly said, "an amendment adding the defendant is permissible only if it relates back to the original pleading *under either the state's applicable statute of limitations or* Federal Rule of Civil Procedure 15(c)(1). *Id.* (emphasis in original). The *Estate of Serna* court followed Ninth Circuit precedent when it considered whether the proposed defendants could be substituted in for Doe defendants under § 474. Pertinent to the issue at hand, in going through the § 474 analysis, the *Estate of Serna* court correctly reiterated that "any substitution of a 'Doe' that adds a new defendant 'cannot be related back to the original complaint or the first amended complaint when the description of the Doe defendants in those complaints was insufficient to identify anyone.'" *Id.* (quoting *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983)). Unlike the Urquijo Plaintiffs' FAC, which specifically states that Doe Defendants 1-5 fired the shots that killed the Decedent and injured Urquijo (FAC at Dkt. No. 25, ¶ 36)., the FAC in *Estate of Serna* made only "cursory and conclusory allegations" about the Doe defendants' conduct.

The relevant issue in the other case Defendants cite, *Marroquin De Portillo v. County of San Diego, et al.*, Southern District of California, Case No. 3:23-cv-0978-WQH-VET, Dkt. Nos. 72-1, 73, appears to be whether the plaintiff's allegations in the initial complaint were sufficient under federal pleading standards for purposes of later substituting certain defendants in place of Doe defendants, not whether federal or state pleading standards govern. The plaintiffs in *Marroquin* also do not appear to dispute that federal pleading standards apply. (Dkt. No. 73 in Case No. 3:23-cv-0978-WQH-VET) (quoting *Iqbal*, 556 U.S. at 678 to articulate the governing pleading standards).

28 U.S.C. § 1292(b) permits interlocutory appeal of an order that "involves a controlling question of law as to which there is a substantial ground for difference of opinion." As set forth above, there is no substantial ground for difference of opinion as to whether California or federal pleading standards apply to federal cases.

1  Therefore, this Court should not permit interlocutory appeal of its Order based on

2  Defendants' inability to meet this requirement alone.

3  **C. No Substantial Grounds for a Difference of Opinion Exist as to**

4  **Whether California Code of Civil Procedure § 474 Applies.**

5     In *Butler*, *supra*, the Ninth Circuit resolved the issue of whether federal or

6  state law controls the "relation back" of amendments to a complaint. 766 F.3d at

7  1200. The *Butler* court held that where, as in the instant case, state law provides the

8  applicable statute of limitations, an amendment may relate back to the filing of the

9  original complaint if it satisfies either federal *or* state law on "relation back." No

10 substantial grounds for a difference of opinion on this issue exist.

11    In *Butler*, the Ninth Circuit made it clear that "Rule 15(c)(1) incorporates the

12 relation back rules of the law of a state when that state's law provides the applicable

13 statute of limitations and is more lenient." 766 F.3d at 1200. As the *Butler* court

14 explained, "Section 1983 does not contain its own statute of limitations. Without a

15 federal limitations period, the federal courts 'apply the forum state's statute of

16 limitations for personal injury actions, along with the forum state's law regarding

17 tolling, including equitable tolling, except to the extent that any of these laws is

18 inconsistent with federal law.'" *Id*. (quoting *Canatella v. Van De Kamp*, 486 F.3d

19 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.

20 2004)); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009); *Fink v.

21 Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) ("a § 1983 action filed in California

22 today would clearly be governed by California's new two-year statute of limitations

23 for personal injury actions."); *Lindley v. General Elec. Co.*, 780 F.2d 797, 799-801

24 (9th Cir. 1986) (applying Code of Civil Procedure § 474 to a federal § 1983 action).

25 Thus, where a Doe defendant amendment "relates back under the state law that

26 provides the applicable statute of limitations, that amendment relates back under

27 Rule 15(c)(1) even if the amendment would not otherwise relate back under the

28 federal rules." 766 F.3d at 1200.

In *Butler*, the plaintiff alleged that "Mr. Derrico went and got the manager . . . and officers from Housing authority whose names I don't know (Jon Doe's) [sic]" and "Mr. Derrico and Oscar Barraza, and other officers from Housing Authority (John Doe's) [sic] entered and started searching my apartment." 766 F.3d at 1195. The *Butler* court reviewed the plaintiff's amendments under Rule 15(c) and acknowledged that "because the limitations period derives from state law, Rule 15(c)(1) requires [the court] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." 766 F.3d at 1201. In deciding whether the *Butler* plaintiff's amendments related back, the Ninth Circuit looked to other circuits, including the Second Circuit's decision in *Hogan v. Fischer*, 738 F.3d 509 (2nd Cir. 2013), which considered whether "New York state law provides a 'more forgiving relation back' in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(c).'" *Id.* (quoting *Hogan*, 738 F.3d at 518).

After concluding that California law provides the applicable statute of limitations for plaintiff Butler's § 1983 claims, the *Butler* court looked to California Civil Procedure Code § 474 and considered whether plaintiff Butler was "'genuinely ignorant' of the defendant[s'] identit[ies] at the time the original complaint [was] filed." 766 F.3d at 1202 (quoting *Woo v. Superior Court*, 75 Cal. App. 4th 169 (1999)). Unlike the instant case, where Plaintiffs Urquijo, et al., were genuinely ignorant of Defendant Howard's identity, the *Butler* court found that plaintiff Butler was not ignorant of the proposed defendants' identities at the time the original complaint was filed and concluded that plaintiff Bulter's amendments did not relate back under § 474 for that reason. 766 F.3d at 1202.

In the instant case, where Plaintiffs Urquijo, et al., made a Doe defendant amendment in their SAC, California's "relation back" rules are more lenient than those in Rule 15(c), and § 474 controls. Under California Civil Procedure Code § 474, when a complaint is amended to substitute a Doe defendant, the amendment

relates back provided that the plaintiff was ignorant of the defendant's identity when the initial complaint was filed.  By contrast, under Federal Rule of Civil Procedure, Rule 15(c) is less generous than § 474 because it requires notice to the proposed defendants. *See, e.g., Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1463 (9th Cir. 1988). In addition to the Ninth Circuit having clearly resolved this issue, "[d]istrict courts in California that have considered amendments involving Doe defendants have held that California's relation-back standard is more lenient and therefore governs. *See, e.g., Audrey G. v. City of Lafayette*, No. 21-CV-03545-WHO, 2022 WL 16528143, at *7 (N.D. Cal. Oct. 28, 2022); *Doe v. Cty. of Los Angeles*, No. 20-CV-02748, 2021 WL 5396093, at *3-4 (C.D. Cal. Nov. 18, 2021); *Sandoval v. Budget Rent A Car*, No. LACV-20-07069, 2020 WL 6588738, at *3-4 (C.D. Cal. Sept. 3, 2020); *Klamut v. Cal. Highway Patrol*, No. 15-CV-02132-MEJ, 2015 WL 9024479, at *4-5 (N.D. Cal. Dec. 16, 2015).

As explained above, there is no substantial ground for difference of opinion as to whether Federal Rule of Civil Procedure 15(c)(1)(A) applies here. Therefore, as Defendants cannot meet the "substantial ground for difference of opinion" requirement, this Court should not permit interlocutory appeal of its Order.

### D. An Immediate Appeal Would Not Materially Advance the Proceedings

There is no need for this Court to address the remaining two requirements—whether immediate appeal would materially advance the proceedings and whether there is a controlling question of law—because Defendants clearly cannot show that a substantial ground for difference of opinion exists. Nonetheless, Plaintiffs will briefly address the remaining two requirements.

An immediate appeal of this Court's Order would delay—rather than advance—the "ultimate termination of the litigation." 28 U.S.C. § 1292(b). The trial in this case is set for February 23, 2026, and the fact discovery cutoff is July 18,

2025. (Dkt. No. 89). It is unlikely that the Ninth Circuit would rule on Defendants' petition for permission to appeal, set a briefing schedule, review the briefs, hold oral argument, and rule on Defendants' proposed interlocutory appeal within enough time for this Court to maintain its current scheduling order. Even if the Ninth Circuit were to entertain Defendants' proposed interlocutory appeal and reverse this Court's Order, the litigation in this case would not be terminated. Plaintiffs maintain both federal and state claims in this case. The State of California is a named defendant in this case, and the State would be vicariously liable for the conduct of its CHP officers, including Howard, Mercado and Vasquez, on Plaintiffs' state law claims, even if the individual officers were not named defendants. The CHP officers would still give depositions and the case would still proceed to trial.

Additionally, Plaintiffs contend that this delay would be unwarranted because this Court reached the correct conclusion in its Order, and a reasonable Ninth Circuit panel would not reverse this Court's Order. As discussed above, Federal Rule of Civil Procedure, Rule 15(c)(1) clearly states that an "amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back." This rule was revised in 1991 to "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Fed. Rules Civ. Proc., Rule 15, 28 U.S.C.A. To the extent that cases decided prior to 1991 imply to the contrary, paragraph (c)(1) was intended to make a material change in the rule. *Id*. "Under 42 U.S.C. § 1983, federal courts are instructed to refer to state statutes when federal law provides no rule of decision for actions brought under § 1983, and § 1983 authorizes federal courts to disregard an otherwise applicable state rule of law only if the state law is 'inconsistent with the Constitution and the laws of the United States.'" *Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980) (quoting *Monroe v. Pape*, 365 U.S. 167 (1961)). Because California Code of Civil Procedure § 474 is not inconsistent with federal law, § 474 controls.

For these reasons, immediate appeal would not materially advance the ultimate termination of the litigation. Rather, immediate appeal would only delay the proceedings. Accordingly, this requirement also cannot be met.

### E. This is Not a Purely Legal Issue or "Controlling" Question of Law

The final requirement—whether the question of law raised by Defendants is "controlling"—is related to the requirement that the immediate appeal may "materially advance the ultimate termination of the litigation." "While Congress did not specifically define what it meant by 'controlling,' the legislative history of § 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litigation*, 673 F.2d at 1026 (citing *United States Rubber Co.* 359 F.2d at 785 (9th Cir. 1966) (per curiam); *Milbert v. Bison Laboratories*, 260 F.2d 431, 433-35 (3d Cir. 1958)). As discussed above, dismissal of the individual defendants (which is unwarranted) would not shorten or end the litigation or save costs.

Further, the "question of law" certified for interlocutory appeal must refer to a "pure" question of law that the reviewing court could decide quickly and cleanly without having to study the record. *See Century Pacific, Inc. v. Hilton Hotels Corp.*, F. Supp. 2d 369 (S.D.N.Y. 2008). Whether a Doe defendant amendment relates back to the timely filing of the Complaint or FAC under California Code of Civil Procedure § 474 depends on the sufficiency of the allegations in the complaint. Here, this Court made a factual finding that Plaintiffs' Doe defendant allegations were sufficient under federal pleading standards. The reviewing court would likewise need to study the record, including Plaintiffs' FAC, SAC, TAC, Mercado's and Vasquez's Answer to the SAC, and the briefings on Defendants' motion to dismiss the TAC, in order to decide this issue. As such, the "controlling question of law" requirement also cannot be met in this case.

/ / /

### F.  Plaintiffs Oppose Defendants' Request for a Stay

Based on the foregoing, certification of this Court's Order for interlocutory appeal is not warranted. It follows that with no immediate appeal, there would be no stay of this action. Even if this Court were to certify its Order for immediate appeal, this Court should not stay this action. As indicated above, even if the individual officers were not named defendants, Plaintiffs would proceed to trial on their state law claims, with the State of California being vicariously liable for the conduct of its CHP officers. Howard, Vasquez, and Mercado would still give depositions and testify at trial. Plaintiffs should be permitted to take depositions and conduct discovery within the discovery period already set by this Court. (Dkt. No. 89). The schedule in this case has already been continued once, at Defendants' request, and Plaintiffs would be prejudiced by any further delay in having their day in court.

### III.    CONCLUSION

This is not an "exceptional" situation warranting an interlocutory appeal. Defendants cannot meet the three requirements for certification. This Court's Order was well-reasoned, based on accurate authority, and consistent with Ninth Circuit precedent. Therefore, this Court should exercise its discretion to DENY Defendants' Motion to Certify.


DATED: November 22, 2024          LAW OFFICES OF DALE K. GALIPO


                                    By:  _____
                                              *s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         Attorney for Plaintiffs

**<u>Certificate of Compliance with this Court's Order (Dkt. 14) and L.R. 11-6.1</u>**

The undersigned, counsel of record for Plaintiffs Christopher Urquijo, et al., certifies that, pursuant to this Court's Standing Order (Dkt. 14), and L.R. 11-6.1, this brief contains 20 pages and 6,140 words, which complies with both the page limit of Dkt. 14 and word limit of L.R. 11-6.1.

Dated: November 22, 2024          *s/ Renee V. Masongsong*

_____

Renee V. Masongsong