Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:        lroistacher@deangazzo.com
              ksullivan@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased. | Case No.: 5:22-cv-02133-SSS-KK **REPLY OF DEFENDANT SERGEANT DANIEL HOWARD TO PLAINTIFFS' OPPOSITION TO MOTION TO CERTIFY ORDER FOR APPEAL AND STAY REQUEST [28 U.S.C. 1292(b)]** Date:        December 13, 2024 Time:        2:00 p.m. Courtroom: 2 Judge:       Sunshine Suzanne Sykes Magistrate:  David T. Bristow Complaint Filed: 11/30/2022 Trial Date: 05/05/2025 |
| Plaintiffs, | |
| v. | |
| STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, and DOES 4-10, Inclusive. | |
| Defendants. | |

///

///

1

**INTRODUCTION**

Plaintiffs' opposition to Howard's certification motion under 28 U.S.C. § 1292(b) is primarily based on the proposition that Howard cannot meet any of § 1292(b)'s three factors because this Court did rely on California Code of Civil Procedure § 474's more lenient Doe defendant pleading standards but rather the stricter federal Doe defendant pleading standards when it found plaintiffs' claims against Howard related back to a timely filed complaint.

Howard does not read the Court's order that way.  Nowhere in the order did this Court discuss or cite any federal court decisions regarding what a plaintiff must allege to sufficiently plead claims against Doe defendants under federal pleading standards.  *See generally*, ECF Doc. 100.  And when the Court concluded plaintiffs' claims against Howard "relate back to the filing of the Complaint and FAC because Plaintiffs indicate that Howard's identity is unknown and they adequately describe his role in the incident," the authority this Court cited was Code of Civil Procedure § 474 and *Woo v. Superior Court*, 75 Cal.App.4th 169 (1999), a case holding "[i]f the *requirements of section 474 are satisfied*, the amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed," *id*. (emphasis added).  *See* ECF Doc. 100, pp. 3-4.

This Court will decide whether plaintiffs' or Howard's reading of this Court's order is correct.  But the Court's order remains "certification worthy" regardless.

If this Court did evaluate plaintiffs' Doe allegations under the standards articulated in, for example, *Garrido v. County of Los Angeles*, 2023 U.S. Dist. LEXIS 148711, at *21-23 (C.D. Cal. Aug. 22, 2023) and the many other cases Howard cited in his motion to dismiss (ECF Doc. 72-1, pp.12-13), then the "certification worthy" issue becomes one the Ninth Circuit has never addressed -

2

-- what exactly must a plaintiff allege regarding Doe defendants to meet federal
pleading standards – an issue that also meets § 1292(b)'s three requirements.

If this Court did not evaluate the Doe defendant allegations under federal
Doe defendant pleading standards, plaintiffs' arguments in opposition are
unpersuasive.

**ASSUMING HOWARD'S VIEW OF THIS COURT'S ORDER IS
CORRECT, NONE OF PLAINTIFF'S ARGUMENTS REFUTE THE
APPROPRIATENESS OF CERTIFICATION 28 U.S.C. § 1292(b)**

**A.    There is a controlling question of law**

Plaintiffs do not dispute that, in the Ninth Circuit, a controlling question of
law is one where "resolution of the issue on appeal could materially affect the
outcome of litigation in the district court." *Shurance v. Planning Control Int'l,
Inc.*, 839 F.2d 1347, 1347 (9th Cir. 1988).

Nor do plaintiffs dispute the issue of whether federal or state pleading
standards control Doe allegations for purposes of relation back is a legal issue.

And there is no dispute that resolution of the issue "could materially affect
the outcome of the ligation," *id.*, because *Howard* could be out of the case
entirely.

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) establishes
the absence of a requirement, as plaintiffs seem to assert, that resolution of the
issue sought to be certified terminate or even affect the entire litigation as to all
parties.

In *Reese*, the plaintiff sued many different defendants but only one
defendant sought certification under 28 U.S.C. § 1292(b).  643 F.3d at 684
("Reese brings a class action against BP p.l.c.; its subsidiaries BP America, Inc.
and BPXA; and four corporate officers[.]"); *id.* at 687 ("[T]he district court
granted BPXA's motion for interlocutory appeal and ... [w]e granted BPXA's
petition for permission to appeal.).

Thus, certification was appropriate even though the certified issues did not impact resolution of the entire case. *Id.* at 688 ("[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation. 28 U.S.C. § 1292(b). The district court correctly concluded that our reversal 'may' take BPXA, as a defendant, and Reese's control claims against all remaining defendants out of the case. That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal was permissible.").

Finally, plaintiffs' reliance on *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) is misplaced because that non-precedential case involved an extensive summary judgment record, and the order and issue sought to be certified involved "mixed questions of law and fact." *Id.* at 372 ("In the instant case, the questions presented for interlocutory appeal by plaintiffs would require the Second Circuit to review this Court's application of the law to the evidence adduced in the summary judgment motion. Under these circumstances, such questions do not present issues of pure law and therefore are not appropriate for interlocutory review."). Thus, the issue was not one "the reviewing court 'could decide quickly and cleanly without having to study the record.'" *Id.* at 371.

Ignoring that is not the standard in the Ninth Circuit, the record the Ninth Circuit would have to review to resolve a single discrete issue is limited to plaintiffs' original and first amended complaint which is hardly something that requires in depth studying and would not preclude the Ninth Circuit from deciding the appeal "quickly and cleanly."

**B.    An immediate appeal could materially advance the proceedings**

"[T]he 'materially advance' prong is satisfied when the resolution of the question 'may appreciably shorten the time, effort, or expense of conducting' the

4

1    district court proceedings." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse*
2    *Union*, 22 F.4th 1125, 1131 (9th Cir. 2022).

3            Like plaintiffs' argument regarding an interlocutory appeal not affecting
4    the entire outcome of the case, plaintiffs argue there would be no advancement of
5    the proceedings because the California Highway Patrol would remain in the case
6    even if Howard gets out.  Again, that is an overly narrow focus of the element
7    not supported by the statute or precedent.  *Cf. Reese*, 643 F.3d at 688.

8            Resolution of the issue without question may shorten the time, effort and
9    expense for Howard.

10   **C.    Substantial grounds for a difference of opinion exist**

11           Plaintiffs argue there "is no substantial ground for difference of opinion as
12   to whether Federal Rule of Civil Procedure 15(c)(1)(A) applies here."

13           Although true, that is not the issue here.

14           Relation back under federal law requires a defendant know of the action
15   and relation back is not available unless there was a mistake in identity of a
16   defendant; not knowing the identity of the defendant is not a mistake in identity.
17   *See* Fed. R. Civ. P. 15(c)(1)(C); *Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th
18   Cir. 2018); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1203-04
19   (9th Cir. 2014).

20           Because California relation back law does not require notice and allows
21   naming unknown defendants, and it supplies the statute of limitation, it is more
22   lenient and thus applies.  *See Butler*, 766 F.3d at 1200-01.

23           The issue sought to be certified is not whether the federal or California
24   relation back standard applies.  The issue is whether federal or state pleading
25   standards for Doe defendant allegations apply when relying on California's
26   relation back law.

27   ///

28   ///

1  Plaintiffs do not argue the actual issue sought to be certified is not one
2  where reasonable jurists could disagree. *Reese v. BP Expl. (Alaska) Inc.*, 643
3  F.3d 681, 688 (9th Cir. 2011).

### CONCLUSION

5  Unless Howard's interpretation of this Court's order is wrong, this Court
6  should grant his certification motion.

8  Dated: November 26, 2024               Dean Gazzo Roistacher LLP

                                 By:  */s/ Lee H. Roistacher*
                                      Lee H. Roistacher
                                      Kimberly A. Sullivan
                                      Attorneys for Defendant
                                      Sergeant Daniel Howard