UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:22-cv-02133-AH (DTBx) | Date February 27, 2025 |
| Title *Christopher Urquijo, et al. v. State of California, et al.* | |

Present: The Honorable **Anne Hwang, United States District Judge**

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION TO CERTIFY ORDER FOR APPEAL AND REQUEST FOR STAY [DKT. NO. 106]

Before the Court is Defendant Daniel Howard's motion to certify the Court's Order from October 31, 2024, for interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. No. 106 ("Motion" or "Mot."). The Court has reviewed the parties' filings, Dkt. Nos. 106, 109, 115, 116, and heard oral argument on February 26, 2025, Dkt. No. 124. For the following reasons, the Court DENIES the Motion.

## I. BACKGROUND[1]

This matter arises out of an officer involved shooting following the theft of a tractor-trailer truck in San Bernardino, California. Third Am. Compl. ("TAC") ¶¶ 28, 34, Dkt. No. 67. On June 22, 2021, Raymond Loftin and Christopher Urquijo stole a 2008 Bobtail truck. *Id.* ¶ 28. The vehicle eventually drove over a spike strip and came to a complete stop. *Id.* ¶ 30. When the vehicle stopped, the California Highway Patrol ("CHP") had several vehicles located both in front and behind the vehicle. *Id.* ¶ 31. CHP Sergeant Daniel Howard ("Howard") ran

---

[1] The following facts, taken from the TAC, are included for background and context. The Court makes no finding as to these facts at this time.

towards the stopped vehicle and fired into cabin. *Id.* ¶ 34. Loftin died as a result, and Urquijo sustained injuries. *Id.*

On November 30, 2022, Plaintiffs Christopher Urquijo; Lori Meeks, as successor in interest to decedent Loftin; Y.L., through her guardian *ad litem* Sebrina Lucky; E.L., through her guardian *ad litem* Sebrina Lucky; B.L., through her guardian *ad litem* Sebrina Lucky; and Y.L., through her guardian *ad litem*, filed their Complaint. *See* Compl., Dkt. No. 1. On April 4, 2023, Plaintiffs filed their First Amended Complaint. *See* First Am. Compl. ("FAC"), Dkt. Not. 24. Plaintiffs then filed a Second Amended Complaint on January 9, 2024, *see* Second Am. Compl. ("SAC"), Dkt. No. 43, and a Third Amended Complaint on May 18, 2024, *see* TAC.

Howard moved to dismiss the TAC on May 31, 2024, arguing that the claims against him were time-barred because Plaintiff had used a fictitious Doe defendant in place of Howard for the Complaint and amended complaints until the TAC. *See* Def.'s Mot. to Dismiss Third Am. Compl. ("Howard MTD"), Dkt. No. 72. The Court denied Howard's motion on October 31, 2024. *See* Dkt. No. 100.

On November 14, 2024, Howard filed this Motion. *See* Mot. Defendants Nicholas Mercado and Sergio Vazquez joined in the Motion. *See* Dkt. No. 109. On November 22, 2024, Plaintiffs opposed. Opp'n, Dkt. No. 115. And on November 26, 2024, Howard replied. Reply, Dkt. No. 116.

## II.   LEGAL STANDARD

The final judgment rule generally mandates that "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (cleaned up); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (describing the federal courts' "basic policy of postponing appellate review until after the entry of a final judgment"). Under a "narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b)," however, an interlocutory appeal may be permitted to allow for the immediate review of a non-dispositive order. *Couch*, 611 F.3d at 633. A district court may certify an order for interlocutory appeal if three conditions are met: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate conclusion of the litigation. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th

Cir. 2022).  The requirements of § 1292(b) are jurisdictional, and "all three § 1292(b) requirements [must be] met."  *Couch*, 611 F.3d at 633.  "[T]he party pursuing the interlocutory appeal bears the burden of so demonstrating."  *Id.*

### III.   DISCUSSION

According to Howard, the issue for certification is whether, when applying the relation back doctrine under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff must plead allegations against a Doe defendant according to the federal pleading standards or state pleading standards.  Mot. at 4–5.

#### A.    Controlling Question of Law

First, Howard must show that the Court's order denying the motion to dismiss involves a controlling question of law.  *See* 28 U.S.C. § 1292(b).  "A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'"  *ICTSI*, 22 F.4th at 1130 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026).  Howard describes the controlling question of law as whether "the rigorous federal or more lenient California pleading standards apply to Doe allegations for purposes of the relation back doctrine."  Mot. at 6.

As an initial matter, although the Court agrees that a question of law, and not of fact, is framed by Howard for purposes of this motion, the Court disagrees with Howard regarding his characterization of Judge Sunshine S. Sykes's prior order.[2]  The Court's Order Denying Defendant's Motion to Dismiss contains a Legal Standard section clearly stating the federal standards upon which the Court would evaluate the motion.  *See* Dkt. No. 100 at 2 (citing Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Moreover, in their briefing on the motion to dismiss, the parties agreed that federal pleading standards applied, so the issue Howard puts before this Court now was not one it had to resolve when analyzing the motion.  *See* Pl.'s Opp'n to Howard MTD at 4–5, Dkt. No. 76 ("Civil rights actions are governed by the pleading requirements of Federal Rules of Civil Procedure, Rule 8"); Def.'s Reply in Support of Howard MTD at 5, Dkt. No. 77 ("Plaintiffs do not dispute that

---

[2] The case was transferred to this Court following the issuance of that order.  Dkt. No. 120.

federal pleading standards govern all plaintiffs' claims, including allegations against Doe defendants.").

To that end, while the Court cited to California cases applying section 474 of the California Code of Civil Procedure to the statute of limitations, which has additional pleading requirements, *see* Dkt. No. 100 at 3 (citing *Munoz v. Purdy*, 91 Cal. App. 3d 942, 946 (1979)), the Court did not cite California cases to replace Plaintiffs' pleading standard in federal court as to Doe defendants, *see id.* (citing *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014) (discussing how Rule 15(c)(1) incorporates the more lenient *relation back* rules of the state for statutes of limitation and not discussing or otherwise holding that Rule 15(c)(1) incorporates a state's more lenient pleading standards)). Howard appears to conflate California's more lenient *relation back* rules with pleading rules, which differ in some respects.

Moreover, even assuming there is some disparity in the pleading standards between federal courts and state courts in California, Plaintiffs' pleadings satisfy Rule 8. In the initial Complaint, Plaintiffs alleged that: "Defendant[] Does 1–10 caused Decedent's and Plaintiffs' injuries by attacking and killing the Decedent, by integrally participating or failing or [sic] intervene in the attack, and by engaging in other acts/or omissions around the time of the attack that resulted in Decedent's death," and that "Defendant DOES 1–5 as CHP officers fired their service weapons into the front cab window." Compl. ¶¶ 13, 32. The FAC again alleges that "defendant[] Does 1–10 caused Decedent's and Plaintiffs' injuries by attacking and killing the Decedent"; that "Defendant Does 1–5 as CHP officers fired their service weapons into the front cab window"; and that "[o]n June 22, 2021, at approximately 1:10 a.m. . . . at or near the Interstate 10 in the City of Fontana in the County of San Bernardino officers DOES 1–5[ ] shot and injured Plaintiff [Urquijo] and shot and killed Raymond Loftin." FAC ¶¶ 13, 30, 36. In both, Plaintiffs also allege that the true names and capacities of Defendants sued as Does 1 through 10 were unknown to Plaintiffs. Compl. ¶ 17; FAC ¶ 15.

Plaintiffs' allegations in the Complaint and FAC were specific as to time and place, and identified Doe Defendants as those CHP officers that were at the scene and fired their service weapons into the vehicle, so the CHP officers involved could have and should have been on notice. The number of officers present at the scene, and more specifically, those that shot into the cabin of the truck, is inherently finite and known to CHP, though it was unknown to Plaintiffs at the time the Complaint and FAC were filed. Therefore, these allegations were

sufficient under Rule 8. *See Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014) (under Rule 8, "a plaintiff need only plead sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively, and the factual allegations that are taken as true must plausibly suggest an entitlement to relief") (cleaned up); *Estate of Osuna v. County of Stanislaus*, 392 F. Supp. 3d 1162, 1169 (E.D. Cal. 2019) (finding unpersuasive the defendants' argument that pleadings against the Doe defendants violated Rule 8 because the plaintiffs did not "identify each doe defendant and his or her alleged act or omission" and finding sufficient under Rule 8 allegations that Doe defendants "are or were deputies of the Stanislaus County Sheriff's Department who encountered the decedent on the day that he was killed").[3]

Howard relies heavily on *Estate of Serna by & through Gilliland v. Cnty. of San Diego*, 2023 WL 2025057, at *3 (S.D. Cal. Feb. 15, 2023). There, Plaintiffs sued 100 Doe defendants and the court noted that courts have dismissed claims when the pleading "doesn't even minimally explain how any of the unidentified parties . . . personally caused a violation of his constitutional rights." *Id.* (citation omitted). Here, the Complaint and FAC clearly alleged that Doe Defendants 1–5 were the CHP officers who actually fired their service weapons into the front cab window. This is more than a conclusory or cursory allegation.

Howard further argues that Plaintiffs were required to make individualized allegations about each Doe defendant. *See* Reply at 2 (citing *Garrido v. County of Los Angeles*, 2023 U.S. Dist. LEXIS 148711, at *21–23 (C.D. Cal. Aug. 22, 2023); Def.'s Mot. to Dismiss at 12–13, Dkt. 72 (citing cases)). Unlike the cases cited by Howard, Plaintiffs here had provided sufficiently specific information as to who

---

[3] At the hearing on this motion, Defendants Mercado and Vasquez argued for the first time that the allegations against the Doe defendants that fired their service weapons into the truck cabin do not apply to them because they did not fire their service weapons. However, Mercado and Vasquez did not brief this issue in their joinder, *see generally* Dkt. No. 109, and "the Court need not consider an issue . . . raised for the first time at oral argument." *Rice Corp. v. Grain Bd. of Iraq*, 582 F. Supp. 2d 1309, 1313 (E.D. Cal. 2008). In any event, the FAC alleges that "Defendants DOES 1–15 did not try to de-escalate the situation and caused unnecessary risk to themselves and DECEDENT and URQUIJO," FAC ¶ 31, and that "DOES 1–10 caused DECEDENT's and Plaintiffs' injuries . . . by . . . failing [to] intervene in the attack . . ." FAC ¶ 13; *see also* Compl. ¶¶ 13, 33. These allegations were sufficiently pled.

Does 1 through 5 were and what they may have done. Specifically, they were the officer(s) who fired their service weapons. Whether some number between 1 and 5 individuals fired their service weapons into the front cab was unknown to Plaintiffs at the time of the initial Complaint and FAC and could not have been pled with more specificity based on the lack of discovery. In a situation where multiple Doe defendants are alleged to have engaged in the same action resulting in the same harm, requiring the plaintiff to allege that each Doe defendant engaged in the same action would be redundant. Here, it was sufficient to allege Doe defendants in a group, and it was sufficient to assist Defendants in discovering their identities and roles in the Complaint and to put them on notice. Accordingly, to the extent that the Federal Rules of Civil Procedure set forth a "heightened" or "stricter" pleading standard than the California Rules of Civil Procedure, Plaintiffs had met such standard in the Complaint and FAC.

      **B.**    **Substantial Grounds for Difference of Opinion and Materially Advance Conclusion of Litigation**

In his Reply, Howard argues that the Ninth Circuit has never addressed whether a plaintiff must allege Doe defendants sufficiently to meet federal pleading standards, and therefore this issue is "certification worthy." Reply at 2. However, as the Court has determined that Plaintiffs had sufficiently alleged Doe defendants under federal pleading standards in the Complaint and FAC, the Court concludes that even if there are substantial grounds for difference of opinion, an immediate appeal would not make any difference in this litigation. Accordingly, the motion to certify and motion to stay are DENIED.

**IV.**    **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Howard's Motion.

**IT IS SO ORDERED.**