Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
Aleries Lau, Esq. (SBN 340709)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:   lroistacher@deangazzo.com
          ksullivan@deangazzo.com
          alau@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased.<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, and DOES 4-10, Inclusive.<br><br>Defendants. | Case No.: 5:22-cv-02133-AH-DTB<br><br>**MEMORANDUM OF POINST AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL NON-PARTY COMPLIANCE WITH SUBPOENA**<br><br>**DISCOVERY MATTER**<br><br>Date:        July 10, 2025<br>Time:        10:00 a.m.<br>Courtroom:   4<br>Magistrate:  David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 02/24/2026 |

///

///

///

1

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………..5

AUTHORITY………………………………………………………………….…6

ANALYSIS………………………………………………………………………....7

A.    The Substance Abuse Treatment Records Are Relevant………………….7

B.    Good Cause Exists To Order The Protected Documents Produced……….8

CONCLUSION……………………………………………………………………9

# TABLE OF AUTHORITIES

**Cases**

*Cahill v. Franciscan Health Sys.*
No. C12-5829 BHS, 2013 U.S. Dist. LEXIS 177879
(W.D. Wash. Dec. 16, 2013)..................................................8

*Castro v. Cty. of L.A.*
2015 U.S. Dist. LEXIS 103945 (C.D. Cal. Aug. 3, 2015)................7, 8

*Ceballos v. Banda Maguey Corp.*
No. 2:23-cv10911-CBM (MARx), 2025 U.S. Dist. LEXIS 85548
(C.D. Cal. Feb. 27, 2025)......................................................6

*Chavez v. Cty. of Kern*
No. 1:12-cv-01004 - LJO-JLT, 2013 U.S. Dist. LEXIS 95732
(E.D. Cal. July 9, 2013)....................................................8, 9

*Corder v. Corder*
41 Cal. 4th 644 (2007)..........................................................5

*Est. of Casillas v. City of Fresno*
No. 1:16-CV-1042 AWI-SAB,
2019 U.S. Dist. LEXIS 23710, 2019 WL 586747
(E.D. Cal. Feb. 13, 2019)......................................................7

*Gonzalez v. Experian Info. Sols., Inc.*
No. 8:24-cv-00389-FWS (JDE), 2025 U.S. Dist. LEXIS 63530
(C.D. Cal. Apr. 2, 2025).......................................................7

*McCoy v. Sw. Airlines Co.*
211 F.R.D. 381 (C.D. Cal. 2002)..............................................6

*Moon v. SCP Pool Corp.*
232 F.R.D. 633 (C.D. Cal. 2005)..............................................6

*N.W. v. City of Long Beach*
2016 U.S. Dist. LEXIS 194469 (C.D. Cal. June 7, 2016)..................8

*Oppenheimer Fund, Inc. v. Sanders*
437 U.S. 340 (1978).............................................................6

*Peck v. Cty. of Orange*
2023 U.S. Dist. LEXIS 237801 (C.D. Cal. May 22, 2023)................7

*Silva v. Chung*
2019 U.S. Dist. LEXIS 90091 (D. Haw. May 29, 2019)...................7

*Soto v. BorgWarner Morse TEC Inc.*
239 Cal. App. 4th 165 (2015)..................................................5

*Taylor v. Cty. of San Bernardino*
No. 5:21-cv-02088-JGB-SHK, 2024 U.S. Dist. LEXIS 83296
(C.D. Cal. May 7, 2024)....................................................6, 7

*Trejo v. Cal. Forensic Med. Grp.*
  2024 U.S. Dist. LEXIS 164738
  (S.D. Cal. Sep. 12, 2024)……………………………………………………..7

*Valenzuela v. City of Anaheim*
  6 F.4th 1098 (9th Cir. 2021)………………………………………………….5

*Valenzuela v. City of Anaheim*
  29 F.4th 1093 (9th Cir. 2022)………………………………………………...7

*Vannoy v. FRB of Richmond*
  No. 3:13CV-797, 2014 U.S. Dist. LEXIS 80133
  (E.D. Va. June 9, 2014)……………………………………………………8, 9

*V.V. v. City of L.A.*
  2022 U.S. Dist. LEXIS 153572 (C.D. Cal. July 6, 2022)…………………….7

**Statutes**

42 C.F.R. § 2.63…………………………………………………………………….6, 8

42 C.F.R. § 2.64…………………………………………………………………….8, 9

42 U.S.C. § 290dd-2………………………………………………………………..6, 8

42 U.S.C. § 1983…………………………………………………………………….…5

Fed. R. Civ. P. 26…………………………………………………………………...6, 7

Fed. R. Civ. P. 45…………………………………………………………………...6, 7

**Other**

Cal. Civ. Jury Inst. 3921……………………………………………………………….5

Cal. Civ. Jury Ins. 3922………………………………………………………………..5

Ninth Cir. Civ. Jury Inst. 5.2…………………………………………………………..5

**INTRODUCTION**

This case arises out of a fatal officer involved shooting. After a lengthy pursuit, California Highway Patrol Officer Daniel Howard used deadly force on Raymond Loftin who died as a result. *See* Doc. 67, pp. 8-10.

Loftin's successors in interest and heirs bring various federal constitutional and state law claims against Howard (and others) seeking, respectively, "survivor" damages on Loftin's behalf and their own personally incurred "wrongful death" damages caused by Loftin's death. Doc. 67, ¶¶ 7-10.

Under both 42 U.S.C. § 1983 and California law, Loftin's heirs are entitled to recover damages for impairment of their relationship with Loftin. Manual of Model Civil Jury Instructions 9.32; Judicial Council of California Civil Jury Instructions 3921 & 3922; *Corder v. Corder*, 41 Cal. 4th 644, 661 (2007); *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 201 (2015).

Under § 1983, Loftin's successors in interest are entitled to recover damages on his behalf for his "loss of life." Ninth Circuit's Model Civil Jury Instruction 5.2; *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1101-03 (9th Cir. 2021).

Central to damages for impairment of the relationship with Loftin is the quality and nature of the relationship between Loftin and his heirs. Central to Loftin's "loss of life" damages is the quality of Loftin's life. Relevant to both is Loftin's life expectancy.

Loftin has a history of drug use and addiction and has been treated for it at Cedar Care Life Change Center, an addiction treatment center. Exh. 1 to Roistacher Declaration; https://www.cedarhouse.org/our-organization. Indeed, Loftin was under the influence of methamphetamine at the time of the incident. Exh. 2 to Roistacher Declaration.

///

///

On April 9, 2025, Howard issued a subpoena under Federal Rule of Civil Procedure 45 to Cedar Care for Loftin's treatment records. Exh. 3 to Roistacher Declaration. Plaintiffs filed no motion to quash the subpoena or a motion for a protective order.[1] Roistacher Declaration, ¶ 5.

Cedar Care objected to complying with the subpoena but stated it would comply and produce the records once this Court enters the "good cause" order required under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 290dd-2(a) & -2(b)(2)(C);42 C.F.R. § 2.63(a)(3); *see* Roistacher Declaration, ¶ 6.

Howard now seeks that order compelling disclosure of the records from Cedar Care.

## AUTHORITY

Rule 45 allows any party to serve a subpoena commanding a non-party "to produce documents ...." Fed. R. Civ. P. 45(a)(1)(C). Subpoenas may command the production of documents which are "relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevancy is for purposes of discovery is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Taylor v. Cty. of San Bernardino*, No. 5:21-cv-02088-JGB-SHK, 2024 U.S. Dist. LEXIS 83296,

---

[1] Nor was an objection to Howard's subpoena made; plaintiffs objected to a subpoena issued by the State. Roistacher Declaration, ¶ 5. Regardless, an objection is insufficient. "To prevent a nonparty from complying with a subpoena, a party cannot simply object, 'but rather, must seek a protective order or make a motion to quash.'" *Ceballos v. Banda Maguey Corp.*, No. 2:23-cv-10911-CBM (MARx), 2025 U.S. Dist. LEXIS 85548, at *8 (C.D. Cal. Feb. 27, 2025) (quoting *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005)); *see also McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) ("'Only the [nonparty] can prevent disclosure by objection.'") (original bracketed text).

at *19 (C.D. Cal. May 7, 2024); *see also Gonzalez v. Experian Info. Sols., Inc.*, No. 8:24-cv-00389-FWS (JDE), 2025 U.S. Dist. LEXIS 63530, at *2 (C.D. Cal. Apr. 2, 2025) ("Relevance under Rule 26(b)(1) is defined broadly.").

A motion to compel compliance lies when an entity refuses or fails to produce documents sought by subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

## ANALYSIS

### A. The Substance Abuse Treatment Records Are Relevant

Again, plaintiffs seek damages for the impairment of their relationship with Loftin. Loftin's history and extent of drug use is directly relevant to that relationship. *Trejo v. Cal. Forensic Med. Grp.*, 2024 U.S. Dist. LEXIS 164738, at *6 (S.D. Cal. Sep. 12, 2024); *Peck v. Cty. of Orange*, 2023 U.S. Dist. LEXIS 237801, at *15 (C.D. Cal. May 22, 2023); *V.V. v. City of L.A.*, 2022 U.S. Dist. LEXIS 153572, at *15 (C.D. Cal. July 6, 2022); *Est. of Casillas v. City of Fresno*, No. 1:16-CV-1042 AWI-SAB, 2019 U.S. Dist. LEXIS 23710, 2019 WL 586747, at *3-4 (E.D. Cal. Feb. 13, 2019); *Castro v. Cty. of L.A.*, 2015 U.S. Dist. LEXIS 103945, at *20 (C.D. Cal. Aug. 3, 2015).

Loftin's history and extent of drug use is also relevant to plaintiffs' claim for Loftin's "loss of life" damages. These damages, otherwise known as "hedonic" damages, "purport to compensate a victim for the lost pleasure he would have enjoyed from his life." *Valenzuela v. City of Anaheim*, 29 F.4th 1093, 1096 (9th Cir. 2022). Drug use and abuse, among other things, is relevant evidence for the jury to consider in evaluating the quality of Alaniz's life. *Silva v. Chung*, 2019 U.S. Dist. LEXIS 90091, at *16 (D. Haw. May 29, 2019) ("Defendants are able to inquire with witnesses about the Decedent's quality of life, including his history of drug abuse and mental illness for purposes of

damages. [] The Decedent's history of drug abuse and mental health treatment are relevant to the issue of life expectancy, occupation, and enjoyment of life.") (citing *Castro*, 2015 U.S. Dist. LEXIS 103945, at *20); *N.W. v. City of Long Beach*, 2016 U.S. Dist. LEXIS 194469, at *14 (C.D. Cal. June 7, 2016) (history of drug use relevant to "life expectancy . . ., health, habits, activities, [and] lifestyle").

**B.     Good Cause Exists To Order The Protected Documents Produced**

Substance abuse records are protected from disclosure by HIPPA: "Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse education, prevention, training, treatment rehabilitation, or research, which is conducted, regulated or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and disclosed only of the purposes and under the circumstances expressly authorized under subsection (b)." 42 USC § 290dd-2.

However, a court may order disclosure 'in connection with litigation" upon a showing of "good cause." 42 U.S.C. § 290dd-2(b)(2)(c); 42 C.F.R. §§ and 2.63(a)(3); 2.64(d)(1); *Chavez v. Cty. of Kern*, No. 1:12-cv-01004 - LJO - JLT, 2013 U.S. Dist. LEXIS 95732, at *13 (E.D. Cal. July 9, 2013); *Cahill v. Franciscan Health Sys.*, No. C12-5829 BHS, 2013 U.S. Dist. LEXIS 177879, at *4 (W.D. Wash. Dec. 16, 2013); *see also Vannoy v. FRB of Richmond*, No. 3:13-CV-797, 2014 U.S. Dist. LEXIS 80133, at *14 (E.D. Va. June 9, 2014) ("Where the confidential information is sought for noncriminal purposes, the court may enter an order authorizing disclosure if the court determines that good cause exists. 42 C.F.R. 2.64(d).").

Good cause requires the court to find:  (1) "[o]ther ways of obtaining the information are not available or would not be effective," and (2) "[t]he public

interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64(d); *see Chavez*, 2013 U.S. Dist. LEXIS 95732, at *13; *Vannoy*, 2014 U.S. Dist. LEXIS 80133, at *14.

"[G]iven that [Loftin] is deceased, most of the factors for analyzing 'good cause' do not apply." *Chavez*, 2013 U.S. Dist. LEXIS 95732, at *13. Most certainly the relevancy of the information to the damages plaintiffs seek outweighs "the potential injury to the patient, the physician-patient relationship and the treatment services" given that Loftin is deceased. 42 C.F.R. § 2.64(d). Further, there is no way to obtain Loftin's records other than from Cedar Care.

## CONCLUSION

Because Loftin's substance abuse use and treatment records are relevant and good cause exists for their disclosure, this Court should grant this motion and order Cedar Care to produce Loftin's records within 14 days of this Court's order.

Dated: June 10, 2025                                         Dean Gazzo Roistacher LLP

By: /s/ *Lee H. Roistacher*
    Lee H. Roistacher
    Kimberly A. Sullivan
    Aleries Lau
    Attorneys for Defendant
    Sergeant Daniel Howard

///
///
///
///
///

# CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendant Sergeant Daniel Howard, certifies that this Motion to Compel Non-Party Compliance With Subpoena contains 1,419 words, which:

    X    complies with the word limit of L.R. 11-6.1.

         complies with the word limit set by court order dated [date].

Dated: June 10, 2025           */s/ Lee H. Roistacher*
                                           Lee H. Roistacher, declarant