# EXHIBIT 1

Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:  (818) 347-4118

Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
**LAW OFFICE OF SHARON J. BRUNNER**
14393 Park Ave., Suite 101
Victorville, CA 92392
Tel:  (760) 243-9997
Fax: (760) 843-8155

James S. Terrell, Esq. (SBN 170409)
**LAW OFFICE OF JAMES S. TERRELL**
15411 Anacapa Road
Victorville, CA 92392
Tel:  (760) 951-5850
Fax: (760) 952-1085

*Attorneys for Plaintiffs*, Christopher Urquijo, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 5:22-cv-02133-SSS-DTB <br><br> *Assigned to*: <br> Hon. District Judge Sunshine S. Sykes <br> Hon. Mag. Judge David T. Bristow <br><br> **PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)** |

PROPOUNDING PARTY:   Defendant, Sergeant Daniel Howard

-1-

| | | |
|---|---|---|
| RESPONDING PARTY: | | Plaintiff, Lori Meeks, individually and as successor in interest to Raymond Loftin |
| SET NO.: | | One (1) |

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, and are made on the basis of information which is presently known by and available to Plaintiff. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed their discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement their responses herein at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Plaintiff with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves their right to continue their investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Plaintiff reserves their right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses.

# GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2. Plaintiff objects to each Interrogatory to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Plaintiff further objects to each Interrogatory to the extent that it seeks to require Plaintiff to provide information not in their possession, custody or control.

3. Plaintiff objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5. Plaintiff objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6. Plaintiff objects to each and every Interrogatory on the grounds that Plaintiff has not completed their factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement their responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that they recall and have identified to date, they do not

preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES

**INTERROGATORY NO. 1:**

If Raymond Loftin provided you with any money in the ten years preceding his death, state the amount provided and what it was for broken down by year.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome in seeking detailed records over the course of a decade. This Interrogatory also calls for speculation and lacks foundation that such records exist. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Raymond Loftin provided Plaintiff Meeks with approximately $200 per month in cash in each of the ten years preceeding his death. The money was provided to Plaintiff Meeks for her to purchase basic necessities.

**INTERROGATORY NO. 2:**

If Raymond Loftin purchased anything for you in the ten years preceding his death, state the purchase, cost and date of purchase.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome in seeking detailed records over the course of a decade. This Interrogatory also calls for speculation and lacks foundation that such records exist. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Raymond Loftin purchased lunch and/or dinner for Plaintiff Meeks approximately twice a month in the amount of approximately $50.

**INTERROGATORY NO. 3:**

State all facts supporting the allegation in paragraph 66 of the third amended complaint that you were "reliant on" Raymond Loftin.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome in seeking detailed records over the course of a decade. This Interrogatory also calls for speculation and lacks foundation that such records exist. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Raymond performed the following services for Plaintiff Meeks, upon which she was reliant: driving Meeks to the doctor; helping Meeks with yardwork; serving as Meeks' mechanic (for her vehicle); assisting Meeks with heavy lifting, including lifting heavy groceries, when she has back issues; generally helping with housework when he visited and/or stayed with her; assisting Meeks with packing and moving; installing a fence in the backyard of her residence; providing Meeks with money. Meeks reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Provide the name, address, phone number, and email address of all persons with knowledge of facts supporting the allegation in paragraph 66 of the third amended complaint that you were "reliant on" Raymond Loftin.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome. This Interrogatory also calls for speculation and lacks foundation. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Christopher Urquijo (c/o Plaintiff's counsel). Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 5:**

IDENTIFY all DOCUMENTS RELATING TO the allegation in paragraph 66 of the third amended complaint that you were "reliant on" Raymond Loftin.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome. This Interrogatory also calls for speculation and lacks foundation. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff does not believe any documents responsive to this request exist.

**INTERROGATORY NO. 6:**

State all facts supporting the allegation in paragraph 66 of the third amended complaint that Raymond Loftin provided you with "care, love, and support."

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates her general objections. Responding Party objects on the grounds that this Interrogatory calls for a narrative and is vague and overbroad as phrased. Responding Party further objects on the grounds that Federal Rules of Civil Procedure, Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Responding Party further objects that this request calls for an expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party further objects that this Interrogatory calls for speculation, lacks foundation, and calls for the entire universe of facts. Plaintiff further objects that this Interrogatory is unduly burdensome and oppressive on its face. *Aldapa v. Fowler Packing Co., Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015) ("Contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings and that ask for each and every fact and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and

unduly burdensome."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("at least in cases where defendants presumably have access to most of the evidence about their own behavior, it is not at all clear that forcing plaintiffs to answer these kinds of questions...is sufficiently likely to be productive to justify the burden that responding can entail."); *see also Id.* at 339 (the "filing of sets of contention interrogatories that systematically track all the allegations in an opposing party's pleadings is a serious form of discovery abuse."); *Tubbs v. Sacramento Cnty. Jail*, 2008 WL 863974, at *1 (E.D. Cal. Mar. 28, 2008) ("plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories."); *Aldapa*, 310 F.R.D. at 591 ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case…."); *Mach Sols. Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018) (Contention interrogatories "are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case…") (quoting *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006))).

   Subject to and without waiving the aforementioned objections, Responding Party responds as follows: Plaintiff Meeks seeks wrongful death damages under federal and state law for the interference with her familial relationship with Raymond Loftin and her loss of Mr. Loftin's love, companionship, association, emotional and financial support, etc. Plaintiff Meeks and Mr. Loftin shared a close, loving mother-son relationship. The two frequently spent time together, got along well, and had fun together. The two frequently had dinner, spent time with Mr. Loftin's children (the three minor plaintiffs in this case). Losing her son was the most difficult thing for Plaintiff Meeks to go through.

**INTERROGATORY NO. 7:**

Provide the name, address, phone number, and email address of all persons with knowledge of facts supporting the allegation in paragraph 66 of the third amended complaint that Raymond Loftin provided you with "care, love, and support."

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome. This Interrogatory also calls for speculation and lacks foundation. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff Christopher Urquijo (c/o Plaintiff's counsel). Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 8:**

IDENTIFY all DOCUMENTS RELATING TO the allegation in paragraph 66 of the third amended complaint that Raymond Loftin provided you with "care, love, and support."

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome. This Interrogatory also calls for speculation and lacks foundation. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff is producing photographs of herself with her son. Plaintiff does not believe any documents other responsive to this request exist. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 9:**

State the dates you lived with Raymond Loftin in the ten years preceding his death.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates her general objections and specifically objects on the grounds that this Interrogatory is overly broad and unduly burdensome. This Interrogatory also calls for speculation and lacks foundation. Without waiving and subject to the foregoing objections, Plaintiff responds as follows: To the best of her recollection, Plaintiff Meeks and Raymond Loftin resided together in Hesperia from 2011 through approximately August 2015. Between August 2015 and Raymond Loftin's death, Mr. Loftin occasionally stayed with Plaintiff Meeks for a few days every so often.

**INTERROGATORY NO. 10:**

Provide the name, address, telephone number and email address of any person in the last ten years that lived with you while you were also living with Raymond Loftin.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates their general objections. Plaintiff specifically objects on the grounds of invasion of privacy of third parties and on the grounds that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects on the grounds that this Interrogatory is unduly burdensome in seeking contact information for these third parties. Plaintiff further objects to this Interrogatory to the extent that it seeks disclosure of direct contact information of minors and to the extent that Defendants intend to use this information to contact Plaintiffs directly. Plaintiffs and the GAL can be reached through their counsel. Additionally, Plaintiff objects on the grounds that this Interrogatory is not reasonably calculated to lead to the discovery of admissible information because the minor plaintiffs did not have cell phones or personal phone numbers prior to Raymond Loftin's death, such that their current cell phone numbers are not relevant to the issues in this case.

Without waiving and subject to the aforementioned objections, Plaintiff responds as follows:

1. E.L., 1254 West 26th St., San Bernardino, CA 92405; this minor plaintiff can be reached through her counsel.
2. Y.L., 1254 West 26th St., San Bernardino, CA 92405; this minor plaintiff can be reached through Plaintiffs' counsel.
3. B.L., 1254 West 26th St., San Bernardino, CA 92405; this minor plaintiff can be reached through Plaintiffs' counsel.
4. Sebrina Lucky (grandmother and guardian of minor plaintiffs); 1254 West 26th St., San Bernardino, CA 92405; 909-649-1004; sebrinamaelucky@gmail.com; can be reached through Plaintiffs' counsel.
5. Lori Meeks (Plaintiff, mother of Raymond Loftin); 909-242-1357; Lori20996@gmail.com; 757 E. Baseline Rd., San Bernardino, CA 92410.
6. Jessica Maynor (biological mother of the minor plaintiffs); 834 Clevenger Drive, San Bernardino, CA 92408; 909-522-0899.
7. Raymond Loftin (deceased).
8. Bridgid Lucky (daughter of Sebrina Lucky); 1254 West 26th St., San Bernardino, CA 92405; 909-633-6812.
9. James Eddie Lucky (son of Sebrina Lucky); 1254 West 26th St., San Bernardino, CA 92405; 909-963-6789.
10. Alvin Rushing (stepfather of Sebrina Lucky); no phone number or email address.
11. Joseph Jhanz (deceased).

**INTERROGATORY NO. 11:**

Provide the name, address, phone number and email address of any employer of Raymond Loftin in five years preceding his death.

///

///

PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates their general objections. Plaintiff further objects on the grounds that this Interrogatory is overly broad, unduly burdensome. Without waiving and subject to the aforementioned objections, Plaintiff responds as follows:

Raymond Loftin was self-employed as a mechanic during the five years prior to his death.

**INTERROGATORY NO. 12:**

Provide the name, address, phone number and email address of any HEALTH CARE PROVIDER seen by Raymon Loftin in the ten years preceding his death.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates their general objections. Plaintiff further objects on the grounds that this Interrogatory is overly broad, unduly burdensome, vague and ambiguous as to "health care provider" Plaintiff further objects to this Interrogatory on the basis that it seeks information protected from disclosure by Decedent's right to privacy. Plaintiff further objects to this Interrogatory to the extent that it seeks to obtain information protected by the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 42 U.S.C. §290dd-2(g), 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, 42 C.F.R. §§2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. §2.15(b), Cal. H&S Code §11845.5, and Decedent's California constitutional right to privacy concerning medical information under Cal. Const. art I, §1.

Plaintiff further objects on the grounds that this Interrogatory seeks irrelevant information and/or is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Aurora Charter Oak Behavioral Health Center, 1161 E. Covina Blvd,

-11-
PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)

1 | Covina, CA 91724, (800) 654-2673; Cedar House Life Change Center, 18612 Santa
2 | Ana Ave, Bloomington, CA 92316, (909) 529-9213.

**INTERROGATORY NO. 13:**

IDENTIFY all DOCUMENTS RELATING TO care from a HEALTH CARE PROVIDER received by Raymond Loftin in the ten years preceding his death.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates their general objections. Plaintiff further objects on the grounds that this Interrogatory is overly broad, unduly burdensome, vague and ambiguous as to "hospitalized." Plaintiff further objects to this Interrogatory on the basis that it seeks information protected from disclosure by Decedent's right to privacy. Plaintiff further objects to this Interrogatory to the extent that it seeks to obtain information protected by the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 42 U.S.C. §290dd-2(g), 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, 42 C.F.R. §§2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. §2.15(b), Cal. H&S Code §11845.5, and Decedent's California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Plaintiff further objects on the grounds that this Interrogatory seeks irrelevant information and/or is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff identifies records from Aurora Charter Oak Behavioral Health Center, which are identified on Plaintiffs' privilege log.

**INTERROGATORY NO. 14:**

Did Raymond Loftin have any children at the time of his death other than E.L, Y.L and B.L?

///

///

-12-
PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects on the grounds that this Interrogatory calls for speculation and lacks foundation. On the bases of these objections, Plaintiff is unable to respond to this Interrogatory.

DATED: January 27, 2025          LAW OFFICES OF DALE K. GALIPO

By: _____
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*,
Christopher Urquijo, et al.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, the undersigned, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On January 27, 2025, I served the foregoing document described as: **PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

## METHOD OF SERVICE

☒ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 27, 2025, at Woodland Hills, California.

/s/ *Stefany Anderson*
Stefany Anderson

-14-
PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)

## SERVICE LIST

Dean Gazzo Roistacher, LLP
Lee H. Roistacher, Esq.
Kimberly A. Sullivan, Esq,
Aleries Lau, Esq.
400 Stevens Avenue Suite 100
Solana Beach, CA 92075
lroistacher@deangazzo.com
ksullivan@deangazzo.com
alau@deangazzo.com

Attorneys for Defendant Sergeant Daniel Howard

**Haiyang Li**
CAAG - Office of Attorney General
300 South Spring Street Suite 1702
Los Angeles, CA 90013
Email: Allen.Li@doj.ca.gov

Attorney for Defendants, State of California
California Highway Patrol, Officer Nicholas Mercado
And Officer Sergio Vasquez

**Douglas E Baxter**
CAAG - Office of Attorney General
California Department of Justice
600 West Broadway Suite 1800
San Diego, CA 92101
Douglas.baxter@doj.ca.gov

Attorney for Defendants, State of California
California Highway Patrol, Officer Nicholas Mercado
And Officer Sergio Vasquez


James S. Terrell, Esq.
LAW OFFICES OF JAMES S. TERRELL
15411 Anacapa Road
Victorville, CA 92392
Email: jim@talktoterrell.com

Sharon J. Brunner (Bar No. 229931)
LAW OFFICES OF SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
Email: sharonjbrunner@yahoo.com

Attorneys for Plaintiffs, Christopher Urquijo, et al.

-15-
PLAINTIFF LORI MEEKS INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO RESPONSES AND OBJECTIONS TO DEFENDANT DANIEL HOWARD'S INTERROGATORIES (SET ONE)