Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333 / Fax: (818) 347-4118

JAMES S. TERRELL, ESQ. (CSBN: 170409)
LAW OFFICE OF JAMES S. TERRELL
15411 Anacapa Road
Victorville, CA 92392
Tel:(760) 951-5850 Fax:(760) 952-1085
Email: jim@talktoterrell.com

SHARON J. BRUNNER, ESQ. (CSBN:229931)
LAW OFFICE OF SHARON J. BRUNNER
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel:(760) 243-9997 Fax:(760) 843-8155
Email: sharonjbrunner@yahoo.com

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually~~;~~, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased~~;~~, Y.L., B.L., and E.L., in each case by and through ~~his~~ their guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased; TYLER VINSON-LOFTIN, individually and as successor in interest to Raymond Loftin, deceased; and RAYMOND ALGARIN TORRES, individually and as successor in interest to Raymond Loftin, deceased, ~~E.L. by and through her guardian ad litem Sebrina Lucky, individually and as~~ | Case No.: 5:22-cv-02133-~~SSS-KkAH~~AH(DTBx) ~~THIRD~~ FOURTH AMENDED COMPLAINT FOR DAMAGES [DEMAND FOR JURY TRIAL] 1. Excessive Force; Wrongful Death (42 USC 1983) 2. Substantive Due Process (14th Amendment, 42 USC 1983) ~~3. Failure to Intervene (42 USC 1983)~~ 4.~~3.~~ Violation of Bane Act 5.~~4.~~ Negligence Wrongful Death |

~~successor in interest to Raymond Loftin,~~ )
~~deceased, and B.L. by through his~~ )
~~guardian ad litem Sebrina Lucky,~~ )
~~individually and as successor in interest~~ )
~~to Raymond Loftin, deceased~~. )
)
                       Plaintiffs, )
)
vs. )
)
STATE OF CALIFORNIA, )
CALIFORNIA HIGHWAY PATROL, )
SERGEANT DANIEL HOWARD, )
~~OFFICER NICHOLAS MERCADO,~~
~~OFFICER SERGIO VASQUEZ,~~ DOES
4-10, Inclusive, and DANIELLE
LOFTIN, a nominal Defendant.
                   Defendants. )
_____ )

~~6.~~5.     Negligence
~~7.~~6.     Battery/Wrongful Death
~~8.~~7.     Battery
~~9.~~8.     Negligent Infliction of
      Emotional Distress

Plaintiffs CHRISTOPHER URQUIJO, individually~~;~~, LORI MEEKS, individually, and as successor in interest under 377.60(b) to Raymond Loftin, deceased~~;~~, Y.L., B.L., and S.L., in each case by and through their guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased~~;~~ ~~E.L. by and through their guardian ad litem Sebrina Lucky~~TYLER VISON-LOFTIN, individually and as successor in interest to Raymond Loftin, deceased~~;~~ and ~~B.L. by through their guardian ad litem Sebrina Lucky~~RAYMOND ALGARIN TORRES, individually and as successor in interest to Raymond Loftin, deceased~~,~~ hereby allege~~s~~ and complain~~ts~~ against the Defendants State of California~~,~~ ~~California Highway Patrol,~~ Sergeant Daniel Howard~~, Officer Nicholas Mercado,~~

~~Officer Sergio Vasquez~~; Does 4 through 10; inclusive, and each of them, (all
together, "Defendants") as follows:

# I.
## JURISDICTION OF VENUE

1.    This is a civil rights wrongful death/survival action brought for the redress
of alleged deprivations of constitutional rights as protected by 42 U.S.C. § § 1983,
1985, 1986, 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United
States Constitution. Jurisdiction is founded on 28 U.S. § § 1331, 1343, and 1367.

2.    Venue is properly within this District under 28 U.S.C. § 1391(b) because all
of the events and transactions giving rise to this action took place in San
Bernardino County, California.

# II.
## NATURE OF THE ACTION

3.    This wrongful death, civil rights, and survival action seeks compensatory and
punitive damages (non-governmental) from the STATE OF CALIFORNIA,  ;
California Highway Patrol, SERGEANT DANIEL HOWARD~~, OFFICER
NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ,~~ and DOES 4 through 10
in violation of various rights under the United States Constitution and state law in
connection with the police killing of Raymond Loftin and injuring of Christopher
Urquijo on June 23, 2021.

# III.
## PARTIES

~~THIRD~~ FOURTH AMENDED COMPLAINT FOR DAMAGES

4.      At all relevant times, RAYMOND LOFTIN ("DECEDENT" or "Raymond Loftin") was a 37-year-old, residing in Fontana, State of California at the time he was killed on June 23, 2021.

5.      At all relevant times Plaintiff, LORI MEEKS ("MEEKS"), is an individual residing in the County of San Bernardino, California and is a successor in interest under 377.60(b)(1) to DECEDENT Raymond Loftin, she is the natural mother, parent and was reliant upon the Decedent.

6.      At all relevant times, Plaintiff, CHRISTOPHER URQUIJO ("URQUIJO") is an individual residing in the County of San Bernardino, California. URQUIJO is the brother of the DECEDENT.

7.      At all relevant times, Plaintiff Y.L., by and through her guardian *ad litem* Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, is and was an individual residing in the County of San Bernardino, California. Plaintiff herein brings these claims pursuant to California Code of Civil Procedure section 377.20 et seq and 377.60 et seq which provides for survival and wrongful death actions. They shared a loving caring parent-child relationship. Raymond Loftin, Decedent and Y.L. shared a loving caring parent-child relationship.

8.      At all relevant times, Plaintiff E.L., by and through her guardian *ad litem* Sebrina Lucky, individually and as successor in interest to Raymond Loftin deceased, is and was an individual residing in the County of San Bernardino,

California. Plaintiff herein brings these claims pursuant to California Code of Civil Procedure section 377.20 et seq and 377.60 et seq which provides for survival and wrongful death actions. Raymond Loftin, Decedent and E.L. shared a loving caring parent-child relationship.

9.      At all relevant times, Plaintiffs B.L., by and through her guardian *ad litem* Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, is and was an individual residing in the County of San Bernardino, California. Plaintiffs herein brings these claims pursuant to California Code of Civil Procedure section 377.20 et seq and 377.60 et seq which provides for survival and wrongful death actions. Raymond Loftin, Decedent and B.L. shared a loving caring parent-child relationship.

10.     At all relevant times, Plaintiff TYLER VINSON-LOFTIN ("VINSON-LOFTIN"), individually and as successor in interest to Raymond Loftin, deceased, is and was an individual residing in El Paso County, Colorado. Plaintiff VINSON-LOFTIN herein brings these claims pursuant to California Code of Civil Procedure section 377.20 et seq and 377.60 et seq which provides for survival and wrongful death actions. VINSON-LOFTIN is the child of DECEDENT.

11.     At all relevant times, Plaintiff RAYMOND ALGARIN TORRES ("TORRES"), individually and as successor in interest to Raymond Loftin, deceased, is and was an individual residing in Ward County, North Dakota. Plaintiff TORRES herein brings these claims pursuant to California Code of Civil

Procedure section 377.20 et seq and 377.60 et seq which provides for survival and

wrongful death actions. TORRES is the child of DECEDENT.

9.

10.12.At all relevant times, LORI MEEKS ("MEEKS"), individually and as

successor in interest to Raymond Loftin deceased, is and was an individual

residing in the County of San Bernardino, California. Plaintiffs herein brings these

claims pursuant to California Code of Civil Procedure section 377.20 et seq and

377.60(b) et seq which provides for survival and wrongful death actions.

11.13.At all relevant times, Defendant California Highway Patrol officer, Sergeant

DANIEL HOWARD ("HOWARD") is and was at all times mentioned herein a

sworn law enforcement officer, operating under color of authority, employed by

the state of California. HOWARD is being sued in his individual capacity.

Defendant HOWARD is now correctly named and was referred to in Plaintiffs'

previous complaints as DOE #1.

12.    At all relevant times, Defendant California Highway Patrol officer,

NICHOLAS MERCADO (MERCADO) is and was at all times mentioned herein a

sworn law enforcement officer, operating under color of authority, employed by

the state of California. MERCADO is being sued in his individual capacity.

Defendant MERCADO is now correctly named and was referred to in Plaintiffs'

previous complaints as DOE #2.

13.    At all relevant times, Defendant California Highway Patrol officer, SERGIO VASQUEZ (VASQUEZ) is and was at all times mentioned herein a sworn law enforcement officer, operating under color of authority, employed by the state of California. VASQUEZ is being sued in his individual capacity. Defendant VASQUEZ is now correctly named and was referred to in Plaintiffs' previous complaints as DOE #3.

14.    At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity existing under the laws of the State of California. STATE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees, including Defendant DOES 4-10.

15.    Defendant California Highway Patrol (CHP) is, and at all times herein mentioned was an agency of and operating under the authority of the State of California, duly organized and existing under the laws of the State of California.

16.    At all relevant times, each of the Defendants DOES 4-10, inclusive, were police officers and/or a managerial, supervisorial, and policymaking employee of the State of California, California Highway Patrol, who was acting under color of law within the course and scope of his duties as a police officer and/or managerial, supervisorial, and policymaking employee for the State of California, California Highway Patrol, or  and with the complete authority and ratification of his or her

principal, State of California or California Highway Patrol, Defendants DOES 4-10 caused DECEDENT's and Plaintiffs' injuries by attacking and killing the DECEDENT, by integrally participating or failing or intervene in the attack, and by engaging in other acts/or omissions around the time of the attack that resulted in DECEDENT's death.

17.     DOES 4-10 are being sued in their individual capacity.

18.     The true names and capacities of Defendants sued herein DOES 4 through 10, inclusive are unknown to Plaintiffs and Plaintiffs therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Each of the fictitious-named Defendants is responsible in some manner for the conduct and liabilities alleged herein. DOES 4-10 are sued in their individual capacity.

19.     Danielle Loftin, a nominal Defendant, is believed to be an heir under California Civil Code §377.60, as Raymond Loftin's wife. Ms. Danielle Allen/Loftin repeatedly declined to participate in this present wrongful death action. Danielle Allen/Loftin has not retained counsel but has been provided a copy with the Second Amended Complaint. Danielle Allen is believed to have married Raymond Loftin on June 19, 2021. Raymond Loftin died three days later on June 21, 2021.

20.     Plaintiffs are informed and believes and thereon alleges that each of the Defendants herein was negligently, wrongfully, and otherwise responsible in some

manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one of more DOE Defendants DOES 6-10 were at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, including Doe Defendants.

21.     Necessary parties to this action include Lori Meeks, Christopher Urquijo, and the DECEDENT's three minor children by through guardian ad litem Sebrina Lucky.

22.     This complaint may be plead in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## IV.
## EXHAUSTION OF ADMINISTRATIVE REMEDY

23.     Plaintiffs timely and properly filed tort claims pursuant to California Government Code section 910 et seq., and this action is timely filed within all applicable statutes of limitation.

24.     Plaintiffs filed comprehensive and timely claims for damages with the State and/or California Highway Patrol pursuant to applicable statutes of limitation.

25.     The State and/or California Highway Patrol denied Plaintiffs' claims on May 31, 2022.

## V.
## FACTS

26.     The foregoing allegations are incorporated as if re-alleged herein.

27.     At all relevant times, the Defendants, and each of them, were acting under color of the laws, statutes, ordinances, and regulations of, and as employees of either the State of California, or California Highway Patrol.

28.     On Tuesday, June 22, 2021 at approximately 2300 hours, Raymond Loftin and Christopher Urquijo stole a 2008 Peterbilt Bobtail truck. This theft occurred at 5425 W. Industrial l Pkwy, San Bernardino, California.

29.     Approximately 44 minutes later, the Colton Police Department activated their lights and attempted to conduct a traffic stop on the vehicle driven by Loftin and Urquijo.

30.     The vehicle had two or more flat tires rolling over a deployed spike strip. The vehicle came to a complete stop.

31.     The CHP had deployed several vehicles to a location on the I-10 Freeway. CHP had numerous vehicles to the front and two and rear to the targeted vehicle.

32.     The vehicle operated by DECEDENT stopped. Stopping the vehicle reduced the danger of a vehicle collision. DECEDENT and URQUIJO had surrendered.

33.     DECEDENT and URQUIJO possessed no weapons and the vehicle was at a complete stop. There was no imminent threat to the officers or the public to use deadly force.

34.     C.H.P. had the situation under control. Amazingly, Defendant HOWARD, gave orders at the barricade that he would fire his AR-15, and he would be the shooter. HOWARD ran towards the stopped vehicle, HOWARD shot 20 rounds

striking and killing LOFTIN. HOWARD fired his AR-15 into the front cab window. This unnecessary use of deadly force struck DECEDENT Loftin, which caused his death. URQUIJO was hit by debris and watched as his brother sustained deadly wounds.

35.    Defendant was aware that just minutes before, the San Bernardino Helicopter Team had offered to use lethal force to kill the driver, and CHP, San Bernardino had declined this aggressive action. Seconds later, ~~VASQUEZ and MERCADO~~officers heard HOWARD announce he would be the shooter and use lethal force on the driver of the truck cab.

~~36.    Defendants MERCADO, VASQUEZ, did not try to de-escalate the situation knowing that HOWARD had advised them that he would be shooting the driver, with his AR-15. Defendants MERCADO, VASQUEZ, failed to intervene and stop this unnecessary plan to use deadly force on LOFTIN.~~

~~37.~~36.Defendants did not expedite summoning medical care in spite of planning of using excessive deadly force.

## VI.
### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS:
### Fourth Amendment – Excessive Force; Wrongful Death
### (By All Plaintiffs against Defendant HOWARD)

~~38.~~37.Plaintiffs incorporate~~s~~ by reference herein all allegations set forth above.

39.38.Defendant HOWARD used deadly force, including, shooting an unarmed DECEDENT.

40.39.The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable or excessive force 42 USC § 1983 provides a private right of action or conduct which violates this right

41.40.On June 22, 2021, at approximately 1:10 a.m. on that date at or near the Intestate 10 in the City of Fontana in the County of San Bernardino officers, CHP Defendant Officer HOWARD, shot and injured Plaintiff URQUIO and shot and killed Raymond Loftin without there being an immediate threat of death of serious bodily injury to anyone, thereby using excessive force against Christopher URQUIO and DECEDENT. At all relevant times, both URQUIO and DECEDENT were unarmed.

42.41.At all relevant times, Defendant HOWARD was acting under color of law and within the course and scope of their employment with the CHP, through the STATE OF CALIFORNIA.

43.42.The shooting was excessive and objectively unreasonable especially because URQUIO and DECEDENT were unarmed and posed no immediate threat of death or serious bodily injury at the time of the shooting to any officer or any other person. All of the above officers had walked away from their vehicles and were off the road, and behind a barricade and trees. Further, Defendant HOWARD'S plan and use of force, shooting 20 rounds of rifle rounds into the driver, violated their

training, standard police officer training, and generally accepted law enforcement
standards. At the time of the shooting, no officer was in immediate danger of harm.

44.43.Defendant HOWARD'S unjustified shooting of URQUIO and
DECEDEENT violated their rights to be secure in their person against
unreasonable or excessive force as guaranteed to them under the Fourth
Amendment to the United States Constitution and applied to state actors by the
Fourteenth Amendment.

45.44.As a direct and proximate result of the aforementioned conduct,
DECEDENT suffered damages, including physical injuries, disfigurement,
emotional and mental distress, humiliation, anguish, reduced earning capacity, lost
wages, past and future medical expenses, and other economic expenses. Also, as a
direct and proximate result of the aforementioned conduct, DECEDENT endured
pain and suffering, lost his life and earning capacity. Also, as a direct and
proximate result of the aforementioned conduct, Plaintiffs Y.L., E.L., B.L., and
Lori Meeks has been deprived of the life-long love, companionship, comfort,
support, society, care, and sustenance of DECEDENT, and will continue to be so
deprived for the remainder of her natural life.

46.45.The conduct of Defendant HOWARD was willful, wanton, malicious, and
done with reckless disregard for the rights and safety of URQUIO and

DECEDENT, therefore warranting the imposition of exemplary and punitive

damages against and HOWARD.

47.46. Plaintiffs Y.L., E.L., B.L., VINSON-LOFTIN, and TORRES, and Lori

Meeks brings this claim against HOWARD as a successor in interest to

DECEDENT and seeks survival damages under this claim.

48.47. Defendant HOWARD knew that DECEDENT was unarmed, and was not a

threat to anyone including the officers themselves. Defendants used excessive and

deadly force against Plaintiffs DECEDENT without legal justification or excuse.

49.48. Defendant was acting under color of law and were acting or purporting to act

in the performance of his official duties.

50.49. Defendant HOWARD deprived DECEDENT and Plaintiffs of rights,

privileges and immunities secured to them by the Fourth Amendment of the United

States Constitution in subjecting DECEDENT to excessive and unreasonable force.

Said wrongful, illegal, and unconstitutional conduct by Defendants is a proximate

cause of the losses and damages sustained by Plaintiffs, as hereinafter alleged, in

that they knowingly and willfully used deadly force against a driver who had not a

danger to anyone, killing DECEDENT without provocation, necessity, or

justification.

51.50. The attack and shooting of DECEDENT was excessive and unreasonable,

especially because DECEDENT was unarmed, the DECEDENT had stopped his

vehicle, HOWARD aggressively ran towards the vehicle pointing the AR-15 at the
diver and shooting, knowing the DECEDENT did not pose an imminent threat of
death or serious bodily injury to the Defendants or to anyone else.

52.51. As a result of the conduct of Defendant HOWARD shooting twenty times,
DECEDENT was killed.

53.52. The Defendant HOWARD's use of excessive force against the DECEDENT
violated his training, and was unreasonable as there was no imminent danger.

54.53. The conduct of the Defendant HOWARD was willful, wanton, malicious,
and done with restless disregard to the rights and safety of DECEDENT and
therefore warrants the imposition of exemplary and punitive damages as to each of
them.

55.54. As a result of the conduct of the Officer HowardHOWARD, Decedent
DECEDENT suffered extreme pain and suffering and eventually suffered a loss of
life.

56.55. Each of the other individual Defendants integrally participated in, or failed
to intervene in, the conduct described above.

57.56. Defendant HOWARD's use of excessive force cause or was a substantial
factor in causing Plaintiffs' and DECEDENT's harm.

58.57. As a direct and proximate result of the aforementioned conduct, Plaintiff
URQUIJO s suffered damages, including physical injuries, disfigurement,

emotional and mental distress, humiliation, anguish, reduced earning capacity, lost

wages, past and future medical expenses, and other economic expenses. Also, as a

direct and proximate result of the aforementioned conduct, DECEDENT endured

pain and suffering, lost his life and earning capacity. Also, as a direct and

proximate result of the aforementioned conduct, Plaintiffs Y.L., E.L., B.L., and

Lori Meeks have been deprived of their life-long love, companionships, comfort,

support, society, care and sustenance of DECEDENT, and will continue to be so

deprived for the remaining of their natural lives.

59.58. As a direct and proximate result of Defendants' actions described above,

Plaintiffs sustained injuries and damages as set forth in the Damages section of this

complaint.

60.59. Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking

funeral and burial expenses and loss of financial support.

## VII.
## SECOND CAUSE OF ACTION
### Substantive Due Process
### (Fourteenth Amendment, 42 U.S.C. § 1983)
### (By PLAINTIFFS VINSON-LOFTIN, TORRES, Y.L., E.L., B.L., AND LORI MEEKS against HOWARD)

61.60. Th forgoing allegations are incorporated as if re-alleged herein.

62.61. Plaintiffs had cognizable interested under the Due Process Clause of

Fourteenth Amendment of the United States Constitution to be free from state

actions that deprive life, liberty, property in such a manner as to shock the

conscience, including but not limited to, unwarranted state interference in their familial relationship with the DECEDENT.

63.62.The Ninth Circuit recognizes that a parent and child have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child. *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991).

64.63.Plaintiffs VINSON-LOFTIN, TORRES, E.L., B.L., and Y.L. are the natural children of Raymond Loftin. Raymond Loftin enjoyed a special relationship with his minor children as a close loving family.

65.64.The Decedent was involved with Y.L., E.L., and B.L's schoolwork. The Decedent shared a special love celebrating holidays and birthdays with his children. The children Y.L., E.L. and B.L., loved to spend time sharing hobbies, playing sports, playing in the park, and every family meal they spent together.

66.65.Lori Meeks is the natural mother and parent of Raymond Loftin, decedent and is successor-of-interest pursuant to California Code of Civil Procedure 377.60(b). Lori Meeks enjoyed Raymond Loftin's company from his birth until death and he provided her assistance with money, cleaning, care, love and comfort. Under 377.60(b) Plaintiff Lori Meeks was reliant on her son. Raymond Loftin was living with his mother at the time of his death.

67.66.The aforementioned actions of the Defendants, along with other undiscovered conduct, shock the conscious, in that they acted with deliberate

indifference to the constitutional rights of DECEDENT and Plaintiffs Y.L., B.L.,
E.L. and Lori Meeks, with purpose to harm, unrelated to any legitimate law
enforcement objective.

68.67. The conduct of the Defendant HOWARD that shocks the conscience
includes, but is not limited to: the decision to stop and seize the DECEDENT; the
manner in which the stop was conducted; preplanning deadly force; using deadly
force against an unarmed person; using deadly force against an unarmed person;
using deadly against a non-dangerous person; using unreasonable force; using
deadly force against a person when that person did not pose a threat; shooting a
weapon at that person multiple times; continuing to shoot a weapon at that person
while he is at a stop and complying with orders, therefore; conduct contrary to
generally accepted reasonable police procedures and tactics; integrally
participating in or failing to intervene in the above misconduct; and all of the
above acts together.

69.68. The Defendant HOWARD acted under color of state law. The DECEDENT
had surrendered and stopped when he was shot by HOWARD.

70.69. At all relevant times, Defendant HOWARD was acting under color of law
and within the course and scope of their employment with the CHP, through the
STATE. At all relevant times, DOES 4-10 were also acting within the course and

scope of his duties with CHP, in other words, within the course and scope of his
employment with the STATE.

71.70. The Defendant HOWARD violated the substantive due process rights of
Plaintiffs to be free from unwarranted interference with their familial relationship
with DECEDENT.

72.71. The conduct of the Defendants was the cause of DECEDENT's death.

73.72. As a direct and proximate result of Defendants' action described above,
Plaintiffs sustained injuries and damages as set forth in the Damages section of this
complaint.

## VIII.

### THIRD CLAIM FOR RELIEF
### FOURTH AMENDMENT FAILURE TO INTERVENE
### (By all Plaintiffs Against Defendants VASQUEZ and MERCADO)

74.    The foregoing allegations are incorporated as if re-alleged herein.

75.    At the time that the Supervisor of VASQUEZ and MERCADO, Defendant
HOWARD, announced that he would be the only shooter and that the vehicle had
had to be stopped, VASQUEZ and MERCADO were aware that HOWARD
intended to shoot and kill the driver. HOWARD had a plan. HOWARD was going
to shoot using his AR-15.

76.    Defendant was aware that just minutes before, the San Bernardino
Helicopter Team had offered to use lethal force to kill the driver, and CHP, San
Bernardino had declined this aggressive action. Seconds later, VASQUEZ and

MERCADO heard HOWARD announce he would be the shooter and use lethal
force on the driver of the truck cab.

77.    The Defendants VASQUEZ and MERCADO were told to leave their patrol
vehicles after parking on highway and to go over the traffic barricade and to seek
cover by the trees. The trees offered both cover and concealment. HOWARD was
to be the shooter. The suspect had to be stopped, according to HOWARD.

78.    The Defendants VASQUEZ and MERCADO failed to intervene after
hearing of the planned shooting of the driver, which HOWARD had indicated he
would be the only shooter. VASQUEZ AND MERCADO heard the plan and failed
to take any action.

79.    The vehicle approached the barricade and turned and backed up. The
vehicle stopped when HOWARD ran at the truck with his rifle pointed at the
vehicle. Running towards the vehicle, HOWARD shot twenty rounds. VASQUEZ
and MERCADO were present when HOWARD charged the truck running and
shooting.

80.    At the time HOWARD charged the truck cab, all the officers were off the
highway and no officer was in danger. HOWARD created danger running at the
truck and HOWARD caused the death of DECEDENT by shooting his AR-15
twenty times, killing the driver.

81.    Defendants VASQUEZ and MERCADO did not intervene to stop the killing
of the operator of the vehicle.

82.    The conduct of VASQUEZ and MERCADO was willful, wanton, malicious, and done with reckless disregard form the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to each of them.

83.    As a result of the conduct of the Officer Defendants, Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

84.    The Plaintiffs bring this claim as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's rights. The Plaintiffs also seek attorney fees under this claim. The Plaintiffs seek funeral and burial expenses and loss of financial support.

## IX.

### FOURTH THIRD CAUSE OF ACTION
**Violation of the Bane Civil Rights Act**
**(California Civil Code 52.1)**
**By All Plaintiffs Against HOWARD**

85.73. Plaintiffs incorporates by reference herein all allegations set forth above, and by that refence incorporates the same herein and makes each a part hereof and though fully set forth.

86.74. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the

basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

87.75. On or about the above stated dates, Defendants and each of them violated DECEDENT's and Plaintiffs' civil rights, guaranteed by the United States Constitution, federal law, the California Constitution, and the laws of the State of California thereby violating California Civil Code Sections 52, 52.1(a) and 52.1(b).

88.76. Defendant HOWARD, acting in the within the course and scope of his employment with the STATE, intentionally committed acts of violence against in DECEDENT and URQUIJO including shooting them without justification or excuse, and failing to intervene in the above violence.

89.77. Defendant HOWARD, knew that the vehicle operated by the DECEDENT was at a complete stop and that URQUIJO had surrendered when the Defendants opened fire striking and killing the DECEDENT and injuring URQUIJO intentionally interfered with DECEDENT's and Plaintiffs' civil rights.

90.78. Separate and apart from the shooting, HOWARD, coerced, intimidated, and threatened URQUIJO and DECEDENT, holding both of them at gunpoint,

blocking them with a barricade and shooting them upon their surrendering and stopping as ordered. It was not necessary to shoot and kill the DECEDENT and injur~eing~ URQUIJO in order tone take them into custody, such that the use of force was independent from the detention and arrest.

~91.~79.  Without justification or excuse committed intentional and repeated violent acts of upon the DECEDENT and URQUIJO.

~92.~80.Defendant intentionally interfered with Plaintiff~s~ URQUIJO's civil rights by committing intentional and repeated violent acts of upon URQUIIJO.

~93.~81.Defendants interfered with or attempted to interfere with Plaintiff~s~ URQUIJO's[2] and DECEDENT's right~s~ to be free from state actions that deprive them of life, liberty, or property by threatening or committing violent acts.

~94.~82.Defendants interfered with or attempted to interfere with Plaintiffs' right to be free from unwarranted interference with their familial relationship with Plaintiff DECEDENT by threatening or committing violent acts.

~95.~83.Defendants injured URQUIJO~Plaintiffs~ and DECEDENT to prevent them from exercising the above-mentioned rights or retaliate against them~e~ for having exercised the above-mentioned rights.

~96.~84.Defendants HOWARD, conduct was willful, wanton, malicious, and done within reckless disregard for the rights and safety of URQUIJO and the DECEDENT, therefore warranting the imposition of exemplary and punitive damages ~as to the individual defendants~ against HOWARD on this claim.

97.85. Defendants' conduct caused or was a substantial factor in causing Plaintiffs' and DECEDENT's harm, and the harm of URQUIJO.

98.86. Defendant STATE is vicariously liable for the wrongful acts of CHP Defendant officers, and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employees act would subject him or her to liability.

99.87. URQUIJO seeks compensatory damages, including for his physical injuries, emotional and mental distress pain and suffering, humiliation, anguish, reduce earning capacity, lost wages, medical expenses, and other economic expenses.

100.88.    Plaintiffs VINSON-LOFTIN, TORRES, Y.L., B.L., E.L through their Guardian Ad Litem, Sebrina Lucky and Lori Meeks bring this claim as successors-in interest, to DECEDENT and seeks survival damages under this claim for the violation of DECPENDENT's rights.

101.89.    Plaintiffs also seek reasonable costs, funeral and burial expenses, and attorneys' fees and treble damages against HOWARD under California Civil Code §52(b). Defendants are also liable for reasonable attorneys' fees and a civil penalty of $25,000.00. By the reason of the aforementioned acts and omissions, Plaintiffs have suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint.

## X.

## ~~FOUR~~FIFTH CAUSE OF ACTION
### WRONGFUL DEATH
### Negligence
### (Cal Govt Code §815.2(a) and Cal. Govt. Code § 820)
### (By Plaintiffs VINSON-LOFTIN, TORRES, Y.L., E.L., B.L. through their guardian ad litem Sebrina Lucky, and Lori Meeks against All Defendants)

~~102.~~90.          Plaintiffs incorporate~~s~~ by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

~~103.~~91.          Police Officers, including HOWARD, ~~VASQUEZ, and MERCADO~~ have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less than lethal force options, acting objectively reasonable when using deadly force, not shooting at vehicles and their occupants, and using deadly force as a last resort. Defendants beached this duty of care.

~~104.~~92.          Upon information and belief, the actions and inactions of the Defendant~~s~~, HOWARD~~, VASQUEZ, and MERCADO,~~ were negligent and reckless, including but not limited to (a) the failure to properly and adequately assess the need to use force or deadly force against the DECEDENT; (b) the negligent use of force, including deadly force against DECEDENT; (c) negligent tactics and and handling of the situation with DECEDENT, including pre-shooting negligence and the failure to give appropriate commands and warnings; (d) negligent post-shooting conduct, including the failure to provide  and/or prompt

and adequate medical care to DECEDENT; (e) the negligent handling of evidence and witnesses; and (f) the negligent communication of information during and prior to the incident.

105.93.    As a result of their misconduct, Defendants are liable to Plaintiffs VINSON-LOFTIN, TORRES, minor children Y.L., B.L., E.L, and Lori Meeks, natural mother as DECEDENT'S successors in interest, because they were integral participants in the forementioned conduct or because they failed to intervene to prevent these violations.

106.94.    Defendant STATEs are is vicariously liable for the wrongful acts of the Defendant HOWARDs pursuant to §815.2(b) of the California Government Code, which provided that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

107.95.    Pursuant to §815.2a, of the California Government Code, a public employee is liable for injury caused by his or her actions or omission to act to the same extend as a private person.

108.96.    As a direct and proximate result of the afore-mentioned conduct, Plaintiffs DECEDENT'S successors in interest have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of the rest of their lives.

109.97.        Plaintiffs VINSON-LOFTIN, TORRES, ~Y.L., B.L., ~aAnd E.L., along with Lori Meeks~, as successors in interest to DECEDENT bring this claim against all defendants and seeks survival and wrongful death damages under this claim. Lori Meeks also seeks reasonable funeral and burial expenses on this action.

110.98.        The actions of the Defendants caused the DECEDENT severe pain and suffering and loss of enjoyment of life, and he ultimately died from his injuries. The Defendants did not have legal justification for using deadly force against the DECEDENT and said use of deadly force against DECEDENT was objectively unreasonable.

111.99.        A reasonable objective officer in this situation would not have shot suspects who surrendered.

100.   As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint.

112.

**XI.**
**SIXTH FIFTH CAUSE OF ACTION**
**Negligence**
**(Cal. Govt. Code §815.2(a) and §820)**
**(By URQUIJO Against All Defendants)**

113.101.    Plaintiffs incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

114.102.    Police Officers, including HOWARD, VASQUEZ, and MERCADO have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, not using any force unless necessary, using less than lethal force options, acting objectively reasonable when using deadly force, not shooting at vehicles and their occupants, and using deadly force as a last resort. Defendants beached this duty of care.

115.103.    Upon information and belief, the actions and inactions of the Defendants HOWARD was, VASQUEZ, and MERCADO were negligent and reckless, including but not limited to (a) the failure to properly and adequately assess the need to use force or deadly force against the URQUIJO; (b) the negligent use of force, including deadly force against URQUIJO; negligent tactics and handling of the situation with URQUIJO deadly force.   The Defendants, while working as police officers for the CHP, and acting within the course and scope of their duties, intentionally attacked and brutalized URQUIJO repeatedly with department-issued weapons.

116.104.    Defendant HOWARDs intentionally, willfully and recklessly committed a battery on the person of the URQUIJO, deliberately intending to cause severe injury to the person of URQUIJO.

117.105.    Defendant HOWARDs battered URQUIJO with the intent to harm or offend him by needlessly shooting at him.

118.106.    URQUIJO never consented to have the Defendant HOWARDs touch or attack him as described above.

119.107.    DECEDENT was harmed by Defendants HOWARD'S' conduct.

120.108.    The Actions and inactions of the DefendantsHOWARD were negligent and reckless, including but not limited to: (a) Putting URQUIJO in dangerous and striking him with glass and debris;

a.    (b) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against URQUIJO;

b.a.    (c) the negligent tactics and handling of the situation with URQUIJO, including pre-shooting negligence;

c.b.    (d) the negligent detention, arrest, and use of force, including deadly force, against URQUIJO;

d.c.    (e) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of URQUIJO.

121.109.    As a result of Defendants' negligence as alleged above, and other undiscovered negligent conduct, DECEDENT lost his life and URQUIJO sustained injury.

122.110.    Defendants' negligence as alleged above, and other undiscovered negligent conduct, caused or was a substantial factor in causing Plaintiffs' and URQUIJO 's harm.

123.111.    Defendant STATE iss are vicariously liable for the wrongful acts of the Defendant HOWARDs pursuant to section 815.2(b) of the California Government Code, which provided that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124.112.    By reason of the aforementioned acts and omissions, Plaintiff has suffered and continues to suffer injuries and damages as set forth in Damages section of this complaint.

## XII.
## SEVENTH CAUSE OF ACTION
### Battery
### Wrongful Death
### (Cal. Govt. Code § 815 and §820)
### (By Plaintiffs VINSON-LOFTIN, TORRES, Y.L., E.L., B.L. through their guardian ad litem Sebrina Lucky, and Lori Meeks against HOWARD, CHP, STATE OF CALIFORNIA)

125.113.    Plaintiffs incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

THIRD FOURTH AMENDED COMPLAINT FOR DAMAGES

126.114.    The Defendant HOWARD, while working as a police officers for the CHP, and acting within the course and scope of their duties, intentionally attacked and brutalized DECEDENT repeatedly with department-issued weapons.

127.115.    Defendant HOWARD intentionally, willfully and recklessly committed a battery on the person of the DECEDENT, deliberately intending to cause severe injury to the DECEDENT.

128.116.    Defendant HOWARD battered DECEDENT with the intent to harm or offend him by needlessly shooting at him several times. DECEDENT had stopped and surrendered when DOES 1-15HOWARD shot him without justification.

129.117.    DECEDENT never consented to have the Defendant touch or attack him as described above.

130.118.    DECEDENT was harmed by Defendant's conduct.

131.119.    The actions of the Defendant HOWARD caused the DECEDENT severe pre-death pain and suffering and loss of enjoyment of life, and he ultimately died from his injuries. HOWARD did not have legal justification for using deadly force against the DECEDENT, and said use of deadly force against DECEDENT was objectively unreasonable.

132.120.    Defendants are vicariously liable for the wrongful acts of the Defendants pursuant to §815.2(b) of the California Government Code, which provided that a public entity is liable for the injuries caused by its employees

within the scope of the employment if the employee's act would subject him or her to liability.

133.121.    Plaintiffs VINSON-LOFTIN, TORRES, Y.L., B.L., E.L., and Lori Meeks brings this claim individually and as sSuccessors--in-i Interest to DECEDENT, and seeks both survival and wrongful death damages for violation of DECEDENT's rights.

134.122.    A reasonable person in DECEDENT's situation would have been offended by the touching and offended by the unnecessary attack.

135.123.    The conduct of Officer DefendantsHOWARD was willful, wanton, malicious and done with reckless disregard for the rights of Decedent DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to each of the Officer DefendantsHOWARD.

136.124.    Plaintiffs E.L., B.L., Y.L. and Lori Meeks bring this claim individually and as successors of interest to Decedent, and seek both survival and wrongful death damages for the violation of both their rights and Decedent's rights.

137.125.    All plaintiffs seek attorney fees under this claim. Plaintiffs are claiming funeral and burial expenses and a loss of financial support.

138.126.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered and continues to suffer injuries and damages as set forth in the Damages section of this complaint.

# XIII.

## ~~EIGHTH~~ SEVENTH CAUSE OF ACTION

### Battery

### (Cal. Govt. Code § 815 and §820)

### (By URQUIJO against HOWARD, CHP, and STATE OF CALIFORNIA)

~~139.~~127.    Plaintiffs incorporate~~s~~ by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof as though fully set forth.

~~140.~~128.    The Defendant HOWARD, while working as a police officer for the CHP, and acting within the course and scope of their duties, intentionally attacked and shot DECEDENT repeatedly with department-issued AR-15, striking URQUIJO with glass and debris.

~~141.~~129.    Defendants intentionally, willfully and recklessly committed a battery on the person of URQUIJO, deliberately intending to cause severe injury to the person of URQUIJO.

~~142.~~130.    Defendants battered URQUIJO with the intent to harm or offend him by needlessly shooting at him.

~~143.~~131.    ~~DECEDENT~~ URQUIJO never consented to have HOWARD touch or attack him as described above.

~~144.~~132.    URQUIJO was harmed by HOWARD's conduct.

~~145.~~133.    The actions of the Defendants caused the ~~DECEDENT~~ URQUIJO severe pain and suffering. The Defendants did not have legal justification for using

deadly force against the URQUIJO, and said use of deadly force against URQUIJO
was objectively unreasonable.

146.134.    A reasonable person in URQUIJO situation would have been offended
by the touching and offended by the unnecessary attack.

147.135.    As a direct and proximate result of Defendants' conduct as alleged
above, URQUIJO has suffered and continues to suffer injuries and damages as set
forth in the Damages section of this complaint.

## XIV.

### NINTH EIGHTH CAUSE OF ACTION

**Negligent Infliction Of Emotion Distress**

**(Cal Govt Code §815.2 and Cal. Govt. Code § 820)**
**(By URQUIJO Against All Defendants)**

148.136.    Plaintiffs incorporated by reference herein all allegations set forth
above, by this reference incorporates the same herein and makes each a part herein
as though fully set forth.

149.137.    Defendant HOWARD breached their duty of care by using deadly
force  DECEDENT and URQUIJO. URQUIJO and DECEDENT sustained
physical and emotional injury by Defendants using excessive force without
provocation.

150.138.    Defendant HOWARD's conduct was negligent. URQUIJO is the
brother of DECEDENT.

THIRD FOURTH AMENDED COMPLAINT FOR DAMAGES

- 34 -

151.139.    Defendant HOWARD knew that shooting an unarmed and non-threatening individual would cause emotional harm. URQUIJO watched his brother surrender and observed HOWARD repeatedly shoot him.

152.140.    URQUIJO and DECEDENT did suffer emotional injury after being shot.

153.141.    CHP/STATE is vicariously liable for the wrongful acts of Defendants and DOES 4-10 pursuant to section 815.2(b) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## XV.
## DAMAGES

154.142.    Plaintiffs incorporates by reference herein all allegations set forth above, and by this reference incorporates the same herein and makes each a part hereof and though fully set forth.

155.143.    Plaintiffs VINSON-LOFTIN, TORRES, E.L., B.L., S.L., and MEEKS brings this claim action individually and as Successors in Interest to DECEDENT, and seeks both survival and wrongful death damages for violation of DECEDENT's rights.

156.144.    As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiffs have been deprived of the life-long love,

companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be deprived for the remainder of their natural ~~life~~lives.

~~157.~~145.    As a further proximate result of the above-described acts and omissions of Defendants, and each of them, Plaintiffs have been deprived of the financial support of DECEDENT, who died unmarried. Plaintiffs ~~was~~ were financially dependent on DECEDENT for the necessaries of life and as such, Plaintiffs will continue to incur the lifelong loss of DECEDENT's financial support in the future and for the remainder of ~~her~~ their natural ~~life~~lives, in an amount according to proof, and all to their financial detriment.

~~158.~~146.    In addition, Plaintiffs sustained the following injuries and damages, past and future including:

a.    Wrongful death of Raymond Loftin;

b.    Conscious extreme pain, suffering, fear of impending death, cruelty, humiliation, degradation, misery, and loss of personal safety;

c.    Hospital, paramedics, and mother medical expenses;

d.    Coroner's fees, funeral and burial expenses;

e.    Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

f.    Loss of financial support;

g.    Violation of constitutional rights;

h.      All damages, attorneys' fees, and penalties recoverable under 42 U.S.C. §(s)

1983 and 1988, and as otherwise allowed under California and United States statues,

code, and common law;

i.      Raymond Loftin's loss of life, pursuant to federal civil rights law; and

j.      Raymond Loftin's conscious pain and suffering, pursuant to federal civil

rights law.

k.      URQUIJO's physical and emotional harm.


## XVI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against all

Defendants, jointly and severally, as follows:

1.      For compensatory and exemplary damages in an amount according to proof

and which

        is fair, just and reasonable;

2.      For funeral and burial expenses, and loss of financial support;

3.      For general damages according to proof at the time of trial;

4.      For medical and related expenses according to proof at the time of trial;

5.      For punitive damages under 42 U.S.C. § 1983 and California law in an amount

according to proof and which is fair, just, and reasonable, against all Defendants in

their individual capacity

6.      For all other damages, penalties, costs, interest, and attorney fees as allowed

by 42 U.S.C § § 1983 and 1988; California Code of Civil Procedure sections 377.20

et. seq. 377.60 et seq., and 1021.5; California Civil Code sections 52 et seq 52.1, and

otherwise may be allowed by California and/or federal law;

7.    For reasonable costs of this suit and attorney's fees;

8.    For injunctive relief as the Court may deem just, proper, appropriate; and

9.    For such further other relief as the Court may deem just, proper, and appropriate.

Respectfully Submitted,

Dated: ~~5/18/2024~~June___, 2025

**LAW OFFICES OF JAMES S. TERRELL**

*/s/ James. S. Terrell*
*Attorney for Plaintiffs*

Dated: June ____ 2025 ~~5/18/2024~~

**LAW OFFICES OF SHARON J. BRUNNER**

*/s/ Sharon J. Brunner*
*Attorney for Plaintiffs*

Dated: June ____ 2025

**LAW OFFICES OF DALE K. GALIPO**

*/s/ Dale K. Galipo*
*Attorney for Plaintiffs*

# XVI.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.


Respectfully Submitted,

Dated: ~~5/18/2024~~June ___, 2025


### LAW OFFICES OF JAMES S. TERRELL

*/s/ James. S. Terrell*
*Attorney for Plaintiffs*

Dated: ~~5/18/2024~~June ___, 2025


### LAW OFFICES OF SHARON J. BRUNNER

*/s/ Sharon J. Brunner*
*Attorney for Plaintiffs*

Dated: June ___, 2025


### LAW OFFICES OF DALE K. GALIPO

*/s/ Dale K. Galipo*
*Attorney for Plaintiffs*