Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
Aleries Lau, Esq. (SBN 340709)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:    lroistacher@deangazzo.com
           ksullivan@deangazzo.com
           alau@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased.<br><br>           Plaintiffs,<br><br>  v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, and DOES 4-10, Inclusive.<br><br>           Defendants. | Case No.: 5:22-cv-02133-AH-DTB<br><br>**STIPULATION RE: CHP 268 AND TESTIMONY RELATED TO CHP 268**<br><br>Courtroom:  7D<br>Judge:      Anne Hwang<br>Magistrate: David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 05/26/2026 |

///

**IT IS STIPULATED** by and between Dale K. Galipo and Renee V. Masongsong of the Law Offices of Dale K. Galipo, James S. Terrell of the Law Offices of James S. Terrell, Sharon J. Brunner of the Law Office of Sharon J. Brunner, all counsels of record for plaintiffs; David Klehm and Haiyang A. Li, counsel for defendants, State of California (by and through the California Highway Patrol), CHP Officer Nicholas Mercado and CHP Officer Sergio Vasquez; and Lee H. Roistacher and Kimberly A. Sullivan, counsel for defendant, CHP Sergeant Daniel Howard, as follows:

**WHEREAS**, on November 7, 2023, defendants State of California (by and through the California Highway Patrol), CHP Officer Nicholas Mercado and CHP Officer Sergio Vasquez (collectively hereinafter "CHP") inadvertently produced CHP 268, a 10-page document, entitled "Risk Management Potential Civil Litigation Report" ("CHP 268"), to plaintiffs' counsel as part of their initial disclosures;

**WHEREAS**, CHP 268 is a confidential document prepared in anticipation of litigation and contains legally privileged information;

**WHEREAS**, CHP 268 states "Confidential – Attorney/Client Privileged Communication" in bold and in capital letters on pages 1, 2, 8 and 9 along with the following paragraph: "This confidential document was prepared in anticipation of litigation and contains legally privileged information. It is solely for the use of the intended recipients. If you received this document in error, you are advised that any review, disclosure, copying, distribution, or the taking of any action in reliance upon the communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privilege as to this communication or otherwise. If you have received this document in error, immediately contact the sender and destroy all copies of this communication";

**WHEREAS**, on May 5, 2025, plaintiffs' counsel took the deposition of defendant Daniel Howard;

2

Case No. 5:22-cv-02133-AH-DTB

**WHEREAS**, on May 5, 2025, plaintiffs' counsel asked defendant Howard several questions about the information contained in CHP 268;

**WHEREAS**, defense counsel was not aware of the inadvertent disclosure of CHP 268 until defendant Howard was asked questions about it during his deposition on May 5, 2025;

**WHEREAS**, on May 7, 2025, May 16, 2025, May 21, 2025, May 30, 2025 and June 6, 2025, the parties met and conferred in writing, over zoom and in person regarding the inadvertent disclosure of CHP 268 and testimony of defendant Howard about CHP 268;

All parties hereby **STIPULATE and AGREE** that:

1. Plaintiffs' counsel (including all attorneys and staff affiliated with plaintiffs' attorneys of record) will destroy all copies of CHP 268 and/or delete all electronic copies of CHP 268 that are within their possession and in the possession of any consultants, experts, and/or vendors;

2. Plaintiffs' counsel will confirm in writing that all copies of CHP 268 were destroyed and/or deleted within seven days of executing this stipulation by sending an email or letter to all defense counsel stating such;

3. The inadvertent disclosure of CHP 268 does not function as a waiver of the attorney-client or work-product privilege;

4. CHP 268 will not be used as evidence or otherwise referenced or referred to in any way throughout the remainder of the litigation or at trial;

5. The following portions of Howard's deposition testimony is struck from his deposition transcript and will not be used as evidence or otherwise referenced or referred to in any way throughout the remainder of the litigation or at trial:

   65:16-67:20

   67:25-69:21

   70:1-20

   71:4-20

1    74:6-75:3

2    76:1-78:8

3        Despite several meet and confer efforts, the parties were unable to reach an agreement regarding Howard's testimony from 67:21-67:24 and 70:21-71:3. Defendants' position is that questions and responses contained in Howard's transcript from 67:21-67:24 and 70:21 - 71:3 should also be struck as they derive from the language of CHP form 268. Plaintiffs do not agree. As such, defendants will seek court intervention by moving to strike and/or exclude those questions and responses at a subsequent time. All parties agree that this stipulation does not prevent defendants from moving to strike and/or exclude the questions and responses contained in Howard's transcript from 67:21-67:24 and 70:21-71:3 at a subsequent time. Plaintiffs' position is that the questions and responses contained in Howard's transcript from 67:21-67:24 and 70:21-71:3 do not relate to CHP form 268, and nothing in this stipulation prevents Plaintiffs from proffering any portions of Howard's deposition testimony in the presentation of this case, other than those portions identified in paragraph 5 of this stipulation.

Dated: July 17, 2025                         Law Offices of Dale K. Galipo

                                            By:  /s/ Renee V. Masongsong
                                            Dale K. Galipo, Esq.
                                            Renee V. Masongsong
                                            Attorneys for Plaintiffs
                                            Email: dalekgalipo@yahoo.com
                                            rvalentine@galipolaw.com

Dated: July 17, 2025                         Law Offices of James S. Terrell

                                            By: /s/ James S. Terrell
                                            James S. Terrell
                                            Attorneys for Plaintiffs
                                            Email: jim@talktoterrell.com

| | |
|---|---|
| Dated: July 17, 2025 | Law Office of Sharon J. Brunner |
| | By: */s/ Sharon J. Brunner* |
| | Sharon J. Brunner |
| | Attorneys for Plaintiffs |
| | Email: sharonjbrunner@yahoo.com |
| | |
| Dated: July 17, 2025 | Dean Gazzo Roistacher LLP |
| | By: */s/ Kimberly A. Sullivan* |
| | Lee H. Roistacher |
| | Kimberly A. Sullivan |
| | Aleries Lau |
| | Attorneys for Defendant |
| | Sergeant Daniel Howard |
| | Email: lroistacher@deangazzo.com |
| | ksullivan@deangazzo.com |
| | alau@deangazzo.com |
| | |
| Dated: July 17, 2025 | Rob Bonta |
| | Attorney General of California |
| | Elizabeth S. Angres |
| | Supervising Deputy Attorney General |
| | By: */s/ Haiyang A. Li* |
| | David Klehm |
| | Haiyang A. Li |
| | Attorneys for Defendants State of California (by and through the California Highway Patrol), CHP Officer Nicholas Mercado and CHP Officer Sergio Vasquez |
| | Email: David.Klehm@doj.ca.gov |
| | Haiyang.Li@doj.ca.gov |

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for all parties and that I have obtained Plaintiffs' counsel's authorization to affix his electronic signature to this document.

Dated: July 17, 2025         */s/ Kimberly A. Sullivan*
                             Kimberly A. Sullivan