UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER URQUIJO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 5:22-cv-02133-AH (DTBx) <br><br> **ORDER DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL NON-PARTY COMPLIANCE WITH SUBPOENA** |

On June 10, 2025, Defendant Sergeant Daniel Howard ("Howard") filed a Motion to Compel Non-Party Compliance with Subpoena ("Motion"), along with the supporting Declaration of Lee H. Roistacher ("Roistacher Decl."). (Docket No. 127). On June 18, 2025, Plaintiffs filed an Opposition to the Motion, along with the supporting Declaration of Dale K. Galipo ("Galipo Decl."). (Docket No. 129). Defendant filed his Reply on June 26, 2025. (Docket No. 130).

/ / /

/ / /

1

On April 9, 2025, Howard issued a subpoena under Federal Rule of Civil Procedure 45 to Cedar Care for decedent Raymond Loftin's treatment records. Exhibit 3 to Roistacher Declaration. As noted by Howard, Plaintiffs did not object to the subpoena, file a motion to quash the subpoena or a motion for a protective order. Roistacher Declaration, ¶ 5. Non-Party Cedar Care objected to complying with the subpoena but stated it would comply and produce the records once the Court enters the "good cause" order required under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 290dd-2(a) & -2(b)(2)(C);42 C.F.R. § 2.63(a)(3). Roistacher Declaration, ¶ 6.

Howard seeks an order compelling disclosure of the records from Cedar Care to produce decedent Raymond Loftin's substance abuse treatment records. Cedar Care is not currently represented by counsel and has met and conferred with counsel for Howard and has indicated it will comply once the Court issues the necessary order under HIPPA. See Roistacher Declaration, ¶ 6.

Plaintiffs oppose Howard's Motion contending that the disclosure of decedent Raymond Loftin's Cedar House records would be a violation of HIPAA, 42 U.S.C. § 299b-2, 45 C.F.R. §§ 164.502(a)(1), the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, and Decedent's California constitutional right to privacy concerning medical information under Cal. Cost. art I, § 1. Plaintiffs contend that these records are deemed confidential by federal regulations and are beyond the scope of Federal Rule of Civil Procedure 26. Plaintiffs further contend that decedent Raymond Loftin's substance abuse treatment are irrelevant and more prejudicial than probative under Federal Rule of Evidence Codes 401, 402, 403.

Prior to ruling on the Motion, on June 26, 2025, the Court received from Cedar House decedent Raymond Loftin's substance abuse records. As such, the Court hereby DENIES the Motion as moot. The Court hereby ORDERS the documents produced subject to the Protective Order on file herein. (Docket No. 118). The

parties may contact the Courtroom Deputy at DTB_Chambers@CACD.uscourts.gov to arrange to pick up of the documents.

Dated: July 18, 2025

_____
DAVID T. BRISTOW
United States Magistrate Judge