Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased; TYLER VINSON-LOFTIN and RAYMOND ALGARIN TORRES, in each case as successor in interest to Raymond Loftin, deceased<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA and DANIEL HOWARD<br><br>Defendants. | Case No.: 5:22-cv-02133-AH-DTB<br><br>**STIPULATION RE: PLAINTIFFS' CLAIMS**<br><br>Courtroom: 7D<br>Judge:   Anne Hwang<br>Magistrate:   David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 05/26/2026 |

///

///

///

1

COME NOW, Plaintiffs (Christopher Urquijo, individually; Lori Meeks, individually and as successor-in-interest to Raymond Loftin, deceased; Tyler Vinson-Loftin, as successor-in-interest to Raymond Loftin, deceased; Raymond Algarin Torres, as successor-in-interest to Raymond Loftin, deceased; Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor-in-interest to Raymond Loftin, deceased; E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor-in-interest to Raymond Loftin, deceased; B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased) and Defendants (State of California and Sergeant Daniel Howard) ("the Parties"). The Parties, through counsel, hereby stipulate as follows:

1. WHEREAS, pursuant to a stipulation, Plaintiffs filed a fourth amended complaint ("4AC") on July 8, 2025. (Doc 132, 134).

2. WHEREAS, following Plaintiffs' filing of the 4AC, counsel for the Parties have extensively met and conferred regarding Defendants' response to the 4AC as required by Local Rule 7-3 on the following issues raised by Defendants: (1) the allegations asserted by all Plaintiffs in support of their Fourth Amendment cause of action; (2) Plaintiffs' Tyler Vinson-Loftin and Raymond Algarin Torres' failure to present government claims in their own names prior to asserting state law causes of action; and (3) the sufficiency of allegations to support a Fourteenth Amendment loss of familial association cause of action for Plaintiffs Tyler Vinson-Loftin and Raymond Algarin Torres.

3. With respect to the first issue raised in the "meet and confer," Plaintiffs hereby clarify their allegations in support of their Fourth Amendment cause of action:

    a. Plaintiffs incorporate the facts alleged in the 4AC, and briefly recite and clarify as follows: On June 22, 2021, at approximately

1:10 a.m. on that date, Defendant Daniel Howard, while acting under color of law and in the course and scope of his employment with the State of California, by and through its California Highway Patrol, fired lethal shots in the direction of Raymond Loftin ("the decedent") and Christopher Urquijo, both of whom occupied the cab of a truck on the I-10 freeway at the time of the shooting. Howard fired the shots with the intent to shoot the decedent and stop the truck. The decedent was struck by gunshots, and Christopher Urquijo was struck by debris from the shooting. At the time of the shooting, both Christopher Urquijo and the decedent were unarmed and posed no immediate threat of death or serious bodily injury to any person. Therefore, the seizure and the shooting were excessive and unreasonable and violated Defendant Howard's police training and standard police training.

b. Defendant Howard's shooting on June 22, 2021, deprived the decedent of his right to be secure in his person against excessive force as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. As a direct and proximate result of Defendant Howard's shooting, the decedent endured pre-death pain and suffering and ultimately died from his injuries, suffering a loss of life and loss of enjoyment of life.

c. Plaintiffs Lori Meeks, Tyler Vinson-Loftin, Raymond Algarin Torres, Y.L., by through his guardian ad litem Sebrina Lucky, E.L., by through her guardian ad litem Sebrina Lucky, and B.L. by through his guardian ad litem Sebrina Lucky, bring this claim against Defendant Howard as successors in interest to Raymond Loftin, deceased ("the decedent") and seek survival damages for

the violation of the decedent's rights, including for the decedent's pre-death pain and suffering and loss of life.

    d. Defendant Howard's shooting on June 22, 2021, deprived Plaintiff Christopher Urquijo of his right to be secure in his person against excessive force as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Plaintiff Urquijo brings this claim individually against Defendant Howard. As a direct and proximate result of Defendant Howard's shooting, Plaintiff Urquijo suffered damages, including physical injuries, disfigurement, emotional and mental distress, humiliation, anguish, past and future medical expenses, and other economic expenses.

    e. The conduct of Defendant Howard was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff Christopher Urquijo and the decedent, therefore warranting the imposition of exemplary and punitive damages against Defendant Howard.

    f. All Plaintiffs seek attorneys' fees on this claim pursuant to 42 U.S.C. § 1988.

4. WHEREAS, following the Parties' "meet and confer" efforts, the Parties agree as follows:

    a. Plaintiffs have clarified the allegations in their Fourth Amendment claim as set forth above.

    b. Plaintiffs agree to dismiss Plaintiffs Tyler Vinson-Loftin and Raymond Algarin Torres from the state law causes of action (cause of action no. 3 in the 4AC, Violation of the Bane Act; cause of action no. 4 in the 4AC, Negligence, Wrongful Death; cause of

action no. 6 in the 4AC, Battery/Wrongful Death).

    c. Plaintiffs agree to dismiss Plaintiffs Tyler Vinson-Loftin and Raymond Algarin Torres from the second cause of action in the 4AC, Substantive Due Process under the Fourteenth Amendment.

    d. In light of the foregoing agreements and clarifications, Defendant Howard agrees that the issues raised during their "meet and confer" efforts have been resolved, and Defendant Howard will file an answer to Plaintiffs' 4AC within seven days of the court's entry of the proposed order filed concurrently herewith, subject to the agreements in the instant stipulation.

IT IS SO STIPULATED.

Dated: July 29, 2025                Dean Gazzo Roistacher LLP

By: *s/ Kimberly A. Sullivan*
    Lee H. Roistacher
    Kimberly A. Sullivan
    Aleries Lau
    Attorneys for Defendant
    Sergeant Daniel Howard

Dated: July 29, 2025                Law Offices of Dale Galipo

By: *s/ Renee V. Masongsong*
    Renee V Masongsong
    Attorneys for Plaintiffs

Dated: July 29, 2025                CAAG - Office of Attorney General

By: *s/ Haiyang Allen Li*
    Haiyang Allen Li
    David Klehm
    Attorney for Defendants, State of California, California Highway

Patrol  
Email: Allen.Li@doj.ca.gov  
David.Klehm@doj.ca.gov

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for all parties and that I have obtained all counsel's authorization to affix their electronic signatures to this document.

Dated: July 29, 2025                    */s/ Renee V. Masongsong*
                                        Renee V. Masongsong