Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
Aleries Lau, Esq. (SBN 340709)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:   lroistacher@deangazzo.com
          ksullivan@deangazzo.com
          alau@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased.<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, and DOES 4-10, Inclusive.<br><br>Defendants. | Case No.: 5:22-cv-02133-AH-DTB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DANIEL HOWARD'S MOTION TO COMPEL DEPOSITION OF DANIELLE LOFTIN AKA DANIELLE ALLEN**<br><br>**DISCOVERY MATTER**<br><br>Date:        September 4, 2025<br>Time:        10:00 a.m.<br>Courtroom:   4<br><br>Judge:       Anne Hwang<br>Magistrate:  David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 02/24/2026 |

## I.    INTRODUCTION

This case arises out of a fatal officer involved shooting ("OIS") on June 23, 2021. After a lengthy pursuit, California Highway Patrol Officer Daniel

1

Howard used deadly force on Raymond Loftin who died as a result. *See* Doc. 134, pp. 8-10. Loftin was with plaintiff Christopher Urquijo (his half-brother) at the time of the OIS.

Loftin's successors in interest and heirs bring various federal constitutional and state law claims against Howard (and others) seeking, respectively, "survivor" damages on Loftin's behalf and their own personally incurred "wrongful death" damages caused by Loftin's death. Doc. 134, ¶¶ 7-10.

Under both 42 U.S.C. § 1983 and California law, Loftin's heirs are entitled to recover damages for impairment of their relationship with Loftin. Manual of Model Civil Jury Instructions 9.32; Judicial Council of California Civil Jury Instructions 3921 & 3922; *Corder v. Corder*, 41 Cal. 4th 644, 661 (2007); *Soto v. BorgWarner Morse TEC Inc.*, 239 Cal. App. 4th 165, 201 (2015).

Under § 1983, Loftin's successors in interest are entitled to recover damages on his behalf for his "loss of life." Ninth Circuit's Model Civil Jury Instruction 5.2; *Valenzuela v. City of Anaheim*, 6 F.4th 1098, 1101-03 (9th Cir. 2021).

Central to damages for impairment of the relationship with Loftin is the quality and nature of the relationship between Loftin and his heirs. Central to Loftin's "loss of life" damages is the quality of Loftin's life. Relevant to both is Loftin's life expectancy.

Loftin and Danielle Loftin aka Danielle Allen ("Allen") eloped in Las Vegas just days before his death. She was named as a nominal defendant, as she allegedly refused to participate in the litigation, and was subsequently dismissed. Allen is not represented. Local Rules, Rule 45 does not require an informal conference with the magistrate before filing a discovery motion for a third party who is not represented by counsel.

Howard believes that Allen has knowledge of Loftin's history of drug use and addiction, his relationship with his heirs, the events that transpired in the

week leading up to the OIS and his mental state. Additionally, Howard would like to confirm that Allen refused to participate in the lawsuit. As such, defendant Howard personally served Allen with a notice and subpoena for deposition.

Allen did not appear for her duly noticed deposition on two separate occasions.

There is no dispute between the parties whether Allen is required to appear for her deposition. No party has filed objections and no party has filed a motion to quash.

Given that Allen failed to appear twice for her deposition, despite being properly noticed and served, Howard now seeks an order compelling her deposition with an admonishment that if she fails to appear again, she will be held in contempt of court.

## II.     STATEMENT OF FACTS

Loftin has a history of drug use and addiction and has been treated at Cedar Care Life Change Center and Aurora Charter Oak Behavioral Health Care. Sullivan Declaration ¶ 2.

Loftin was discharged from Aurora Charter Oak on Wednesday, June 16, 2021 (a week before the OIS). Sullivan Declaration ¶ 3. Records from Aurora Charter Oak document that about 10 days before the incident, Loftin had been suicidal for the past two weeks, was homeless, was using methamphetamine on a daily basis and was diagnosed with major depressive disorder. *Id.* Those records further document that Loftin voluntarily checked himself into Aurora Charter Oak because of his suicidal ideations and plan. *Id.* Additionally, he was experiencing auditory hallucinations and paranoid delusions. *Id.* Discharge records from Aurora Charter Oak document that Loftin was encouraged to stay away from using illicit drugs which could exacerbate his symptoms. *Id.* Notwithstanding, Loftin was under the influence of methamphetamine at the time of the OIS.  Sullivan Declaration ¶ 4; Ex. 2 at p. 123:13 – 124:3.

On Friday, June 18, 2021 or Saturday, June 19, 2021, plaintiff Lori Meeks (Loftin and Urquijo's mother) left her house in Glendora late in the evening, picked up Urquijo, Loftin and Allen and traveled to Las Vegas, arriving around 1:00 or 2:00 a.m. Ex. 1, pp. 58:24 – 59:9, 59:18 – 60:8, 60:24 – 61:23, 62:21 – 63:8; Ex. 2, p. 36:8:-13. While in Vegas, and just days before Loftin's death, Allen and Loftin eloped at a chapel. Ex. 1, pp. 57:23 – 58:6, 64:2-6, 65:12-16; Ex. 2, p. 34:8-25. Allen had a boyfriend at the time they eloped and Loftin was in love with someone else. Ex. 1, pp. 57:23 – 58:6, 65:19-24, 189:24 – 190:7. Meeks did not know whether Loftin used any drugs during the Vegas trip. Ex. 1, p. 63:15 – 64:1.

Meeks, Urquijo, Loftin and Allen stayed in Vegas all day. Ex. 1, pp. 58:24 – 59:9, 59:18 – 60:8, 60:24 – 61:23, 62:21 – 63:8. Later in the afternoon they left to travel back to California. *Id.* Meeks dropped Loftin and Allen off at a hotel off I-15 in Hesperia on either June 19 or 20, 2021. Ex. 1, p. 170:5-19

Urquijo was with Loftin on June 19 and 20, 2021 at a hotel where they were doing methamphetamine and partying with girls. Ex. 3, p. 50:16 – 51:11, 65:18-23.

Allen was personally served with a deposition notice and subpoena on June 11, 2025 for deposition set on July 2, 2025. Ex. 5. Allen did not appear at her deposition. Ex. 6. Counsel took a notice of non-appearance. *Id.* On July 3, 2025, counsel for Howard spoke with Allen and she agreed to appear for deposition on July 22, 2025 at 1:30 p.m. Sullivan Decl. ¶ 10. The date and time were selected by Allen. *Id.* Allen agreed to accept service of an amended notice and deposition subpoena for July 22, 2025 via email and provided her email address to counsel. *Id.*; Ex. 6. Allen was served with the amended notice and deposition subpoena on July 7, 2025. Ex. 7.

Allen failed to appear for a second time for her deposition on July 22, 2025. Ex. 8. Counsel took another notice of non-appearance. *Id.*

Counsel for Howard has tried contacting Allen by phone, email and text to reschedule her deposition but has not heard back. Sullivan Declaration ¶ 13.

Counsel for the other parties have not objected to Allen's deposition or filed a motion to quash. Sullivan Declaration ¶ 14.

### III. ARGUMENT

Any party may notice the deposition of a non-party without leave of court pursuant to a subpoena. Fed. Rul. of Civ. Proc. Rules 30(a), 45. Pursuant to Federal Rules of Civil Procedure, Rule 37, a party may move for an order compelling disclosure or discovery, including appearance at a deposition. Pursuant to Federal Rules of Civil Procedure, Rule 45(g), the Court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Allen has relevant information about the events that transpired in Vegas and whether she was with Loftin and Urquijo at a hotel just days before the OIS. Exs 1-3. Howard expects that Allen would have knowledge of Loftin's drug use and mental status in the days leading up to the OIS and possibly even on the date of the OIS. *See id*. Howard would like an opportunity to confirm that Allen does not want to participate in the lawsuit.

Despite being properly noticed and served, Allen disobeyed court orders by not appearing for deposition on two separate occasions. Exs. 4-8; Sullivan Declaration ¶ 10, 13. She is not responding to communications from counsel to try to reschedule. Sullivan Declaration ¶ 13. As such, Howard has no other option than to seek an order compelling her deposition.

///

///

///

///

///

## IV. CONCLUSION

Defendant Howard respectfully requests that this Court issue an order requiring Allen to appear for a deposition at a mutually agreeable time and date in the next 30 days and failure to do so may result in her being held in contempt.

Dated: August 1, 2025

Dean Gazzo Roistacher LLP

By: /s/ *Kimberly A. Sullivan*
Lee H. Roistacher
Kimberly A. Sullivan
Aleries Lau
Attorneys for Defendant
Sergeant Daniel Howard
Email: lroistacher@deangazzo.com
ksullivan@deangazzo.com
alau@deangazzo.com