# EXHIBIT 4

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Christopher Urquijo, et al.<br>*Plaintiff*<br>v.<br>State of California, et al.<br>*Defendant* | ) | Civil Action No. 5:22-cv-02133-AH-DTB |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Danielle Loftin

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Remote Deposition | July 2, 2025 @ 10:00 A.M. |

The deposition will be recorded by this method: ______________________

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see attached document request.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/11/2025

*CLERK OF COURT*

OR

_______________________ Kimberly A. Sullivan

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sergeant Daniel Howard, who issues or requests this subpoena, are:

Kimberly A. Sullivan, Esq. - Dean Gazzo Roistacher LLP - ksullivan@deangazzo.com - (858)380-4683

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:22-cv-02133-AH-DTB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1. DOCUMENTS" means any item or thing produced by "writing" as that term is defined in Federal Rule of Procedure, 34(a)(1)(A), and includes, but is not limited to any writings, drawings, drafts, work papers, charts, plans, specifications, blueprints, notes, memoranda, photographs, computer printouts, microfilm, microfiche, computer tapes, tape recordings and correspondence.

2. "COMMUNICATIONS" refers to any writing (texts, emails, social media posts, social media communications, letters, etc.) including but not limited to the original and all copies of handwriting, typewriting, printing, photostating, and any other means of recording upon any tangible thing, including computer memory, disks, and records, and any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof.

3. "ESI" shall mean electronically stored information, as that term is defined in California Code of Civil Procedure section 2016.020(e) and Federal Rule of Civil Procedure 34(a), and includes, without limitation, e-mails, word-processing documents, spreadsheets, databases, text files, text messages, instant messages, SMS or MMS messages, audio recordings, video recordings, videos, photographs, and any other information, records, data, or compilations stored in any medium from which information can be obtained either directly or after translation into a reasonably usable form.

## REQUESTS FOR DOCUMENTS

1. Any and all DOCUMENTS and ESI related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

2. Any and all notes that you prepared or wrote related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the

subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

3. Any and all COMMUNICATIONS and ESI related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

4. Any and all interviews or statements (whether formal or informal) that you gave related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

5. Any and all interviews or statements (whether formal or informal) that you took related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

6. Any and all DOCUMENTS, COMMUICATIONS and ESI related to Raymond James Loftin.

7. Any and all DOCUMENTS, COMMUICATIONS and ESI related to your marriage to Raymond James Loftin).

8. Any and all DOCUMENTS, COMMUICATIONS and ESI related to your trip to Las Vegas with Raymond James Loftin in 2021.

9. Any and all DOCUMENTS, COMMUICATIONS and ESI related any trips you went on with Raymond James Loftin in 2021.

10. All COMMUNICATIONS with Raymond James Loftin.

11. All COMMUNICATIONS with Christopher Urquijo.

12. All COMMUNICATIONS with Lori Meeks.

Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
Aleries Lau, Esq. (SBN 340709)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail: lroistacher@deangazzo.com
ksullivan@deangazzo.com
alau@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTOPHER URQUIJO, individually, LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased, Y.L. by and through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, E.L. by and through her guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased, and B.L. by through his guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased.

Plaintiffs,

v.

STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, OFFICER NICHOLAS MERCADO, OFFICER SERGIO VASQUEZ, and DOES 4-10, Inclusive.

Defendants.

Case No.: 5:22-cv-02133-AH-DTB

**NOTICE OF TAKING DEPOSITION OF DANIELLE LOFTIN AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Courtroom: 7D
Judge: Anne Hwang
Magistrate: David T. Bristow

Complaint Filed: 11/30/2022
Trial Date: 02/24/2026

///

///

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Civil Procedure Rule 30 et seq., defendant Sergeant Daniel Howard will take the oral and videotaped deposition of the below listed deponent, using remote deposition technology, as follows:

**DATE:** **JULY 2 , 2025**

**TIME:** **10:00 A.M.**

**DEPONENT:** **DANIELLE LOFTIN**

**LOCATION:** **REMOTE DEPOSITION TECHNOLOGY**

**PLEASE TAKE NOTICE** that the court reporter may conduct the deposition from a remote location as if the reporter was physically present in the room with the deponent. Defendant also reserves the right to record the testimony through the instant visual display of testimony (commonly referred to as "Realtime"), or by audio or video technology, including videotape and cloud-based technology.

This remote deposition will be conducted via Zoom. In order to be properly prepared for the remote deposition, please download Zoom prior to the deposition at the link below:

https://zoom.us/j/94577618108?pwd=HArBma0mXMKawUPhZcRf7UlYXCNhUO.1

**Meeting ID: 94577618108**

**Passcode: 860238**

The deponent and the representing attorney attending the deposition from remote locations are required to appear in front of a computer with a webcam that is able to produce a full frontal image of the deponent's and attorney's faces and upper bodies with good lighting, clear sound, and a reliable and steady internet connections that permit continuous and uninterrupted electronic transmission. If the deponent and the representing attorney are attending remotely from the same

physical location, the deponent and the attorney must have separate computers and webcams so that each person's face and upper body can be seen fully and separately.

This deposition will be taken by stenographic means before an officer authorized to administer oaths. Pursuant to Federal Rules of Civil Procedure Section 30(b)(3)(B), defendant will undertake additional means to videotape the deposition of the deponent, on the date and time listed herein or at any other date and time if changed. Defendants reserve the right to use at trial the videotaped deposition of the deponent. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.

**NOTICE IS FURTHER GIVEN** that pursuant to Federal Rules of Civil Procedure Rule 45 et seq., the above-named deponent is required to bring to the deposition the following writings.

## DEFINITIONS

1. DOCUMENTS" means any item or thing produced by "writing" as that term is defined in Federal Rule of Procedure, 34(a)(1)(A), and includes, but is not limited to any writings, drawings, drafts, work papers, charts, plans, specifications, blueprints, notes, memoranda, photographs, computer printouts, microfilm, microfiche, computer tapes, tape recordings and correspondence.

2. "COMMUNICATIONS" refers to any writing (texts, emails, social media posts, social media communications, letters, etc.) including but not limited to the original and all copies of handwriting, typewriting, printing, photostating, and any other means of recording upon any tangible thing, including computer memory, disks, and records, and any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof.

3. "ESI" shall mean electronically stored information, as that term is defined in California Code of Civil Procedure section 2016.020(e) and Federal

Rule of Civil Procedure 34(a), and includes, without limitation, e-mails, word-processing documents, spreadsheets, databases, text files, text messages, instant messages, SMS or MMS messages, audio recordings, video recordings, videos, photographs, and any other information, records, data, or compilations stored in any medium from which information can be obtained either directly or after translation into a reasonably usable form.

**REQUESTS FOR DOCUMENTS**

1. Any and all DOCUMENTS and ESI related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

2. Any and all notes that you prepared or wrote related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

3. Any and all COMMUNICATIONS and ESI related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

4. Any and all interviews or statements (whether formal or informal) that you gave related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

5. Any and all interviews or statements (whether formal or informal) that you took related to the incident on June 22 - 23, 2021 involving the theft of a Peterbilt flatbed big rig truck and the subsequent chase of that vehicle from 2718 South Iowa Street (Shell gas station) to Interstate 10 in San Bernardino County.

///

6. Any and all DOCUMENTS, COMMUICATIONS and ESI related to Raymond James Loftin.

7. Any and all DOCUMENTS, COMMUICATIONS and ESI related to your marriage to Raymond James Loftin).

8. Any and all DOCUMENTS, COMMUICATIONS and ESI related to your trip to Las Vegas with Raymond James Loftin in 2021.

9. Any and all DOCUMENTS, COMMUICATIONS and ESI related any trips you went on with Raymond James Loftin in 2021.

10. All COMMUNICATIONS with Raymond James Loftin.

11. All COMMUNICATIONS with Christopher Urquijo.

12. All COMMUNICATIONS with Lori Meeks.

If for any reason the taking of this deposition is not completed on the above date, the taking of the deposition will be continued from day to day, excluding Sundays and holidays, until completed.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

Dated: June 11, 2025 Dean Gazzo Roistacher LLP

By: /s/ *Kimberly A. Sullivan*
Lee H. Roistacher
Kimberly A. Sullivan
Aleries Lau
Attorneys for Defendant
Sergeant Daniel Howard

Civil Action No. **5:22-cv-02133-AH-DTBx**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Danielle Loftin** *on (date)* **June 11, 2025**

☑ I served the subpoena by delivering a copy to the named person as follows: **9901 Jay St , Adelanto, CA 92301-2332** on *(date)* **6/12/2025 at 1:37 PM** ;or

☐ I returned the subpoena unexecuted because; ______

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

**$40.00**

My fees are $ .00 for travel and $ 188.40 for services, for a total of $ 188.40

I declare under penalty of perjury that this information is true.

Date: 6-13-2025

[signature]
*Server's signature*

**Oscar Sanchez, Jr.**
*Printed name and title*

**Nationwide Legal, LLC**
**101 W. Broadway Suite 550,**
**San Diego, CA 92101**
**(619) 232-7500**
*Server's Address*

Additional information regarding attempted service, etc.:

PHYSICAL DESCRIPTION: Age: 31-35 Weight: 181-200 Lbs Hair: Black Sex: Female Height: 5'7 - 6'0 Eyes: Brown Skin: Caucasian

AO88A-SD226543