1  ROB BONTA
   Attorney General of California
2  ELIZABETH S. ANGRES
   Supervising Deputy Attorney General
3  HAIYANG ALLEN LI
   Deputy Attorney General
4  State Bar No. 288063
    300 South Spring Street, Suite 1702
5   Los Angeles, CA 90013
    Telephone: (213) 269-6404
6   Fax:       (916) 731-2120
    E-mail: Allen.Li@doj.ca.gov
7  *Attorneys for Defendant State of
   California (by and through the California
8  Highway Patrol)*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually; LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased; Y.L., B.L., and E.L., in each case by and through their guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased; TYLER VINSON-LOFTIN, individually and as successor in interest to Raymond Loftin, deceased; and RAYMOND ALGARIN TORRES, individually and as successor in interest to Raymond Loftin, deceased<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, AND DOES 4-10, Inclusive, and Danielle Loftin, a nominal Defendant<br><br>Defendants. | Case No.: 5:22-cv-02133-AH-DTBx<br><br>**ANSWER BY DEFENDANT STATE OF CALIFORNIA (BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL) TO FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Courtroom: 9C<br>Judge: Anne Hwang<br>Magistrate Judge: David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 05/26/2026 |

Defendant State of California (by and through the California Highway Patrol) answers plaintiffs' Fourth Amended Complaint [4AC], as follows:

1. Answering Paragraphs 1-2: Admit this Court has jurisdiction and venue is proper. Deny all other factual allegations.

2. Answering Paragraph 3: Deny all factual allegations.

3. Answering Paragraphs 4-12: Deny all factual allegations based on a lack of sufficient information or belief to admit or deny.

4. Answering Paragraph 13: Admit.

5. Answering Paragraph 14: Admit as to Defendant State of California being a public entity; deny all other factual allegations based on a lack of sufficient information or belief to admit or deny.

6. Answering Paragraph 15: Admit.

7. Answering Paragraphs 16-19: Deny all factual allegations based on a lack of sufficient information or belief to admit or deny.

8. Answering Paragraph 20: Deny.

9. Answering Paragraph 21: Deny all factual allegations based on a lack of sufficient information or belief to admit or deny.

10. Answering Paragraph 22: Paragraph contains no factual allegations requiring an affirmative response.

11. Answering Paragraphs 23-25. Deny.

12. Answering Paragraph 26: Incorporate responses to paragraphs 1-25.

13. Answering Paragraph 27: Deny based on lack of sufficient information or belief to admit or deny.

14. Answering Paragraph 28: Deny "at approximately 2300 hours" for lack of sufficient information of belief to admit or deny. Admit remaining factual allegations.

///
///

15. Answering Paragraph 29: Deny "approximately 44 minutes later" for lack of sufficient information of belief to admit or deny. Admit remaining factual allegations.

16. Answering Paragraphs 30-36: Deny.

17. Answering Paragraph 37: Incorporate responses to paragraphs 1-36.

18. Answering Paragraph 38: Admit that Defendant Howard used deadly force. Deny all remaining factual allegations.

19. Answering Paragraph 39: Paragraph contains no factual allegations requiring an affirmative response.

20. Answering Paragraph 40: Deny.

21. Answering Paragraph 41: Admit.

22. Answering Paragraphs 42-45: Deny.

23. Answering Paragraph 46: Deny based on a lack of sufficient information or belief to admit or deny.

24. Answering Paragraph 47: Deny.

25. Answering Paragraph 48: Deny based on insufficient information or belief to admit or deny.

26. Answering Paragraphs 49-58: Deny.

27. Answering Paragraphs 59: Answering Paragraph 59: Paragraph contains no factual allegations requiring an affirmative response.

28. Answering Paragraph 60: Incorporate responses to paragraphs 1-59.

29. Answering Paragraphs 61-62: Paragraphs contain no factual allegations requiring an affirmative response.

30. Answering Paragraphs 63-65: Deny based on lack of sufficient information or belief to admit or deny.

31. Answering Paragraphs 66-67: Deny.

32. Answering Paragraph 68: Admit Defendant Howard was acting under color of law. Deny as to the remaining factual allegations.

33. Answering Paragraph 69: Deny as to the allegations regarding Does 4-10 based on lack of sufficient information or belief to admit or deny. Admit as to the remaining factual allegations.

34. Answering Paragraphs 70-72: Deny.

35. Answering Paragraph 73: incorporate responses to paragraphs 1-72.

36. Answering Paragraph 74: Paragraph contains no facts requiring an affirmative response.

37. Answering Paragraph 75: Deny.

38. Answering Paragraph 76: Admit that Defendant Howard was acting within course and scope of employment. Deny as to the remaining factual allegations.

39. Answering Paragraphs 77-85: Deny.

40. Answering Paragraphs 86-87: Paragraphs contain no facts requiring an affirmative response.

41. Answering Paragraphs 88-89: Deny all factual allegations. Remaining non-factual allegations require no affirmative response.

42. Answering Paragraph 90: Incorporate responses to paragraphs 1-89.

43. Answering Paragraph 91: Deny all factual allegations. Remaining non-factual allegations require no affirmative response.

44. Answering Paragraphs 92-93: Deny.

45. Answering Paragraphs 94-95: Paragraphs contain no factual allegations requiring an affirmative response.

46. Answering Paragraph 96: Deny.

47. Answering Paragraph 97: Paragraph contains no factual allegations requiring an affirmative response.

48. Answering Paragraphs 98-100: Deny.

49. Answering Paragraph 101: Incorporate responses to paragraphs 1-100.

///

50. Answering Paragraph 102: Deny all factual allegations. Remaining nonfactual allegations require no affirmative response.

51. Answering Paragraph 103-110: Deny.

52. Answering Paragraph 111: Paragraph contains no factual allegations requiring an affirmative response.

53. Answering Paragraph 112: Deny.

54. Answering Paragraph 113: incorporate responses to paragraphs 1-112.

55. Answering Paragraph 114-119: Deny.

56. Answering Paragraphs 120-121: Paragraphs contain no factual allegations requiring an affirmative response.

57. Answering Paragraphs 122-123: Deny.

58. Answering Paragraph 124: Deny that a violation of constitutional rights occurred. Remaining non-factual allegations require no affirmative response.

59. Answering Paragraph 125: Non-factual allegations require no affirmative response.

60. Answering Paragraph 126: Deny.

61. Answering Paragraph 127: Incorporate responses to paragraphs 1-126.

62. Answering Paragraphs 128-135: Deny.

63. Answering Paragraph 136: Incorporate responses to paragraphs 1-135.

64. Answering Paragraphs 137-140: Deny.

65. Answering Paragraph 141: Paragraph contains no factual allegations requiring an affirmative response.

66. Answering Paragraph 142: Incorporate responses to paragraphs 1-141.

67. Answering Paragraphs 143-146: Deny all factual allegations. Remaining non-factual allegations require no affirmative response.

///

///

///

# AFFIRMATIVE DEFENSES

**AS SEPARATE AND AFFIRMATIVE DEFENSES** to all causes of action in the 4AC, answering Defendant alleges as follows:

### AFFIRMATIVE DEFENSE NO. 1:

The 4AC and each cause of action are barred by the statute of limitations of California Code of Civil Procedure section 342 [relating to claims against public entities] and California Government Code sections 945.4, 945.6, 950.2, and 950.6.

### AFFIRMATIVE DEFENSE NO. 2:

The 4AC and each cause of action are barred by the two-year statute of limitations of California Code of Civil Procedure section 335.1.

### AFFIRMATIVE DEFENSE NO. 3:

There is no liability in that the acts alleged in the 4AC, if done at all, were done in the execution and enforcement of the law while exercising due care. Cal. Gov't Code, §§ 815.2, 820.4.

### AFFIRMATIVE DEFENSE NO. 4:

There is no imputed liability between public officers in actions under the Federal Civil Rights Act. There is no vicarious liability under the Federal Civil Rights Act.

### AFFIRMATIVE DEFENSE NO. 5:

Any and all alleged happenings and events, damages, and injuries, if any there were, were proximately caused and/or contributed to by the negligence or other wrongful conduct of Plaintiffs' decedent Raymond Loftin, Plaintiff Christopher Urquijo, and/or the remaining Plaintiffs, who failed to exercise ordinary and reasonable care for their own safety and welfare and for the safety and welfare of others at the times and places alleged in the 4AC. Such negligence or other wrongful conduct bars and/or reduces Plaintiffs' recovery (under both survivor and wrongful death theories) in proportion to the negligence and fault of Plaintiffs'

decedent Raymond Loftin, Plaintiff Christopher Urquijo, and/or the remaining Plaintiffs.

### **AFFIRMATIVE DEFENSE NO. 6:**

Any damages or injuries sustained by Plaintiffs' decedent Raymond Loftin, Plaintiff Christopher Urquijo, and/or the remaining Plaintiffs were proximately caused and/or contributed to by the negligence or other wrongful conduct of persons and entities other than the answering Defendant or its employees, in violation of the duty of such persons and entities to exercise ordinary and reasonable care for the safety of others. Defendant therefore alleges that any and all damages awarded herein should be apportioned between all responsible persons, entities, and parties pursuant to the doctrines of comparative negligence/fault, total indemnity, and partial indemnity.

### **AFFIRMATIVE DEFENSE NO. 7:**

Plaintiffs' decedent Raymond Loftin and Plaintiff Christopher Urquijo willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities alleged in the 4AC. Plaintiffs' action is therefore barred.

### **AFFIRMATIVE DEFENSE NO. 8:**

The 4AC and each cause of action are subject to the statutory limitation of California Civil Code sections 1431 through 1432, relating to joint and several liability for economic and noneconomic damages.

### **AFFIRMATIVE DEFENSE NO. 9:**

The damages alleged in the 4AC herein are subject to a set-off either partially or in full.

### **AFFIRMATIVE DEFENSE NO. 10:**

At all relevant times, Plaintiffs failed to mitigate injury and damages.

///
///

**AFFIRMATIVE DEFENSE NO. 11:**

The action is barred by the doctrines of laches and unreasonable delay in bringing this action.

**AFFIRMATIVE DEFENSE NO. 12:**

Any state law causes of action in the 4AC are barred by the failure to precede the action with a claim as required by California Government Code sections 945.4, 911.2, 905.2, and 950.2.

**AFFIRMATIVE DEFENSE NO. 13:**

If and to the extent that the allegations of any state law claims in the 4AC attempt to enlarge upon the facts and contentions set forth in the Government Claim(s), if any there was/were, said allegations fail to state a cause of action and are barred by California Government Code sections 905.2, 911.2, 945.4, and 950.2.

**AFFIRMATIVE DEFENSE NO. 14:**

To the extent that the 4AC attempts to predicate liability upon any public entity defendant or any agent or employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by California Government Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin*, 25 Cal. App. 3d 933, 935-936 (1972), reversed on other grounds by *Sullivan* v. *County of Los Angeles*, 12 Cal. 3d 710 (1974); by the lack of any duty running to any of the Plaintiffs or their decedent Raymond Loftin; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the 4AC.

**AFFIRMATIVE DEFENSE NO. 15:**

The detention or arrest, if any there was, alleged in the 4AC was regular and lawful and made in good faith by a peace officer or peace officers acting within the

course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

### AFFIRMATIVE DEFENSE NO. 16:

Only reasonable force and restraint were used in the incident alleged in the 4AC. There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2.

### AFFIRMATIVE DEFENSE NO. 17:

To the extent that any force was used in making the arrest or detention, if any there was, alleged in the 4AC, it was privileged and lawful as necessary to effect arrest or detention, to prevent escape, to overcome resistance, and to protect officers and civilians from serious bodily injuries or death.

### AFFIRMATIVE DEFENSE NO. 18:

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

### AFFIRMATIVE DEFENSE NO. 19:

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum. Cal. Gov't Code §§ 965-965.9.

### AFFIRMATIVE DEFENSE NO. 20:

Plaintiffs are not entitled to any prejudgment interest pursuant to California Civil Code Section 3291, since California Civil Code Section 3291 does not apply to a public entity or to a public employee acting within the scope of employment.

### AFFIRMATIVE DEFENSE NO. 21:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Cal. Gov't Code, §§ 815.2, 820.2.

///

**AFFIRMATIVE DEFENSE NO. 22:**

All individual CHP Officers, including but not limited to Sergeant Daniel Howard, are entitled to qualified immunity. Such defendant(s) acted, at all times herein relevant, in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity shields a government official from liability for monetary damages unless the plaintiff establishes "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)).

**AFFIRMATIVE DEFENSE NO. 23:**

Should the answering Defendant be found liable to Plaintiffs, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to Plaintiffs' and/or Plaintiffs' decedent Raymond Loftin's medical providers as full payment for the medical services rendered.

**AFFIRMATIVE DEFENSE NO. 24:**

The answering Defendant will be entitled to reasonable attorney fees and costs of suit upon prevailing within the meaning of 42 U.S.C. § 1988 and/or California Code of Civil Procedure section 1038.

**AFFIRMATIVE DEFENSE NO. 25:**

Defendant is not liable for injuries caused by acts or omissions of employees of the Defendant who are immune from liability. Cal. Gov. Code, § 815.2(b).

**AFFIRMATIVE DEFENSE NO. 26:**

Plaintiffs have failed to join a party required under Rule 19.

**AFFIRMATIVE DEFENSE NO. 27**

Plaintiffs lack standing.

**AFFIRMATIVE DEFENSE NO. 28**

Defendant currently lacks sufficient knowledge or information upon which to determine whether additional affirmative defenses may be available which have not yet been asserted in this answer, and therefore reserves the right to assert additional affirmative defenses upon subsequent discovery, investigation, and analysis.

**WHEREFORE**, Defendant prays that:

1. Judgment be rendered in favor of Defendant and against Plaintiffs;
2. Plaintiffs take nothing by the Fourth Amended Complaint;
3. Defendant be awarded attorneys' fees and costs of suit incurred herein; and
4. Defendant be awarded such other and further relief as the Court may deem necessary and proper.

///
///
///

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.1, Defendant hereby makes a demand for a jury trial on any issue triable of right by a jury.

Dated: August 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
ELIZABETH S. ANGRES
Supervising Deputy Attorney General

*/s/Haiyang Allen Li*

HAIYANG ALLEN LI
Deputy Attorney General
*Attorneys for Defendant State of California (by and through the California Highway Patrol)*

# CERTIFICATE OF SERVICE

Case Name: **Christopher Urquijo, et al. v. State of California, et al.**    No. **5:22-cv-02133-AH-DTBx**

I hereby certify that on August 8, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWER BY DEFENDANT STATE OF CALIFORNIA (BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL) TO FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on August 8, 2025, at Los Angeles, California.

Adriana Zagal
Declarant

*Adriana*
Signature

LA2023600905
67841492.docx