1  Dean Gazzo Roistacher LLP
   Lee H. Roistacher, Esq. (SBN 179619)
2  Kimberly A. Sullivan, Esq. (SBN 317857)
   Aleries Lau, Esq. (SBN 340709)
3  440 Stevens Avenue, Suite 100
   Solana Beach, CA 92075
4  Telephone: (858) 380-4683
   Facsimile: (858) 492-0486
5  E-mail:    lroistacher@deangazzo.com
              ksullivan@deangazzo.com
6              alau@deangazzo.com

7  Attorneys for Defendant
   Sergeant Daniel Howard

8
                    **UNITED STATES DISTRICT COURT**
9
                   **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | CHRISTOPHER URQUIJO, | Case No.: 5:22-cv-02133-AH-DTB |
   individually; LORI MEEKS,
12 individually and as successor in
   interest to Raymond Loftin, deceased;
13 Y.L., B.L., and E.L., in each case by
   and through their guardian ad litem
14 Sebrina Lucky, individually and as
   successor in
15 interest to Raymond Loftin, deceased;
   TYLER VINSON-LOFTIN,
16 individually and as successor in
   interest to Raymond Loftin, deceased;
17 and RAYMOND ALGARIN
   TORRES, individually and as
18 successor in interest to Raymond
   Loftin, deceased.

   Case No.: 5:22-cv-02133-AH-DTB

   **JOINT APPENDIX OF FACTS TO
   MOTION FOR SUMMARY
   JUDGMENT BY DEFENDANTS
   STATE OF CALIFORNIA BY AND
   THROUGH CALIFORNIA
   HIGHWAY PATROL AND
   SERGEANT DANIEL HOWARD**

   Date:        January 21, 2026
   Time:        1:30 p.m.
   Courtroom:   9C
   Judge:       Anne Hwang
   Magistrate:  David T. Bristow

   Complaint Filed: 11/30/2022
   Trial Date: 05/26/2026

19              Plaintiffs,

20          v.

21 STATE OF CALIFORNIA,
   CALIFORNIA HIGHWAY PATROL,
22 SERGEANT DANIEL HOWARD,
   DOES 4-10, Inclusive, and
23 DANIELLE LOFTIN, a nominal
   Defendant.

24              Defendants.

25

26

27 ///

28

                                1

**DEFENDANTS' FACTS**

| | FACT | SUPPORTING EVIDENCE | RESPONSE |
|---|---|---|---|
| 1. | On June 22, 2021, around 10:37 p.m. decedent Raymond Loftin ("Loftin") and his brother Christopher Urquijo ("Urquijo") climbed through the fence of CMC Rebar West and stole a 2008 Peterbilt 340, three-axle flatbed truck (the "Big Rig"). | Exh. 1: Urquijo Deposition, pp. 18:14-24; 108:22-25; 116:12-17; 128:20-25; 129:1-3; 184:8-12; 185:17-23; 186:10-18<br><br>Exh. 2: Urquijo transcribed statement, pp. 105:14-106:5<br><br>Exh. 30: Colton PD Call Detail Report AGO 000892<br><br>Exh. 34-36: Big Rig dashcam videos, AGO 000850 - 852<br><br>Exh. 37: Stolen Vehicle Report, AGO 000749-750 | <u>Objection</u>: Irrelevant as information unknown to Sgt. Howard at the time of the shooting. *See* Federal Rules of Evidence ("FRE") 401, 402; *Graham v. Connor*, 490 U.S. 386, 397 (1989) (excluding information unknown from the analysis of "whether the officers' actions [we]re 'objectionably reasonable'" given "the facts and circumstances confronting them.").<br><br>At the time of the shooting, Howard did not have any of the details of the circumstances under which the truck was stolen.<br><br>Ex. 58: Howard Depo. at 26:17-22. *See also* Ex. 64: Vasquez Depo. at 6:17-22.<br><br>Otherwise, undisputed. |
| 2. | Loftin was driving the Big Rig and Urquijo was a passenger when | Exh. 1: Urquijo Deposition, pp. 19:3-12; 134:20-135:1; | <u>Objection</u>: Not relevant as information unknown to Howard at |

| | | | |
|---|---|---|---|
| | they crashed through the gate of CMC Rebar West with the stolen Big Rig on the way out. | 136:11-17; 187:19-22<br><br>Exh. 36: Big Rig dashcam video, AGO 000852<br><br>Exh. 37: Stolen Vehicle Report, p. AGO 000749-750 | the time of the shooting. FRE 401, 402; *Graham*, 490 U.S. at 397.<br><br>At the time of the shooting, Howard did not have any of the details of the circumstances under which the truck was stolen.<br><br>Ex. 58: Howard Depo. at 26:17-22. *See also* Ex. 64: Vasquez Depo. at 6:17-22.<br><br>Otherwise, undisputed. |
| 3. | Prior to stealing the Big Rig, Loftin and Urquijo got high together by smoking "crystal meth." | Exh. 1: Urquijo Deposition, pp. 116:9-11; 122:2-13 - 123:1; 123:13-25; 124:2-11; 125:2-6; 127:8-10; 191:24-192:2<br><br>Exh. 2: Urquijo transcribed statement, pp.  19:23-20:10; 20:22-21:12; 22:1-15; 25:12-20; 26:18-27:3; 105:14-106:5 | <u>Objections</u>: Irrelevant as information unknown to Sgt. Howard at the time of the shooting. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397 (excluding information unknown from the analysis of "whether the officers' actions [we]re 'objectionably reasonable'" given "the facts and circumstances confronting them.").<br><br>Probative value is outweighed by the prejudicial effect. FRE 403. |

| | | | Prior to the shooting, Howard had no information that Loftin was under the influence of drugs or alcohol.<br><br>Ex. 58: Howard Depo. at 26:13-16. *See also* Ex. 63: Mercado Depo. at 20:20-22; Ex. 64: Vasquez Depo. at 7:5-8.<br><br>Otherwise, undisputed. |
|---|---|---|---|
| 4. | The Big Rig was 40 feet long, had ten wheels and weighed over 19,000 pounds. | Exh. 33: SBCSD Crime Report, p. 000103<br><br>Exh. 40: SBCSD Photos of Big Rig<br><br>Exh. 20: Blankenship Deposition, pp. 22:10-14 | <u>Objection</u>: Not relevant to the extent that this specific information was unknown to Howard at the time of the shooting. FRE 401, 402; *Graham*, 490 U.S. at 397.<br><br>Otherwise, undisputed. |
| 5. | At approximately 11:20 p.m. a CMC Rebar West representative reported the stolen Big Rig. | Exh. 37: Stolen Vehicle Report, p. AGO 000749-750 | Undisputed. |
| 6. | After Loftin and Urquijo crashed through the CMC Rebar West gate, they stopped in the stolen Big Rig for food from | Exh. 1: Urquijo Deposition, pp. 142:10-22; 193:14-16; 198:4-15; 201:20-25; 202:1-6; | <u>Objection</u>: Not relevant as information unknown to Howard at the time of the shooting. FRE 401, 402; *Graham*, 490 U.S. |

4

| | | | |
|---|---|---|---|
| | McDonalds. | Exh. 2: Urquijo transcribed statement, pp. 10:7-11 | at 397.<br><br>Probative value is outweighed by the prejudicial effect. FRE 403.<br><br>Otherwise, undisputed. |
| 7. | At approximately 11:44 p.m., Colton Police Department ("Colton PD") officers saw Loftin and Urquijo in the stolen Big Rig on Iowa Avenue just east of the interstate 215 ("I-215"). | Exh. 1: Urquijo Deposition, pp. 143:20-144:21;<br><br>Exh. 16: Castillo Deposition, pp. 39:2-7; 39:20-22;<br><br>Exh. 30: Colton PD Call Detail Report AGO 000892<br><br>Exh. 31: Colton PD Station Reports, AGO 000897 | Undisputed. |
| 8. | The Colton PD officers followed the stolen Big Rig while waiting for additional support. | Exh. 16: Castillo Deposition, pp. 43:11-16<br><br>Exh. 31: Colton PD Station Reports, AGO 000897 - 900 | Undisputed. |
| 9. | Loftin and Urquijo saw the Colton PD patrol vehicle following them. | Exh. 1: Urquijo Deposition, pp. 143:20-144:21<br><br>Exh. 2: Urquijo transcribed statement, pp. 9:16-24; 14:2-17 | Undisputed. |

5

| 10. | Rather than stopping, Loftin entered the I-215 driving in the wrong direction, against the flow of traffic. | Exh. 1: Urquijo Deposition, pp. 144:17-21; 146:3-147:6<br><br>Exh. 2: Urquijo transcribed statement, pp. 16:18-24; 17:15-24; 27:15-19; 67:22-68:1; 73:2-74:12<br><br>Exh. 30: Colton PD Call Detail Report AGO 000893 | Undisputed. |
| --- | --- | --- | --- |
| 11. | Loftin was on probation and mandatory supervision after being convicted on August 13, 2019, for receiving stolen property. | Exh. 39: SBC Superior Court records, pp. 000847-000856<br><br>Exh. 38: West Covina Police Report, p. AGO 000761<br><br>Exh. 2: Urquijo transcribed statement, pp. 46:22-47:8 | <u>Objections</u>: Irrelevant as information unknown to Howard at the time of the incident. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Probative value is outweighed by the prejudicial effect. FRE 403.<br><br>Prior to the shooting, Howard did not have any information as to whether any of the occupants of the truck had any documented criminal history before the date of the incident.<br><br>Ex. 58: Howard Depo. at 26:10-12. *See also* Ex. 63: Mercado Depo. at 20:14-19. |

6

| | | | Otherwise, undisputed. |
|---|---|---|---|
| 12. | Loftin had been arrested on March 21, 2021, for evading a peace officer, burglary, grand theft and resisting an officer and held in custody until he was released on April 23, 2021. | Exh. 38: West Covina Police Report, pp. AGO 000751 - 000761<br><br>Exh. 39: SBC Superior Court records, pp. 000873-000882 | <u>Objections</u>: Irrelevant as information unknown to Howard at the time of the incident. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Probative value is outweighed by the prejudicial effect. FRE 403.<br><br>Prior to the shooting, Howard did not have any information as to whether any of the occupants of the truck had any documented criminal history before the date of the incident.<br><br>Ex. 58: Howard Depo. at 26:10-12. *See also* Ex. 63: Mercado Depo. at 20:14-19.<br><br>Otherwise, undisputed. |
| 13. | Loftin had an upcoming court hearing on June 24, 2021. | Exh. 41: Aurora Charter Oaks Psychiatric Progress Note, p. AGO 000942<br><br>Exh. 2: Urquijo transcribed statement, pp. 62:12-21; 111:10- | <u>Objections</u>: Irrelevant as information unknown to Howard at the time of the incident. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. |

7

| | | | |
|---|---|---|---|
| | | 14; 111:22-25; 112:17-25 | Probative value is outweighed by the prejudicial effect. FRE 403.<br><br>Prior to the shooting, Howard did not have any information as to whether any of the occupants of the truck had any documented criminal history before the date of the incident.<br><br>Ex. 58: Howard Depo. at 26:10-12. *See also* Ex. 63: Mercado Depo. at 20:14-19.<br><br>Otherwise, undisputed. |
| 14. | The Colton PD officers did not follow Loftin the wrong way on the freeway. | Exh. 1: Urquijo Deposition, pp. 219:15-25; 220:1-2<br><br>Exh. 2: Urquijo transcribed statement, pp. 18:19-19:13; 29:12-15<br><br>Exh. 16: Castillo Deposition, pp. 47:11-48:1; 56:16-25; 57:1-10; 67:7-18<br><br>Exh. 17: Campos Deposition, pp. 15:1-20; 16:2-19; 17:2-20; 37:16-25 – 38:1; 38:19-23; 39:16-25; 40:1-16; 42:11-17 | Undisputed. |

8

| | | | |
|---|---|---|---|
| | | Exh. 31: Colton PD Station Reports, AGO 000897 - 900 | |
| 15. | The Colton PD officers felt that Loftin's evasive maneuver of making a right turn and crossing three lanes of traffic to drive the wrong way on I-215 created an unsafe condition. | Exh. 16: Castillo Deposition, pp. 47:11-48:1; 56:16-25; 57:1-10; 67:7-18<br><br>Exh. 17: Campos Deposition, pp. 15:1-20; 16:2-19; 17:2-20; 37:16-25 – 38:1; 38:19-23; 39:16-25; 40:1-16; 42:11-17<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury.<br><br>DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8.<br><br>Pursuant to police officer training and CHP policy, a subjective fear is |

9

| | | | insufficient to justify a use of deadly force. |
| | | | Ex. 60: Howard Admin. Int. at 83:5-84:10. |
| | | | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |
| | | | DeFoe Decl. at ¶ 4(d). |
| | | | Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2. |
| | | | Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force. Ex. 64: Vasquez Depo. at 75:19-24. |
| | | | DeFoe Decl. at ¶ 8. |
| | | | Otherwise, undisputed. |
| 16. | Colton PD officers requested additional | Exh. 5: Dickey Deposition, pp. 14:1-4; | Undisputed. |

10

| | | | |
|---|---|---|---|
| | law enforcement support from: San Bernardino County Sheriff's Department ("SBCSD") and SBCSD Helicopter 40-K; Fontana Police Department ("Fontana PD"); California Highway Patrol ("CHP") San Bernardino area unit; and CHP Rancho Cucamonga area unit. | Exh. 16: Castillo Deposition, pp. 43:11-16<br><br>Exh. 20: Blankenship Deposition, pp. 70:4-23<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | |
| 17. | At approximately 11:47 p.m., Helicopter 40-K located the Big Rig traveling northbound on I-215 at Washington Street in the correct direction of travel. | Exh. 16: Castillo Deposition, pp. 17:6-23<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000860<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | Undisputed. |
| 18. | At approximately 11:50 p.m. the Big Rig exited eastbound I-10 at Waterman Avenue where the first enforcement stop was attempted. | Exh. 16: Castillo Deposition, pp. 50:23-25; 51:1-5<br><br>Exh. 17: Campos Deposition, pp. 34:7-19<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000860<br><br>Exh. 30: Colton PD Call Detail Report AGO 000893 | Undisputed. |

| | | Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | |
|---|---|---|---|
| 19. | The Colton PD officers followed Loftin with their lights and sirens activated while instructing him to stop and pull over. | Exh. 5: Dickey Deposition, pp. 31:23-32:21; 64:22-67:10<br><br>Exh. 16: Castillo Deposition, pp. 50:23-25; 51:1-5; 51:22-25; 59:7-15; 59:21-25; 60:1-6; 69:3-23<br><br>Exh. 17: Campos Deposition, pp. 15:1-20; 16:2-19; 17:2-20; 34:7-19; 35:1-3<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000860<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Otherwise, undisputed. |
| 20. | The Colton PD officers attempting to stop the Big Rig wanted to apprehend Loftin and prevent collisions with vehicles on the road. | Exh. 16: Castillo Deposition, pp. 50:23-25; 51:1-5; 51:22-25; 59:7-15; 59:21-25; 60:1-6; 69:3-23<br><br>Exh. 17: Campos Deposition, pp. 15:1-20; 16:2-19; 17:2-20; 34:7-19; 35:1-3<br><br>Exh. 5: Dickey Deposition, pp. | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, |

12

| | | | p.31:23-32:21; 64:22-67:10 | Howard did not have any information that there were any collisions between the truck and any other vehicles. |
|---|---|---|---|---|
| | | | Exh. 6: Peppler Deposition, pp. 26:7-16; 32:11-33:3; 46:25-47:15; 50:7-51:6;55:13-56:16; 57:15-18; 60:25-62:15; 62:16-63:19; 64:5-13; 100:3-24 | Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1. |
| | | | | According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles. |
| | | | | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. |
| | | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |
| | | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12. |

| | | | Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8. |
| | | | Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force. |
| | | | Ex. 60: Howard Admin. Int. at 83:5-84:10. |
| | | | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how |

| | | | great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.<br><br>DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2.<br><br>Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force. Ex. 64: Vasquez Depo. at 75:19-24.<br><br>DeFoe Decl. at ¶ 8.<br><br>Otherwise, undisputed. |
| 21. | Loftin evaded the enforcement stop through evasive maneuvering. | Exh. 16: Castillo Deposition, pp. 47:2-25; 48:1; 59:7-15; 59:21-25; 60:1-6; 67:7-18; 69:3-23<br><br>Exh. 17: Campos Deposition, pp. 15:1-20; 16:2-19; 17:2-20; 39:16-25; 40:1-16; 42:11-17<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000860 | <u>Objections</u>: Calls for speculation; vague and ambiguous.<br><br>Otherwise, undisputed. |

15

| | | | |
|---|---|---|---|
| | | Exh. 31: Colton PD Station Reports, pp. AGO 000897 – 900 | |
| 22. | Loftin's evasive maneuvering created unsafe conditions for the officers attempting the enforcement stop. | Exh. 16: Castillo Deposition, pp. 47:2-25; 48:1; 59:7-15; 59:21-25; 60:1-6; 67:7-18; 69:3-23<br><br>Exh. 17: Campos Deposition, pp. 15:1-20; 16:2-19; 17:2-20; 39:16-25; 40:1-16; 42:11-17 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury.<br><br>DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8.<br><br>Pursuant to police officer training and CHP policy, a subjective fear is |

| | | | insufficient to justify a use of deadly force.<br><br>Ex. 60: Howard Admin. Int. at 83:5-84:10.<br><br>Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.<br><br>DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2.<br><br>Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force.<br><br>Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8.<br><br>Otherwise, undisputed. |
| 23. | A pursuit ensued on City streets while Loftin traveled | Exh. 16: Castillo Deposition, pp. 49:3-12 | Undisputed. |

17

| | | | |
|---|---|---|---|
| | | northbound on Waterman Avenue. | Exh. 28: CHP Incident Detail Report, pp. AGO 000860<br><br>Exh. 30: Colton PD Call Detail Report AGO 000893<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | |
| | 24. | Loftin proceeded through four intersections against red lights. | Exh. 16: Castillo Deposition, pp. 49:16-25; 50:1-18; 52:23-25; 53:1-13; 53:20-25; 54:1-23; 58:4-9; 58:21-25<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000860<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | <u>Objections</u>: Irrelevant to the extent that this specific information was unknown to Howard at the time of the incident. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Probative value is outweighed by the prejudicial effect. FRE 403.<br><br>Otherwise, undisputed. |
| | 25. | At approximately 11:51 p.m., the Big Rig entered westbound I-10 from Carnegie Drive, traveling the wrong way on the freeway in the number 4 lane at approximately 60 mph. | Exh. 16: Castillo Deposition, pp. 56:11-20<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000860<br><br>Exh. 30: Colton PD Call Detail Report AGO 000893<br><br>Exh. 31: Colton PD | Undisputed. |

18

| | | | |
|---|---|---|---|
| | | Station Reports, pp. AGO 000897 – 900 | |
| 26. | The Colton PD officers were told to stand down by Colton PD Captain Castillo. | Exh. 16: Castillo Deposition, pp. 57:1-10; 67:7-18; 69:3-23<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | Undisputed. |
| 27. | Captain Castillo did not want his officers to put themselves or the public at risk by driving the wrong way on the freeway. | Exh. 16: Castillo Deposition, pp. 57:1-10; 67:7-18; 69:3-23<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 - 900 | Undisputed. |
| 28. | Loftin swerved into other lanes and nearly caused multiple head-on collisions. | Exh. 2: Urquijo transcribed statement, pp.  78:1-78:6; 79:7-8; 79:16-22<br><br>Exh. 5: Dickey Deposition, pp. 23:5-23<br><br>Exh. 6: Peppler Deposition, pp., 26:7-16; 32:11-33:3; 46:25-47:15; 50:7-51:6;55:13-56:16; 57:15-18; 60:25-62:15; 62:16-63:19; 64:5-13; 100:3-24<br><br>Exh. 22: 40-K Aerial Video, at 00:16-00:58<br><br>Exh. 28: CHP Incident Detail Report, pp. | Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex.  63: Mercado Depo. at 79:2-12; Ex.  64: Vasquez Depo. at 7:9- |

19

| | | | | |
|---|---|---|---|---|
| | | | AGO 000860<br><br>Exh. 31: Colton PD Station Reports, pp. AGO 000897 – 900 | 19; Ex. 65: M. Garcia Depo. at 10:24-11:1.<br><br>According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.<br><br>Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.<br><br>Prior to the shooting, Howard had no information that anyone had been injured by the truck.<br><br>Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>Otherwise, undisputed. |
| | 29. | The westbound I-10 vehicles in Loftin's path of travel swerved into other lanes to avoid head-on collisions with the Big Rig. | Exh. 5: Dickey Deposition, pp. 23:5-23; 62:22-63:19<br><br>Exh. 6: Peppler Deposition, pp., 26:7-16; 32:11-33:3; 46:25-47:15; 50:7-51:6;55:13-56:16; 57:15-18; 60:25-62:15; 62:16-63:19; 64:5-13; 100:3-24 | Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that |

| | | | Exh. 22: 40-K Aerial Video, at 00:16-00:58 | there were any collisions between the truck and any other vehicles. |
|---|---|---|---|---|
| | | | Exh. 2: Urquijo transcribed statement, pp. 78:1-78:6; 79:7-8; 79:16-22 | Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1. |
| | | | Exh. 28: CHP Incident Detail Report, pp. AGO 000860 | |
| | | | | According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles. |
| | | | | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. |
| | | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |
| | | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12. |
| | | | | Otherwise, undisputed. |

21

| | | | | |
|---|---|---|---|---|
| 30. | Around 11:55 p.m. Loftin transitioned onto eastbound State Route-210 ("SR-210") traveling the wrong way in the number 2 lane at approximately 75 mph. | Exh. 5: Dickey Deposition, pp. 64:22-67:10<br><br>Exh. 6: Peppler Deposition, pp., 44:6-15; 57:15-18; 70:25-71:21<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811<br><br>Exh. 20: Blankenship Deposition, pp. 32:23-33:6; 33:24-34:2; 37:6-38:1 | Undisputed. | |
| 31. | Loftin continued to drive the Big Rig the wrong way on eastbound SR-210. | Exh. 5: Dickey Deposition, pp. 25:11-26:11; 28:17-20; 62:22-63:19; 74:16-76:21<br><br>Exh. 6: Peppler Deposition, pp., 44:6-15; 57:15-18; 70:25-71:21<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811 | Undisputed. | |
| 32. | Loftin entered an active construction | Exh. 5: Dickey Deposition, pp. 25:11- | Undisputed. | |

22

| | | zone on eastbound SR-210 near 5th Street. | 26:11; 28:17-20; 62:22-63:19; 74:16-76:21<br><br>Exh. 6: Peppler Deposition, pp., 44:16-45:4; 51:7-25; 55:13-56:16; 101:9-17<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811<br><br>Exh. 19: Alcala Deposition, pp. 33:23-34:23 | |
|---|---|---|---|---|
| | 33. | Loftin hit debris in the construction zone. | Exh. 5: Dickey Deposition, pp. 25:11-26:11; 28:17-20; 62:22-63:19; 74:16-76:21; 85:22-86:15<br><br>Exh. 20: Blankenship Deposition, pp. 51:6-52:7<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811 | Undisputed. |
| | 34. | Loftin almost hit construction workers and vehicles inside the construction zone. | Exh. 5: Dickey Deposition, pp. 25:11-26:11; 28:17-20; 62:22-63:19; 74:16- | Disputed to the extent that Loftin did not injure anyone or cause any collisions. |

23

| | | | |
|---|---|---|---|
| | | 76:21; 85:22-86:15 | Disputed to the extent that Loftin did not injure anyone or cause any collisions. |
| | | Exh. 6: Peppler Deposition, pp., 51:7-25; 55:13-56:16 | |
| | | Exh. 20: Blankenship Deposition, pp. 51:6-52:7 | Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles. |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | |
| | | Exh. 29: SBCSD CAD Log, pp. AGO 000811 | Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1. |
| | | | According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles. |
| | | | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. |
| | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |

24

| | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21.*See also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>Otherwise, undisputed. |
|---|---|---|---|
| 35. | Loftin made a U-turn and struck a concrete K-rail barrier. | Exh. 5: Dickey Deposition, pp.25:11-26:11; 33:2-17; 38:24-39:8; 39:16-24; 62:22-63:19; 74:16-76:15<br><br>Exh. 6: Peppler Deposition, pp. 36:6-37:6; 38:23-39:9; 44:16-45:4; 48:13-49:6; 101:9-17<br><br>Exh. 43: SBCSD Dispatch Audio AGO 000763<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | Undisputed. |
| 36. | The K-rail had no impact on the Big Rig. | Exh. 5: Dickey Deposition, pp. 76:4-15<br><br>Exh. 6: Peppler Deposition, pp. 101:9-17<br><br>Exh. 43: SBCSD Dispatch Audio AGO 000763 | <u>Objection</u>: vague and ambiguous as to "impact." |

25

| | | | |
|---|---|---|---|
| 37. | Loftin continued to travel eastbound on SR-210 before exiting at San Bernardino Avenue. | Exh. 43: SBCSD Dispatch Audio AGO 000763<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811<br><br>Exh. 33: SBCSD Crime Report, pp. 13; 64; 349; 525; 543; 545 | Undisputed. |
| 38. | At approximately 12:00 a.m. the Big Rig was located traveling westbound on SR-210, east of 5th Street. | Exh. 20: Blankenship Deposition, pp. 39:10-40:8; 49:17-25<br><br>Exh. 43: SBCSD Dispatch Audio AGO 000763<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811 | Undisputed. |
| 39. | A second enforcement stop was attempted with law enforcement activating their lights and sirens. | Exh. 20: Blankenship Deposition, pp. 39:10-40:8; 49:17-25<br><br>Exh. 43: SBCSD Dispatch Audio AGO 000763<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | Undisputed. |

| | | | |
|---|---|---|---|
| | | Exh. 29: SBCSD CAD Log, pp. AGO 000811 | |
| 40. | Loftin failed to stop. | Exh. 20: Blankenship Deposition, pp. 41:3-21; 49:17-25<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811 | Undisputed that Loftin failed to stop at this time. |
| 41. | A pursuit ensued as Loftin exited westbound SR-210 at Baseline Street. | Exh. 20: Blankenship Deposition, pp. 41:3-21; 49:17-25<br><br>Exh. 43: SBCSD Dispatch Audio AGO 000763<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811<br><br>See also Exh. 33: SBCSD Crime Report, p. 000343 | Undisputed. |
| 42. | Loftin re-entered eastbound SR-210 against traffic. | Exh. 43: SBCSD Dispatch Audio AGO 000763<br><br>Exh. 20: Blankenship Deposition, pp. 39:10-40:8 | Undisputed. |

27

| | | | |
|---|---|---|---|
| | | Exh. 2: Urquijo transcribed statement, pp. 73:2-74:12 | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | |
| | | Exh. 29: SBCSD CAD Log, pp. AGO 000811 | |
| 43. | Loftin continued to drive the Big Rig westbound at 60 mph against traffic using the right shoulder and slow lane of eastbound SR-210. | Exh. 5: Dickey Deposition, pp. 64:22-67:10 | Undisputed. |
| | | Exh. 43: SBCSD Dispatch Audio AGO 000763 | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | |
| | | Exh. 29: SBCSD CAD Log, pp. AGO 000811 | |
| | | See also Exh. 33: SBCSD Crime Report, p. 000349 | |
| 44. | CHP San Bernardino officers pursued Loftin by driving on westbound SR-210 paralleling the Big Rig while it drove against traffic on eastbound SR-210. | Exh. 43: SBCSD Dispatch Audio AGO 000763 | Undisputed. |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | |
| | | Exh. 29: SBCSD CAD Log, pp. AGO 000811 | |

28

| | | | |
|---|---|---|---|
| 45. | Eastbound traffic on the SR-210 swerved into other lanes to avoid a head on-collision with the Big Rig. | Exh. 5: Dickey Deposition, pp.62:22 – 63:19<br><br>Exh. 6: Peppler Deposition, pp. 44:6-15; 57:15-18; 70:25-71:21; 100:3-24<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 2: Urquijo transcribed statement, pp. 78:1-78:6; 79:7-8; 79:16-22 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.<br><br>According to Christopher Urquijo, |

| | | | the truck did not come close to crashing head-on into any vehicles. |
|---|---|---|---|
| | | | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. |
| | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |
| | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21.*See also* Ex. 63: Mercado Depo. at 79:2-12. |
| | | | Otherwise, undisputed. |
| 46. | At approximately 12:01 a.m. CHP Rancho Cucamonga area units were notified that the pursuit was heading into their area. | Exh. 3: Howard Deposition, pp. 23:12-15; 25:4-11<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 8:21-9:5; 87:12-24; 103:1-104:24<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-438 | Undisputed. |

30

| | | | |
|---|---|---|---|
| 47. | Sergeant Daniel Howard ("Howard") from CHP Ranco Cucamonga was monitoring the radio. | Exh. 3: Howard Deposition, pp. 23:12-15; 25:4-11<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 8:21-9:5; 103:1-104:24<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | Undisputed. |
| 48. | At approximately 12:02 a.m. Howard acknowledged the pursuit. | Exh. 3: Howard Deposition, pp. 23:12-15; 25:4-11<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 9:7-10:10; 103:1-104:24<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000861 | Undisputed. |
| 49. | CHP Ranco Cucamonga Officers Vasquez and M. Garcia began responding toward the pursuit. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 103:1-104:24<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000320-326<br><br>Exh. 14. Vasquez June 28, 2021, transcribed statement, AGO 000136-143 | Undisputed. |

31

| | | | |
|---|---|---|---|
| | | Exh. 28: CHP Incident Detail Report, p. AGO 000862 | |
| 50. | At approximately 12:04 a.m. a traffic break was conducted by CHP San Bernardino officers utilizing their patrol vehicles and weaving across all lanes of traffic with lights activated to stop all eastbound SR-210 traffic at Victoria Avenue. | Exh. 20: Blankenship Deposition, pp. 38:11-15<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862 | Undisputed. |
| 51. | Loftin was still traveling the wrong way on eastbound SR-210 when he drove on the right shoulder past the stopped traffic and officers conducting the traffic break at approximately 45 mph. | Exh. 20: Blankenship Deposition, pp. 39:10-40:8<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862<br><br>Exh. 29: SBCSD CAD Log, pp. AGO 000811<br><br>See also Exh. 33: SBCSD Crime Report, p. 000351-352 | Undisputed. |
| 52. | Loftin caused several near-miss traffic collisions. | Exh. 6: Peppler Deposition, pp. 26:7-16; 32:11-33:3; 46:25-47:15; 50:7-51:6;55:13-56:16; 57:15-18; 60:25-62:15; 62:16-63:19; 64:5-13; 100:3-24 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. |

| | | | |
|---|---|---|---|
| | | Exh. 43: SBCSD Dispatch Audio AGO 000763 | Disputed to the extent that Loftin did not injure anyone or cause any collisions. |
| | | Exh. 1: Urquijo Deposition, pp. 219:15-25; 220:1-2; 62:22-63:19 | Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles. |
| | | Exh. 2: Urquijo transcribed statement, pp. 73:2-74:12; 78:1-78:6; 79:7-8; 79:16-22 | Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1. |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000862 | According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles. |
| | | | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. |
| | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |

33

| | | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21.*See also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>Otherwise, undisputed |
|---|---|---|---|---|
| | 53. | Helicopter 40-K advised over the radio that Loftin swerved at two different vehicles while traveling at approximately 60 mph. | Exh. 1: Urquijo Deposition, pp. 221:13-25; 221:19-25<br><br>Exh. 5: Dickey Deposition, pp. 40:3-17; 62:22-63:19; 64:22-67:10<br><br>Exh. 6: Peppler Deposition, pp. 26:7-16; 32:11-33:3; 46:25-47:15; 50:7-51:6;55:13-56:16; 57:15-18; 60:25-62:15; 62:16-63:19; 64:5-13; 100:3-24<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1. |

| | | | |
|---|---|---|---|
| | | | According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.<br><br>Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.<br><br>Prior to the shooting, Howard had no information that anyone had been injured by the truck.<br><br>Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>Otherwise, undisputed. |
| 54. | At approximately 12:09 a.m. Howard and officer Mercado began responding toward SR-210 to get into position should the pursuit continue west. | Exh. 3: Howard Deposition, pp. 23:16-21<br><br>Exh. 7: Mercado Deposition, pp. 9:17-10:11<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-438 | Undisputed. |
| 55. | At approximately 12:10 a.m. CHP San Bernardino officers | Exh. 20: Blankenship Deposition, pp. 47:21-48:10; 48:18-49:1 | Undisputed. |

35

| | | | |
|---|---|---|---|
| | | conducted a traffic break to stop all eastbound traffic. | Exh. 28: CHP Incident Detail Report, pp. AGO 000862<br><br>See also Exh. 33: SBCSD Crime Report, p. 000351-352 | |
| | 56. | Loftin passed the traffic break on the right shoulder, as he continued to drive against traffic. | Exh. 28: CHP Incident Detail Report, pp. AGO 000862<br><br>Exh. 2: Urquijo transcribed statement, pp. 73:2-74:12<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764 | Undisputed. |
| | 57. | At approximately 12:11 a.m. CHP Rancho Cucamonga officers conducted a traffic break to stop all eastbound SR-210 traffic at Sierra Avenue. | Exh. 5: Dickey Deposition, pp. 81:11-15<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862 | Undisputed. |
| | 58. | Eastbound traffic was stopped at Ayala Drive. | Exh. 20: Blankenship Deposition, pp. 50:13-51:5; 80:8-12<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862 | Undisputed. |

| | | | |
|---|---|---|---|
| | | See also Exh. 33: SBCSD Crime Report, p. 000351-352 | |
| 59. | CHP Rancho Cucamonga officers put hollow spike strips along the right shoulder. | Exh. 1: Urquijo Deposition, pp. 148:23-149:10<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862<br><br>Exh. 20: Blankenship Deposition, pp. 50:13-51:5; 80:8-12<br><br>See also Exh. 33: SBCSD Crime Report, p. 000351-352 | Undisputed. |
| 60. | Helicopter 40-K advised over the radio that Loftin ran a vehicle off the roadway and continued driving the wrong way on SR-210 toward the traffic break. | Exh. 5: Dickey Deposition, pp. 36:14-27:12; 41:7-18; 62:22-63:19<br><br>Exh. 6: Peppler Deposition, pp. 26:7-16; 32:11-33:3; 46:25-47:15; 50:7-51:6;55:13-56:16; 57:15-18; 60:25-62:15; 62:16-63:19; 64:5-13; 100:3-24<br><br>Exh. 22: 40-K Aerial Video, at 15:09-25:30<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000862 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles. |

37

| | | | | Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.

According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.

Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.

Prior to the shooting, Howard had no information that anyone had been injured by the truck.

Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12.

Otherwise, undisputed. |
| 61. | At approximately 12:19 a.m., Loftin made a U-turn on SR-210 near Riverside | Exh. 5: Dickey Deposition, pp. 34:9-35:14; 36:14-37:12 | Undisputed. |

| | | | |
|---|---|---|---|
| | | Avenue as he was approaching the traffic break and spike strips set up at Ayala Drive. | Exh. 44: SBCSD Dispatch Audio AGO 000764<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000863<br><br>See also Exh. 33: SBCSD Crime Report, p. 000343 | |
| 62. | A pursuit of the Big Rig was re-engaged as it proceeded eastbound on SR-210 from Riverside Avenue at speeds reaching 70 mph. | Exh. 5: Dickey Deposition, pp. 64:22-67:10<br><br>Exh. 22: 40-K Aerial Video, at 15:09-25:30<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000863 | Undisputed. |
| 63. | After exiting eastbound SR-210, Loftin re-entered westbound SR-210 from Baseline Street driving against traffic. | Exh. 5: Dickey Deposition, pp.28:17-20; 38:24-39:8; 39:16-24; 62:22-63:19; 74:16-76:15; 85:22-86:15<br><br>Exh. 22: 40-K Aerial Video, at 15:09-25:30<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000863 | Undisputed. |

39

| 64. | Loftin struck two concrete K-rail barriers and one water-filled K-rail barrier. | Exh. 5: Dickey Deposition, pp.28:17-20; 38:24-39:8; 39:16-24; 62:22-63:19; 74:16-76:15; 85:22-86:15<br><br>Exh. 6: Peppler Deposition, pp. 44:16-45:4; 101:9-17<br><br>Exh. 22: 40-K Aerial Video, at 25:30-26:01<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000863 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.<br><br>According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.<br><br>Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, |

40

| | | | 157:24-158:1. |
|---|---|---|---|
| | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |
| | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12. |
| | | | Otherwise, undisputed. |
| 65. | The K-rail barriers had no impact on the Big Rig with Loftin continuing to drive against traffic on SR-210. | Exh. 5: Dickey Deposition, pp. 76:4-15; 85:22-86:15<br><br>Exh. 6: Peppler Deposition, pp. 44:16-45:4; 101:9-17<br><br>Exh. 22: 40-K Aerial Video, at 25:30-26:01<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764 | <u>Objections</u>: Vague and ambiguous as to "impact"; Compound. |
| 66. | The Big Rig reached speeds up to 75 mph, in the number 1 and 2 lanes. | Exh. 5: Dickey Deposition, pp.62:22 – 63:19; 64:22-67:10; 74:16-76:15<br><br>Exh. 6: Peppler Deposition, pp. 100:3-24 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>At the relevant time, |

| | | Exh. 44: SBCSD Dispatch Audio AGO 000764 | the truck slowed down as it approached the roadblock. |
|---|---|---|---|
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000863 | Ex. 49: Lyons Animation. |
| | | | Ex. 50: Lyons Animation, Annotated. |
| | | | Ex. 52: Rosander Composite Video. |
| | | | Ex. 53: Rosander Composite Video, Annotated. |
| | | | Ex. 56: Garcia BWC Video at 3:44-4:00. |
| | | | Ex. 57: MVARS 1540337 at 6:38-6:52. |
| | | | Ex. 58: Howard Depo. at 49:2-6, 81:24-82:1. |
| | | | Ex. 59: Mendez Depo. at 46:24-47:10. |
| | | | Ex. 60: Howard Admin. Int. at 170:1-5, 250:6-13, 53:10-16. |
| | | | Ex. 62: Urquijo Depo. at 147:21-25. |
| | | | Ex. 63: Mercado Depo. at 8:4-6, 19:8-19, 20:1-7. |
| | | | Otherwise, undisputed. |

42

| | | | | |
|---|---|---|---|---|
| 67. | Loftin nearly collided with several vehicles traveling the right way on SR-210. | Exh. 5: Dickey Deposition, pp. 62:22 – 63:19; 64:22-67:10; 74:16-76:15<br><br>Exh. 6: Peppler Deposition, pp. 100:3-24<br><br>Exh. 2: Urquijo transcribed statement, pp.  78:1-78:6; 79:7-8; 79:16-22<br><br>Exh. 22: 40-K Aerial Video, at 25:30-27<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000863 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20. *See also* Ex.  63: Mercado Depo. at 79:2-12; Ex.  64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.<br><br>According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.<br><br>Ex. 62: Urquijo Depo. |

| | | | | at 147:8-11, 149:11-22, 157:24-158:1. |
|---|---|---|---|---|
| | | | | Prior to the shooting, Howard had no information that anyone had been injured by the truck. |
| | | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21. *See also* Ex. 63: Mercado Depo. at 79:2-12. |
| | | | | Otherwise, undisputed. |
| 68. | At approximately 12:34 a.m. Helicopter 40-K advised over the radio they were ready to use "aerial lethal force" to stop the Big Rig. | Exh. 5: Dickey Deposition, pp. 30:8-19; 43:7-44:8; 44:19-45:3; 70:24-72:13; 77:9-78:20<br><br>Exh. 6: Peppler Deposition, pp. 52:1-54:12; 55:13-56:16; 62:16-63:19; 75:1-14; 79:11-80:1; 95:5-20<br><br>Exh. 46: CHP Dispatch Audio, at 1:04<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764 at 6:00<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 91:3-16 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that CHP policy prohibits the use of aerial lethal force.<br><br>Ex. 60: Howard Admin. Int. at 54:3-21, 59:23-60:3, 60:4-61:7, 63:9-15, 190:3-16, 296:5-17, 299:8-20.<br><br>Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high- |

44

| | | Exh. 7: Mercado Deposition, pp. 60:6-23 | speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized." |
| | | Exh. 20: Blankenship Deposition, pp. 54:2-56:20; 81:14-17; 88:6-16; | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000864 | Ex. 60: Howard Admin. Int. at 217:8-18. |
| | | See also Exh. 33: SBCSD Crime Report, p. 000351-352 | Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the person will cause death or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly |

45

| | | | |
|---|---|---|---|
| | | | force may be used, where feasible.<br><br>DeFoe Decl. at ¶ 11.<br><br>Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for Sergeant Howard to shoot at Mr. Loftin or the truck for fleeing or attempting to flee.<br><br>DeFoe Decl. at ¶11.<br><br>Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11.<br><br>Otherwise, undisputed. |
| 69. | Helicopter 40-K believed that aerial lethal force was the only way to stop the Big Rig because Loftin had been driving toward oncoming motorists, at a high rate of speed, through construction zones, and made multiple U- | Exh. 5: Dickey Deposition, pp. 77:9-78:20<br><br>Exh. 6: Peppler Deposition, pp. 62:16-63:19<br><br>Exh. 44: SBCSD Dispatch Audio AGO 000764 at 6:00 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that CHP policy prohibits the use of aerial lethal force. |

46

| | | | |
|---|---|---|---|
| turns on the freeway. | | | Ex. 60: Howard Admin. Int. at 54:3-21, 59:23-60:3, 60:4-61:7, 63:9-15, 190:3-16, 296:5-17, 299:8-20.<br><br>Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized."<br><br>Ex. 60: Howard Admin. Int. at 217:8-18.<br><br>Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the person will cause death |

47

| | | | |
|---|---|---|---|
| | | | or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible.<br><br>DeFoe Decl. at ¶ 11.<br><br>Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for Sergeant Howard to shoot at Mr. Loftin or the truck for fleeing or attempting to flee.<br><br>DeFoe Decl. at ¶11.<br><br>Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11. |
| 70. | CHP San Bernardino Sergeant Fields | Exh. 5: Dickey Deposition, pp. 49:16- | Undisputed. |

48

| | | | |
|---|---|---|---|
| | advised all units to discontinue the pursuit at approximately 12:35 a.m. and again at 12:36 a.m. | 20<br><br>Exh. 6: Peppler Deposition, pp. 59:14-60:21; 60:25-62:15; 68:24-70:16<br><br>Exh. 20: Blankenship Deposition, pp. 57:1-7; 58:7-15<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000864<br><br>See also Exh. 33: SBCSD Crime Report, p. 000351-352 | |
| 71. | Stopping the pursuit allowed Helicopter 40-K to follow the Big Rig, without an active ground pursuit to give Loftin the opportunity to exit the freeway on his own. | Exh. 5: Dickey Deposition, pp. 54:13-25<br><br>Exh. 6: Peppler Deposition, pp. 68:24-70:16<br><br>Exh. 20: Blankenship Deposition, pp. 63:13-65:5<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000864 | Undisputed that this was the testimony of these deponents. |
| 72. | Howard continued to monitor the progress of the pursuit and discussed setting up a roadblock with his officers. | Exh. 3: Howard Deposition, pp. 28:19-25; 20:1-9; 20:18-21<br><br>Exh. 4: Howard July 26, 2021, transcribed | Undisputed. |

| | | | | |
|---|---|---|---|---|
| | | | statement, pp. 10:12-11:13; 91:18-24; 103:1-104:24<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000448-449 | |
| | 73. | Howard knew the Big Rig had been driving at high speeds, driven the wrong way on the freeway, made U-turns on the freeway, had driven past traffic stops and stopped traffic, had hit K-rail barriers, had near misses with oncoming traffic, and that Helicopter 40-K was ready to use aerial lethal force to stop the Big Rig. | Exh. 3: Howard Deposition, pp. 28:19-25; 29:1-9; 49:1-20<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 10:12-15:9; 17:1-25; 88:15-89:10; 90:1-23; 91:3-16; 97:1-26; 103:1-104:24; 106:18-107:8 | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that CHP policy prohibits the use of aerial lethal force.<br><br>Ex. 60: Howard Admin. Int. at 54:3-21, 59:23-60:3, 60:4-61:7, 63:9-15, 190:3-16, 296:5-17, 299:8-20.<br><br>Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized."<br>Ex. 60: Howard |

Admin. Int. at 217:8-18.

Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the person will cause death or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible. DeFoe Decl. at ¶ 11.

Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for Sergeant Howard to

| | | | shoot at Mr. Loftin or the truck for fleeing or attempting to flee.<br><br>DeFoe Decl. at ¶11.<br><br>Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11. |
|---|---|---|---|
| 74. | At approximately 12:37 a.m., CHP San Bernardino officers deployed hollow spike strips on westbound SR-210, east of San Bernardino Avenue. | Exh. 5: Dickey Deposition, pp. 36:14-37:12<br><br>Exh. 7: Mercado Deposition, pp. 15:23-16:9<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000865 | Undisputed. |
| 75. | Loftin traveled over the spike strips causing the Big Rig's left front tire to deflate. | Exh. 5: Dickey Deposition, pp. 36:14-37:12<br><br>Exh. 7: Mercado Deposition, pp. 15:23-16:9<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000865 | Undisputed. |

| 76. | Loftin continued driving the wrong way on westbound SR-210 at high speeds despite a deflated front tire. | Exh. 1: Urquijo Deposition, pp. 214:10-25; 215:9-12<br><br>Exh. 2: Urquijo transcribed statement, pp. 73:2-74:12<br><br>Exh. 7: Mercado Deposition, pp. 15:23-16:9; 75:17-20; 78:1-4<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000865 | <u>Objection</u>: vague and ambiguous as to time.<br><br>Disputed.<br><br>After one of the truck's tires was affected by the spike strip, the truck slowed down to about 25-30 mph.<br><br>Ex. 62: Urquijo Depo. at 147:21-25, 214:6-25. |
| 77. | Loftin transitioned onto eastbound I-10 and continued to travel the wrong way, driving westbound in the eastbound lanes. | Exh. 20: Blankenship Deposition, pp. 59:18-25; 82:2-11<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000864<br><br>Exh. 11: M. Garcia Deposition, pp.., 11:14-12:24<br><br>Exh. 2: Urquijo transcribed statement, pp. 34:10-35:3; 73:2-74:12<br><br>See also Exh. 33: SBCSD Crime Report, p. 000351-352 | Undisputed. |
| 78. | At approximately 12:42 a.m., Helicopter 40-K requested CHP conduct a traffic | Exh. 28: CHP Incident Detail Report, pp. AGO 000864 | Undisputed. |

Case No. 5:22-cv-02133-AH-DTB

| | | break and shut down eastbound I-10 at I-215. | Exh. 20: Blankenship Deposition, pp. 63:7-63:23<br><br>Exh. 46: CHP Dispatch Audio, at 1:15:00 – 1:18:00<br><br>See also Exh. 33: SBCSD Crime Report, p. 000351-352 | |
| 79. | At approximately 12:43 a.m., multiple motorists called 911 to report Loftin traveling the wrong way on the I-10. | Exh. 46: CHP Dispatch Audio, at 1:15:00 – 1:18:00<br><br>Exh. 5: Dickey Deposition, pp. 62:22 – 63:19; 64:22-67:10<br><br>Exh. 6: Peppler Deposition, pp. 67:9-68:21; 80:11-81:25<br><br>Exh. 33: SBCSD Crime Report, pp. 000544<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000864 | Undisputed. |
| 80. | The 911 callers reported having to avoid a head-on collision with the Big Rig. | Exh. 46: CHP Dispatch Audio, at 1:15:00 – 1:18:00<br><br>Exh. 33: SBCSD Crime Report, pp. 000544<br><br>Exh. 5: Dickey | Objection: Irrelevant to whether the use of deadly force was reasonable; also irrelevant to the extent that this information was unknown to Howard at the time of the incident. See FRE |

54

| | | | Deposition, pp. 62:22 – 63:19 | 401, 402; *Graham v. Connor*, 490 U.S. at 397. |
|---|---|---|---|---|

Disputed to the extent that Loftin did not injure anyone or cause any collisions.

Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.

Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20.

*See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.

According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.

Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.

Prior to the shooting,

| | | | Howard had no information that anyone had been injured by the truck.<br><br>Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21; *See also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>Otherwise, undisputed. |
|---|---|---|---|
| 81. | One of the 911 caller said "When I saw the truck coming at me – wow." | Exh. 46: CHP Dispatch Audio, at 1:15:00 – 1:18:00<br><br>Exh. 33: SBCSD Crime Report, pp. 000544 | <u>Objections</u>: Irrelevant to whether the use of deadly force was reasonable; also irrelevant to the extent that this specific information was unknown to Howard at the time of the incident. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. Calls for hearsay. *See* FRE 801, 802.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles. |

| | | | |
|---|---|---|---|
| | | | Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20.

*See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.

According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.

Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.

Prior to the shooting, Howard had no information that anyone had been injured by the truck.

Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21; *See also* Ex. 63: Mercado Depo. at 79:2-12.

Otherwise, undisputed. |
| 82. | At approximately 12:46 a.m. Howard | Exh. 3: Howard Deposition, pp. 37:5-15 | Undisputed. |

| | | | |
|---|---|---|---|
| | told CHP Rancho Cucamonga area units to meet on the eastbound I-10 to create a roadblock. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 15:18-26<br><br>Exh. 7: Mercado Deposition, pp. 57:11-22<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-437<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000061-69<br><br>Exh. 15: Mendez Statement AGO0000227-234; 262-264<br><br>Exh. 11: M. Garcia Deposition, pp.., 11:14-12:24 | |
| 83. | Howard drove Officer Mercado to the CHP Rancho Cucamonga area office to obtain his vehicle to cover more of the roadway and provide additional protection for the stopped traffic and officers at the roadblock. | Exh. 3: Howard Deposition, pp. 29:10-21<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 11:15-12:22<br><br>Exh. 7: Mercado Deposition, pp. 9:17-10:11 | Disputed to the extent that Howard stated that he drove Officer Mercado to the office because Howard considered driving head on into the truck to stop it.<br><br>Ex. 60: Howard Admin. Int. at 40:23-41:6, 44:19-25; 45:1-9; Ex. 61: Howard |

| | | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-437; 450-451 | Interview at 16:5-12. |
|---|---|---|---|
| 84. | Howard decided a roadblock was needed because he knew that the Big Rig was approaching their location, driving in the wrong direction, and if the Big Rig was not stopped, the traffic on the eastbound I-10 would be in danger. | Exh. 3: Howard Deposition, pp. 37:5-15<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 19:1-22; 22:1; 91:18-24; 105:13-23; 107:1-8<br><br>Exh. 7: Mercado Deposition, pp. 62:1-63:6; 67:19-68:23; 69:3-24; 76:25-77:8<br><br>Exh. 9: J. Garcia Deposition, pp. 7:16-78:12 | Undisputed. |
| 85. | At approximately 12:51 a.m. SBCSD Deputy Andrei Tarankow conducted a traffic break to stop all eastbound I-10 traffic at Pepper Avenue. | Exh. 18: Tarankow Deposition, pp. 30:5-32:21<br><br>Exh. 42: FirePhotoGirl Video, at 21:54<br><br>Exh. 20: Blankenship Deposition, pp. 44:16-45:24; 65:6-66:3; 66:10-15; 67:1-6; 84:14-85:18<br><br>Exh. 5: Dickey Deposition, pp. 57:15-58:6<br><br>Exh. 6: Peppler | Undisputed. |

| | | | |
|---|---|---|---|
| | | Deposition, pp. 72:7-73:15; 74:2-11 | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000865 | |
| | | See also Exh. 33: SBCSD Crime Report, p. 000347 | |
| | | See also Exh. 33: SBCSD Crime Report, p. 000351-352 | |
| 86. | All lanes of traffic behind Deputy Tarankow's vehicle from the number one lane to the right shoulder were completely stopped. | Exh. 18: Tarankow Deposition, pp.31:13-32:4; 48:14-16; 59:8-60:4

Exh. 20: Blankenship Deposition, pp. 44:16-45:24; 65:6-66:3; 66:10-15; 67:1-6; 84:14-85:18

Exh. 5: Dickey Deposition, pp. 57:15-58:22

Exh. 6: Peppler Deposition, pp. 72:7-73:15; 74:2-11

See also Exh. 33: SBCSD Crime Report, p. 000347; 351-352 | Undisputed. |
| 87. | Deputy Tarankow positioned his patrol vehicle in front of the | Exh. 18: Tarankow Deposition, pp. 35:3-19; 59:8-60:4 | Undisputed. |

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 7 | | cars stopped in lanes 2 through 4 and exited his vehicle. | Exh. 20: Blankenship Deposition, pp. 44:16-45:24; 65:6-66:3; 66:10-15; 67:1-6; 84:14-85:18<br><br>See also Exh. 33: SBCSD Crime Report, p. 000347; 351-352 | |
| 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | 88. | Loftin did not stop as he approached Deputy Tanakow's patrol vehicle at around 60 mph traveling against traffic. | Exh. 18: Tarankow Deposition, pp. 38:10-16;  39:18-40:20; 59:8-60:4; 64:16-21;<br><br>Exh. 20: Blankenship Deposition, pp. 44:16-45:24; 65:6-66:3; 66:10-15; 67:1-6; 84:14-85:18<br><br>Exh. 5: Dickey Deposition, pp. 57:15-58:6; 64:22-67:10<br><br>Exh. 6: Peppler Deposition, pp. 72:7-73:15; 74:2-11<br><br>See also Exh. 33: SBCSD Crime Report, p. 000347; 351-352 | <u>Objections</u>: Irrelevant to whether the use of deadly force was reasonable; also irrelevant to the extent that this specific information was unknown to Howard at the time of the incident. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>At the relevant time, the truck slowed down as it approached the roadblock.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, |

| | | | | Annotated. |
|---|---|---|---|---|
| | | | | Ex. 56: Garcia BWC Video at 3:44-4:00. |
| | | | | Ex. 57: MVARS 1540337 at 6:38-6:52. |
| | | | | Ex. 58: Howard Depo. at 49:2-6, 81:24-82:1. |
| | | | | Ex. 59: Mendez Depo. at 46:24-47:10. |
| | | | | Ex. 60: Howard Admin. Int. at 170:1-5, 250:6-13, 53:10-16. |
| | | | | Ex. 62: Urquijo Depo. at 147:21-25. |
| | | | | Ex. 63: Mercado Depo. at 8:4-6, 19:8-19, 20:1-7. |
| | | | | Otherwise, undisputed. |
| 89. | The Big Rig almost collided with Deputy Tarankow's patrol vehicle. | Exh. 18: Tarankow Deposition, pp. 38:10-16; 39:18-40:20; 59:8-60:4; 64:16-21 Exh. 20: Blankenship Deposition, pp. 44:16-45:24; 65:6-66:3; 66:10-15; 67:1-6; 84:14-85:18 Exh. 5: Dickey Deposition, pp. 57:15-58:6; 64:22-67:10 | | Objections: Irrelevant to whether the use of deadly force was reasonable; also irrelevant to the extent that this specific information was unknown to Howard at the time of the incident. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. |

62

| | | | |
|---|---|---|---|
| | | Exh. 6: Peppler Deposition, pp. 72:7-73:15; 74:2-11<br><br>See also Exh. 33: SBCSD Crime Report, p. 000347; 351-352 | Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20.<br><br>*See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.<br><br>According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.<br><br>Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.<br><br>Prior to the shooting, Howard had no information that anyone had been injured by the truck. |

63

| | | | Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21; *See also* Ex.  63: Mercado Depo. at 79:2-12.<br><br>Otherwise, undisputed. |
|---|---|---|---|
| 90. | Loftin then drove around the traffic break straddling a traffic lane and right freeway shoulder and continued driving against traffic on eastbound I-10. | Exh. 18: Tarankow Deposition, pp. 39:1-11; 43:10-22; 44:8-45:2<br><br>Exh. 20: Blankenship Deposition, pp.  44:16-45:24; 65:6-66:3; 66:10-15; 67:1-6<br><br>Exh. 5: Dickey Deposition, pp. 59:9-23; 62:22-63:19<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000865<br><br>See also Exh. 33: SBCSD Crime Report, p. 000347; 351-352 | Undisputed. |
| 91. | After hearing the Big Rig continued driving westbound on eastbound I-10 heading in their direction, CHP Rancho Cucamonga officers started a traffic stop for | Exh. 7: Mercado Deposition, pp. 9:17-10:11; 66:1-11<br><br>Exh. 9: J. Garcia Deposition, pp. 12:13-25<br><br>Exh. 15: Mendez | Undisputed. |

| | | | |
|---|---|---|---|
| | eastbound traffic on I-10. | Statement AGO0000227-234<br><br>Exh. 18: Tarankow Deposition, pp. 45:9-23<br><br>Exh. 5: Dickey Deposition, pp. 59:9-23<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000865<br><br>Exh. 20: Blankenship Deposition, pp.  68:20-69:18 | |
| 92. | Officer M. Garcia requested, and Howard gave, permission to block the Big Rig if he had the opportunity. | Exh. 11: M. Garcia Deposition, pp. 16:14-17:13; 19:25-20:23; 28:9-24<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp.  AGO000406 | Undisputed. |
| 93. | At approximately 12:53 a.m., CHP Rancho Cucamonga officers stopped all eastbound I-10 traffic just east of the Sierra Avenue on-ramp. | Exh. 3: Howard Deposition, pp. 30:12-14<br><br>Exh. 7: Mercado Deposition, pp. 9:17-10:11; 66:1-11<br><br>Exh. 9: J. Garcia Deposition, pp. 12:13-25<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed | Undisputed. |

| | | | |
|---|---|---|---|
| | | statement, pp. AGO000061-69 | |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp.  AGO000346; 349-351; 361 | |
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234 | |
| | | Exh. 18: Tarankow Deposition, pp. 46:6-16 | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000865 | |
| | | Exh. 20: Blankenship Deposition, pp.  72:7-19 | |
| 94. | CHP Rancho Cucamonga officers began setting up a roadblock with their patrol vehicles one quarter mile east of the stopped traffic. | Exh. 3: Howard Deposition, pp. 30:12-14 | Undisputed. |
| | | Exh. 7: Mercado Deposition, pp. 9:17-10:11; 66:1-11 | |
| | | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-437; 457-458 | |
| | | Exh. 9: J. Garcia Deposition, pp. 12:13- | |

| | | | |
|---|---|---|---|
| | | 25; 20:13-25 | |
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000061-69 | |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000346; 349-351; 361 | |
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. 227-234; 262-264 | |
| | | Exh. 18: Tarankow Deposition, pp. 46:6-16 | |
| | | Exh. 20: Blankenship Deposition, pp. 72:7-19 | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000865 | |
| 95. | Howard and Officer Mercado arrived shortly after and positioned their patrol vehicles within the eastbound I-10 lanes. | Exh. 3: Howard Deposition, pp. 29:18-25; 30:1-2; 31:4-8; 48:24-49:1<br><br>Exh. 7: Mercado Deposition, pp. 6:22-7:16<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. | Undisputed. |

| | | | AGO000429-437; 445 | |
|---|---|---|---|---|
| | 96. | Four marked patrol vehicles with overhead lights and spotlights activated were utilized for the roadblock to create a barrier between the oncoming Big Rig and the stopped traffic behind the roadblock. | Exh. 3: Howard Deposition, pp. 29:22-25; 30:1-2; 57:16-18<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 22:1-23:6<br><br>Exh. 7: Mercado Deposition, pp. 6:22-7:16; 12:20-13:10; 66:1-11<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-437; 449-450<br><br>Exh. 9: J. Garcia Deposition, pp. 12:13-25; 20:13-25; 41:2-20<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000061-69; 123-124<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp.  AGO000349-351<br><br>Exh. 5: Dickey Deposition, pp. 68:10-69:12 | Undisputed. |

| | | | |
|---|---|---|---|
| 1 | | | Exh. 6: Peppler Deposition, pp. 83:17-20 | |
| | | | Exh. 20: Blankenship Deposition, pp. 72:7-19 | |
| | | | Exh. 2: Urquijo transcribed statement, pp. 82:25-83:3; 83:7-12 | |
| 97. | The officers took positions of cover in the dirt area just south of the asphalt right shoulder, behind a metal guardrail near a group of eucalyptus trees. | Exh. 3: Howard Deposition, pp. 31:9-22; 34:1-4; 37:5-19 | Undisputed. |
| | | Exh. 7: Mercado Deposition, pp. 6:22-7:16; 12:20-13:10 | |
| | | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000429-437; 460-461 | |
| | | Exh. 9: J. Garcia Deposition, pp. 41:2-20 | |
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000061-69; 91;95 | |
| | | Exh. 11: M. Garcia Deposition, pp. 24:20-26:3 | |
| | | Exh. 15: Mendez June 30, 2021, transcribed | |

| | | | |
|---|---|---|---|
| | | statement, pp. AGO0000258-259<br><br>Exh. 21: J. Garcia BWC, AGO000847 at | |
| 98. | This provided cover for the officers but would not have protected them if the Big Rig drove through the guardrail. | Exh. 3: Howard Deposition, pp. 31:9-22<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 107:10-20<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000463-464<br><br>Exh. 9: J. Garcia Deposition, pp. 63:1-9<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp.  AGO000399<br><br>Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 286-287<br><br>Exh. 21: J. Garcia BWC, AGO000847 at<br><br>Exh. 13: Vasquez Deposition, pp. 66:17-21<br><br>Exh. 14. Vasquez June | Objection: Calls for speculation.<br><br>Disputed to the extent that the truck did not drive through the guardrail.<br><br>The truck came to a stop and then began moving in reverse, away from the officers, the guardrail, the roadblock.<br><br>Ex. 64: Vasquez Depo. at 78:8-16; Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 111:17-21. |

70

| | | 28, 2021, transcribed statement, AGO 000178 | |
|---|---|---|---|
| 99. | Howard got a tactical rifle from his patrol vehicle and took a position of cover at the eucalyptus trees, facing the direction of where the Big Rig would come into view. | Exh. 3: Howard Deposition, pp. 31:9-22<br><br>Exh. 21: J. Garcia BWC, AGO000847<br><br>Exh. 15: Mendez Statement AGO0000227-234; 258-259 | Undisputed. |
| 100. | Howard told the officers he would be the one to make the judgment call and fire his weapon, if deadly use of force was necessary. | Exh. 3: Howard Deposition, pp. 33:9-22; 35:9-18<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 24:8-25:18<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000465-466<br><br>Exh. 9: J. Garcia Deposition, pp. 23:22-24:1<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000094<br><br>Exh. 15: Mendez June 30, 2021, transcribed | Disputed that Howard stated that he would make a "judgment call."<br><br>Howard stated that if someone were to shoot, then he would be the one to shoot.<br><br>Ex. 58: Howard Depo. at 33:9-13; Ex. 60: Howard Admin. Int. at 114, 2-17, 124:23-25.<br><br>Howard also stated that he believed the department is incompetent in training its people on how to use firearms.<br><br>Ex. 60: Howard Admin. Int. at 101:9-12, 101:21-102:2. |

71

| | | | |
|---|---|---|---|
| | | statement, pp. AGO0000256; 300-301

Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp.  AGO000357-358 | |
| 101. | Howard decided he would be the one to use deadly force if necessary because he was unfamiliar with the other officers' skills having only recently been assigned to CHP Rancho Cucamonga. | Exh. 3: Howard Deposition, pp. 12:25-13:6; 23:19-23; 30:17-21

Exh. 4: Howard July 26, 2021, transcribed statement, pp. 24:8-25:18

Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000439-440

Exh. 33: SBCSD Crime Report, pp. 000528 | Disputed to the extent that Howard also stated that he believed the department is incompetent in training its people on how to use firearms.

Ex. 60: Howard Admin. Int. at 101:9-12, 101:21-102:2. |
| 102. | Howard served in the U.S. Navy for 4 years and had 12 years of patrol experience as a CHP officer. | Exh. 3: Howard Deposition, pp. 11:7-17; 12:12-21

Exh. 4: Howard July 26, 2021, transcribed statement, pp. 78:1-5 | Undisputed. |
| 103. | Howard wanted to prevent crossfire and did not want to risk the safety of other officers, the stopped | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 24:8-25:18; 68:17-69:11 | Disputed to the extent that traffic had stopped some ways back in both directions. |

72

| | | | |
|---|---|---|---|
| | traffic, or the vehicles traveling on the opposite side of the freeway if deadly force was used. | | Ex. 58: Howard Depo. at 56:22-57:2; Ex. 60: Howard Admin. Int. at 112:24-113:2; Ex. 61: Howard Interview at 95:18-96:1-10; Ex. 59: Mendez Depo. at 16:16-21. 17:4-7.

When Howard saw the truck, there were no vehicles driving on the westbound side of the freeway.

Ex. 58: Howard Depo. at 56:22-57:2. |
| 104. | Howard believed he was the most proficient in firing a tactile rifle because of his experience. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 24:8-25:18; 78:7-79:4 | Undisputed. |
| 105. | At approximately 12:57 a.m. SBCSD officers stopped all traffic on westbound I-10 at Cedar Avenue. | Exh. 5: Dickey Deposition, pp. 68:10-69:12

Exh. 13: Vasquez Deposition, pp. 35:10-16; 36:23-37:5

Exh. 28: CHP Incident Detail Report, pp. AGO 000865

Exh. 20: Blankenship Deposition, pp.  91:22-92:11

Exh. 19: Alcala | Undisputed. |

73

| | | | | |
|---|---|---|---|---|
| | | | Deposition, pp. 35:10-16; 36:23-37:19; 48:17-49:5<br><br>See also Exh. 33: SBCSD Crime Report, p. 000335-336; 351-352 | |
| | 106. | All eastbound and westbound traffic on the I-10 was now stopped. | Exh. 5: Dickey Deposition, pp .68:10-69:12<br><br>Exh. 7: Mercado Deposition, pp. 66:1-11<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000865<br><br>Exh. 20: Blankenship Deposition, pp.  91:22-92:11 | Undisputed. |
| | 107. | At approximately 1:00 a.m. the Big Rig was heading toward the roadblock traveling the wrong way on westbound I-10, straddling the right shoulder a traffic lane. | Exh. 3: Howard Deposition, pp. 48:19-49:1<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 66:1-17<br><br>Exh. 7: Mercado Deposition, pp. 8:7-12; 13:21-14:11<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000466-468 | Undisputed. |

74

| | | | |
|---|---|---|---|
| | | Exh. 9: J. Garcia Deposition, pp. 12:13-25 | |
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000095-96; 120; 124-126 | |
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000292-293 | |
| | | Exh. 5: Dickey Deposition, pp. 68:10-69:12 | |
| | | Exh. 28: CHP Incident Detail Report, pp. AGO 000866 | |
| | | Exh. 21: J. Garcia BWC, AGO000847 at | |
| | | Exh. 2: Urquijo transcribed statement, pp. 73:2-74:12 | |
| 108. | The pursuit had been ongoing for approximately one and half hours. | Exh. 1: Urquijo Deposition, pp. 215:21-25; 216:1-4 <br><br> Exh. 2: Urquijo transcribed statement, pp. 30:1-3 <br><br> Exh. 5: Dickey Deposition, pp. 51:3-12; 51:22-52:23; | Objection: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. <br><br> Otherwise, undisputed. |

| | | 57:15-58:22; 68:10-69:12; 79:14-25; 80:6-15; 87:14-19<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000866 | |
|---|---|---|---|
| 109. | The pursuit covered approximately 50 miles | Exh. 1: Urquijo Deposition, pp. 215:21-25; 216:1-4<br><br>Exh. 5: Dickey Deposition, pp. 51:3-12; 51:22-52:23; 57:15-58:22; 68:10-69:12; 79:14-25; 80:6-15; 87:14-19<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000858 - 866 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Otherwise, undisputed. |
| 110. | Loftin had driven the wrong way on the I-215, SR-210, and the I-10 at speeds of 40 mph to 75 mph | Exh. 1: Urquijo Deposition, pp. 215:21-25; 216:1-4<br><br>Exh. 2: Urquijo transcribed statement, pp. 30:4-11; 34:3-9; 73:2-74:12<br><br>Exh. 5: Dickey Deposition, pp. 51:3-12; 51:22-52:23; 57:15-58:22; 68:10-69:12; 79:14-25; 80:6-15; 87:14-19<br><br>Exh. 6: Peppler Deposition, pp. 35:12- | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>At the relevant time, the truck slowed down as it approached the roadblock.<br><br>Ex. 58: Howard Depo. at 49:2-6, 81:24-82:1; Ex. 52: Rosander Composite Video; Ex. 53: Rosander |

76

| | | | 21; 36:6-37:6; 62:16-63:19; 64:14-65:3; 70:25-71:21; 74:12-2; 8210-83:2; 98:14-99:25; 107:20-23<br><br>Exh. 28: CHP Incident Detail Report, pp. AGO 000858 - 866 | Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:44-4:00; Ex. 57: MVARS 1540337 at 6:38-6:52; Ex. 60: Howard Admin. Int. at 170:1-5, 250:6-13, 53:10-16.<br><br>Otherwise, undisputed. |
|---|---|---|---|---|
| | 111. | Loftin would have passed approximately 1200 vehicles during the pursuit. | Declaration of Rock E. Miller<br><br>Exh. 32: Records from California Department of Transportation's Performance Measurement System (PeMS) Data Source | Objection: Irrelevant to the extent that this specific information was unknown to Howard at the time of the incident; also irrelevant to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>There was no traffic in the lanes when the truck approached the roadblock.<br><br>Ex. 58: Howard Depo. at 56:22-57:2; Ex. 60: Howard Admin. Int. at 190:13-16, 233:14-21, 234:25-235:5, 307:12-18; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at |

77

| | | | | 4:01-4:08; Ex. 57: MVARS 1540337 at 6:54-7:01.  Otherwise, undisputed. |
|---|---|---|---|
| 112. | The Big Rig approached the roadblock at approximately 50 mph. | Exh. 5: Dickey Deposition, pp. 68:10-69:12; 82:17-23  Exh. 4: Howard July 26, 2021, transcribed statement, pp. 66:1-17  Exh. 7: Mercado Deposition, pp. 49:9-25; 63:14-25; 75:17-20  Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000468  Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000096  Exh. 13: Vasquez Deposition, pp. 69:18-20  Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000258; 261  Exh. 28: CHP Incident Detail Report, pp. AGO 000866 | Disputed.  The truck slowed down as it approached the roadblock.  Ex. 49: Lyons Animation.  Ex. 50: Lyons Animation, Annotated.  Ex. 52: Rosander Composite Video.  Ex. 53: Rosander Composite Video, Annotated.  Ex. 56: Garcia BWC Video at 3:44-4:00.  Ex. 57: MVARS 1540337 at 6:38-6:52.  Ex. 58: Howard Depo. at 49:2-6, 81:24-82:1.  Ex. 59: Mendez Depo. at 46:24-47:10.  Ex. 60: Howard Admin. Int. at 170:1-5, 250:6-13, 53:10-16. |

| | | | Exh. 23: Mendez MVARS, AGO 000846 at 6:30 | Ex. 62: Urquijo Depo. at 147:21-25.<br><br>Ex. 63: Mercado Depo. at 8:4-6, 19:8-19, 20:1-7. |
|---|---|---|---|---|
| | 113. | Officer Mercado was concerned Loftin would drive through the guardrail and injure the officers who had taken cover behind the guardrail. | Exh. 7: Mercado Deposition, pp. 66:19-67:17<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000466-467; 472-473; 476-477; 480-481<br><br>Exh. 21: J. Garcia BWC, AGO000847 at 3:30<br><br>Exh. 4: Howard July 26, 2021 transcribed statement, pp. 93:22-94:15; 108:1-11 | <u>Objection</u>: Vague as to time.<br><br>Disputed.<br><br>At the time that Officer Mercado went over the guardrail, he believed there was no reason to be behind the guardrail after the truck had stopped.<br><br>Ex. 63: Mercado Depo. at 47:18-24, 49:9-21.<br><br>Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury.<br><br>DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. |

64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: Jesus Garcia Depo. at 52:3-8.

Otherwise, undisputed.

Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force.

Ex. 60: Howard Admin. Int. at 83:5-84:10.

Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.

DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2.

Police officers are trained that a threat or potential threat is

80

| | | | |
|---|---|---|---|
| | | | insufficient to justify the use of deadly force.<br><br>Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8. |
| 114. | When the Big Rig was about 500 feet from the roadblock, Howard stepped over the guardrail and walked near the back of a patrol vehicle near the guardrail. | Exh. 3: Howard Deposition, pp. 19:13-25; 20:1-10; 55:5-12<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 71:25-71:5<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000478<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000099<br><br>Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 266-267<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000371<br><br>Exh. 21: J. Garcia BWC, AGO000847 at 3 min | Disputed to the extent that Howard stated after he stepped out from behind the guardrail, when he thought the truck was possibly stopping and making a U-turn, Howard did not use the patrol cars for cover.<br><br>Ex. 60: Howard Admin. Int. at 168:16-25. |

| | | | |
|---|---|---|---|
| 115. | This provided Howard with a tactical advantage of having a better angle on the Big Rig. | Exh. 3: Howard Deposition, pp. 16:1-25; 17:2-9; 19:13-25; 20:1-10; 55:5-56:18<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 68:17-69:11; 71:25-71:5<br><br>Exh. 7: Mercado Deposition, pp. 66:1-11<br><br>Exh. 33: SBCSD Crime Report, pp. 000442 | Disputed to the extent that Howard stated after he stepped out from behind the guardrail, when he thought the truck was possibly stopping and making a U-turn, Howard did not use the patrol cars for cover.<br><br>Ex. 60: Howard Admin. Int. at 168:16-25.<br><br>Also disputed to the extent that the safest place to be as the truck approached was the right shoulder behind the wood and metal guardrail, followed by trees.<br><br>Ex. 60: Howard Admin. Int. at 112:19-23, 111:5-15, 143:20-23, 144:16. |
| 116. | At this point in time, Howard knew the pursuit had already lasted more than an hour. | Exh. 3: Howard Deposition, pp. 38:14-16; 43:22-44:15; 45:6-22; 46:10-20<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 103:1-104:24; 106:18-26 | Objection: Irrelevant as to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Otherwise, undisputed. |

| | | Exh. 7: Mercado Deposition, pp. 16:14-24; 63:14-25: 64:3-11; 64:25-65:4; 66:1-11; 67:19-68:23; 69:3-24; 70:16-19; 72:12-22; 73:15-17; 76:25-77:8; 79:2-6<br><br>Exh. 11: M. Garcia Deposition, pp., 12:5-24; 27:10-13<br><br>Exh. 5: Dickey Deposition, pp. 51:3-12; 51:22-52:23; 57:15-58:22; 68:10-69:12; 70:24-72:13; 74:16-76:15; 79:14-25; 80:6-15; 82:17-83:8; 87:14-19 | |
|---|---|---|---|
| 117. | Howard knew that Loftin had been driving at high speeds the wrong way on the freeway. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 103:1-104:24 | Objection: Irrelevant as to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Otherwise, undisputed. |
| 118. | Howard knew that Loftin had made multiple U-turns on the freeway. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 103:1-104:24 | Undisputed. |
| 119. | Howard knew that Loftin had driven past multiple traffic breaks. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 92:7-93:10; 103:1-104:24 | Objection: Irrelevant as to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v.* |

| | | | *Connor*, 490 U.S. at 397. |
|---|---|---|---|
| | | | Otherwise, undisputed. |
| 120. | Howard knew that Loftin had driven past stopped traffic. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 103:1-104:24 | Objection: Irrelevant as to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. |
| | | | Otherwise, undisputed. |
| 121. | Howard knew that Loftin had driven over spike strips. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 18:6-19; 92:7-93:10; 100:24-101:6 | Objection: Irrelevant as to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. |
| | | | Otherwise, undisputed, but noted that: |
| | | | The spike strip popped one tire. |
| | | | Ex. 65: M. Garcia Depo. at 119:9-17. |
| | | | After one of the truck's tires was affected by the spike strip, the truck slowed down to about 25-30 mph. |
| | | | Ex. 62: Urquijo Depo. at 147:21-25, 214:6-25. Howard agrees that just because they used the spike strip and Loftin |

84

| | | | kept going, that doesn't mean they couldn't try the spike strip again.<br><br>Ex. 60: Howard Admin. Int. at 167:24-168:9. |
|---|---|---|---|
| 122. | Howard knew that Loftin had hit K-rail barriers. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 103:1-104:24 | <u>Objection</u>: Irrelevant as to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Otherwise, undisputed. |
| 123. | Howard knew that Loftin had near misses with oncoming traffic. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 88:15-89:10; 90:1-23; 91:3-16 | <u>Objection</u>: Irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Disputed to the extent that Loftin did not injure anyone or cause any collisions.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: |

85

| | | | | Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20.

*See also* Ex. 63: Mercado Depo. at 79:2-12; Ex. 64: Vasquez Depo. at 7:9-19; Ex. 65: M. Garcia Depo. at 10:24-11:1.

According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles.

Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1.

Prior to the shooting, Howard had no information that anyone had been injured by the truck.

Ex. 58: Howard Depo. at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21; *See also* Ex. 63: Mercado Depo. at 79:2-12.

Otherwise, undisputed. |
| 124. | Howard knew that Loftin was approaching the roadblock and the officers. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 66:1-17; 100:24-101:6 | <u>Objection</u>: Compound; vague and ambiguous as to "approaching officers." |

| | | | Disputed to the extent that the officers were taking cover behind the guardrail.

Ex. 58: Howard Depo. at 31:9-22; Ex. 60: Howard Admin. Int. at 112:19-23, 111:5-15, 143:20-23, 144:16; Ex. 63: Mercado Depo. at 12:20-13:5, 48:7-15; Ex. 59: Mendez Depo. at 17:4-18:3; Ex. 66: J. Garcia Depo. at 25:7-13.

The safest place to be as the truck approached was the right shoulder behind the wood and metal guardrail, followed by trees.

Ex. 60: Howard Admin. Int. at 112:19-23, 111:5-15, 143:20-23, 144:16.

Disputed to the extent that the truck came to a stop and then began moving in reverse, away from the guardrail.

Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58- |

| | | | 4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 62: Urquijo Depo. at 167:16; Ex. 58: Howard Depo. at 111:17-21.<br><br>The truck did not strike any of the patrol vehicles in the roadblock prior to the shooting.<br><br>Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 38:24-39:1; Ex. 63: Mercado Depo. at 15:4-5, 45:3-11.<br><br>Otherwise, undisputed that the truck was approaching that general area. |
| --- | --- | --- | --- |
| 125. | Howard knew eastbound traffic was stopped behind the roadblock. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 91:18-24; 100:24-101:6; 114:8-115:14 | Undisputed. |
| 126. | As it approached the roadblock, the Big Rig entered lane 1, turned in a southwest direction, driving across lanes 2, 3 and | Exh. 3: Howard Deposition, pp. 50:6-25; 54:2-9<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed | Undisputed. |

| | | | |
|---|---|---|---|
| 4. | | statement, pp. AGO000095-96; 120; 124-126<br><br>Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 292-293<br><br>Exh. 11: M. Garcia Deposition, pp.., 23:19-24:1<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:30 | |
| 127. | Helicopter 40-K announced Loftin might be trying to make a U-turn. | Exh. 5: Dickey Deposition, pp. 85:13-16<br><br>Exh. 6: Peppler Deposition, pp. 84:16-87:2<br><br>Exh. 7: Mercado Deposition, pp. 39:8-17; 40:1-12; 80:5-9<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. | Undisputed. |
| 128. | Howard did not hear this announcement. | Exh. 3: Howard Deposition, pp. 109:14-110:12 | Disputed.<br><br>Howard was receiving some information from listening to the dispatch or broadcast |

| | | | from the San Bernardino County Sheriff's Department airship overhead. |
| | | | |
| | | | Ex. 58: Howard Depo. at 28:14-29:9, 96:8-21. |
| | | | |
| | | | The other officers involved in the roadblock were also listening to dispatches from the helicopter. |
| | | | |
| | | | Ex. 63: Mercado Depo. at 13:19-23, 36:6-12; Ex. 59: Mendez Depo. at 11:22-12:7, 18:18-19:1, 43:12-25; Ex. 66: J. Garcia Depo. at 27:12-21, 28:8-18, 29:10-31:8. |
| | | | |
| | | | A reasonable officer would be expected to be listening to the police radio. |
| | | | |
| | | | DeFoe Decl. at ¶ 8. |
| | | | |
| | | | Howard heard the San Bernardino County Sheriff's Department airship put out radio traffic that the truck was approaching Howard's location. |
| | | | |
| | | | Ex. 58: Howard Depo. at 46:13-20; *see also* Ex. 64: Vasquez Depo. |

90

| | | | | at 10:1-6. |
| --- | --- | --- | --- | --- |
| | | | | Howard stated that he may have heard 40-King say he's trying to make a U-turn, but he does not recall. |
| | | | | Ex. 60: Howard Admin. Int. at 241:6-9. |
| | | | | Regardless of whether he heard the airship say that, Howard already recognized himself that it looked like he was trying to make a U-turn. |
| | | | | Ex. 60: Howard Admin. Int. at 241:6-25. |
| | 129. | The Big Rig was now facing toward the metal guardrail where Howard and other officers were positioned. | Exh. 3: Howard Deposition, pp. 53:3-8<br><br>Exh. 7: Mercado Deposition, pp. 54:17-55:8; 66:19-67:17; 81:20-82:14<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000472-473; 476-477; 480-481<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO0000122-124-128 | Disputed to the extent that the truck came to a stop and then began moving in reverse, away from the guardrail.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at |

91

| | | | |
|---|---|---|---|
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 265; 292-295 | 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 62: Urquijo Depo. at 167:16. |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. | Disputed. The truck appeared to be making a U-turn. |
| | | Exh. 23: Mendez MVARS, AGO000846 at 6:30 | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | | When Howard saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | | Officers Mercado and Mark Garcia also thought the truck might be making a U-turn. |

92

| | | | | Ex. 63: Mercado Depo. at 14:12-15:3, 39:7-23, 46:3-47:6; Ex. 65: M. Garcia Depo. at 37:22-34:1, 54:1-13, 61:5-21. |
|---|---|---|---|---|
| | 130. | Howard (in uniform) began walking along the right side of a patrol vehicle with his tactical rifle pointed at the Big Rig. | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000478<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000099<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp.<br><br>Exh. 23: Mendez MVARS, AGO000846 at 6:30<br><br>Exh. 21: J. Garcia BWC, AGO000847 at at 3 min | Disputed to the extent that after Howard stepped out from behind the guardrail, and the patrol cars were set up in the roadblock, and he thought the truck might be stopping or making a U-turn, Howard did not use the patrol cars for cover.<br><br>Ex. 60: Howard Admin. Int. at 168:16-25. |
| | 131. | Howard hoped his visual presence would cause Loftin to stop. | Exh. 3: Howard Deposition, pp. 55:21-56:6; 81:12-23; 82:12-83:5<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 92:7-93:10; 97:1-26 | Disputed to the extent that the truck did come to a brief stop.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite |

| | | | | |
|---|---|---|---|---|
| | | | | Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:00; Ex. 57: MVARS 1540337 at 6:51-6:53; Rosander Decl. at ¶ 9; Ex. 62: Urquijo Depo. at 167:16.<br><br>Disputed to the extent that Howard has been trained, pursuant to CHP HPM 70.6, Ch. 16, Roadblocks, that when practical, officers should utilize cover until a vehicle is stopped and a safe approach can be made.<br><br>Ex. 60: Howard Admin. Int. at 108:21-109:16, 141:5-23, 181:3-8.<br><br>Pursuant to CHP policy, Howard should have stayed in a safe area to see if Loftin stopped at the roadblock before approaching the truck.<br><br>Ex. 60: Howard Admin. Int. at 267:12-18. |
| | 132. | The front of the Big Rig entered lane 4. | Exh. 7: Mercado Deposition, pp. 55:10-16<br><br>Exh. 23: Mendez | Undisputed. |

| | | MVARS, AGO 000846 at 6:30<br><br>Exh. 15: Mendez Statement AGO0000292-293 | |
|---|---|---|---|
| 133. | Howard proceeded past the front of the patrol vehicle in an easterly direction, along the right shoulder. | Exh. 3: Howard Deposition, pp. 19:13-25; 20:1-10<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:30 | Undisputed that Howard did this.<br><br>Disputed that a reasonable officer would have taken this action, as, pursuant to CHP policy, Howard should have stayed in a safe area to see if Loftin stopped at the roadblock before approaching the truck.<br><br>Ex. 60: Howard Admin. Int. at 267:12-18. |
| 134. | The other officers left their positions near the trees and stepped over the guard rail near the southernmost patrol vehicle. | Exh. 9: J. Garcia Deposition, pp. 43:16-21<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000061-69<br><br>Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234<br><br>Exh. 11: M. Garcia Deposition, pp.., 29:12-17 | Objection: Compound; vague as to time as to which officers stepped over the guard rail at which point.<br><br>Otherwise, undisputed. |

| | | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 71:17-26 | |
|---|---|---|---|
| 135. | Howard began running into the number 4 lane in a northeasterly direction toward the Peterbilt. | Exh. 3: Howard Deposition, pp. 61:9-24<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:30 | Undisputed that Howard did this.<br><br>Disputed to the extent that Howard violated CHP policy when he ran at Loftin with his rifle rather than giving Loftin a chance to stop.<br><br>Ex. 60: Howard Admin. Int. at 268:9-269:10. |
| 136. | Howard believed the Big Rig was coming toward him and the other officers. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 97:1-26 | Disputed.<br><br>Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn.<br><br>Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |

Case No. 5:22-cv-02133-AH-DTB

| | | | Also disputed that a reasonable officer in Howard's position would form this belief.

The truck came to a stop and then began moving in reverse, away from Howard.

Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 111:17-21; Ex. 62: Urquijo Depo. at 167:16.

The truck appeared to be making a U-turn.

Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |

97

| 137. | Howard yelled, "Stop. Stop. Stop." | Exh. 3: Howard Deposition, pp. 19:6-8; 57:3-8; 58:1-4; 58:19-22; 59:5-18 | Disputed as to whether this could be heard by the occupants of the truck, given the distance and the ambient noise. |
|---|---|---|---|
| | | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 69:13-16 | |
| | | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. | |
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000264 | |
| | | Exh. 21: J. Garcia BWC, AGO000847 at | |
| 138. | Loftin reversed back into the number 1 lane. | Exh. 5: Dickey Deposition, pp. 68:10-69:12 | Undisputed. |
| | | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 71:7-15 | |
| | | Exh. 7: Mercado Deposition, pp. 54:17-55:16; 64:17-23; 66:1-11; 81:20-82:14 | |
| | | Exh. 23: Mendez MVARS, AGO 000846 at 6:30 | |
| | | Exh. 13: Vasquez Deposition, pp. 73:16-19; 78:11-13 | |

| 139. | The front of the Big Rig was facing in the direction of the officers, patrol vehicles and stopped traffic behind the roadblock. | Exh. 5: Dickey Deposition, pp. 68:10-69:12<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 71:7-15<br><br>Exh. 7: Mercado Deposition, pp. 54:17-55:16; 64:17-23; 66:1-11; 81:20-82:14<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000472-473; 476-477; 480-481<br><br>Exh. 9: J. Garcia Deposition, pp. 26:2-10<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO0000121-122; 124-128<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:30<br><br>Exh. 13: Vasquez Deposition, pp. 73:16-19; 78:11-13 | Disputed. The truck came to a stop and then began moving in reverse, away from the officers and away from the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21.<br><br>The truck appeared to be making a U-turn.<br><br>Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8.<br><br>Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U- |

| | | | | |
|---|---|---|---|---|
| | | | | turn.<br><br>Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| 140. | The headlights of the Big Rig moved across Howard's body from his right to left. | Exh. 3: Howard Deposition, pp. 19:13-25; 20:1-10<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 70:6-18; 72:25-73:7; 107:10-20<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:30 | | Objection: Vague and ambiguous.<br><br>Disputed to the extent that the truck came to a stop and then began moving in reverse, away from the officers and away from the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21.<br><br>The truck appeared to be making a U-turn. |

| | | | | |
|---|---|---|---|---|
| | | | | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8.<br><br>Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn.<br><br>Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| 141. | Howard thought Loftin was positioning the Big Rig to drive forward and run him over. | Exh. 3: Howard Deposition, pp. 18:14-23; 19:13-25; 20:1-10<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 72:11-3:7; 95:10-16; 97:1-26; 101:14-23; 107:10-20; 112:10-20 | | Disputed that a reasonable officer would form this belief.<br><br>The truck came to a stop and then began moving in reverse, away from the officers and away from the roadblock. |

| | | | Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21. |
| | | | |
| | | | The truck appeared to be making a U-turn. |
| | | | |
| | | | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | | |
| | | | Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | |
| | | | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, |

241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18.

Howard admitted that the only time he was directly in front of the truck was when it moved in reverse.

Ex. 60: Howard Admin. Int. at 145:1-4.

At the time that the truck was reversing, reasonable officer under this set of facts would have recognized that the truck was reversing and not moving forward.

DeFoe Decl. at ¶ 8.

Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury.

DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15;

103

| | | | | Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8. |
| | | | | Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force. |
| | | | | Ex. 60: Howard Admin. Int. at 83:5-84:10. |
| | | | | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |
| | | | | DeFoe Decl. at ¶ 4(d). |
| | | | | Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2. |
| | | | | Police officers are |

104

| | | | |
|---|---|---|---|
| | | | trained that a threat or potential threat is insufficient to justify the use of deadly force.<br><br>Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8. |
| 142. | Howard believed Loftin was positioning the Big Rig to drive forward at the other officers and run them over. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 72:11-73:7; 95:10-16; 97:1-26; 107:10-20; 112:10-20<br><br>Exh. 2: Urquijo transcribed statement, pp. 37:14-19 | Objection: vague as to time.<br><br>Disputed.<br><br>The truck came to a stop and then began moving in reverse, away from the officers, the guardrail, the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 111:17-21.<br><br>The truck appeared to be making a U-turn.<br><br>Ex. 49: Lyons |

| | | | |
|---|---|---|---|
| | | | Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | | Howard admitted that the only time he was directly in front of the truck was when it moved in reverse. |
| | | | Ex. 60: Howard Admin. Int. at 145:1-4. |
| | | | Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | | At the time that Officer Mercado went over the guardrail, he believed there was no reason to |

| | | | be behind the guardrail after the truck had stopped. |
| | | | Ex. 63: Mercado Depo. at 47:18-24, 49:9-21. |
| | | | In Howard's experience, to make a three-point turn, a vehicle has to back up. |
| | | | Ex. 58: Howard Depo. at 80:10-12; *see also* Ex. 65: M. Garcia Depo. at 20:12-23. |
| | | | Based on Howard's training, if the truck was just trying to turn around at the roadblock and go the right way on the freeway, then there would not be an immediate threat of death or serious bodily injury at that time. |
| | | | Ex. 58: Howard Depo. at 41:9-14, 51:19-52:5, 73:22-74:5; Ex. 60: Howard Admin. Int. at 188:8-19. |
| | | | Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that |

107

| | | | the suspect poses an immediate or imminent threat of death or serious bodily injury.

DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8.

Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force.

Ex. 60: Howard Admin. Int. at 83:5-84:10.

Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |

108

| | | | | |
|---|---|---|---|---|
| | | | | DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2.<br><br>Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force.<br><br>Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8. |
| | 143. | The other officers believed Loftin was positioning the Big Rig to drive forward and run them over. | Exh. 7: Mercado Deposition, pp. 44:10-45:7; 54:17-55:16; 55:21-56:19; 61:10-21; 63:3-11; 64:17-23; 66:1-11; 66:19-67:17; 81:20-82:22<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000472-473; 476-477; 480-481<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO0000121-122; 124-128<br><br>Exh. 11: M. Garcia Deposition, pp.., 27:10-22<br><br>Exh. 15: Mendez | Objection: vague as to time.<br><br>Disputed.<br><br>The truck came to a stop and then began moving in reverse, away from the officers, the guardrail, the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 58: |

| | | Statement AGO0000266-267; 294-295 | Howard Depo. at 111:17-21. |
| | | | The truck came to a stop and then began moving in reverse, away from the officers, the guardrail, the roadblock. |
| | | Exh. 5: Dickey Deposition, pp. 68:10-69:12; 70:24-72:13 | |
| | | Exh. 20: Blankenship Deposition, pp. 73:5-74:9; 74:16-19 | Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 111:17-21. |
| | | | At the time that Officer Mercado went over the guardrail, he believed there was no reason to be behind the guardrail after the truck had stopped. |
| | | | Ex. 63: Mercado Depo. at 47:18-24, 49:9-21. |
| | | | Basic police training and standards instruct that deadly force should only be used on |

the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury.

DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8.

Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force.

Ex. 60: Howard Admin. Int. at 83:5-84:10.

Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be

| | | | |
|---|---|---|---|
| | | | instantly confronted and addressed.

DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2.

Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force.

Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8.

At the time that Officer Mercado went over the guardrail, he believed there was no reason to be behind the guardrail after the truck had stopped.

Ex. 63: Mercado Depo. at 47:18-24, 49:9-21. |
| 144. | Howard feared the Big Rig would drive through the patrol vehicles and kill or seriously injure motorists stopped behind the roadblock. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 68:3-15-69:11; 72:15-73:7; 93:12-20; 101:14-23; 114:8-115:14 | <u>Objection</u>: Calls for speculation; vague as to time.

Disputed.

The truck came to a stop and then began moving in reverse, away from the officers |

| | | | and away from the roadblock. |
|---|---|---|---|
| | | | Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21. |
| | | | The truck appeared to be making a U-turn. |
| | | | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | | Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | Ex. 60: Howard Admin. Int. at 131:14- |

113

| | | | 21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | | |
| | | | The truck did not strike any of the patrol vehicles in the roadblock prior to the shooting. |
| | | | |
| | | | Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 38:24-39:1; Ex. 63: Mercado Depo. at 15:4-5, 45:3-11. |
| | | | |
| | | | Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. |
| | | | |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. |

114

at 41:4-8, 99:11-15;
Ex. 60: Howard
Admin. Int. at 67:18-
68:5, 83:5-84:18; Ex.
64: Vasquez Depo. at
46:2-11; Ex. 65: M.
Garcia Depo. at 7:24-
8:4; Ex. 66: J. Garcia
Depo. at 52:3-8.

Pursuant to police
officer training and
CHP policy, a
subjective fear is
insufficient to justify a
use of deadly force.

Ex. 60: Howard
Admin. Int. at 83:5-
84:10.

Police officers are
trained that an
imminent harm is not
merely a fear of future
harm, no matter how
great the fear and no
matter how great the
likelihood of the harm,
but is one that from
appearances, must be
instantly confronted
and addressed.

DeFoe Decl. at ¶ 4(d);
Ex. 60: Howard
Admin. Int. at 87:2-18,
88:17-89:3, 89:12-
83:2.

Police officers are

| 1 | | | | trained that a threat or potential threat is insufficient to justify the use of deadly force. |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8. |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized." Ex. 60: Howard Admin. Int. at 217:8-18. |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |

| | | | person will cause death or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible.<br><br>DeFoe Decl. at ¶ 11.<br><br>Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11. |
| 145. | The other officers feared the Big Rig would drive through the patrol vehicles and kill or seriously injure motorists stopped behind the roadblock. | Exh. 7: Mercado Deposition, pp. 44:10-45:7; 54:17-55:16; 55:21-56:19; 61:10-21; 63:3-11; 64:17-23; 66:1-11; 66:19-67:17; 81:20-82:22<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000472-473; 476-477; 480-481 | Disputed that a reasonable officer would form this belief.<br><br>The truck came to a stop and then began moving in reverse, away from the officers and away from the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: |

| | | | |
|---|---|---|---|
| | | Exh. 9: J. Garcia Deposition, pp. 60:22-63:9; 64:6-24; 67:19-68:7; 69:1-73:22; 79:6-80:3 | Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21. |
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000061-69; 72-73; 77-78; 111; 121-122; 124-128 | The truck appeared to be making a U-turn. |
| | | Exh. 11: M. Garcia Deposition, pp.., 27:10-22 | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000331-332; 343-344; 359-360; 401; 412 | |
| | | Exh. 15: Mendez Statement AGO0000227-234; 250; 294-295; 302-303 | |
| | | Exh. 5: Dickey Deposition, pp. 68:10-69:12; 70:24-72:13 | The truck did not strike any of the patrol vehicles in the roadblock prior to the shooting. |
| | | Exh. 14. Vasquez June 28, 2021, transcribed statement, AGO 000185; 186-187;190; 209-210 | Ex. 52: Rosander |

Composite Video; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 38:24-39:1; Ex. 63: Mercado Depo. at 15:4-5, 45:3-11.

Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury.

DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8.

Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force.

119

| | | | Ex. 60: Howard Admin. Int. at 83:5-84:10. |
| | | | |
| | | | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |
| | | | |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2. |
| | | | |
| | | | Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force. |
| | | | |
| | | | Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8. |
| | | | |
| | | | Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be |

120

injured or killed unless the driving act is terminated is not authorized."
Ex. 60: Howard Admin. Int. at 217:8-18.

Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the person will cause death or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible.

DeFoe Decl. at ¶ 11.

| | | | |
|---|---|---|---|
| | | | Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11. |
| 146. | Howard did not believe Loftin was going to surrender. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 97:1-26; 106:18-26 | <u>Objection</u>: Calls for speculation.<br><br>Disputed.<br><br>Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn or that Loftin might be coming to a stop and giving up.<br><br>Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18.<br><br>Disputed to the extent that, pursuant to CHP policy, "the discharge |

122

| | | | | of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized." Ex. 60: Howard Admin. Int. at 217:8-18. |
|---|---|---|---|---|
| | 147. | The other officers did not believe Loftin was going to surrender. | Exh. 7: Mercado Deposition, pp. 22:17-23:6; 44:10-45:7; 4623-47:6; 55:10-16; 55:21-56:19; 66:19-67:17; 67:19-68:23<br><br>Exh. 9: J. Garcia Deposition, pp. 60:22-63:9; 64:6-24; 67:19-68:7; 69:1-73:22; 79:6-80:3<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000128<br><br>Exh. 11: M. Garcia Deposition, pp.., 20:5-23<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000364-365; | Objection: Calls for speculation.<br><br>Disputed to the extent that Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn or that Loftin might be coming to a stop and giving up.<br><br>Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |

| | | | |
|---|---|---|---|
| | | 367; 370-371; 374; 410-411<br><br>Exh. 5: Dickey Deposition, pp. 85:13-16<br><br>Exh. 20: Blankenship Deposition, pp. 73:5-74:9; 74:16-19<br><br>Exh. 14. Vasquez June 28, 2021, transcribed statement, AGO 000185; 186-187; 190; 209-210<br><br>Exh. 15: Mendez Statement AGO0000297-298 | Disputed to the extent that, pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized."<br><br>Ex. 60: Howard Admin. Int. at 217:8-18. |
| 148. | Howard did not believe Loftin was trying to turn around. | Exh. 3: Howard Deposition, pp. 19:13-25; 20:1-10; 87:1-89:8<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 97:1-26; 112:10-20 | Disputed.<br><br>The truck appeared to be making a U-turn.<br><br>Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8.<br><br>Prior to the shooting, Howard had information that the truck at various times would be going the wrong way on the |

| | | | | freeway and then make a U-turn on the freeway and start going the right way on the freeway. |
|1| | | | |
|2| | | | |
|3| | | | |
|4| | | | |
|5| | | | Ex. 58: Howard Depo. at 28:25-29:9, 96:8-21; Ex. 61: Howard Interview at 13:11-16. |
|6| | | | |
|7| | | | |
|8| | | | Other officers involved in the roadblock also knew that the truck had previously made U-turns, prior to the truck approaching the Sierra roadblock. |
|9| | | | |
|10| | | | |
|11| | | | |
|12| | | | |
|13| | | | |
|14| | | | Ex. 63: Mercado Depo. at 10:9-11, 11:24-12:16, 16:14-24, 46:3-47:6; Ex. 64: Vasquez Depo. at 41:8-13; Ex. 59: Mendez Depo. at 8:9-9:1, 11:1-3, 15:2-6; Ex. 65: M. Garcia Depo. at 12:16-24, 13:4-22, 19:24-20:4; Ex. 66: J. Garcia Depo. at 22:13-21. |
|15| | | | |
|16| | | | |
|17| | | | |
|18| | | | |
|19| | | | |
|20| | | | |
|21| | | | |
|22| | | | Prior to the shooting, Howard considered the possibility that the truck would see the roadblock and make a U-turn, as it had done previously. |
|23| | | | |
|24| | | | |
|25| | | | |
|26| | | | |
|27| | | | |
|28| | | | Ex. 58: Howard Depo. |

at 39:22-40:1, 81:12-23-82:1, 82:12-83:5;
Ex. 60: Howard Admin. Int. at 131:10-21, 304:5-12.

Prior to the shooting, Howard tactically determined that if the truck saw the roadblock and made another U-turn to go the right way on the freeway, and there was no imminent threat, then he would tactically reassess rather than shooting.

Ex. 58: Howard Depo. at 40:2-41:8, 51:5-24, 72:14-73:4; Ex. 60: Howard Admin. Int. at 131:10-13.

When Howard saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn.

Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61:

| | | | Howard Interview at 31:18-32:18. |
|---|---|---|---|
| | | | Officers Mercado and Mark Garcia also thought the truck might be making a U-turn. |
| | | | Ex. 63: Mercado Depo. at 14:12-15:3, 39:7-23, 46:3-47:6; Ex. 65: M. Garcia Depo. at 37:22-34:1, 54:1-13, 61:5-21. |
| | | | Howard believed that the truck had enough room to make a U-turn or three-point turn. |
| | | | Ex. 58: Howard Depo. at 50:6-52:11. |
| | | | In Howard's experience, to make a three-point turn, a vehicle has to back up. |
| | | | Ex. 58: Howard Depo. at 80:10-12. |
| | | | Police officers are trained to have situational awareness. |
| | | | DeFoe Decl. at ¶ 8. |
| 149. | Howard heard the Big Rig's engine revving. | Exh. 3: Howard Deposition, pp. 19:13-25; 20:1-10; 87:1-89:8; 105:1-106:17 | Objection: vague and ambiguous as to "revving."<br><br>Disputed that the |

| | | Exh. 4: Howard July 26, 2021, transcribed statement, pp. May 10, 2023, p. 244:9-19 | engine was "revving" when the truck slowed down, came to a stop, and then slowly reversed away from the roadblock. |
|---|---|---|---|
| | | Exh. 2: Urquijo transcribed statement, pp. 38:1-6; 39:20-25 | Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21. |
| 150. | Howard believed Loftin was going to continue forward toward him, the officers and motorists stopped behind the roadblock. | Exh. 3: Howard Deposition, pp. 19:13-25; 20:1-10; 39:2-41:3; 60:2-61:1; 61:9-17; 64:13-24; 87:1-89:8; 105:1-106:17<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. May 10, 2023, p. 244:9-19 | <u>Objection</u>: Calls for speculation.<br><br>Disputed.<br><br>The truck came to a stop and then began moving in reverse, away from the officers and away from the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite |

128

| | | | | Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21.

The truck appeared to be making a U-turn.

Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8.

Officers are trained to have situational awareness. DeFoe Decl. at ¶ 8.

Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn.

Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, |

129

| | | | 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | | The truck did not strike any of the patrol vehicles in the roadblock prior to the shooting. |
| | | | Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 38:24-39:1; Ex. 63: Mercado Depo. at 15:4-5, 45:3-11. |
| | | | Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. |

| | | | Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8. |
| | | | Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force. |
| | | | Ex. 60: Howard Admin. Int. at 83:5-84:10. |
| | | | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2. |
| | | | Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force. |
| | | | Ex. 64: Vasquez Depo. |

| | | | at 75:19-24; DeFoe Decl. at ¶ 8.

Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized." Ex. 60: Howard Admin. Int. at 217:8-18.

Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the person will cause death or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable |

132

| | | | | cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible.<br><br>DeFoe Decl. at ¶ 11.<br><br>Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11. |
| 151. | Other officers believed Loftin was going to continue forward toward Howard, other officers and the stopped traffic behind the roadblock. | Exh. 7: Mercado Deposition, pp. 44:10-45:7; 54:17-55:16; 55:21-56:19; 61:10-21; 63:3-11; 64:17-23; 66:1-11; 66:19-67:17; 81:20-82:22<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000472-473; 476-477; 480-481<br><br>Exh. 9: J. Garcia Deposition, pp. 60:22-63:9; 64:6-24; 67:19-68:7; 69:1-73:22; 79:6-80:3 | Objection: Calls for speculation.<br><br>Disputed that a reasonable officer would form this belief.<br><br>The truck came to a stop and then began moving in reverse, away from the officers and away from the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite |

| | | | |
|---|---|---|---|
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000121-122; 124-128 | Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21. |
| | | Exh. 11: M. Garcia Deposition, pp. 27:10-22; 24:2-4 | |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000370-371; | The truck appeared to be making a U-turn. Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | Exh. 15: Mendez Statement AGO0000265; 266-267; 284-285; 294-295 | |
| | | Exh. 13: Vasquez Deposition, pp. 21:13-19; 64:21-65:2; 66:9-11; 70:3-9 | Officers are trained to have situational awareness. DeFoe Decl. at ¶ 8. |
| | | Exh. 14. Vasquez June 28, 2021, transcribed statement, AGO 000168; 176-177; 186-187; 190; 209-210 | Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, |

| | | | 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | | The truck did not strike any of the patrol vehicles in the roadblock prior to the shooting. |
| | | | Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 38:24-39:1; Ex. 63: Mercado Depo. at 15:4-5, 45:3-11. |
| | | | Basic police training and standards instruct that deadly force should only be used on the basis of an "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 58: Howard Depo. at 41:4-8, 99:11-15; Ex. 60: Howard Admin. Int. at 67:18- |

135

| | | | 68:5, 83:5-84:18; Ex. 64: Vasquez Depo. at 46:2-11; Ex. 65: M. Garcia Depo. at 7:24-8:4; Ex. 66: J. Garcia Depo. at 52:3-8.<br><br>Pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force.<br><br>Ex. 60: Howard Admin. Int. at 83:5-84:10.<br><br>Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed.<br><br>DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2.<br><br>Police officers are trained that a threat or potential threat is insufficient to justify |

136

| | | | the use of deadly force. |
| | | | Ex. 64: Vasquez Depo. at 75:19-24; DeFoe Decl. at ¶ 8. |
| | | | Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized." Ex. 60: Howard Admin. Int. at 217:8-18. |
| | | | Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has probable cause to believe that that the person will cause death or serious bodily injury to another person |

137

| | | | |
|---|---|---|---|
| | | | unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible.<br><br>DeFoe Decl. at ¶ 11.<br><br>Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19; DeFoe Decl. at ¶11. |
| 152. | As the Big Rig's engine revved, Howard began firing at the Big Rig's cab. | Exh. 3: Howard Deposition, pp. 18:14-23; 19:13-25; 20:1-10; 87:1-89:8; 105:24-106:17<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 79:25-80:1<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:45 | <u>Objection</u>: vague and ambiguous as to "revving."<br><br>Disputed that the engine was "revving" when the truck slowed down, came to a stop, and then slowly reversed away from the roadblock.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: |

| | | | |
|---|---|---|---|
| | | | Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Ex. 58: Howard Depo. at 111:17-21.<br><br>When Howard fired his shots, the truck was moving in reverse.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Rosander Decl. at ¶ 9; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 65: M. Garcia Depo. at 89:22-90:5. |
| 153. | Howard believed at that point that the Big Rig was coming toward him, the officers behind him, and the motorists | Exh. 3: Howard Depo., 39:2-10; 39:22-40:1; 60:2-61:1; 61:9-17; 64:13-24<br><br>Exh. 4: Howard July | Disputed.<br><br>When Howard started fired his shots, the truck was moving in reverse, away from |

| | | | |
|---|---|---|---|
| stopped behind the roadblock. | 26, 2021, transcribed statement, pp. 72:11-73:7; 95:10-16; 107:10-20; 112:10-20; 114:8-115:14; | Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Rosander Decl. at ¶ 9; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 65: M. Garcia Depo. at 89:22-90:5.<br><br>The truck continued to move in reverse during all of Howard's shots, away from Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 4:01-4:08; Ex. 57: MVARS 1540337 at | |

140

| | | | 6:54-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17, 64:8-12, 83:24-84:4; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 63: Mercado Depo. at 28:3-29:5, 96:2-17. |
|---|---|---|---|
| | | | Howard admitted that the only time he was directly in front of the truck was when it moved in reverse. |
| | | | Ex. 60: Howard Admin. Int. at 145:1-4. |
| | | | At the time that the truck was reversing, reasonable officer under this set of facts would have recognized that the truck was reversing and not moving forward. |
| | | | DeFoe Decl. at ¶ 8. |
| | | | Officers are trained to have situational awareness. DeFoe Decl. at ¶ 8. |
| | | | The truck appeared to be making a U-turn. |
| | | | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite |

141

| | | | | Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | | | |
| | | | | At the time that Officer Mercado went over the guardrail, he believed there was no reason to be behind the guardrail after the truck had stopped. |
| | | | | Ex. 63: Mercado Depo. at 47:18-24, 49:9-21. |
| | | | | Howard stated that when he saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |
| | | | | The truck did not strike any of the patrol vehicles in the |

142

| | | | roadblock prior to the shooting. |
|---|---|---|---|
| | | | Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 38:24-39:1; Ex. 63: Mercado Depo. at 15:4-5, 45:3-11. |
| | | | Police officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. |
| | | | DeFoe Decl. at ¶ 4(d); Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2. |
| | | | Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force. |
| | | | Ex. 64: Vasquez Depo. at 75:19-24; DeFoe |

143

| | | | |
|---|---|---|---|
| | | | Decl. at ¶ 8.<br><br>Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized."<br>Ex. 60: Howard Admin. Int. at 217:8-18. |
| 154. | Officer Mercado had his firearm aimed at the Big Rig and was thinking about pulling his trigger at the exact time that he heard Howard firing his rifle. | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000481 | Disputed to the extent that Mercado testified that at the time that he went over the guardrail, he believed there was no reason to be behind the guardrail after the truck had stopped.<br><br>Ex. 63: Mercado Depo. at 47:18-24, 49:9-21. |
| 155. | Howard began walking in an easterly direction, while continuing to fire his rifle at the cab. | Exh. 3: Howard Deposition, pp. 18:14-23<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 74:17-75:1<br><br>Exh. 23: Mendez | Undisputed.<br><br>The truck continued to move in reverse during all of Howard's shots, away from Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons |

144

| | | | | |
|---|---|---|---|---|
| | | MVARS, AGO 000846 at 6 min 45 sec. | | Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 4:01-4:08; Ex. 57: MVARS 1540337 at 6:54-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17, 64:8-12, 83:24-84:4; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 63: Mercado Depo. at 28:3-29:5, 96:2-17. |
| | 156. | Howard fired a total of 20 rounds before dropping his rifle and drawing his duty pistol. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 73:14-21; 81:5-9<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000055-130<br><br>Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000221-313<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 6:45 | Undisputed. |
| | 157. | Howard did not see the Big Rig moving | Exh. 4: Howard July 26, 2021, transcribed | Disputed. |

145

| | | | |
|---|---|---|---|
| backward until after he fired his weapon. | statement, pp. 110:9-19; 112:1-8 | Officers are trained to have situational awareness.<br>DeFoe Decl. at ¶ 8.<br><br>When Howard started fired his shots, the truck was moving in reverse, away from Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Rosander Decl. at ¶ 9; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 65: M. Garcia Depo. at 89:22-90:5.<br><br>The truck continued to move in reverse during all of Howard's shots, away from Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons Animation; Ex. 50: |

| | | | |
|---|---|---|---|
| | | | Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 4:01-4:08; Ex. 57: MVARS 1540337 at 6:54-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17, 64:8-12, 83:24-84:4; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 63: Mercado Depo. at 28:3-29:5, 96:2-17. |
| | | | Howard admitted that the only time he was directly in front of the truck was when it moved in reverse. |
| | | | Ex. 60: Howard Admin. Int. at 145:1-4. |
| | | | At the time that the truck was reversing, reasonable officer under this set of facts would have recognized that the truck was reversing and not moving forward. |
| | | | DeFoe Decl. at ¶ 8. |
| 158. | The other officers did not see the Big Rig | Exh. 7: Mercado Deposition, pp. 53:5- | Disputed. |

| | | | |
|---|---|---|---|
| moving backward until after Howard fired his weapon. | 13; 81:20-82:14<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000478<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000100<br><br>Exh. 13: Vasquez Deposition, pp. 32:8-9<br><br>Exh. 9: J. Garcia Deposition, pp. 35:13-21<br><br>Exh. 14. Vasquez June 28, 2021, transcribed statement, AGO 000168; 176-177 | Officers are trained to have situational awareness.<br>DeFoe Decl. at ¶ 8.<br><br>When Howard started fired his shots, the truck was moving in reverse, away from Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Rosander Decl. at ¶ 9; Ex. 56: Garcia BWC Video at 4:01-4:02; Ex. 57: MVARS 1540337 at 6:54-6:55; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17; Ex. 62: Urquijo Depo. at 167:3-168:19; Ex. 65: M. Garcia Depo. at 89:22-90:5.<br><br>The truck continued to move in reverse during all of Howard's shots, away from Howard, the roadblock, and the officers.<br><br>Ex. 49: Lyons Animation; Ex. 50: |

148

Lyons Animation,
Annotated; Ex. 52:
Rosander Composite
Video; Ex. 53:
Rosander Composite
Video, Annotated; Ex.
56: Garcia BWC Video
at 4:01-4:08; Ex. 57:
MVARS 1540337 at
6:54-7:01; Rosander
Decl. at ¶ 9; Ex. 58:
Howard Depo. at
61:21-62:14, 63:9-17,
64:8-12, 83:24-84:4;
Ex. 62: Urquijo Depo.
at 167:3-168:19; Ex.
63: Mercado Depo. at
28:3-29:5, 96:2-17.

Howard admitted that
the only time he was
directly in front of the
truck was when it
moved in reverse.

Ex. 60: Howard
Admin. Int. at 145:1-4.

At the time that the
truck was reversing,
reasonable officer
under this set of facts
would have recognized
that the truck was
reversing and not
moving forward.

DeFoe Decl. at ¶ 8.

Officer Mercado
observed the truck

| | | | |
|---|---|---|---|
| | | | moving backwards before he moved his patrol vehicle.<br><br>Ex. 63: Mercado Depo. at 29:1-4, 30:18-31:7.<br><br>Officer Mark Garcia also observed the truck moving in reverse at the time of the incident.<br>Ex. 65: M. Garcia Depo. at 33:8-34:3, 61:5-21, 62:17-21;<br>Ex. 68: M. Garcia Statement at 12:8-9, 59:23-60:6, 61:6-9, 65:2-8 |
| 159. | Howard described his reasoning for using deadly force as based on the totality of the circumstances: a Big Rig driving the wrong way on the freeway, consistently making radical maneuvers, making U-turns on and off freeways, running red lights on city streets, unsuccessful spike strip attempts, driving past traffic breaks, stopped traffic, and active construction zones, near miss collisions and causing | Exh. 3: Howard Deposition, pp. 40:2-41:3; 41:9-14; 87:1-89:8; 105:24-106:17<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. May 10, 2023, p. 244:9-19 | Objections: Compound; argumentative.<br><br>Objection: As to certain information, irrelevant to whether the use of deadly force was reasonable. *See* FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Prior to the shooting, Howard had no information that anyone had been injured by the truck.<br><br>Ex. 58: Howard Depo. |

| | | | |
|---|---|---|---|
| vehicles to run off the roadway and up embankments, constant opportunities to get off the freeway or turn around. Howard saw the headlights of the Big Rig move across his body toward his location while simultaneously revving the engine. | | | at 27:9-14; Ex. 60: Howard Admin. Int. at 211:13-21; *see also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles.<br><br>Ex. 58: Howard Depo. at 26:24-27:8; Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20; see also Ex. 63: Mercado Depo. at 79:2-12; see also Ex. 64: Vasquez Depo. at 7:9-19; see also Ex. 65: M. Garcia Depo. at 10:24-11:1.<br><br>Howard did not have any information that Loftin was intentionally trying to injure or kill anyone.<br><br>Ex. 60: Howard Admin. Int. at 34:12-25, 46:1-14, 47:8-25, 48:5-15, 169:9-18, 304:16-25.<br><br>According to Christopher Urquijo, |

| | | | | the truck did not come close to crashing head-on into any vehicles. |
| | | | | |
| | | | | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. |
| | | | | |
| | | | | The truck came to a stop and then began moving in reverse, away from Howard, the officers, the guardrail, the roadblock. |
| | | | | |
| | | | | Ex. 64: Vasquez Depo. at 78:8-16; Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 111:17-21. |
| | | | | |
| | | | | The truck continued to move in reverse during all of Howard's shots. |
| | | | | |
| | | | | Ex. 49: Lyons Animation; Ex. 50: Lyons Animation, Annotated; Ex. 52: Rosander Composite |

| | | | | |
|---|---|---|---|---|
| 1 | | | | Video; Ex. 53: Rosander Composite Video, Annotated; Ex. 56: Garcia BWC Video at 4:01-4:08; Ex. 57: MVARS 1540337 at 6:54-7:01; Rosander Decl. at ¶ 9; Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17, 64:8-12, 83:24-84:4; Ex. 62: Urquijo Depo. at167:3-168:19; Ex. 63: Mercado Depo. at 28:3-29:5, 96:2-17.

The goal was to take Loftin safely into custody. Ex. 63: Mercado Depo. at 32:1-7.

Prior to the shooting, Howard considered the possibility that the truck would see the roadblock and make a U-turn, as it had done previously.

Ex. 65: M. Garcia Depo. at 83:24-84:5.

Prior to the shooting, Howard tactically determined that if the truck saw the roadblock and made another U-turn to go the right way on the freeway, and there was |

| | | | no imminent threat, then he would tactically reassess rather than shooting. |
|---|---|---|---|
| | | | Ex. 58: Howard Depo. at 40:2-41:8, 51:5-24, 72:14-73:4; Ex. 60: Howard Admin. Int. at 131:10-13. |
| | | | The truck appeared to be making a U-turn. |
| | | | Ex. 49: Lyons Animation; Ex. 52: Rosander Composite Video; Ex. 56: Garcia BWC Video at 3:58-4:08; Ex. 57: MVARS 1540337 at 6:51-7:01. DeFoe Decl. at ¶ 8. |
| | | | When Howard saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. |
| | | | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14; Ex. 61: Howard Interview at 31:18-32:18. |

154

| | | | |
|---|---|---|---|
| | | | Officers Mercado and Mark Garcia also thought the truck might be making a U-turn. |
| | | | Ex. 63: Mercado Depo. at 14:12-15:3, 39:7-23, 46:3-47:6; Ex. 65: M. Garcia Depo. at 37:22-34:1, 54:1-13, 61:5-21. |
| | | | Officer Vasquez also considered the possibility that the truck might make another U-turn and go back the other way. Ex. 64: Vasquez Depo. at 42:7-10. |
| | | | Howard believed that the truck had enough room to make a U-turn or three-point turn. |
| | | | Ex. 58: Howard Depo. at 50:6-52:11. |
| | | | Howard thought Loftin might be coming to a stop and giving up. |
| | | | Ex. 60: Howard Admin. Int. at 140:6-12, 158:7-8. At the time of the shooting, it was not the case that any person was about to be run over by the vehicle |

| | | | with no opportunity to get out of the way.<br><br>DeFoe Decl. at ¶ 8. |
|---|---|---|---|
| 160. | Officer M. Garcia drove his patrol vehicle eastbound and stopped within the number 4 lane behind the Big Rig. | Exh. 11: M. Garcia Deposition, pp. 28:9-24;<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000320-326; 372-373<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 7 min | Undisputed. |
| 161. | The Big Rig continued rolling backward until it struck the left side of officer Garcia's patrol vehicle and came to a stop. | Exh. 3: Howard Deposition, pp. 83:21-84:17<br><br>Exh. 7: Mercado Deposition, pp. 31:3-17; 49:9-25<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000320-326; 372-373<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 7 min | Undisputed. |
| 162. | Howard stood near the driver's door of the Big Rig, with his duty pistol pointed at | Exh. 23: Mendez MVARS, AGO 000846 at 7 min | Undisputed. |

| | | | |
|---|---|---|---|
| | | the cab until the other officers arrived at his location. | | |
| | 163. | Officer Mendez reached the Big Rig and stood to the front with his rifle pointed at the cab. | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 269-271; 306-308<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 7 min | Undisputed. |
| | 164. | Officer Garcia reached the Big Rig and stood to the left front with his duty pistol pointed at the cab. | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO0000101-103; 106<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000386-387<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 7 min | Undisputed. |
| | 165. | As other officers approached, they observed Urquijo sitting in the front passenger seat and gave verbal commands for him to show his hands and keep them up. | Exh. 7: Mercado Deposition, pp. 34:11-19<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000479-480<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. | Undisputed. |

| | | | |
|---|---|---|---|
| | | AGO000100-103; 106 | |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000386-390; 416-417 | |
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000269-271; 278; 306-308 | |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. | |
| | | Exh. 23: Mendez MVARS, AGO 000846 at 7 min | |
| 166. | Officer Mendez began walking around the front of the Big Rig to the passenger side. | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 269-271; 306-308 | Undisputed. |
| | | Exh. 23: Mendez MVARS, AGO 000846 at 7 min | |
| 167. | Officer Garcia approached the Big Rig and opened the driver side door. | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000391-392 | Undisputed. |
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. | |

158

| | | | |
|---|---|---|---|
| | | AGO00061-69; 100-103; 106<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 7 min | |
| 168. | Officer Garcia and Howard observed Loftin in the driver's seat slumped over the steering wheel. | Exh. 4: Howard July 26, 2021, transcribed statement, pp. 82:15-83:6<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000485<br><br>Exh. 9: J. Garcia Deposition, pp. 47:2-6<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000055-130<br><br>Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000385-386 | Undisputed. |
| 169. | Officer Mendez gave verbal commands to Urquijo to exit the vehicle, but he remained seated in the passenger seat. | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 269-271; 306-308<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 83:12-84:5 | Undisputed. |

| 170. | The officers proceeded to the passenger side where they had to break the passenger door window to unlock the door and assist Urquijo out of the Big Rig. | Exh. 28: CHP Incident Detail Report, pp. AGO 000866 | Undisputed. |
|---|---|---|---|
| | | Exh. 7: Mercado Deposition, pp. 70:24-71:14 | |
| | | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000486-488 | |
| | | Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000100; 102-103; 106 | |
| | | Exh. 12: M. Garcia June 30, 2021, transcribed statement, pp. AGO000386-390; 416-417 | |
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000227-234; 269-271; 306-308 | |
| | | Exh. 8: Mercado June 29, 2021, transcribed statement, pp. | |
| | | Exh. 7: Mercado Deposition, pp. 34:11-19 | |
| | | Exh. 4: Howard July 26, 2021, transcribed | |

| | | | | |
|---|---|---|---|---|
| | | | statement, pp. 116:23-117:3 | |
| | 171. | The officers began administering medical aid to Loftin, including CPR until emergency medical personnel arrived at approximately 1:11 a.m. | Exh. 7: Mercado Deposition, pp. 70:24-71:14<br><br>Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000490; 500-501<br><br>Exh. 9: J. Garcia Deposition, pp. 48:8-16<br><br>Exh. 10: J. Garcia June 29, 2021, transcribed statement, pp. AGO000108<br><br>Exh. 23: Mendez MVARS, AGO 000846 at 8:40<br><br>Exh. 2: Urquijo transcribed statement, pp. 89:12-19; 90:13-19<br><br>Exh. 4: Howard July 26, 2021, transcribed statement, pp. 84:21-25; 115:16-21; 116:12-15<br><br>Exh. 13: Vasquez Deposition, pp. 72:7-15<br><br>Exh. 14. Vasquez June 28, 2021, transcribed statement, AGO 000182; 207-208 | Undisputed. |

| | | | |
|---|---|---|---|
| | | Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000272-275 See also Exh. 33: SBCSD Crime Report, p. 000345 | |
| 172. | Urquijo was inspected for injuries and placed under arrest. | Exh. 2: Urquijo transcribed statement, pp. 41:17-25; 43:12-44:6; 45:17-46:4 Exh. 4: Howard July 26, 2021, transcribed statement, pp. 116:23-117:3 Exh. 8: Mercado June 29, 2021, transcribed statement, pp. AGO000486-488 Exh. 15: Mendez June 30, 2021, transcribed statement, pp. AGO0000278 | Undisputed. |
| 173. | Loftin was pronounced deceased on June 23, 2021, at 1:13 a.m. | Exh. 26: Autopsy Report, pp. AGO000651-668 | Undisputed. |
| 174. | Loftin's autopsy and toxicology report revealed Loftin tested positive for methamphetamine and amphetamine (metabolite of | Exh. 27: Toxicology Report, pp. AGO000521-523 Decl. of Dr. Richard Clark | Objections: Irrelevant to the extent that this specific information was unknown to Howard at the time of the incident; also irrelevant to whether |

| | | | |
|---|---|---|---|
| | | methamphetamine), and delta-9 THC (active component of marijuana). | Exh. 24: Dr. Jong Deposition, pp. 32:4-8; 33:3-8; 67:17-18:20 | the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Probative value is outweighed by the prejudicial effect. FRE 403. |
| 175. | The methamphetamine concentration of Loftin's blood was measured at 450 ng/mL, while the quantity of amphetamine in his blood was measured at 76 ng/mL. | Exh. 27: Toxicology Report, pp. AGO000521-523<br><br>Decl. of Dr. Richard Clark | Objections: Irrelevant to the extent that this specific information was unknown to Howard at the time of the incident; also irrelevant to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397.<br><br>Probative value is outweighed by the prejudicial effect. FRE 403. |
| 176. | This methamphetamine concentration is high and shows with medical certainty that Loftin was under the influence of methamphetamine during the incident. | Exh. 27: Toxicology Report, pp. AGO000521-523<br><br>Decl. of Dr. Richard Clark | Objections: Irrelevant to the extent that this specific information was unknown to Howard at the time of the incident; also irrelevant to whether the use of deadly force was reasonable. FRE 401, 402; *Graham v. Connor*, 490 U.S. at 397. |

163

| | | | Probative value is outweighed by the prejudicial effect. FRE 403. |
|---|---|---|---|

| PLAINTIFFS' ADDITIONAL FACTS | | |
|---|---|---|
| **FACT** | **SUPPORTING EVIDENCE** | **RESPONSE** |
| Background | | |
| 177. Prior to the shooting, Howard had no information that anyone had been injured by the truck. | Ex. 58: Howard Depo. at 27:9-14.<br><br>Ex. 60: Howard Admin. Int. at 211:13-21.<br><br>See also Ex. 63: Mercado Depo. at 79:2-12. | Undisputed. |
| 178. Prior to the shooting, Howard did not have any information that there were any collisions between the truck and any other vehicles. | Ex. 58: Howard Depo. at 26:24-27:8.<br><br>Ex. 60: Howard Admin. Int. at 34:9-35:9, 221:12-21, 222:1-22, 304:16-20.<br><br>*See also* Ex. 63: Mercado Depo. at 79:2-12.<br><br>*See also* Ex. 64: Vasquez Depo. at 7:9-19.<br><br>*See also* Ex. 65: M. Garcia Depo. at 10:24-11:1. | Undisputed. |
| 179. Howard did not have any information that Loftin was intentionally trying to injure or kill anyone. | Ex. 60: Howard Admin. Int. at 34:12-25, 46:1-14, 47:8-25, 48:5-15, 169:9-18, 304:16-25. | This fact is unsupported by the evidence.<br><br>Howard stated that during the pursuit, |

Loftin intentionally tried to kill people. When asked whether this was just an assumption, Howard stated that it was not and it was not an assumption for 40-K. (Howard Admin. Int at 34:12-35:3)

Howard stated Loftin could have been trying to kill people. (Howard Admin. Int at 46:1-47:22)

In response to a statement that if Loftin was intentionally trying to kill people he "must be the most incompetent person on the planet", Howard responded "He may be." (Howard Admin. Int at 48:5-15)

Howard stated that he did not know Loftin's intentions with respect to whether Loftin was going to stop at the roadblock. (Howard Admin. Int at 169:9-18)

Howard was asked whether a stopped deputy's vehicle wouldn't have been the

166

| | | | |
|---|---|---|---|
| | | | perfect opportunity if Loftin was intentionally trying to kill people. Howard responded "potentially". (Howard Admin. Int at 304:16-25) |
| 180. | According to Christopher Urquijo, the truck did not come close to crashing head-on into any vehicles. | Ex. 62: Urquijo Depo. at 147:8-11, 149:11-22, 157:24-158:1. | Undisputed. But this contradicts statements made by 911 callers reporting near head on collisions with the Big Rig. See Facts 79-81 which state:<br><br>79. At approximately 12:43 a.m., multiple motorists called 911 to report Loftin traveling the wrong way on the I-10.<br><br>80. The 911 callers reported having to avoid a head-on collision with the Big Rig.<br><br>81. One of the 911 caller said "When I saw the truck coming at me – wow." |
| 181. | At times during the pursuit, Loftin was driving 25-30 mph on the shoulder. | Ex. 62: Urquijo Depo. at 146:7-147:3, 151:14-22. | Undisputed. However, vague as to time. The pursuit lasted more than 1 hour. |
| 182. | Prior to the shooting, Howard had no | Ex. 58: Howard Depo. at 27:15-17. | Undisputed. |

| | | | |
|---|---|---|---|
| | | information that any occupant of the truck had a firearm. | Ex. 60: Howard Admin. Int. at 233:11-13.<br><br>*See also* Ex. 63: Mercado Depo. at 20:11-13.<br><br>*See also* Ex. 64: Vasquez Depo. at 6:23-25. | |
| 183. | Prior to the shooting, Howard did not know whether there were passengers in the truck, other than the driver. | Ex. 58: Howard Depo. at 25:25-26:9, 75:22-25.<br><br>Ex. 61: Howard Interview at 105:7-11. | Undisputed. |
| 184. | Prior to the shooting, Howard had no information that Loftin was under the influence of drugs or alcohol. | Ex. 58: Howard Depo. at 26:13-16.<br><br>*See also* Ex. 63: Mercado Depo. at 20:20-22.<br><br>*See also* Ex. 64: Vasquez Depo. at 7:5-8. | Undisputed. |
| 185. | Prior to the shooting, Howard did not have any information as to whether any of the occupants of the truck had any documented criminal history before the date of the incident. | Ex. 58: Howard Depo. at 26:10-12.<br><br>*See also* Ex. 63: Mercado Depo. at 20:14-19. | Undisputed. |

168

| | | | |
|---|---|---|---|
| 186. | At the time of the shooting, Howard did not have any of the details of the circumstances under which the truck was stolen. | Ex. 58: Howard Depo. at 26:17-22.<br><br>*See also* Ex. 64: Vasquez Depo. at 6:17-22. | Undisputed. |
| 187. | Prior to the shooting, the spike strip popped one tire. | Ex. 65: M. Garcia Depo. at 119:9-17. | Undisputed. |
| 188. | After one of the truck's tires was affected by the spike strip, the truck slowed down to about 25-30 mph. | Ex. 62: Urquijo Depo. at 147:21-25, 214:6-25. | Undisputed. However, vague as to time. The pursuit lasted more than 1 hour. |
| 189. | Howard agrees that just because they used the spike strip and Loftin kept going, that doesn't mean they couldn't try the spike strip again. | Ex. 60: Howard Admin. Int. at 167:24-168:9. | This fact is unsupported by the evidence. The evidence in support of this fact pertains to spike strips during pursuits in general and not specific to this incident. (Howard Admin. Int. at 167:24-168:9.) |
| 190. | Prior to the shooting, Howard had information that the truck at various times would be going the wrong way on the freeway and then make a U-turn on the freeway and start going the right way | Ex. 58: Howard Depo. at 28:25-29:9, 96:8-21.<br><br>Ex. 61: Howard Interview at 13:11-16. | Undisputed. |

| | | | |
|---|---|---|---|
| | on the freeway. | | |
| 191. | Other officers involved in the roadblock also knew that the truck had previously made U-turns, prior to the truck approaching the Sierra roadblock. | Ex. 63: Mercado Depo. at 10:9-11, 11:24-12:16, 16:14-24, 46:3-47:6.<br><br>Ex. 64: Vasquez Depo. at 41:8-13.<br><br>Ex. 59: Mendez Depo. at 8:9-9:1, 11:1-3, 15:2-6.<br><br>Ex. 65: M. Garcia Depo. at 12:16-24, 13:4-22, 19:24-20:4.<br><br>Ex. 66: Jesus Garcia Depo. at 22:13-21. | Undisputed. |
| 192. | Prior to seeing the truck, Howard did not have any conversations with his lieutenant about what tactics should be employed. | Ex. 58: Howard Depo. at 31:23-32:1, 32:16-33:2. | Undisputed. |
| 193. | Howard did not formulate any tactical plan involving a 40 millimeter sponge launcher or beanbag shotgun. | Ex. 63: Mercado Depo. at 15:6-13, 17-22.<br><br>DeFoe Decl. at ¶ 7.<br><br>*See also* Ex. 64: Vasquez Depo. at 42:21-25. | Undisputed. |
| 194. | At no point did anyone tell Howard that when the truck | Ex. 58: Howard Depo. at 33:3-8. | Undisputed. |

| | | | |
|---|---|---|---|
| | approached his direction, he should shoot at the driver. | | |
| 195. | Howard chose the rifle as opposed to the handgun because the rifle had the capability to penetrate a windshield. | Ex. 58: Howard Depo. at 56:7-18.<br><br>Ex. 60: Howard Admin. In. at 298:5-12. | Undisputed. |
| 196. | Officer Mark Garcia told Howard that if the truck made a U-turn, he would try to box it in, and Howard approved this plan. | Ex. 65: M. Garcia Depo. at16:16-17:7, 29:4-11.<br><br>Ex. 60: Howard Admin. Int. at 119:22-120:9. | Undisputed. |
| 197. | Prior to the shooting, Howard considered driving head on into the truck to stop it. | Ex. 60: Howard Admin. Int. at 40:23-41:6, 44:19-25; 45:1-9.<br><br>Ex. 61: Howard Interview at 16:5-12. | Undisputed. |
| 198. | The goal was to take Loftin safely into custody. | Ex. 63: Mercado Depo. at 32:1-7. | Undisputed. |
| | **The Shooting** | | |
| 199. | The San Bernardino County Sheriff's Department airship was overhead at the time of the shooting. | Ex. 64: Vasquez Depo. at 60:21-23.<br><br>Ex. 58: Howard Depo. at 57:9-15. | Undisputed. |
| 200. | Howard was receiving some information from listening to the | Ex. 58: Howard Depo. at 28:14-29:9, 96:8-21. | Undisputed. |

171

| | | | |
|---|---|---|---|
| | dispatch or broadcast from the San Bernardino County Sheriff's Department airship overhead. | | |
| 201. | The other officers involved in the roadblock were also listening to dispatches from the helicopter. | Ex. 63: Mercado Depo. at 13:19-23, 36:6-12.<br><br>Ex. 59: Mendez Depo. at 11:22-12:7, 18:18-19:1, 43:12-25.<br><br>Ex. 66: Jesus Garcia Depo. at 27:12-21, 28:8-18, 29:10-31:8, 42:2-7.<br><br>Ex. 65: M. Garcia Depo. at 82:8-83:6. | Undisputed. |
| 202. | Howard heard the San Bernardino County Sheriff's Department airship put out radio traffic that the truck was approaching Howard's location. | Ex. 58: Howard Depo. at 46:13-20.<br><br>*See also* Ex. 64: Vasquez Depo. at 10:1-6. | Undisputed. |
| 203. | Howard may have heard 40-King say he's trying to make a U-turn, but he does not recall. | Ex. 60: Howard Admin. Int. at 241:6-9. | This fact is unsupported by the evidence.<br><br>Howard's statement that he "may have heard 40-King" was in response to being shown a video of the incident. (Howard Admin. Int at 241:5; see 243:24-244:1) |

172

| | | | |
|---|---|---|---|
| 204. | Prior to the shooting, Howard considered the possibility that the truck would see the roadblock and make a U-turn, as it had done previously. | Ex. 58: Howard Depo. at 39:22-40:1, 81:12-23-82:1, 82:12-83:5.<br><br>Ex. 60: Howard Admin. Int. at 131:10-21, 304:5-12. | Undisputed. |
| 205. | Prior to the shooting, Howard tactically determined that if the truck saw the roadblock and made another U-turn to go the right way on the freeway, and there was no imminent threat, then he would tactically reassess rather than shooting. | Ex. 58: Howard Depo. at 40:2-41:8, 51:5-24, 72:14-73:4.<br><br>Ex. 60: Howard Admin. Int. at 131:10-13. | Undisputed. |
| 206. | The truck slowed down as it approached the roadblock. | Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 3:44-4:00.<br><br>Ex. 57: MVARS 1540337 at 6:38-6:52. | Undisputed. |

| | | Ex. 58: Howard Depo. at 49:2-6, 81:24-82:1.<br><br>Ex. 59: Mendez Depo. at 46:24-47:10.<br><br>Ex. 60: Howard Admin. Int. at 170:1-5, 250:6-13, 53:10-16.<br><br>Ex. 62: Urquijo Depo. at 147:21-25.<br><br>Ex. 63: Mercado Depo. at 8:4-6, 19:8-19, 20:1-7. | |
|---|---|---|---|
| 207. | There was a center median dividing the eastbound lanes from the westbound lanes. | Ex. 58: Howard Depo. at 56:19-21. | Undisputed. |
| 208. | Traffic was stopped on both sides. | Ex. 58: Howard Depo. at 56:22-57:2.<br><br>Ex. 60: Howard Admin. Int. at 112:24-113:2.<br><br>Ex. 61: Howard Interview at 95:18-96:1-10.<br><br>Ex. 59: Mendez Depo. at 16:16-21. 17:4-7. | Undisputed. |
| 209. | There was no traffic in the lanes when the truck approached the roadblock. | Ex. 58: Howard Depo. at 56:22-57:2.<br><br>Ex. 60: Howard Admin. Int. at 190:13- | Undisputed that there was no traffic in front of the roadblock. |

| | | 16, 233:14-21, 234:25-235:5, 307:12-18.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01. | |
|---|---|---|---|
| 210. | When the truck approached the roadblock, the officers were behind the guardrail. | Ex. 58: Howard Depo. at 31:9-22.<br><br>Ex. 60: Howard Admin. Int. at 112:19-23, 111:5-15, 143:20-23, 144:16.<br><br>Ex. 63: Mercado Depo. at 12:20-13:5, 48:7-15.<br><br>Ex. 59: Mendez Depo. at 17:4-18:3.<br><br>Ex. 66: Jesus Garcia Depo. at 25:7-13. | Undisputed. |
| 211. | The safest place to be as the truck approached was the right shoulder behind the wood and metal guardrail, followed by trees. | Ex. 60: Howard Admin. Int. at 112:19-23, 111:5-15, 143:20-23, 144:16. | This fact is unsupported by the evidence.<br><br>Howard described the guardrail and right shoulder conditions. (Howard Admin. Int at |

| | | | | 111:5-15) |
|---|---|---|---|---|
| | | | | Howard stated that the shoulder on the other side of the guardrail was the best place he could come up with at the time that he directed the officers to stand in the area. Howard stated that this was "better than nothing". (Howard Admin. Int at 112:13-23) |
| | | | | Howard stated that the guardrail would not save him if the Big rig came through the guardrail. "It was the best choice I had at the time. That doesn't make it a good choice, though." (Howard Admin. Int at 143:20-144:15) |
| 212. | When Howard saw the truck approach, slow down, and make a turning movement, Howard thought the truck was going to make a U-turn. | Ex. 60: Howard Admin. Int. at 131:14-21, 140:6-12, 157:12-158:16, 172:5-13, 179:19-23, 180:23-24, 241:6-25, 242:5-10, 243:21-25, 250:6-13, 282:10-14.<br><br>Ex. 61: Howard Interview at 31:18-32:18. | Unsupported by the evidence. None of the evidence cited states that Howard thought Big Rig was going to make a U-Turn prior to the shooting.<br><br>Howard confirmed that Loftin would have stopped, kept going, or turn around. (Howard Admin. Int. at 131:14- |

176

| | | | 21). |
| | | | Howard stated that he thought Loftin was "either going to make a U-turn and go right himself or he was going to come to a stop". (Howard Admin. Int. at 140:6-12) |
| | | | Howard stated that he thought Loftin was stopping "I thought he saw us and was going to stop." (Howard Admin. Int. at 157:17-18) |
| | | | Howard believed that, when Loftin repositioned the Big Rig, Loftin decided to go through the roadblock instead of stopping or turning around. (Howard Admin. Int. at 158:10-20) |
| | | | Howard stated that he recalled seeing the headlights of the Big Rig "scooping away towards the left like he's going to make a U-turn. Then all of a sudden his headlights were back towards me." (Howard Admin. Int. at 172:9-13) |

177

Howard stated that Loftin "<u>could've</u> made a U-turn" and turn around or come to a stop. (Howard Admin. Int. at 179:19-23)

Howard stated that he did not know what Loftin was going to do. "We could say this, that, and the other but he didn't…He may have not turned right. He may have continued on with his U-turn. I don't know. It's all speculation". (Howard Admin. Int. at 180:17-25)

Howard stated that in his mind Loftin was trying to make a U-turn as he started making the turn. After the Big Rig started moving back, Howard did not think he was making a U-turn anymore. (Howard Admin. Int. at 241:18-242:4; 250:6-10)

Howard stated that by the time 40-K reported that it looked like the Big Rig was making a U-turn, Howard no longer believed Loftin

178

| | | | | |
|---|---|---|---|---|
| 1 | | | | would make the U-turn. (Howard Admin. Int. at 243:17-25) |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | As Howard approached the Big Rig, it made a turning movement, and Howard thought it was going to stop or make a U-turn. (Howard Admin. Int. at 282:10-14) |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | Howard stated Loftin "had plenty of distance that he could have continued on with his U-turn, he could have just made one sweeping U-turn just gone on, but he didn't, and I thought oh shit he's also just not stopping he's not turning around. Like oh my God that's the fear just set in even more like oh my God he's not, he's not stopping, he's, he's still going." (Howard Interview at 32:20-25) |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | 213. | Officers Mercado and Mark Garcia also thought the truck might be making a U-turn. | Ex. 63: Mercado Depo. at 14:12-15:3, 39:7-23, 46:3-47:6.<br><br>Ex. 65: M. Garcia Depo. at 37:22-34:1, 54:1-13, 61:5-21. | Unsupported by the evidence.<br><br>Officer Mercado testified that he was not sure whether Loftin was trying to get around the blockade or |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |

179

| | | Ex. 68: M. Garcia Statement at 59:23-60:6, 61:4-6, 65:2-8 | possibly make a U-turn. (Mercado Depo. at 14:12-15:3)

Officer Mercado testified that he was not sure if Loftin was going to make a U-turn or not. (Mercado Depo. at 39:7-23)

Officer Mercado testified that Loftin could have turned around and continue the pursuit. (Mercado Depo. at 46:3-47:6)

Officer M. Garcia testified that Loftin was possibly making a U-turn. (M. Garcia Depo. at 37:22-34:1)

Officer M. Garcia testified that it appeared "as if he's going to go through the center median" or make a U-turn. (M. Garcia Depo. at 54:1-13)

Officer M. Garcia testified that he was not sure if Loftin was going to make a U-turn, or "turn towards the center divider and keep going west." (M. Garcia Depo. at 61:5- |

180

| | | | 21; M. Garcia Statement at 59:23-60:6)<br><br>Officer M. Garcia stated that he saw the Big Rig go in reverse when he got into his patrol car. At that time, Howard had already fired his weapon. (M. Garcia Statement at 61:4-6; M. Garcia Depo. at 33:20-34:3)<br><br>Officer M. Garcia stated that he decided to drive his patrol car to the Big Rig to box it in, after Howard had fired his weapon, because "if he's still alive and he's still trying to get away, just not to give him enough room to because he was going in reverse so I guess I determined that as him trying to do a U-turn" (M. Garcia Statement at 65:2-7) |
| 214. | Officer Vasquez also considered the possibility that the truck might make another U-turn and go back the other way. | Ex. 64: Vasquez Depo. at 42:7-10. | Undisputed. But misleading.<br><br>Officer Vasquez testified that he didn't know what Loftin was going to do. It was possible for Loftin to make a U-turn. It was |

| | | | also a possibility that Loftin could go through the roadblock. (Vasquez Depo. at 42:3-10) |
|---|---|---|---|
| 215. | Howard believed that the truck had enough room to make a U-turn or three-point turn. | Ex. 58: Howard Depo. at 50:6-52:11. | Undisputed. |
| 216. | Howard thought Loftin might be coming to a stop and giving up. | Ex. 60: Howard Admin. Int. at 140:6-12, 158:7-8. | Undisputed but vague as to time. |
| 217. | The purpose of the roadblock is to get the vehicle to stop. | Ex. 60: Howard Admin. Int. at 262:1-7. | Undisputed. |
| 218. | The truck came to a brief stop. | Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 3:58-4:00.<br><br>Ex. 57: MVARS 1540337 at 6:51-6:53. | Undisputed but vague as to time. Also relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |

182

| | | | Rosander Decl. at ¶ 9.<br><br>Ex. 62: Urquijo Depo. at 167:16. | |
| --- | --- | --- | --- | --- |
| 219. | | If Howard had stayed behind the guardrail, then he would not have been standing in front of the truck, with no barrier between him and the truck. | Ex. 60: Howard Admin. Int. at 151:17-20, 160:5-22, 180:6-24. | Unsupported by the evidence.<br><br>Howard stated that he "got tunnel vision" after he stepped out and approached the Big Rig. (Howard Admin. Int. at 151:17-20)<br><br>Howard stated that he was to the front and to the right of the Big Rig. Not directly in front of it. (Howard Admin. Int. at 160:5-22)<br><br>Howard stated "that's all speculative because I don't know what else he was going to do. We could say he was going to do this, that, and the other but he didn't." (Howard Admin. Int. at 180:6-24)<br><br>Howard stated "I didn't voluntarily step in front of his truck. When his truck moved and redirected itself, that's when I was in front of it." (Howard Admin. Int. at 180:6-12) |

| 220. | Howard did not tell the officers he was leaving cover. | Ex. 60: Howard Admin. Int. at 149:1-150:18, 247:14-19. | Undisputed. Although Howard did not verbalize that he was leaving cover, the other officers were next to Howard and saw him leaving cover. (Exh. 21: J. Garcia BWC, AGO000847 at 3:40 – 4:00.) |
| --- | --- | --- | --- |
| 221. | When Howard left cover and walked over the guardrail, he was not providing any incident command or control to his officers. | Ex. 60: Howard Admin. Int. at 149:1-150:9. | Unsupported by the evidence cited. The fact recites the interviewer's questions and summaries of events.

Howard stated that when he left the guardrail, he ran towards a better tactical advantage. (Howard Admin. Int. at 150:7-8)

This was a rapidly evolving incident. Howard did not have the time or opportunity to give commands to the officers after he left the guardrail. (Howard Admin. Int. at 150:16-151:1)

Howard controlled the other officers' vicinity when he instructed them that he would be |

| | | | in front for any actions to take. (Howard Admin. Int. at 99:16-20) |
|---|---|---|---|
| 222. | The truck did not strike any of the patrol vehicles in the roadblock prior to the shooting. | Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:02.<br><br>Ex. 57: MVARS 1540337 at 6:54-6:55.<br><br>Ex. 58: Howard Depo. at 38:24-39:1.<br><br>Ex. 63: Mercado Depo. at 15:4-5, 45:3-11. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| 223. | After Howard stepped out from behind the guardrail, when Howard thought the truck was possibly stopping and making a U-turn, Howard did not use the patrol cars for cover. | Ex. 60: Howard Admin. Int. at 168:16-25. | Unsupported by the evidence cited. The fact recites the interviewer's questions and summaries of events.<br><br>Howard stated that he stepped over the guardrail when he thought the truck was going to stop. At that time Howard did not believe the truck was going to make a U-turn. (Howard Admin. |

185

| | | | | Int. at 242:15-243:20) |
|---|---|---|---|---|
| | 224. | After the truck came to a brief stop, it began moving in reverse. | Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:02.<br><br>Ex. 57: MVARS 1540337 at 6:54-6:55.<br><br>Rosander Decl. at ¶ 9.<br><br>Ex. 62: Urquijo Depo. at 167:3-25.<br><br>Ex. 63: Mercado Depo. at 8:13-14. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| | 225. | At the time that Officer Mercado went over the guardrail, he believed there was no reason to be behind the guardrail after the truck had stopped. | Ex. 63: Mercado Depo. at 47:18-24, 49:9-21. | Unsupported by the evidence cited.<br><br>Officer Mercado testified that he stepped over the guardrail in "an attempt to stop the entire situation". (Mercado Depo. at 49:25)<br><br>Officer Mercado |

186

| | | | testified that he did not "deem it a safe situation at all. But I mean, that's the nature of the job." (Mercado Depo. at 49:16-18) |
|---|---|---|---|
| 226. | When the truck reversed, it was moving slowly. | Ex. 62: Urquijo Depo. at 168:1-8.<br><br>Ex. 59: Mendez Depo. at 38:3-5. | Undisputed. |
| 227. | When Howard began firing his shots, the truck was moving in reverse. | Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:02.<br><br>Ex. 57: MVARS 1540337 at 6:54-6:55.<br><br>Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17.<br><br>Ex. 62: Urquijo Depo. at 167:3-168:19.<br><br>Ex. 65: M. Garcia Depo. at 89:22-90:5. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |

187

| | | | |
|---|---|---|---|
| | | Rosander Decl. at ¶ 9. | |
| 228. | The truck continued to move in reverse during all of Howard's shots. | Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01.<br><br>Rosander Decl. at ¶ 9.<br><br>Ex. 58: Howard Depo. at 61:21-62:14, 63:9-17, 64:8-12, 83:24-84:4.<br><br>Ex. 62: Urquijo Depo. at 167:3-168:19.<br><br>Ex. 63: Mercado Depo. at 28:3-29:5, 96:2-17. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| 229. | Officer Mercado observed the truck moving backwards before he moved his patrol vehicle. | Ex. 63: Mercado Depo. at 29:1-4, 30:18-31:7. | Undisputed. |

| 230. | Officer Mark Garcia also observed the truck moving in reverse at the time of the incident. | Ex. 65: M. Garcia Depo. at 33:8-34:3, 61:5-21, 62:17-21.<br><br>Ex. 68: M. Garcia Statement at 12:8-9, 59:23-60:6, 61:6-9, 65:2-8 | Unsupported by the evidence cited and vague as to the "time of the incident".<br><br>Officer M. Garcia testified that "exactly what point was he still going forward or in reverse, I don't know". "I'm not watching the truck the whole time" (M. Garcia Depo. at 33:20-22 and 34:1-3)<br><br>Officer M. Garcia testified that when he got in his car, Howard was in front of him. He stated that the Big Rig was "going to make a U-turn or he was going to turn towards the center divider and keep going west. So I just drove." After he reached the Big Rig, he saw it reversing. (M. Garcia Depo. at 61:5-21; M. Garcia Statement at 59:23-60:6)<br><br>Officer M. Garcia stated that he saw the Big Rig in reverse so he went behind him with his patrol car. (M. Garcia Statement at 12:8-9) |

Officer M. Garcia stated that he went to his patrol car and did not "remember any movements from him. I don't remember gunshots. I just got in my car." (M. Garcia Statement at 59:23-60:6)

Officer M. Garcia stated that "I didn't hear any shots until I was actually in the car" (M. Garcia Statement at 62:15-16)

The evidence cited is also misleading. During his deposition and in his statement, Officer M. Garcia stated that he saw the Big Rig reversing. However, he refers to seeing the Big Rig reverse relative to his decision to "box" in the Big Rig. "I start hearing rounds, I mean, does that mean he's done, especially when I still see the car moving. So, just to try and box him in." (M. Garcia Statement at 64:17-23) "Because if he's still – if he's not hit or if he's still alive and he's still trying to

190

| | | | get away, just to not give him enough room – because he was going in reverse" (M. Garcia Statement at 65:2-7) |
|---|---|---|---|
| 231. | At the time of the shooting, it was not the case that any person was about to be run over by the vehicle with no opportunity to get out of the way. | DeFoe Decl. at ¶8.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:02.<br><br>Ex. 57: MVARS 1540337 at 6:54-6:55. | Relies on inadmissible evidence (see defendants' objections in joint appendix of objections) and Garcia's BWC and MVARS do not establish this fact. |
| 232. | No person was behind the truck when it was reversing. | Ex. 58: Howard Depo. at 98:1-10, 98:15-18, 100:2-5.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |

191

| | | Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01. | |
|---|---|---|---|
| 233. | When the truck was backing up, it was moving away from Howard. | Ex. 58: Howard Depo. at 111:17-21.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| 234. | When the truck was going in reverse, it was going away from the other officers | Ex. 64: Vasquez Depo. at 78:14-16.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |

192

| | | Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01. | |
|---|---|---|---|
| 235. | When the truck was going in reverse, it was going away from the roadblock. | Ex. 64: Vasquez Depo. at 78:8-10.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| 236. | Instead of retreating and taking cover so he could formulate a plan and give directive to his officers for a felony stop, Howard kept | Ex. 60: Howard Admin. Int. at 268:7-9, 282:17-21.<br><br>DeFoe Decl. at ¶ 7. | Unsupported by the evidence cited. The fact recites the interviewer's questions and summaries of events. |

| | | | | |
|---|---|---|---|---|
| 1 | running at the truck. | | | When asked whether Howard was trained to run at a vehicle in a felony stop he responded "This wasn't a normal felony stop, so I don't – he didn't stop. You said it yourself. He didn't even stop." (Howard Admin. Int. at 268:7-9)

Howard stated that he kept running at the Big Rig. "Berns: So, as the vehicle approached, it did slow down, it did make a turning movement, and you even thought it was going to stop or make a U-turn?

Howard: Yes.

Berns: But you're still running at it?

Howard: I was still –

Berns: Instead of retreating and getting cover so you can formulate a plan and give directive to your officers for a felony stop, you kept running at it; is that correct?

Howard: Yes." (Howard Admin. Int. at |

| | | | 282:17-21) |
| | | | This fact also relies on inadmissible evidence. (See defendants' objections in joint appendix of objections). |
| 237. | The only time Howard was directly in front of the truck was when the truck was moving in reverse. | Ex. 60: Howard Admin. Int. at 144:16-145:5.<br><br>Ex. 49: Lyons Animation.<br><br>Ex. 50: Lyons Animation, Annotated.<br><br>Ex. 52: Rosander Composite Video.<br><br>Ex. 53: Rosander Composite Video, Annotated.<br><br>Ex. 56: Garcia BWC Video at 4:01-4:08.<br><br>Ex. 57: MVARS 1540337 at 6:54-7:01. | Relies on inadmissible evidence (see defendants' objections in joint appendix of objections) and Garcia's BWC and MVARS do not establish this fact. |
| 238. | In Howard's experience, to make a three-point turn, a vehicle has to back up. | Ex. 58: Howard Depo. at 80:10-12.<br><br>*See also* Ex. 65: M. Garcia Depo. at 20:12-23. | Undisputed. |
| 239. | Based on Howard's training, if the truck | Ex. 58: Howard Depo. at 41:9-14, 51:19-52:5, | Undisputed. |

195

| | | | |
|---|---|---|---|
| | was just trying to turn around at the roadblock and go the right way on the freeway, then there would not be an immediate threat of death or serious bodily injury at that time. | 73:22-74:5.<br><br>Ex. 60: Howard Admin. Int. at 188:8-19. | |
| 240. | Howard did not assess at all during the time he was shooting. | Ex. 58: Howard Depo. at 20:17-19. | Undisputed. However, this fact assumes Howard had the time and/or opportunity to assess during the less than five seconds that he was shooting. |
| 241. | Howard did not stop shooting until his magazine was empty. | Ex. 60: Howard Admin. Int. at 198:10-15. | Undisputed. |
| 242. | Howard fired some of his shots to the driver's side window area. | Ex. 58: Howard Depo. at 75:7-17. | Undisputed. |
| 243. | Prior to firing his shots, Howard did not issue a verbal warning that deadly force would be used. | Ex. 58: Howard Depo. at 58:3-6, 81:7-11.<br><br>DeFoe Decl. at ¶ 10.<br><br>Ex. 63: Mercado Depo. at 9:10-16.<br><br>Ex. 59: Mendez Depo. at 39:3-12.<br><br>Ex. 66: Jesus Garcia Depo. at 23:11-18. | Undisputed. |

| | | | |
|---|---|---|---|
| 244. | Howard thought that Loftin could potentially hear him inside the truck when he was yelling. | Ex. 60: Howard Admin. Int. at 169:9-12. | Undisputed. |
| 245. | Officer Mendez had his rifle out but never raised it to shoot Loftin. | Ex. 59: Mendez Depo. at 16:13-15. | Undisputed. |
| **Police Training and Standards on the Use of Deadly Force** | | | |
| 246. | Police officers, including Howard, are trained to give a verbal warning prior to using deadly force, where feasible. | Ex. 58: Howard Depo. at 19:6-8.<br><br>DeFoe Decl. at ¶ 10.<br><br>Ex. 64: Vasquez Depo. at 46:16-18. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 247. | Police officers, including Howard, are trained to reassess the situation when using deadly force. | Ex. 60: Howard Admin. Int. at 81:18-83:4.<br><br>DeFoe Decl. at ¶ 12. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| 248. | Basic police training and standards instruct that deadly force should only be used on the basis of an | DeFoe Decl. at ¶ 4(d).<br><br>Ex. 58: Howard Depo. at 41:4-8, 99:11-15. | Undisputed. |

197

| | | | |
|---|---|---|---|
| | "objectively reasonable" belief that the suspect poses an immediate or imminent threat of death or serious bodily injury. | Ex. 60: Howard Admin. Int. at 67:18-68:5, 83:5-84:18.<br><br>Ex. 64: Vasquez Depo. at 46:2-11.<br><br>Ex. 65: M. Garcia Depo. at 7:24-8:4.<br><br>Ex. 66: Jesus Garcia Depo. at 52:3-8. | |
| 249. | Howard understands that pursuant to police officer training and CHP policy, a subjective fear is insufficient to justify a use of deadly force. | Ex. 60: Howard Admin. Int. at 83:5-84:10. | Undisputed. |
| 250. | Police officers, including Howard, are trained that a threat of death or serious injury is imminent when, based upon the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. | DeFoe Decl. at ¶¶ 4(c), 8 (citing Cal. Penal Code 835a).<br><br>Ex. 58: Howard Depo. at 17:20-18:20.<br><br>Ex. 60: Howard Admin. Int. at 87:25-88:16. | Undisputed. |

| | | | |
|---|---|---|---|
| 251. | At the time of the incident, Howard had been trained that if those requirements are not met, he should not use deadly force. | Ex. 58: Howard Depo. at 17:20-19:2. | Undisputed. |
| 252. | Police officers, including Howard, are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that from appearances, must be instantly confronted and addressed. | DeFoe Decl. at ¶ 4(d).<br><br>Ex. 60: Howard Admin. Int. at 87:2-18, 88:17-89:3, 89:12-83:2. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 253. | Police officers are trained that a threat or potential threat is insufficient to justify the use of deadly force. | Ex. 64: Vasquez Depo. at 75:19-24.<br><br>DeFoe Decl. at ¶ 8. | Undisputed but not a complete recitation of the training. |
| 254. | Howard has been trained that even though deadly force may be justified during one second, it may be different the next second. | Ex. 60: Howard Admin. Int. at 81:11-23. | Undisputed. |
| 255. | Police officers are trained that they are | DeFoe Decl. at ¶13(i). | Undisputed. |

199

| | | Ex. 64: Vasquez Depo. at 46:19-21.<br><br>Ex. 66: Jesus Garcia Depo. at 52:20-24. | |
|---|---|---|---|
| 256. | Howard understands that CHP policy recognizes that the "use of force is a serious responsibility that shall be exercised judiciously with respect for human rights and dignity and for the sanctity of every human life." | Ex. 60: Howard Admin. Int. at 80:19-81:5. | This fact is unsupported by the evidence.<br><br>Howard was asked to read from a document during the interview. The evidence cited is simply Howard's recital of what he was reading. |
| 257. | Howard understands that it's his job to protect and serve everybody on the road, even the suspect, and the safety of the suspect is part of the evaluation. | Ex. 60: Howard Admin. Int. at 59:12-19. | Undisputed. |
| 258. | Basic police officer training teaches that shooting at a moving vehicle has shown to be a poor tactic in most scenarios. | DeFoe Decl. at ¶ 9. | Undisputed that DeFoe declares: "Shooting at or From Moving Vehicles" has shown to be a poor tactic in most scenarios. The rest is unsupported by the evidence cited. |
| 259. | Basic police officer training teaches that if a driver is wounded or killed when operating a motor vehicle, it | DeFoe Decl. at ¶ 9.<br><br>Ex. 66: Jesus Garcia Depo. at 49:22-50:7. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of |

200

| | | | |
|---|---|---|---|
| | prevents their ability to effectively operate a motor vehicle. | | objections.)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 260. | At the time of this incident, Howard had been trained to stay out of the path of a moving vehicle, if feasible. | Ex. 58: Howard Depo. at 15:18-20.<br><br>Ex. 60: Howard Admin. Int. at 27:13-28:4, 75:16-76:12. | Undisputed. |
| 261. | At the time of this incident, Howard had been trained to position himself safely in relation to a vehicle so that if it does start moving, he would not be in its path. | Ex. 58: Howard Depo. at 15:21-24.<br><br>Ex. 60: Howard Admin. Int. at 27:13-28:4, 75:16-76:12. | Undisputed. |
| 262. | At the time of this incident, Howard had been trained that if he finds himself in the path or potential path of a vehicle, he should try to get out of the way safely. | Ex. 58: Howard Depo. at 15:25-16:3.<br><br>Ex. 60: Howard Admin. Int. at 75:16-76:12.<br><br>Ex. 63: Mercado Depo. at 33:19-24. | Undisputed. |
| 263. | At the time of this incident, Howard had been trained that, | Ex. 60: Howard Admin. Int. at 75:16-76:21, 78:4-10, 80:12- | Undisputed. |

| | | pursuant to CHP policy, HPM 70.6, "Officers shall not stand and/or step directly in front of a vehicle in attempt to impede its movement, prevent escape, intentionally creating circumstances where use of deadly force appears to be necessary." | 18, 144:16-145:5. | |
|---|---|---|---|---|
| | 264. | Howard has been trained, pursuant to CHP HPM 70.6, Ch. 16, Roadblocks, that when practical, officers should utilize cover until a vehicle is stopped and a safe approach can be made. | Ex. 60: Howard Admin. Int. at 108:21-109:16, 141:5-23, 181:3-8. | Undisputed. |
| | 265. | Howard violated CHP policy when he ran at Loftin with his rifle rather than giving Loftin a chance to stop. | Ex. 60: Howard Admin. Int. at 268:9-269:10. | Unsupported by the evidence cited. The fact recites the interviewer's questions and summaries of events.<br><br>Howard stated that "This wasn't a normal felony stop, so I don't – he didn't stop. You said it yourself. He didn't even stop" (Howard Admin. Int. at 268:9-11) |

202

| | | | Howard also stated "I've never been taught to stop a wrong-way vehicle at all, period." (Howard Admin. Int. at 269:9-10) |
|---|---|---|---|
| 266. | Pursuant to CHP policy, Howard should have stayed in a safe area to see if Loftin stopped at the roadblock before approaching the truck. | Ex. 60: Howard Admin. Int. at 267:12-18. | Unsupported by the evidence cited. The fact recites the interviewer's questions and summaries of events.<br><br>"Buffum: because you went out and started running at him with your rifle out yelling prior to him even being able to stop.<br><br>Howard: So you're telling me he couldn't have just stopped?<br><br>Buffum: He could've but you could've stayed in a safe area to see if he did stop.<br><br>Howard: See I don't understand why you keep playing this what-if game. We could do this with all sorts of aspects with everything. I'm telling you what I believed at the time. I believed he was coming to a stop. I believed it was safe for |

203

| | | | me to go out and approach and yell at him to stop…" Howard Admin. Int. at 267:12-18 |
|---|---|---|---|
| 267. | Pursuant to CHP policy, "the discharge of a firearm at a wrong-way, high-speed, or reckless driver or vehicle solely on the assumption that other persons may be injured or killed unless the driving act is terminated is not authorized." | Ex. 60: Howard Admin. Int. at 217:8-18. | Undisputed. But not a complete recitation of the CHP policy. This fact is based on HPM 70.6, Section 5, subsection (d)(1)(a). This fact omits relevant portions of the policy which provides: "d. Discharge of Firearm. An officer may discharge their firearm when objectively reasonable, based on the totality of the circumstances." |
| 268. | Police officers are trained that they can only shoot a fleeing felon where all of the following factors are present: (1) the person threatens the officer with a weapon or the officer has information that the person has committed a felony involving the infliction of serious bodily harm or death, (2) the officer has | DeFoe Decl. at ¶ 11. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |

| | | | |
|---|---|---|---|
| | probable cause to believe that that the person will cause death or serious bodily injury to another person unless immediately apprehended, (3) the officer has probable cause to believe that the use of deadly force is reasonably necessary, and (4) the officer gives some warning that deadly force may be used, where feasible. | | |
| 269. | Under the facts of this case and pursuant to police standards and training, it would have been inappropriate for Sergeant Howard to shoot at Mr. Loftin or the truck for fleeing or attempting to flee. | DeFoe Decl. at ¶ 11. | Relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 270. | Howard agrees that he would not be justified in using deadly force because the truck was fleeing or driving away from him. | Ex. 60: Howard Admin. Int. at 188:8-19.<br><br>DeFoe Decl. at ¶ 11. | This fact is unsupported by the evidence.<br><br>Howard stated: "If he's going to do something that's not threatening other people, if I can't |

205

| | | | justify my deadly force, I'm not just going to shoot at a truck because it's fleeing. So, you're saying no matter what I'm going to stop him. No. If he turns around, if he stops, if he turns around and he starts going the right way, I'm not going to shoot him. I'm not going to shoot him as he's driving away from me." |
| | | | Also relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.) |
| | | | DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 271. | Police officers, including Howard, are trained to consider other reasonable options before using deadly force. | Ex. 58: Howard Depo. at 19:3-5.<br><br>DeFoe Decl. at ¶ 6(h). | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)<br><br>DeFoe's opinion as to |

206

| | | | whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
|---|---|---|---|
| 272. | Police officers are trained to have situational awareness. | DeFoe Decl. at ¶ 7. | Undisputed. But relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)  DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 273. | A reasonable officer under this set of facts would have recognized that the truck was making another U-turn. | DeFoe Decl. at ¶ 8. | Relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)  DeFoe's opinion as to whether Howard's actions were reasonable under the Specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 274. | A reasonable officer under this set of facts | DeFoe Decl. at ¶ 8. | Relies on inadmissible evidence. (See |

| | | | |
|---|---|---|---|
| | would have recognized that the truck was backing up in order to make a three-point turn. | | defendants' objections in joint appendix of objections.)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| 275. | At the time that the truck was reversing, reasonable officer under this set of facts would have recognized that the truck was reversing and not moving forward. | DeFoe Decl. at ¶ 8. | Relies on inadmissible evidence. (See defendants' objections in joint appendix of objections.)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. |
| **Negligent Infliction of Emotional Distress** | | | |
| 276. | Plaintiff Christopher Urquijo and decedent Raymond Loftin are half-brothers. | Ex. 62: Urquijo Depo. at 18:23-19:2. | Undisputed. |
| 277. | Plaintiff Christopher Urquijo and decedent Raymond Loftin shared a close relationship. | Ex. 62: Urquijo Depo. at 25:20-26:11. | Undisputed. |
| 278. | After the shots stopped, Christopher | Ex. 62: Urquijo Depo. at 169:17-24. | Undisputed. |

| | | | |
|---|---|---|---|
| | Urquijo looked at Loftin and knew he was deceased at that point. | | |
| 279. | Plaintiff Christopher Urquijo was injured by broken glass when the gunshots shattered the windshield. | Ex. 62: Urquijo Depo. at 173:10-21, 174:3-24.<br><br>Ex. 63: Mercado Depo. at 34:20-24. | Undisputed. |
| 280. | Plaintiff Christopher Urquijo suffered severe emotional distress as a result of the incident. | Ex. 62: Urquijo Depo. at 175:15-177:16. | Inadmissible. Calls for legal conclusion and is unsupported by competent evidence. A party's self-serving characterization of their emotional state is not an admissible fact for summary judgment. FRE 602, 701, 802; See *Donawa v. Mai* (C.D.Cal. July 24, 2014, No. EDCV 12-0213 DOC (SS)) 2014 U.S.Dist.LEXIS 112602, at *14 "An "uncorroborated and self-serving" declaration does not create a genuine issue of material fact for trial." |

Dated: December 12, 2025                    Dean Gazzo Roistacher LLP

By:  */s/ Lee H. Roistacher*

Lee H. Roistacher
Kimberly A. Sullivan
Aleries Lau
Attorneys for Defendant
Sergeant Daniel Howard

209

1  Dated: December 12, 2025                    Law Offices of Dale Galipo

2

3

4                                            By:  /s/ Dale K. Galipo
                                             Dale K Galipo, Esq.
5                                            Renee V. Masongsong
                                             Attorneys for Plaintiffs
6

7

8

9  Dated: December 12, 2025         ROB BONTA
                                    Attorney General of California
10                                  ELIZABETH S. ANGRES
                                    Supervising Deputy Attorney General
11

12

13                                  By:  /s/ Haiyang Allen Li
                                    HAIYANG A. LI
14                                  Deputy Attorney General
                                     Attorneys for Defendant
15                                  State of California by and through the
                                    California Highway Patrol
16

17

18                        **<u>SIGNATURE CERTIFICATION</u>**

19         Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this

20  document is acceptable to counsel for all parties and that I have obtained counsels'

21  authorization to affix his/her electronic signature to this document.

22
    Dated: December 12, 2025              /s/ Lee H. Roistacher
23                                        Lee H. Roistacher, declarant

24

25

26

27

28
                                    210