1    Dean Gazzo Roistacher LLP
     Lee H. Roistacher, Esq. (SBN 179619)
2    Kimberly A. Sullivan, Esq. (SBN 317857)
     Aleries Lau, Esq. (SBN 340709)
3    440 Stevens Avenue, Suite 100
     Solana Beach, CA  92075
4    Telephone:  (858) 380-4683
     Facsimile:  (858) 492-0486
5    E-mail:    lroistacher@deangazzo.com
               ksullivan@deangazzo.com
6              alau@deangazzo.com

7    Attorneys for Defendant
     Sergeant Daniel Howard
8
                **UNITED STATES DISTRICT COURT**
9
                **CENTRAL DISTRICT OF CALIFORNIA**
10

11   CHRISTOPHER URQUIJO,                  Case No.: 5:22-cv-02133-AH-DTB
     individually; LORI MEEKS,
12   individually and as successor in      **JOINT APPENDIX OF**
     interest to Raymond Loftin, deceased; **OBJECTIONS**
13   Y.L., B.L., and E.L., in each case by
     and through their guardian ad litem
14   Sebrina Lucky, individually and as    Date:       January 21, 2026
     successor in                          Time:       1:30 p.m.
15   interest to Raymond Loftin,  deceased; Courtroom:  9C
     TYLER VINSON-LOFTIN,                   Judge:      Anne Hwang
16   individually and as successor in      Magistrate:  David T. Bristow
     interest to Raymond Loftin, deceased;
17   and RAYMOND ALGARIN                   Complaint Filed: 11/30/2022
     TORRES, individually and as           Trial Date: 05/26/2026
18   successor in interest to Raymond
     Loftin, deceased.
19
                 Plaintiffs,
20
           v.
21
     STATE OF CALIFORNIA,
22   CALIFORNIA HIGHWAY PATROL,
     SERGEANT DANIEL HOWARD,
23   DOES 4-10, Inclusive, and
     DANIELLE LOFTIN, a nominal
24   Defendant.

25               Defendants.

26

27   ///

28

                                1

Pursuant to the Court's civil standing order, section G.9.(h), plaintiffs Lori Meeks; Y.L., B.L., and E.L., by and through their guardian ad litem Sebrina Lucky; Tyler Vinson-Loftin; Raymond Algarin Torres; and Christopher Urquijo ("Plaintiffs") and defendants State of California, California Highway Patrol, and Sergeant Daniel Howard ("Defendants") submit this joint appendix of objections for Defendants' motion for summary judgment summary judgment.

## JOINT APPENDIX OF OBJECTIONS

| **Objector** | **Evidence** | **Objection (O) / Response (R)** | **Ruling** |
|---|---|---|---|
| Plaintiffs | Def. Ex. No. 25 (A true and correct copy of San Bernardino County Sheriff – Coroner Investigation Report produced as AGO 000651 – 000656.) | O: Hearsay (Federal Rules of Evidence ("FRE"), Rules 801, 802).<br><br>O: Relevance (FRE 401, 402). This information should be excluded on the grounds that it was unknown to Sgt. Daniel Howard at the time of the incident. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Nehad v. Browder*, 929 F.3d 1125, 1137-38 (9th Cir. 2019).<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). | Sustained:____<br><br>Overruled:____ |
| Plaintiffs | Def. Ex. 26 (A true and correct copy of San Bernardino County Sheriff | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). This information should be excluded on | Sustained:____<br><br>Overruled:____ |

2

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | – Coroner Autopsy Report produced as AGO 000657 – 000668.) | the grounds that it was unknown to Sgt. Daniel Howard at the time of the incident. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). | |
| Plaintiffs | Def. Ex. 27<br><br>(A true and correct copy of NMS Labs Toxicology Report of Raymon Loftin produced as AGO 000521 – 000523.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). This information should be excluded on the grounds that it was unknown to Sgt. Daniel Howard at the time of the incident. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). | Sustained:_____<br><br>Overruled:_____ |
| Plaintiffs | Def. Ex. 28<br><br>(A true and correct copy of California Highway Patrol Inland Communication Center Incident Detail Report | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information contained in this document that was unknown to Sgt. Daniel Howard at the time of the incident should be | Sustained:_____<br><br>Overruled:_____ |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | produced as AGO 000858 – 000890.) | excluded. *See, e.g.,* *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | |
| Plaintiffs | Def. Ex. 29<br><br>(A true and correct copy of San Bernardino County Sheriff's Department CAD Log produced as AGO 000811 – 000817.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information contained in this document that was unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.,* *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____<br>Overruled:____ |
| Plaintiffs | Def. Ex. 30<br><br>(A true and correct copy of City of Colton Police Department Call Detail Report produced as AGO 000892 – 000894.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information contained in this document that was unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.,* *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____<br>Overruled:____ |
| Plaintiffs | Def. Ex. 31<br><br>(A true and correct copy of City of Colton Police | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information contained in this | Sustained:____<br>Overruled:____ |

4

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | Department Station Reports produced as AGO 000896 – 000900.) | document that was unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | |
| Plaintiffs | Def. Ex. 32 <br><br> A true and correct copy of the California Department of Transportation Performance Measurement System (PeMS) Data Source report of hourly traffic volumes during the pursuit. | O: Hearsay (FRE 801, 802). <br><br> O: Relevance (FRE 401, 402). Information contained in this document that was unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____ <br><br> Overruled:____ |
| Plaintiffs | Def. Ex. 33 <br><br> (A true and correct copy of excepts of San Bernardino County Sheriff's Department Crime Report produced pursuant to subpoena by the San Bernardino | O: Hearsay (FRE 801, 802). <br><br> O: Relevance (FRE 401, 402). Information contained in this document that was unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____ <br><br> Overruled:____ |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | County District Attorney's office as 000001 – 000610.) | O: The prejudicial effect outweighs the probative value. (FRE 403). | |
| Plaintiffs | Def. Ex. 34<br><br>(A true and correct copy of dashcam video of the inside of the Peterbilt truck the day of the incident produced as AGO 000850.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____<br>Overruled:____ |
| Plaintiffs | Def. Ex. 35<br><br>(A true and correct copy of dashcam video of the inside of the Peterbilt truck the day of the incident produced as AGO 000851.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.. | Sustained:____<br>Overruled:____ |
| Plaintiffs | Def. Ex. 36<br><br>(A true and correct copy of dashcam video of the inside of the Peterbilt truck the day of the incident | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, | Sustained:____<br>Overruled:____ |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | produced as AGO 000852.) | *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | |
| Plaintiffs | Def. Ex. 37<br><br>(A true and correct copy of the California Highway Patrol Stolen Vehicle Report produced as AGO 000749 – 000750.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information contained in this document that was unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____<br>Overruled:____ |
| Plaintiffs | Def. Ex. 38<br><br>(A true and correct copy of the West Covina Police Department Incident Report case no. 21-1596 regarding March 21, 2021 arrest of Raymond Loftin produced as AGO 000751 – 762.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including the March 21, 2021 arrest of Raymond Loftin) should be excluded. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). | Sustained:____<br>Overruled:____ |

7

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Plaintiffs | <u>Def. Ex. 39</u><br><br>(True and correct copies of San Bernardino County Superior Court records, produced pursuant to subpoena by the San Bernardino County District Attorney's office as 000847 – 000882.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including criminal history unrelated to this incident) should be excluded. *See, e.g., Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). | Sustained:____<br>Overruled:____ |
| Plaintiffs | <u>Def. Ex. 41</u><br><br>(A true and correct copy of Aurora Charter Oaks Psychiatric Progress Note dated June 15, 2021, produced as AGO 000942.) | O: Hearsay (FRE 801, 802).<br><br>O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including Raymond Loftin's drug history) should be excluded. *See, e.g., Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.<br><br>O: The prejudicial effect outweighs the probative value of Mr. Loftin's drug history. (FRE 403). | Sustained:____<br>Overruled:____ |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Plaintiffs | <u>Def. Ex. 42</u><br><br>(A true and correct copy of video taken by "FirePhotoGirl" produced as AGO 000961.) | O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident should be excluded. *See, e.g.,* *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38.<br><br>O: Lacks foundation and authenticity. | Sustained:____<br><br>Overruled:____ |
| Plaintiffs | <u>Def. Ex. 43</u><br><br>(True and correct copies of San Bernardino County Sheriff Department's dispatch audio produced as AGO 000763.) | O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including portions of dispatch audio not heard by Sgt. Howard prior to the shooting) should be excluded as information unknown. *See, e.g.,* *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____<br><br>Overruled:____ |
| Plaintiffs | <u>Def. Ex. 44</u><br><br>(True and correct copies of San Bernardino County Sheriff Department's dispatch audio produced as AGO 000764.) | O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including portions of dispatch audio not heard by Sgt. Howard prior to the shooting) should be excluded as information unknown. *See, e.g.,* *Graham*, 490 U.S. at 397; | Sustained:____<br><br>Overruled:____ |

| Objector | Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | *Nehad*, 929 F.3d at 1137-38. | |
| Plaintiffs | Def. Ex. 45 (True and correct copies of San Bernardino County Sheriff Department's dispatch audio produced as AGO 000765.) | O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including portions of dispatch audio not heard by Sgt. Howard prior to the shooting) should be excluded as information unknown. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____ Overruled:____ |
| Plaintiffs | Def. Ex. 46 (True and correct copies of California Highway Patrol Inland Communication Center dispatch audio produced as AGO 000832.) | O: Relevance (FRE 401, 402). Information unknown to Sgt. Daniel Howard at the time of the incident (including portions of dispatch audio not heard by Sgt. Howard prior to the shooting) should be excluded as information unknown. *See, e.g.*, *Graham*, 490 U.S. at 397; *Nehad*, 929 F.3d at 1137-38. | Sustained:____ Overruled:____ |

| DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE | | | |
|---|---|---|---|
| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
| Defendants | Exh. No. 49 | O: Inadmissible, Improper Opinion (FRE | Sustained:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | (Demonstrative Animation prepared by Plaintiffs' expert Samir Lyons (no annotations).) | 701) and Speculation (FRE 602). *Van Loo v. United States*, No. 3:23-cv-05618-DGE, 2025 U.S. Dist. LEXIS 38652, at *18 (W.D. Wash. Mar. 4, 2025) ("The Court concludes that the model itself is demonstrative, not substantive evidence"). The declaration of Lyons states that he created Ex. 49 by merely evaluating videos and photos and then creating the animation through computer aided software. Lyons is not an accident reconstructionist (Ex. 51 - Lyons' curriculum vitae). Lyons did not go to the scene to take any measurements or obtain a 3-D scan of the subject incident location or the big rig. The purported animation lacks the necessary documentation for a reliable forensic analysis. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (In evaluating the admissibility of expert testimony, the trial court is "'a gatekeeper, not a fact finder.'" Ultimately, | Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology; *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013) ("the judge is supposed to screen . . . unreliable nonsense opinions . . . .)"<br><br>O: Lacks foundation (FRE 702 – 704). See *Van Loo v. United States* (W.D.Wash. Mar. 4, 2025, No. 3:23-cv-05618-DGE) 2025 U.S.Dist.LEXIS 38652, at *7 ("The proponent must "lay a foundation of fairness and accuracy for the admission of the demonstrative aid."." quoting *United States v. Walema*, 194 F.3d 1319 (Table) (9th Cir. 1999).)<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). The vantage point of this purported animation is from an aerial view. Howard was on the roadway with the big rig coming directly at him. | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| Defendants | Exh. No. 50 (Demonstrative Animation by Plaintiffs' expert Samir Lyons (with annotations).) | O: Inadmissible, Improper Opinion (FRE 701) and Speculation (FRE 602). *Van Loo v. United States*, No. 3:23-cv-05618-DGE, 2025 U.S. Dist. LEXIS 38652, at *18 (W.D. Wash. Mar. 4, 2025) ("The Court concludes that the model itself is demonstrative, not substantive evidence"). The declaration of Lyons states that he created Ex. 49 by merely evaluating videos and photos and then creating the animation through computer aided software. Lyons is not an accident reconstructionist (Ex. 51 - Lyons' curriculum vitae). Lyons did not go to the scene to take any measurements or obtain a 3-D scan of the subject incident location or the big rig. The purported animation lacks the necessary documentation for a reliable forensic analysis. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (In evaluating the admissibility of expert testimony, the trial court | Sustained:____ Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|----------|----------------------|------------------------------|--------|
| | | is "'a gatekeeper, not a fact finder.'" Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology; *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013) ("the judge is supposed to screen . . . unreliable nonsense opinions . . . .)" <br><br> O: Lacks foundation (FRE 702 – 704). See *Van Loo v. United States* (W.D.Wash. Mar. 4, 2025, No. 3:23-cv-05618-DGE) 2025 U.S.Dist.LEXIS 38652, at *7 ("The proponent must "lay a foundation of fairness and accuracy for the admission of the demonstrative aid."." quoting *United States v. Walema*, 194 F.3d 1319 (Table) (9th Cir. 1999).) <br><br> O: The prejudicial effect outweighs the probative value. (FRE 403). The vantage point of this purported animation is from an aerial view. Howard was on the | |

14

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | roadway with the big rig coming directly at him. | |
| Defendants | Declaration of Justin Rosander<br><br>Paragraph 8: "Frame 12404-12405…The time between the two events has an approximate duration of 0.534 seconds, with a minimum value of 0.501 seconds and a maximum duration of 0.567 seconds." | O: Lacks foundation (FRE 702 – 704), Improper Opinion (FRE 701) and Speculation (FRE 602). Rosander's rule 26 expert report states there was limited support for this assertion, however, his declaration in support of the plaintiffs' opposition removes that language.<br><br>Rosander's report states: "There is limited support for the following proposition: ¶7. The evidence files contain a sixteen-frame interval between the point when the vehicle stopped and discontinued movement and the point when the vehicle reversed and resumed movement. The time between the two events has an approximate duration of 0.534 seconds, with a minimum value of 0.501 seconds and a maximum duration of 0.567 seconds."<br><br>O: The prejudicial effect | Defendants |

15

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | outweighs the probative value. (FRE 403). | |
| Defendants | Exh. No. 53 (Composite Video (with annotations) prepared by Plaintiffs' expert Justin Rosander.) | O: Inadmissible, Improper Opinion (FRE 701) and Speculation (FRE 602). Rosander's rule 26 expert report states there was limited support for this assertion, however, his declaration in support of the plaintiffs' opposition removes that language. The annotations lack the necessary documentation for a reliable forensic analysis. *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (In evaluating the admissibility of expert testimony, the trial court is "'a gatekeeper, not a fact finder.'" Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology; *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013) ("the judge is supposed to screen . . . unreliable nonsense opinions . . . .)" | Sustained:____ <br> Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | O: Lacks foundation (FRE 702 – 704). See *Van Loo v. United States* (W.D.Wash. Mar. 4, 2025, No. 3:23-cv-05618-DGE) 2025 U.S.Dist.LEXIS 38652, at *7 ("The proponent must "lay a foundation of fairness and accuracy for the admission of the demonstrative aid."." quoting *United States v. Walema*, 194 F.3d 1319 (Table) (9th Cir. 1999).)<br><br>O: The prejudicial effect outweighs the probative value. (FRE 403). | |
| Defendants | Declaration of Scott DeFoe Paragraph 7: "In the event Mr. Loftin did not flee in his vehicle or fled on foot, Sergeant Howard could have established a perimeter with the other officers." | O: Improper Opinion. FRE 701; see also *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and | Sustained:____<br>Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>O: Lacks foundation (FRE 702 – 704). DeFoe's opinion as to what Howard hypothetically could have done is speculative and, therefore, lacks foundation and is an improper opinion.<br><br>O: Speculation (FRE 602). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 7: "In the event Mr. Loftin conducted a U-Turn, they could have resumed the pursuit with the assistance of the police helicopter until the decision was made to either | O: Improper Opinion (FRE 701). See also *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as | Sustained:____<br>Overruled:____ |

18

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | discontinue the pursuit or implement Pursuit Intervention Techniques." | to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>O: Lacks foundation (FRE 702 – 704). DeFoe's opinion as to what Howard hypothetically could have done is speculative and, therefore, lacks foundation and is an improper opinion.<br><br>O: Speculation (FRE 602). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 7:<br><br>"Sergeant Howard made a poor tactical decision and unnecessarily escalated the situation when he hopped over the metal guardrail and | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An | Sustained:_____<br>Overruled:_____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | walked on the freeway without any cover or concealment towards the front of the Peterbilt truck with his AR-15 semi-automatic rifle positioned on his right shoulder." | expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>O: Lacks foundation (FRE 702 – 704). DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 7:<br><br>"The tactical plan should have outlined verbal skills (defusing and de-escalation techniques) and Less Lethal Force options such as: Ballistic | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore | Sustained:_____<br><br>Overruled:_____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | Shield, Pepper Ball Round, 40MM Foam Baton Round and/or Direct Impact CS Round, or the deployment of the 870 Remington 12-Gauge Shotgun with a Drag Stabilized 12-Gauge Bean Bag Round. The round has a velocity of 270 feet per second (FPS) with a maximum effective range of 75 feet which could have effectively been deployed from a position of cover." | cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>DeFoe's opinion as to what Howard hypothetically could have done is an improper opinion.<br><br>O: Lacks foundation (FRE 702 – 704). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 8:<br><br>"A reasonable police officer acting consistent with | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an | Sustained:____<br>Overruled:____ |

21

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | standard police practices would not have used lethal force in this situation." | opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).) <br><br> O: Lacks foundation (FRE 702 – 704). DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |
| Defendants | Declaration of Scott DeFoe <br><br> Paragraph 8: <br><br> "A similarly trained California Highway Patrol | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate | Sustained:____ <br><br> Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | Officer/Sergeant would not have considered Mr. Raymond Loftin to be a lethal threat in this set of facts." | issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>O: Lacks foundation (FRE 702 – 704). DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |
| Defendants | <u>Declaration of Scott DeFoe</u><br><br>Paragraph 8:<br><br>"This was not an immediate defense of life situation, and, as explained further below, | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v.* | Sustained:____<br><br>Overruled:____ |

23

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | under the facts of this case, California Highway Patrol Sergeant Daniel Howard could not shoot Mr. Raymond Loftin for fleeing." | *Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).) <br><br> O: Lacks foundation (FRE 702 – 704). Defoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |
| Defendants | Declaration of Scott DeFoe <br><br> Paragraph 8: <br><br> "A reasonable officer acting consistent with standard police practices would not have used lethal | O: Inadmissible because it is not in DeFoe's Rule 26 report. A Rule 26 report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c) "'gives teeth'" to Rule 26's disclosure requirements." | Sustained:____ <br><br> Overruled:____ |

24

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|----------|----------------------|------------------------------|--------|
| | force in this situation." | *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "[A] party that fails to provide information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021). This is an "'automatic sanction.'" *Id.* at *11; *see also Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024) ("experts will be precluded from providing opinions that are not set forth in their reports"); *see Nenkov v. Siegmann*, 2025 U.S. Dist. LEXIS 49305, at *6 (W.D. Wash. Mar. 18, 2025) (declaration); *Marcus v. Air & Liquid Sys. Corp.,* | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|----------|---------------------|------------------------------|--------|
| | | 2024 U.S. Dist. LEXIS 110891, at *37 (N.D. Cal. June 24, 2024) (same); *see also Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 56109, at *18-19 (N.D. Cal. Mar. 27, 2020) (deposition); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7-9 (N.D. Cal. Jan. 14, 2019) (same).<br><br>O: Improper Opinion (FRE 701). See also *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|----------|---------------------|------------------------------|--------|
| | | June 14, 2012).) <br><br> O: Lacks foundation (FRE 702 – 704). Defoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |
| Defendants | Declaration of Scott DeFoe <br><br> Paragraph 8: <br><br> "At the time of the shooting, it was not the case that any person was about to be run over by the vehicle with no opportunity to get out of the way." | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego,* 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles,* 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).) | Sustained:____ <br><br> Overruled:____ |

27

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | O: Lacks foundation (FRE 702 – 704). See *Foshee v. Zuniga*, 2021 U.S. Dist. LEXIS 92474, at *16-17 (N.D. Cal. May 14, 2021) (an expert "may not testify regarding his view or assessment of what actually occurred…. The jury does not need assistance in making findings as to what actually happened."); see also *Briscoe v. City of Seattle*, 483 F. Supp. 3d 999, 1014 n.15 (W.D. Wash. 2020) (There is an "'all- too-common misuse" of forensic experts who propose 'to tell the jury what actually occurred in the case,' and … a retained witness, who has no personal knowledge of the underlying facts, 'should never be allowed to pretend to divine for the jury the truth of what actually occurred or what the mental state of an actor was' or to 'vouch for one side's fact scenario.'") (quoting *S.E.C. v. Daifotis*, 2012 U.S. Dist. LEXIS 79332, | |

28

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | *2, 7 (N.D. Cal. June 7, 2012)).<br><br>O: Speculation (FRE 602). DeFoe's opinion as to whether any person was about to be run over with no opportunity to get out of the way is speculative and, therefore, lacks foundation and is an improper opinion.<br><br>O: Relevance (FRE 401 – 403). It is irrelevant whether anyone was about to get run over at the time Howard shot. At the time Howard shot, he believed there was an immediate threat of serious bodily injury or death to himself and others. (Fact 159) | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 8:<br><br>"A reasonable officer would have known that the truck was making another U-Turn when the truck | O: Inadmissible because it is not in DeFoe's Rule 26 report. A Rule 26 report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c) "'gives teeth" to Rule 26's disclosure requirements." | Sustained:_____<br><br>Overruled:_____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | approached the Road Block, slowed down, and began its turn." | *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "[A] party that fails to provide information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021). This is an "'automatic sanction.'" *Id.* at *11; *see also Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024) ("experts will be precluded from providing opinions that are not set forth in their reports"); *see Nenkov v. Siegmann*, 2025 U.S. Dist. LEXIS 49305, at *6 (W.D. Wash. Mar. 18, 2025) (declaration); *Marcus v. Air & Liquid Sys. Corp.,* | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | 2024 U.S. Dist. LEXIS 110891, at *37 (N.D. Cal. June 24, 2024) (same); *see also Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 56109, at *18-19 (N.D. Cal. Mar. 27, 2020) (deposition); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7-9 (N.D. Cal. Jan. 14, 2019) (same).<br><br>O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. | |

31

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|----------|---------------------|------------------------------|--------|
| | | June 14, 2012).)<br><br>O: Lacks foundation (FRE 702 – 704). DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law.<br><br>O: Speculation (FRE 602). No one testified that Mr. Loftin was making a U-turn or three-point turn at the time of the shooting. And Mr. Loftin did not make a U-turn or a three point turn, so any claim that a reasonable officer would have known that the big rig was making another U-Turn when the big rig approached the Road Block is entirely speculative. | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 8:<br><br>"A reasonable officer would be expected to be listening to | O: Inadmissible because it is not in DeFoe's Rule 26 report. A Rule 26 report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). | Sustained:____<br><br>Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | the police radio." | Rule 37(c) "'gives teeth' to Rule 26's disclosure requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "[A] party that fails to provide information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021). This is an "'automatic sanction.'" *Id.* at *11; *see also Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024) ("experts will be precluded from providing opinions that are not set forth in their reports"); *see Nenkov v. Siegmann*, 2025 U.S. Dist. LEXIS 49305, at *6 (W.D. | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
|  |  | Wash. Mar. 18, 2025) (declaration); *Marcus v. Air & Liquid Sys. Corp.*, 2024 U.S. Dist. LEXIS 110891, at *37 (N.D. Cal. June 24, 2024) (same); *see also Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 56109, at *18-19 (N.D. Cal. Mar. 27, 2020) (deposition); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7-9 (N.D. Cal. Jan. 14, 2019) (same).<br><br>O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") |  |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law.<br><br>O: Lacks foundation (FRE 702 – 704). | |
| Defendants | <u>Declaration of Scott DeFoe</u><br><br>Paragraph 8:<br><br>"A reasonable officer would have recognized that Mr. Raymond Loftin was backing up to make a U-Turn or three-point turn." | O: Inadmissible because it is not in DeFoe's Rule 26 report. A Rule 26 report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c) "'gives teeth" to Rule 26's disclosure requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "[A] party that fails to provide | Sustained:____<br><br>Overruled:____ |

35

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021). This is an "'automatic sanction.'" *Id.* at *11; *see also Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024) ("experts will be precluded from providing opinions that are not set forth in their reports"); *see Nenkov v. Siegmann*, 2025 U.S. Dist. LEXIS 49305, at *6 (W.D. Wash. Mar. 18, 2025) (declaration); *Marcus v. Air & Liquid Sys. Corp.*, 2024 U.S. Dist. LEXIS 110891, at *37 (N.D. Cal. June 24, 2024) (same); *see also Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 56109, at *18-19 (N.D. Cal. Mar. 27, 2020) (deposition); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at *7- | |

36

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | 9 (N.D. Cal. Jan. 14, 2019) (same).<br><br>O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | O: Misstates evidence (FRE 403; *Wiersema v. Target Corp.*, No. 8:22-cv-02028-JWH-DFM, 2024 U.S. Dist. LEXIS 182807, at *15 (C.D. Cal. Aug. 16, 2024).)<br><br>No one testified that Mr. Loftin was making a U-turn or three-point turn at the time of the shooting. And Mr. Loftin did not make a U-turn or a three point turn, so any claim that a reasonable officer would have recognized that the big rig was backing up to make a U-Turn or three-point turn is entirely speculative.<br><br>O: Lacks foundation (FRE 702 – 704).<br><br>O: Speculation (FRE 602). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 8:<br><br>"When the truck was reversing, a reasonable officer in the | O: Inadmissible because it is not in DeFoe's Rule 26 report. A Rule 26 report shall contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c) '"gives teeth" | Sustained:____<br><br>Overruled:____ |

38

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | position of Sergeant Daniel Howard would have recognized that the truck was moving backward and was not moving forward." | to Rule 26's disclosure requirements." *Sankaranarayanan v. Sashidhar*, 2025 U.S. Dist. LEXIS 1082, at *3 (W.D. Wash. Jan. 3, 2025) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "[A] party that fails to provide information as required by Rule 26(a) may not use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1)." *Ruiz v. Walmart Inc.,* 2021 U.S. Dist. LEXIS 49761, at *11 (C.D. Cal. Jan. 21, 2021). This is an "'automatic sanction.'" *Id.* at *11; *see also Moller v. Cty. of San Bernardino*, 2024 U.S. Dist. LEXIS 232429, at *11 (C.D. Cal. Jan. 2, 2024) ("experts will be precluded from providing opinions that are not set forth in their reports"); *see Nenkov v. Siegmann*, 2025 U.S. Dist. LEXIS 49305, at *6 (W.D. Wash. Mar. 18, 2025) | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | (declaration); *Marcus v. Air & Liquid Sys. Corp.*, 2024 U.S. Dist. LEXIS 110891, at \*37 (N.D. Cal. June 24, 2024) (same); *see also Ramirez v. City of Gilroy*, 2020 U.S. Dist. LEXIS 56109, at \*18-19 (N.D. Cal. Mar. 27, 2020) (deposition); *Pajas v. Cty. of Monterey*, 2019 U.S. Dist. LEXIS 6629, at \*7-9 (N.D. Cal. Jan. 14, 2019) (same).<br><br>O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at \*16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).) | |
| | | DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law. | |
| | | O: Misstates evidence (FRE 403; *Wiersema v. Target Corp.*, No. 8:22-cv-02028-JWH-DFM, 2024 U.S. Dist. LEXIS 182807, at *15 (C.D. Cal. Aug. 16, 2024).) | |
| | | Sergeant Howard testified that he did not perceive the big rig moving backward at the time of the shooting. (Fact 157.) | |
| | | O: Lacks foundation (FRE 702 – 704). | |
| | | O: Speculation (FRE 602). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 10:<br><br>"A reasonable | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert | Sustained:____<br><br>Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | police officer acting consistent with standard police practices and outlined in the California Commission on Peace Officers Standards and Training, Student Materials, Learning Domain, No. 20, Use of Force, Version 3.3, Pages 3-4, would have given a verbal warning to Mr. Loftin that he was going to use deadly force against him." | witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>DeFoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law.<br><br>O: Lacks foundation (FRE 702 – 704). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 10:<br><br>"Given that the | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert | Sustained:____<br><br>Overruled:____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | Peterbilt truck was moving away from Sergeant Howard at the time of the shooting, it would have been feasible for Sergeant Howard to give a warning that deadly force would be used prior to shooting." | witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>Defoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law.<br><br>O: Lacks foundation (FRE 702 – 704). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 11:<br><br>"Mr. Loftin did | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert | Sustained:_____<br><br>Overruled:_____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | not inflict or threaten to inflict death or serious bodily injury against anyone at any point relative to this incident" | witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) (""An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'"") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>Defoe's opinion as to whether Howard's actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law.<br><br>O: Misstates evidence (FRE 403; *Wiersema v. Target Corp.*, No. 8:22-cv-02028-JWH-DFM, 2024 U.S. Dist. LEXIS 182807, at *15 (C.D. Cal. Aug. 16, 2024).)<br><br>Driving wrong way on | |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | multiple freeways at high speeds in a big rig is a clearly a threat to inflict death or serious bodily injury against others.<br><br>O: Lacks foundation (FRE 702 – 704). | |
| Defendants | Declaration of Scott DeFoe<br><br>Paragraph 13:<br><br>"From the standpoint of police practices, including basic police training, POST standards, and the California Highway Patrol's own policies, Sergeant Daniel Howard's use of deadly force was improper, inappropriate, excessive and unreasonable." | O: Improper Opinion (FRE 701). See *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004) ("an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"); *A.B. v. Cty. of San Diego*, 2020 U.S. Dist. LEXIS 136760, at *16 (S.D. Cal. July 31, 2020) ("'An expert witness therefore cannot offer testimony as to the reasonableness of an officer's actions and whether his use of force was appropriate under the facts of the case.'") (quoting *Sanchez v. Jiles*, 2012 U.S. Dist. LEXIS 200372, at *87 (C.D. Cal. June 14, 2012).)<br><br>DeFoe's opinion as to whether Howard's | Sustained:_____<br><br>Overruled:_____ |

| Objector | Plaintiffs' Evidence | Objection (O) / Response (R) | Ruling |
|---|---|---|---|
| | | actions were reasonable under the specific circumstances he faced is an improper opinion on an ultimate issue of law.<br><br>O: Lacks foundation (FRE 702 – 704). | |

Dated: December 12, 2025             Dean Gazzo Roistacher LLP


By:  */s/ Lee H. Roistacher*
    Lee H. Roistacher
    Kimberly A. Sullivan
    Aleries Lau
    Attorneys for Defendant
    Sergeant Daniel Howard


Dated: December 12, 2025        LAW OFFICES OF DALE K. GALIPO


By:  */s/ Dale K. Galipo*
    Dale K. Galipo
    Renee V. Masongsong
    Attorneys for Plaintiffs

///
///
///
///

Case No. 5:22-cv-02133-AH-DTB

Dated: December 12, 2025        ROB BONTA
        Attorney General of California
        ELIZABETH S. ANGRES
        Supervising Deputy Attorney General


        By:  */s/ Haiyang Allen Li*
        HAIYANG A. LI
        Deputy Attorney General
        Attorneys for Defendant
        State of California by and through the
        California Highway Patrol

## **SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for all parties and that I have obtained counsels' authorization to affix his/her electronic signature to this document.

Dated: December 12, 2025        */s/ Lee H. Roistacher*
        Lee H. Roistacher, declarant