Dean Gazzo Roistacher LLP
Lee H. Roistacher, Esq. (SBN 179619)
Kimberly A. Sullivan, Esq. (SBN 317857)
Aleries Lau, Esq. (SBN 340709)
440 Stevens Avenue, Suite 100
Solana Beach, CA 92075
Telephone: (858) 380-4683
Facsimile: (858) 492-0486
E-mail:   lroistacher@deangazzo.com
          ksullivan@deangazzo.com
          alau@deangazzo.com

Attorneys for Defendant
Sergeant Daniel Howard

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, individually; LORI MEEKS, individually and as successor in interest to Raymond Loftin, deceased; Y.L., B.L., and E.L., in each case by and through their guardian ad litem Sebrina Lucky, individually and as successor in interest to Raymond Loftin, deceased; TYLER VINSON-LOFTIN, individually and as successor in interest to Raymond Loftin, deceased; and RAYMOND ALGARIN TORRES, individually and as successor in interest to Raymond Loftin, deceased.<br><br>          Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, SERGEANT DANIEL HOWARD, DOES 4-10, Inclusive, and DANIELLE LOFTIN, a nominal Defendant.<br><br>          Defendants. | Case No.: 5:22-cv-02133-AH-DTB<br><br>**DECLARATION OF ALERIES LAU TO REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS STATE OF CALIFORNIA BY AND THROUGH CALIFORNIA HIGHWAY PATROL AND SERGEANT DANIEL HOWARD**<br><br>Date:      January 21, 2026<br>Time:     1:30 p.m.<br>Courtroom: 9C<br>Judge:    Anne Hwang<br>Magistrate: David T. Bristow<br><br>Complaint Filed: 11/30/2022<br>Trial Date: 05/26/2026 |

///

I, Aleries Lau, declare as follows:

1. I am an attorney at law, duly admitted to practice before the courts of this state, and am an associate with the firm of Dean Gazzo Roistacher, LLP, attorneys of record for defendant Sergeant Daniel Howard in the above matter.

2. I have personal knowledge of all the matters stated herein, and if called as a witness, I could competently testify thereto, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

3. In response to Plaintiffs' Additional Fact No. 203, defendants cited additional evidence to establish that Fact No. 203 is unsupported by the evidence cited by plaintiffs. The additional evidence in response to Fact No. 203 refers to Sergeant Daniel Howard's administrative interview pp. 243:24 – 244:1. In response to Plaintiffs' Additional Fact No. 221, defendants cited additional evidence to establish that Fact No. 221 is unsupported by the evidence cited by plaintiffs (Plaintiffs' evidence merely recites the interviewer's questions and summaries of events). The additional evidence in response to Fact No. 221 refers to Sergeant Daniel Howard's administrative interview p. 99:16-20. Attached hereto as Exhibit 68 are true and correct copies of excerpts of Sergeant Daniel Howard's administrative interview pp. 99; 243; and 244.

4. In response to Plaintiffs' Additional Fact No. 230, defendants cited additional evidence to establish that Fact No. 230 is unsupported by the evidence cited by plaintiffs. The evidence in response to Fact No. 230 refers to Officer M. Garcia's interview statement page 64:17-23. Attached hereto as Exhibit 69 are true and correct copies of excerpts of Officer M. Garcia's interview statement.

5. In response to Plaintiffs' Additional Fact No. 267, defendants cited additional evidence to provide the entire copy of the policy at issue – CHP Policy HMP70.6, Section 5. Attached hereto as Exhibit 70 is a true and correct copy of excerpts of CHP Policy HMP70.6, Section 5.

6.    In the joint appendix of objections and in response to Plaintiffs' Additional Fact Nos. 231, 253, and 273-275, defendants objected to paragraph 8 of the declaration of Scott DeFoe. Paragraph 8 contains new opinions that were not offered in Mr. DeFoe's rule 26 expert report. Attached hereto as Exhibit 71 is a true and correct copy of Scott DeFoe's Rule 26 expert report.

7.    In the joint appendix of objections to plaintiffs' evidence Exhibit 53, and in response to Plaintiffs' Additional Fact Nos. 224, 227, and 228, defendants objected to paragraph 8 of the declaration of Justin Rosander. Paragraph 8 is inconsistent with Mr. Rosander's rule 26 expert report. Mr. Rosander's declaration in support of plaintiffs' opposition states "Frame 12404- 12405…The time between the two events has an approximate duration of 0.534 seconds, with a minimum value of 0.501 seconds and a maximum duration of 0.567 seconds." Mr. Rosander's Rule 26 report at page 13 states there was "limited support" for this assertion, however, his declaration removes that language. Attached hereto as Exhibit 72 is a true and correct copy of Justin Rosander's Rule 26 expert report.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct and that this declaration was executed this 31st day of December, 2025, at Solana Beach, California.

*/s/ Aleries Lau*
Aleries Lau, declarant