LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 5:22-cv-02133-AH-DTB<br><br>*Assigned to*:<br>Hon. District Judge Anne Hwang<br>Hon. Mag. Judge David T. Bristow<br><br>**PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS B.L., Y.L., AND E.L.**<br><br>[Verification by Guardian ad Litem Sebrina Lucky, Declaration of Renee V. Masongsong and Exhibits thereto, and Proposed Order *filed concurrently herewith*] |

**TO THIS HONORABLE COURT, AND ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs, E.L., B.L., and Y.L., by and through their guardian ad litem, Sebrina Lucky, along with LORI MEEKS, CHRISTOPHER URQUIJO, RAYMOND ALGARIN TORRES, and TYLER VINSON-LOFTIN ("Plaintiffs") hereby move this Court by way of this Ex Parte Application for Approval of Compromise of the Claims of minor plaintiffs E.L., B.L., and Y.L.

Plaintiffs make this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Renee V. Masongsong, which is submitted concurrently herewith.

Prior to filing this *ex parte* application, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 7-19 through 7-19.1. The Parties previously discussed Plaintiffs' intent to file the minor's compromise petition on an *ex parte* basis, and on February 10, 2026, Plaintiffs' counsel provided Defendants' counsel with a copy of the instant petition. Declaration of Renee V. Masongsong in Support of Ex Parte Application for Approval of Minors' Compromise ("Masongsong Decl.") at ¶ 3. Defendant State of California is represented by: Allen Haiyang Li and David Klehm of the Office of the Attorney General, Department of Justice, 300 South Spring Street, Suite 1702, Los Angeles, CA 90013, (213) 269-6404, Haiyang.li@doj.ca.gov, David.klehm@doj.ca.gov. Defendant Daniel Howard is represented by: Kimberly Sullivan and Lee Roistacher of Dann Gazzo Roistacher LLP, 440 Stevens Ave., Suite 100, Solana Beach, CA 92075, (858) 380-4683, ksullivan@deangazzo.com, lroistacher@deangazzo.com. Masongsong Decl. at ¶ 2.

Defendants' counsel do not oppose the filing of this application for approval of the minors' compromise on an *ex parte* basis, and Defendants take no position as to the proposed distribution of the settlement funds. Masongsong Decl. at ¶ 4. Plaintiffs seek approval of the minors' compromise on an *ex parte* basis because the interest rates for the annuities may expire if this matter is heard as a regularly noticed motion, considering that Defendants need 60-90 days after this Court's approval of the minor's compromise petition. Masongsong Decl. at ¶ 5.

DATED: February 16, 2026            LAW OFFICES OF DALE K. GALIPO

                                    By:      *s/ Renee V. Masongsong*
                                         Dale K. Galipo
                                         Renee V. Masongsong
                                         *Attorneys for Plaintiffs*

**UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF E.L., Y.L., AND B.L.**

## I. INTRODUCTION

Sebrina Lucky, guardian *ad litem* for minor plaintiffs E.L., Y.L., and B.L., hereby submits this petition and proposed order for approval of the compromise of the minors' claims in this matter, and requests that the Court approve of the proposed distribution of the minors' funds. Sebrina Lucky is E.L., Y.L., and B.L.'s legal guardian and natural grandmother. Ms. Lucky is not a plaintiff in this case. The instant claims of minor plaintiffs E.L., Y.L., and B.L. arose out of the fatal shooting of E.L., Y.L., and B.L.'s father, Raymond Loftin ("Decedent"), by California Highway Patrol Sergeant Daniel Howard on June 23, 2021. The circumstances and allegations surrounding the shooting incident are set forth in the Plaintiffs' operative complaint (Dkt. Nos. 134, 142) and in Parties' Joint Motion for Summary Judgment and exhibits thereto, filed on December 12, 2025 (Dkt. No. 157). Plaintiffs and Defendants have agreed to settle the above-referenced case in its entirety without a trial, and the Parties' settlement has been approved by the proper authorities. Masongsong Decl. at ¶ 7.

This agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $2,999,000 divided between the seven Plaintiffs as follows:

- E.L. and her attorneys: $700,000
- B.L. and his attorneys: $700,000
- Y.L. and his attorneys: $700,000
- Lori Meeks and her attorneys: $400,000
- Raymond Algarin Torres and his attorneys: $175,000
- Tyler Vinson-Loftin and his attorneys: $175,000
- Christopher Urquijo and his attorneys: $149,000

These are the amounts that the Plaintiffs have agreed to. Masongsong Decl. at ¶ 6.

E.L., Y.L., and B.L. ("the minor plaintiffs") are the minor children of Decedent and successors in interest to Decedent. The minor plaintiffs each assert the following claims in the operative complaint, seeking survival damages and wrongful death damages: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as successors in interest to Decedent (survival claim); Interference with Familial Relationship pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment in their individual capacities; Violation of California Civil Code § 52.1 (the Bane Act) as successors in interest to Decedent; Negligence (wrongful death); Battery (wrongful death). (Dkt. Nos. 134, 142). Masongsong Decl. at ¶ 7.

Raymond Algarin Torres and Tyler Vinson-Loftin are the adult children of Decedent and successors in interest to Decedent. Raymond Algarin Torres and Tyler Vinson-Loftin each assert the following one claim, seeking survival damages: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as successors in interest to Decedent. (Dkt. Nos. 134, 142).

Lori Meeks is the natural mother of Decedent. Lori Meeks asserts the following claims: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as successor in interest to Decedent (survival claim); Interference with Familial Relationship pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment in her individual capacity; Violation of California Civil Code § 52.1 (the Bane Act) as successor in interest to Decedent; Negligence (wrongful death); Battery (wrongful death). (Dkt. Nos. 134, 142).

Plaintiff Christopher Urquijo is the brother of Decedent. Mr. Urquijo was in the vehicle with Decedent at the time of the shooting giving rise to this lawsuit. Mr. Urquijo asserts the following claims in his individual capacity: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment; Violation of California Civil Code § 52.1 (the Bane Act); Battery; Negligence; Negligent Infliction of Emotional Distress. (Dkt. Nos. 134, 142).

//

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minors' claims to assure itself that the minors' interests are protected, even if the settlement has been recommended or negotiated by the minors' parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, Rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951,

and 7.952." Pursuant to the above California rules, Plaintiffs and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. Petitioner is Sebrina Lucky as guardian *ad litem* for E.L., Y.L., and B.L. and also as the legal guardian and grandmother of E.L., Y.L., and B.L.

2. Plaintiffs E.L., Y.L., and B.L. are the minor children of Decedent. B.L. was born on June 3, 2014. E.L. was born on July 6, 2013. Y.L. was born on August 5, 2012. Masongsong Decl. at ¶ 8.

3. The nature of the Plaintiffs' claims in this lawsuit is set forth in the operative complaint filed in this action (Dkt. Nos. 134, 142) and in the Parties' Joint Motion for Summary Judgment (Dkt. No. 157). Pursuant to the settlement agreement, the minors plaintiffs' claims (as well as the claims of the adult plaintiffs to this action) will be compromised without a trial on the merits. Masongsong Decl. at ¶ 7.

4. Plaintiffs E.L., Y.L., and B.L.'s damages in this case arise from (1) the injuries suffered by their father, Raymond Loftin (Decedent), for which Plaintiffs E.L., Y.L., and B.L. can recover survival damages as successors in interest (survival damages); and (2) Plaintiffs E.L., Y.L., and B.L.'s individual losses of Decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages). Masongsong Decl. at ¶ 7.

5. Neither medical treatment nor medical billing are relevant to this case; Plaintiffs E.L., Y.L., and B.L. have not received medical treatment in connection with this case.

6. The total amount of the settlement that Defendants agree to pay is $2,999,000. As set forth above, of the $2,999,000 gross settlement amount, $700,000 is proposed to be distributed to E.L. and her attorneys, $700,000 is proposed to be distributed to B.L. and his attorneys, and $700,000 is proposed to be distributed to Y.L. and his attorneys. Plaintiffs' attorneys are requesting attorneys'

fees of 40% of the gross settlement proceeds. The attorneys' fees allocated to E.L. are $280,000, the attorneys' fees allocated to B.L. are $280,000, and the attorneys' fees allocated to Y.L. are also $280,000. Masongsong Decl. at ¶ 9.

Plaintiffs' attorneys also seek reimbursement for the litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $53,918.40. Plaintiffs E.L., Y.L., and B.L. are each receiving 23.34% of the gross settlement amount. Therefore, Plaintiffs E.L., Y.L., and B.L.'s pro rata share of the costs is 23.34% of the costs each, which is $12,584.55 each. Masongsong Decl. at ¶ 9.

These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case. Plaintiffs, including the guardian ad litem for the minor plaintiffs, signed retainer agreements with the Law Offices of Dale K. Galipo, the Law Offices of Sharon J. Brunner, and the Law Offices of James S. Terrell that provide for a 40% contingency fee and reimbursement of costs. Masongsong Decl. at ¶ 9.

The contingency attorney fee award in this case is justified in part by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

1  Masongsong Decl. at ¶ 10.

2      Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney fees on appeal, in an order dated February 21, 2024. Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case. Masongsong Decl. at ¶ 10.

    Additionally, the 40% attorney fee is justified by the substantial amount of risk that this case involved. For example, in this case, as set forth in Defendants' Motion for Summary Judgment, there was evidence that Decedent was driving a stolen big rig truck at the time of the incident and that Decedent led multiple law enforcement agencies on a vehicle pursuit, during which Decedent at certain times drove the wrong way on the freeway. Defendants argued that Sergeant Howard perceived the big rig truck to be moving in his direction and the direction of other officers at the time of the shooting, which Plaintiffs disputed. If the Law Offices of Dale K. Galipo, the Law Offices of Sharon J. Brunner, and the Law Offices of James S. Terrell were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, minor plaintiffs such as E.L., Y.L., and B.L. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs. Masongsong Decl. at ¶ 10.

    7. As stated above, the gross amount of the settlement is $2,999,000. The gross share of these proceeds apportioned for minor Plaintiff E.L. and her attorneys is $700,000. After deducting requested attorneys' fees of $280,000, and deducting E.L.'s pro-rata share of costs, the total net settlement proceeds to E.L. is

$407,415.45.

Likewise, the gross share of the settlement apportioned for minor Plaintiff B.L. and his attorneys is $700,000. After deducting requested attorneys' fees of $280,000, and deducting B.L.'s pro-rata share of costs, the total net settlement proceeds to B.L. is also $407,415.45.

Likewise, the gross share of the settlement apportioned for minor Plaintiff Y.L. and his attorneys is $700,000. After deducting requested attorneys' fees of $280,000, and deducting Y.L.'s pro-rata share of costs, the total net settlement proceeds to B.L. is also $407,415.45. Masongsong Decl. at ¶ 11.

8. It is requested that $407,415.45 be used to fund a structured settlement annuity for Y.L. Attached as "Exhibit A" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for Y.L., which is incorporated herein in its entirety by reference. Y.L.'s guardian *ad litem,* Sebrina Lucky, agrees to this proposal and believes that it is in the best interests of Y.L. Under the proposal set forth in "Exhibit A," the total amount that Y.L. will receive after the last payment is made from the annuity is $823,755.55. Masongsong Decl. at ¶ 12.

It is also requested that $407,415.45 be used to fund a structured settlement annuity for E.L. Attached as "Exhibit B" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for E.L., which is incorporated herein in its entirety by reference. E.L.'s guardian *ad litem*, Sebrina Lucky, agrees to this proposal and believes that it is in the best interests of E.L. Under the proposal set forth in "Exhibit B," the total amount that E.L. will receive after the last payment is made from the annuity is $862,352.05. Masongsong Decl. at ¶ 12.

It is likewise requested that $407,415.45 be used to fund a structured settlement annuity for B.L. Attached as "Exhibit C" to the Declaration of Renee V. Masongsong is the proposed structured settlement annuity for B.L., which is

incorporated herein in its entirety by reference. B.L.'s guardian *ad litem,* Sebrina Lucky, agrees to this proposal and believes that it is in the best interests of B.L. Under the proposal set forth in "Exhibit C," the total amount that B.L. will receive after the last payment is made from the annuity is $899,604.68. Masongsong Decl. at ¶ 12.

The Parties have agreed that any delay in funding the annuity purchase may result in a delay of the payment dates or a change in the payment amounts that shall be accurately recorded in the settlement agreement and release, qualified assignment and release document and annuity contract without the need of obtaining an amended Petition or Court Order. Masongsong Decl. at ¶ 13.

9. The moving guardian *ad litem* is not plaintiff in this case and has no claims against Defendants in connection with the subject incident.

10. The moving guardian *ad litem* (Sebrina Lucky) does not have any claims against the minor plaintiffs B.L., Y.L., or E.L. (her grandchildren) in connection with the subject incident. Sebrina Lucky is not a plaintiff in this case.

11. California Welfare and Institutions Code Section 14124.73 does not apply.

12. This motion does not seek an order for payment of money to a special needs trust. Masongsong Decl. at ¶ 14.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This petition was prepared by attorney Renee V. Masongsong (California State Bar Number 281819), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs in this action. Masongsong Decl. at ¶ 15.

2. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and/or Law Offices of James S. Terrell did not become concerned with this matter at the instance of any party against whom the claims of B.L., Y.L., and E.L. are asserted. Masongsong Decl. at ¶ 16.

      3. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter. Masongsong Decl. at ¶ 17.

      4. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell have not to date received any compensation for their services in connection herewith from any person. Masongsong Decl. at ¶ 18.

      5. In addition to receiving compensation from E.L., Y.L., and B.L.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Christopher Urquijo, Lori Meeks, Raymond Algarin Torres, and Tyler Vinson-Loftin, as follows: $59,600 in attorneys' fees from Christopher Urquijo's portion of the settlement; $160,000 in attorneys' fees from Lori Meeks' portion of the settlement; $70,000 in attorneys' fees from Raymond Algarin Torres' portion of the settlement; $70,000 in attorneys' fees from Tyler Vinson-Loftin's portion of the settlement. Plaintiffs' attorneys also expect to receive reimbursement for the advanced litigation costs (a total of $53,918.40) from Plaintiffs Christopher Urquijo, Lori Meeks, Raymond Algarin Torres, and Tyler Vinson-Loftin, consistent with their pro-rata share of the settlement. Masongsong Decl. at ¶ 19.

      6. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The current retainer agreement provides for a 40 percent attorney fee recovery. Masongsong Decl. at ¶ 10.

**Petitioner's endorsement:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands that if the compromise proposed in

1  this petition is approved by the Court and is consummated, the minor children will
2  be forever barred from seeking any further recovery of compensation even though
3  the minors' injuries and loss might in the future appear to be more serious than they
4  are now thought to be.  Petitioner is informed and believes that the minor has made
5  some sufficient recovery from the effects of her injuries and losses so as to justify
6  the resolution of this matter in accord with the terms of the settlement agreement.
7  Petitioner recommends the compromise settlement and the proposed distribution to
8  the minors to the Court as being fair, reasonable, and in the best interest of the
9  minor, and requests that the Court approve this compromise settlement and make
10 such other and further orders as may be just and reasonable.
11         Petitioner Sebrina Lucky requests that the Court enter the proposal attached to
12 the Declaration of Renee V. Masongsong as "Exhibit A" for Y.L., enter the proposal
13 attached to the Declaration of Renee V. Masongsong as "Exhibit B" for E.L., and
14 enter the proposal attached to the Declaration of Renee V. Masongsong as "Exhibit
15 C" for B.L. Specifically, Petitioner Sebrina Lucky requests that the Court enter the
16 Proposed Order filed concurrently herewith. As stated, Petitioner Sebrina Lucky is
17 E.L., Y.L., and B.L.'s guardian *ad litem* and natural grandmother.  Petitioner
18 Sebrina Lucky's verification is attached hereto.

## III. CONCLUSION

For the reasons above, the Court should enter the proposed order submitted concurrently herewith.

DATED: February 16, 2026    LAW OFFICES OF DALE K. GALIPO

By: _____*s/ Renee V. Masongsong*_____
Dale K. Galipo
Renee V. Masongsong
*Attorneys for Plaintiffs*

# VERIFICATION BY MINORS' GUARDIAN

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on this 13th day of February 2026, at Rancho Cordova, California.

*Sebrina Lucky*
Sebrina Lucky, guardian ad litem for Y.L., B.L., and E.L.

-1-

VERIFICATION BY SEBRINA LUCKY AS GUARDIAN AD LIDEM FOR MINOR PLAINTIFFS Y.L., E.L., AND B.L.