LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER URQUIJO, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 5:22-cv-02133-AH-DTB<br><br>*Assigned to*:<br>Hon. District Judge Anne Hwang<br>Hon. Mag. Judge David T. Bristow<br><br>**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' UNOPPOSED EX PARTE APPLICATION FOR APPROVAL OF THE COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS B.L., Y.L., AND E.L.**<br><br>[Verification by Guardian ad Litem Sebrina Lucky; Exhibits; Petition and Proposed Order *filed concurrently herewith*] |

## **DECLARATION OF RENEE V. MASONGSONG**

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Ex Parte Application for an Approval of the Compromise of the Claims of Minor Plaintiffs B.L., Y.L., and E.L.

2. Defendant State of California is represented by: Allen Haiyang Li and David Klehm of the Office of the Attorney General, Department of Justice, 300 South Spring Street, Suite 1702, Los Angeles, CA 90013, (213) 269-6404, Haiyang.li@doj.ca.gov, David.klehm@doj.ca.gov. Defendant Daniel Howard is represented by: Kimberly Sullivan and Lee Roistacher of Dann Gazzo Roistacher LLP, 440 Stevens Ave., Suite 100, Solana Beach, CA 92075, (858) 380-4683, ksullivan@deangazzo.com, lroistacher@deangazzo.com.

3. I emailed Defendants' counsel a copy of this ex parte application and accompanying documents on February 10, 2026.

4. Defendants' counsel does not oppose the filing of this application on an *ex parte* basis, and Defendants take no position as to the proposed distribution of the settlement funds.

5. Plaintiffs seek approval of the minors' compromise on an *ex parte* basis because the interest rates for the annuities may expire if this matter is heard as a regularly noticed motion, considering that Defendants need 60-90 days after this Court's approval of the minor's compromise petition.

6. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $2,999,000 divided between the seven Plaintiffs as follows:

- E.L. and her attorneys: $700,000
- B.L. and his attorneys: $700,000

- Y.L. and his attorneys: $700,000
- Lori Meeks and her attorneys: $400,000
- Raymond Algarin Torres and his attorneys: $175,000
- Tyler Vinson-Loftin and his attorneys: $175,000
- Christopher Urquijo and his attorneys: $149,000

These are the amounts that the Plaintiffs have agreed to.

7. The nature of the claims of Minor Plaintiffs B.L., Y.L., and E.L. in this lawsuit are set forth in the operative complaint filed in this action. (Dkt. Nos. 134, 142). Plaintiffs have agreed to settle their claims without a trial on the merits. Minor Plaintiffs B.L., Y.L., and E.L. each assert the following claims in the operative complaint, seeking survival damages and wrongful death damages: Excessive Force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment as successors in interest to Decedent (survival claim); Interference with Familial Relationship pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment in their individual capacities; Violation of California Civil Code § 52.1 (the Bane Act) as successors in interest to Decedent; Negligence (wrongful death); Battery (wrongful death). (Dkt. Nos. 134, 142).

8. Plaintiffs E.L., Y.L., and B.L. are the minor children of Decedent. B.L. was born on June 3, 2014. E.L. was born on July 6, 2013. Y.L. was born on August 5, 2012.

9. As set forth above, of the $2,999,000 gross settlement amount, $700,000 is proposed to be distributed to E.L. and her attorneys, $700,000 is proposed to be distributed to B.L. and his attorneys, and $700,000 is proposed to be distributed to Y.L. and his attorneys. Plaintiffs' attorneys are requesting attorneys' fees of 40% of the gross settlement proceeds. The attorneys' fees allocated to E.L. are $280,000, the attorneys' fees allocated to B.L. are $280,000, and the attorneys' fees allocated to Y.L. are also $280,000. Plaintiffs' attorneys also seek reimbursement for the litigation costs. Plaintiffs and their attorneys propose to

-3-

DECLARATION OF RENEE V. MASONGSONG

allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff. The total advanced litigation costs are $53,918.40. Plaintiffs E.L., Y.L., and B.L. are each receiving 23.34% of the gross settlement amount. Therefore, Plaintiffs E.L., Y.L., and B.L.'s pro rata share of the costs is 23.34% of the costs each, which is $12,584.55 each. These are the amounts that Plaintiffs' attorneys would be due under the existing contingency fee retainer agreements in this case. Plaintiffs, including the guardian ad litem for the minor plaintiffs, signed retainer agreements with the Law Offices of Dale K. Galipo, the Law Offices of Sharon J. Brunner, and the Law Offices of James S. Terrell that provide for a 40% contingency fee and reimbursement of costs.

10. The contingency attorney fee award in this case is justified in part by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel in this difficult case. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil Plaintiffs' attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Mr. Galipo has recently been awarded statutory attorney fee rates over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour for his work in that case at the district court level. In the same case, after the plaintiffs prevailed against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for attorney

1. fees on appeal, in an order dated February 21, 2024.  Mr. Galipo's hourly rates as awarded by these federal judges support Plaintiffs' attorneys' request for the full 40% contingency attorney fee in this case.

Additionally, the 40% attorney fee is justified by the substantial amount of risk that this case involved. For example, in this case, there was evidence that Decedent was driving a stolen big rig truck at the time of the incident and that Decedent led multiple law enforcement agencies on a vehicle pursuit, during which Decedent at times drove the wrong way on the freeway. Defendants argued that Defendant Sergeant Howard perceived the big rig truck to be moving in his direction and the direction of other officers at the time of the shooting. If the Law Offices of Dale K. Galipo, the Law Offices of Sharon J. Brunner, and the Law Offices of James S. Terrell were not awarded a fully compensatory fee in cases such as this one, then these attorneys would not be able to take such difficult cases. In turn, minor plaintiffs such as E.L., Y.L., and B.L. would not be able to attract competent counsel who could achieve similar results.  Accordingly, Plaintiffs' attorneys request reimbursement of the full amount of their attorneys' fees and costs.

11. The gross share of these proceeds apportioned for minor Plaintiff E.L. and her attorneys is $700,000. After deducting requested attorneys' fees of $280,000, and deducting E.L.'s pro-rata share of costs, the total net settlement proceeds to E.L. is $407,415.45. Likewise, the gross share of the settlement apportioned for minor Plaintiff B.L. and his attorneys is $700,000. After deducting requested attorneys' fees of $280,000, and deducting B.L.'s pro-rata share of costs, the total net settlement proceeds to B.L. is also $407,415.45. Likewise, the gross share of the settlement apportioned for minor Plaintiff Y.L. and his attorneys is $700,000. After deducting requested attorneys' fees of $280,000, and deducting Y.L.'s pro-rata share of costs, the total net settlement proceeds to B.L. is also $407,415.45.

12.     It is requested that $407,415.45 be used to fund a structured settlement annuity for Y.L. Attached hereto as "Exhibit A" is the proposed structured settlement annuity for Y.L., which is incorporated herein in its entirety by reference. Y.L.'s guardian *ad litem,* Sebrina Lucky, agrees to this proposal and believes that it is in the best interests of Y.L. Under the proposal set forth in "Exhibit A," the total amount that Y.L. will receive after the last payment is made from the annuity is $823,755.55. Masongsong Decl. at ¶ 12.

It is also requested that $407,415.45 be used to fund a structured settlement annuity for E.L.  Attached hereto as "Exhibit B" is the proposed structured settlement annuity for E.L., which is incorporated herein in its entirety by reference. E.L.'s guardian *ad litem*, Sebrina Lucky, agrees to this proposal and believes that it is in the best interests of E.L. Under the proposal set forth in "Exhibit B," the total amount that E.L. will receive after the last payment is made from the annuity is $862,352.05. Masongsong Decl. at ¶ 12.

It is likewise requested that $407,415.45 be used to fund a structured settlement annuity for B.L. Attached hereto as "Exhibit C" is the proposed structured settlement annuity for B.L., which is incorporated herein in its entirety by reference. B.L.'s guardian *ad litem,* Sebrina Lucky, agrees to this proposal and believes that it is in the best interests of B.L. Under the proposal set forth in "Exhibit C," the total amount that B.L. will receive after the last payment is made from the annuity is $899,604.68. Masongsong Decl. at ¶ 12.

13.     The Parties have agreed that any delay in funding the annuity purchase may result in a delay of the payment dates or a change in the payment amounts that shall be accurately recorded in the settlement agreement and release, qualified assignment and release document and annuity contract without the need of obtaining an amended Petition or Court Order.

14.     This motion does not seek an order for payment of money to a special needs trust.

15. I prepared this petition (attorney Renee V. Masongsong, California State Bar Number 281819; Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California.

16. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and/or Law Offices of James S. Terrell did not become concerned with this matter at the instance of any party against whom the claims of B.L., Y.L., and E.L. are asserted.

17. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell represent the plaintiffs in this matter but are not employed by any other party or any insurance carrier involved in the matter.

18. The Law Offices of Dale K. Galipo, Law Offices of Sharon J. Brunner, and Law Offices of James S. Terrell have not to date received any compensation for their services in connection herewith from any person.

19. In addition to receiving compensation from E.L., Y.L., and B.L.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Christopher Urquijo, Lori Meeks, Raymond Algarin Torres, and Tyler Vinson-Loftin, as follows: $59,000 in attorneys' fees from Christopher Urquijo's portion of the settlement; $160,000 in attorneys' fees from Lori Meeks' portion of the settlement; $70,000 in attorneys' fees from Raymond Algarin Torres' portion of the settlement; $70,000 in attorneys' fees from Tyler Vinson-Loftin's portion of the settlement.

Plaintiffs' attorneys also expect to receive reimbursement for advanced litigation costs from Plaintiffs Christopher Urquijo, Lori Meeks, Raymond Algarin Torres, and Tyler Vinson-Loftin, in their pro-rata share of the settlement, as follows: $2,679.74 from Christopher Urquijo's portion of the settlement; $7,192.71 from Lori Meeks' portion of the settlement; $3,148.83 from Raymond Algarin Torres' portion of the settlement; $3,148.83 from Tyler Vinson-Loftin's portion of the

1  settlement.

2  20. Attached hereto as "Exhibit D" is a group of documents from Pacific Life Company, including a sample guarantee, ratings, and example contract.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 16th day of February 2026 at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong