1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER URQUIJO, et al,

               Plaintiffs,

      vs.

STATE OF CALIFORNIA, et al.,

              Defendants.

Case No. 5:22-cv-02133-AH-DTB

*Assigned to*:
Hon. District Judge Anne Hwang
Hon. Mag. Judge David T. Bristow

**[PROPOSED] ORDER APPROVING PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFFS B.L., Y.L., AND E.L.**

# [PROPOSED] ORDER

This Court, having considered Sebrina Lucky's Petition for Compromise of the Claims minor plaintiffs E.L., Y.L., and B.L., and GOOD CAUSE appearing therefore, hereby **GRANTS** the Petition and makes the following orders:

1.    The settlement of minor plaintiff E.L.'s claims in this action against the Defendants in the net amount of $407,415.45 is hereby approved.  The settlement of minor plaintiff B.L.'s claims in this action against the Defendants in the net amount of $407,415.45 is also approved.  The settlement of minor plaintiff Y.L.'s claims in this action against the Defendants in the net amount of $407,415.45 is also approved.  Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $2,999,000 within 60-90 days from the date of this Order, payable as follows:

a) Defendants will purchase a structured annuity for minor Plaintiff E.L. in the amount of $407,415.45 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee(s)"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier(s)") rated A+ Class XV by A.M. Best Company.  Defendants will also purchase a structured annuity for minor Plaintiff Y.L. in the amount of $407,415.45 from Assignee. Defendants will also purchase a structured annuity for minor Plaintiff B.L. in the amount of $407,415.45 from Assignee. To fund these three annuities, Defendants shall mail a check for $1,222,246.35, made out to "Pacific Life & Annuity Services, Inc." to Baldwin Settlements, 24265 Juanita Drive, Laguna Niguel, CA 92677.

b) A draft for $1,776,753.65 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account."  These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by the

seven plaintiffs in the total amount of $1,199,600, which is 40% of the gross settlement; (2) the advanced litigation costs in the amount of $53,918.40; (3) the net portions of the settlement allocated to the adult plaintiffs in this case.

2.     Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibits A – C" to the Declaration of Renee V. Masongsong and as set forth as follows:

**Y.L. ("Exhibit A")**

$2,600.00 payable monthly, guaranteed for 4 years and 1 month, beginning 08/05/2031, with the last guaranteed payment on 08/05/2035.

$28,000.00 guaranteed lump sum payable on 08/05/2030.

$45,000.00 guaranteed lump sum payable on 08/05/2036.

$60,000.00 guaranteed lump sum payable on 08/05/2039.

$160,000.00 guaranteed lump sum payable on 08/05/2042.

$403,355.55 guaranteed lump sum payable on 08/05/2045.

**E.L. ("Exhibit B")**

$2,750.00 payable monthly, guaranteed for 4 years and 1 month, beginning 07/06/2032, with the last guaranteed payment on 07/06/2036.

$30,000.00 guaranteed lump sum payable on 07/06/2031.

$50,000.00 guaranteed lump sum payable on 07/06/2037.

$65,000.00 guaranteed lump sum payable on 07/06/2040.

$175,000.00 guaranteed lump sum payable on 07/06/2043.

$407,602.05 guaranteed lump sum payable on 07/06/2046.

**B.L. ("Exhibit C")**

$2,900.00 payable monthly, guaranteed for 4 years and 1 month, beginning 06/03/2033, with the last guaranteed payment on 06/03/2037.

$32,000.00 guaranteed lump sum payable on 06/03/2032.

$55,000.00 guaranteed lump sum payable on 06/03/2038.

$70,000.00 guaranteed lump sum payable on 06/03/2041.

$190,000.00 guaranteed lump sum payable on 06/03/2044.

$410,504.68 guaranteed lump sum payable on 06/03/2047.

3.      All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

4.      Disbursement drafts will be made payable to and will begin being issued directly to Y.L. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit A" to the Declaration of Renee V. Masongsong filed concurrently herewith. Disbursement drafts will be made payable to and will begin being issued directly to E.L. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit B" to the Declaration of Renee V. Masongsong filed concurrently herewith. Disbursement drafts will be made payable to and will begin being issued directly to B.L. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit C" to the Declaration of Renee V. Masongsong filed concurrently herewith.

5.      Defendants shall make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s), of the Defendants' liability to make the periodic payments as described above and in "Exhibits A – C" to the Declaration of Renee V. Masongsong. Such assignment, when made, shall be accepted by Plaintiffs Y.L., E.L., and B.L. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee(s).

6.      Defendants and/or Assignee(s) shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier(s).

7.      The Assignee(s) shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

8.      The Assignee(s) may have Annuity Carrier(s) mail payments directly to Y.L., E.L., and B.L. as set forth above. Sebrina Lucky (until Plaintiffs Y.L., E.L., and B.L. reach the age of majority) and then Y.L., E.L., and B.L., shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee(s).

9.      The Parties have agreed that any delay in funding the annuity purchase may result in a delay of the payment dates or a change in the payment amounts that shall be accurately recorded in the settlement agreement and release, qualified assignment and release document and annuity contract without the need of obtaining an amended Petition or Court Order.

**IT IS SO ORDERED.**


Dated: _____, 2026          _____
                                        Honorable Anne Hwang
                                        United States District Court
                                        Central District of California

[PROPOSED] ORDER